Stephen A. Roberts
Strasburger & Price, LLP
600 Congress, Suite 1600
Austin, Texas  78701
Telephone:  (512) 499-3624
Facsimile:  (512) 536-5723

PROPOSED COUNSEL FOR DEBTOR
AND DEBTOR-IN-POSSESSION

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| | § | |
| **IN RE:** | § | **Chapter 11** |
| | § | |
| **SUPERIOR AIR PARTS, INC.** | § | **Case No. 08-36705** |
| | § | |
| **Debtor.** | § | |
| | § | |
| | § | |

**DEBTOR'S MOTION TO SELL SUBSTANTIALLY ALL OF DEBTOR'S ASSETS**
**FREE AND CLEAR OF LIENS**

**A HEARING DATE ON THIS MATTER HAS BEEN REQUESTED.  IF YOU OBJECT TO THE RELIEF REQUESTED HEREIN, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING.  UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-THREE DAYS FROM THE DATE THAT YOU WERE SERVED WITH THIS PLEADING.  YOU MUST SERVE A COPY OF YOUR RESPONSE ON COUNSEL FOR THE DEBTOR; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Superior Air Parts, Inc., debtor and debtor-in-possession in the above-captioned

chapter 11 case (collectively, the "Case"), hereby moves (the "Motion") that this Court

enter an order pursuant to 11 U.S.C. §§ 105, 363, and 365 and Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (A) authorizing the sale of substantially all of its assets associated with or related to Superior Air Parts, Inc. (the "Superior Assets" or "Purchased Assets") free and clear of liens, claims, encumbrances, and interests; (B) approving that certain Asset Purchase Agreement (the "APA," a copy without schedules is attached hereto as Exhibit A[1]) by and between Superior Air Parts, Inc. ("Seller") and Avco Corporation,   a Delaware Corporation and wholly-owned subsidiary of Guarantor, or its nominees and/or assigns ("Purchaser"), and solely with respect to Section 11.8  of the APA, Textron Inc., a Delaware Corporation ("Guarantor"), subject to higher and/or better offers; and (C) granting related relief.  In support of this Motion, the Debtor states as follows:

## I.
## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.  This matter concerns the administration of the bankruptcy estates; accordingly, it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The predicates for the relief requested herein are 11 U.S.C. §§ 105, 363, and 365 and Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

[1]  The executed APA can be also accessed by any creditor or party in interest at http://www.strasburger.com/client/SuperiorAirParts, or by contacting counsel for the Debtor in writing. Some of the schedules to the APA contain proprietary information and so the Debtor will provide those schedules to counsel for the Creditors Committee subject to a confidentiality agreement, to any Qualified Bidder who executes a confidentiality agreement, and as otherwise ordered by the Court.   Further, undefined capitalized terms in this Motion shall have the meaning ascribed to them in the APA.

**DEBTOR'S MOTION TO SELL SUBSTANTIALLY ALL OF DEBTOR'S ASSETS FREE AND CLEAR OF LIENS– PAGE 2**

## II.
## BACKGROUND

### A.      Commencement of Case

2.      On December 31, 2008 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") with this Court.

3.      The Debtor continues to operate and to manage its businesses as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these cases pursuant to section 1104 of the Bankruptcy Code.  No official committee of unsecured creditors has been appointed in these cases.

### B.      Overview of the Business of Superior Air Parts, Inc.

4.      Superior Air Parts, Inc. ("Superior") is a Texas corporation with its offices and operating facilities located in Coppell, Dallas County, Texas.  It was founded in 1967 in order to supply the United States Air Force and commercial customers with replacement parts for piston powered aircraft engines.  Superior is one of the largest suppliers of parts under Federal Aviation Administration's ("FAA") Parts Manufacturer Approval ("PMA") regulations for piston engines.  It provides Superior-brand parts for engines created by two primary original equipment manufacturers ("OEMs"), the Continental division of Teledyne, Inc. and the Lycoming division of Textron Inc.  Its customers are companies that perform maintenance and overhaul work in the general aviation industry.  Superior is also an OEM for the 180-horsepower Vantage Engine and

owner-built XM-360 engines for various aircraft companies.  In addition, Superior is a distributor of over 2,000 general parts purchased from other manufacturers to compliment its own product line.

5.      In 2006, 100% of the ownership interests of Superior was acquired by Thielert, AG ("Thielert"), a German corporation based out of Hamburg, Germany.  Also in 2006, Thielert purchased the debt of Superior's senior secured lender and subordinated lenders secured by substantially all of the Debtor's assets. The outstanding indebtedness to Thielert is approximately $10 million.  However, it does not appear that Thielert has filed a UCC Financing Statement with the Texas Secretary of State, perfecting its security interests in the Debtor's assets.   One of Thielert's other subsidiaries, Thielert Aircraft Engines GmbH, has been providing Superior with parts on credit under a supply contract and is owed over $15 million in unsecured debt. Upon information and belief, the Debtor' trade creditors are owed over $1.8 million.

6.      The Debtor earned $451,365 from operations in 2006, but lost $5,635,053 in 2007 and $4,238,697 through October 2008.

7.      On April 30, 2008, Thielert filed an insolvency proceeding in Hamburg, Germany and Dr. Achim Ahrendt was appointed as the preliminary Insolvency Administrator.  Thielert Aircraft Engines GmbH, which had been providing engine parts to Superior on credit, also filed an insolvency proceeding in Germany.  Dr. Ahrendt determined that it was in the best interest of Thielert and Superior to sell Superior or its assets.  In June 2008, Superior hired Corporate Finance Partners Midcap GmbH ("CFP"), a German investment company based in Berlin, Germany to serve as its

**DEBTOR'S MOTION TO SELL SUBSTANTIALLY ALL OF DEBTOR'S ASSETS FREE AND CLEAR OF LIENS– PAGE 4**

investment advisor and to seek possible suitors for Superior.   CFP canvassed the market, negotiated with numerous potential purchasers, and enabled interested parties to conduct substantial due diligence.   As a result of those efforts, Superior entered into the APA with Avco Corporation, a wholly owned subsidiary of Textron Inc., the highest bidder to date, pursuant to which Avco Corporation has agreed to buy substantially all of Superior's assets for $11.5 million, subject to adjustments for inventory reductions after October 31, 2008.

8.      One of the conditions of the purchase agreement was that the purchase be consummated through a Chapter 11 bankruptcy proceeding.   This Chapter 11 case was filed to liquidate the assets of Superior and to obtain the highest and best price for creditors, either through the purchase agreement with Textron Inc. or a public auction.

9.      Time is of the essence. Due to the nature of the Debtor's business, it is not feasible for the Debtor to continue to assemble and sell small engines or to sell parts when the sale of substantially all of its assets is pending.   Accordingly the Debtor has ceased sales and assembly operations to conserve cash and preserve the assets. The Debtor has retained a group of key employees who are necessary to the consummation of a sale and the Debtor's only post-petition income will come from the collection of accounts receivable.   The longer the Debtor must continue to operate in this mode, the less funds will be available to pay creditors.

### C.      Permission to Use Cash Collateral

10.      The assets of the Debtor were pledged to Thielert A.G., Debtor's sole shareholder, to secure an indebtedness of approximately $10 million.   As noted earlier it

**DEBTOR'S MOTION TO SELL SUBSTANTIALLY ALL OF DEBTOR'S ASSETS FREE AND CLEAR OF LIENS– PAGE 5**

does not appear that Thielert has perfected its lien.   In any event Thielert A.G. has

consented in writing to the Debtor's use of cash collateral in this case pursuant to 11

U.S.C. 363(a)(2). There are no other parties with an interest in the Debtor's cash..

    **D.**    **The Proposed Auction**

    11.    Concurrently with this Motion, the Debtor filed an Expedited Motion to

Approve Bid Procedures for Sale of Substantially All of the Debtor's Assets (the "Bid

Procedures Motion") with this Court.   As described therein, after a thorough analysis of

all factors and other considerations, the Debtor has determined that pursuing a sale of

the Superior Assets is in the best interests of its estate and the creditors thereof,

patients, customers, employees, and other stakeholders.   The Debtor believes that the

bid procedures proposed therein permit interested parties reasonable opportunities,

consistent with the financial constraints of the Debtor, to evaluate whether to submit a

bid for the Superior Assets that is higher and/or better than the APA executed by the

Debtor and the Purchaser.   If such a bid is received, Debtor will conduct an auction (the

"Auction") to sell the Superior Assets to the highest and/or best offer.

**III.**
**JUSTIFICATION FOR IMMEDIATE SECTION 363 SALE**

    12.    The Debtor has received written consent for the use of cash collateral from

Thielert AG, its shareholder and secured creditor, which it believes is unencumbered.

Although its current cash should be sufficient to achieve the Debtor's very short-term

goals –operate the business on a limited basis in a safe and orderly manner – the

Debtor believes that the most viable solution to its liquidity crisis is an immediate sale of

---

**DEBTOR'S MOTION TO SELL SUBSTANTIALLY ALL OF DEBTOR'S ASSETS FREE AND CLEAR OF LIENS–
PAGE 6**

the Superior Assets to the highest and/or best offer under section 363 of the Bankruptcy Code and corresponding a rejection or assumption and assignment of unexpired leases and executory contracts related thereto.   An immediate sale will allow the Debtor to preserve and maximize value for its estate and the creditors and interested parties thereof.

13.   In accordance with Exhibit I.B. of the Complex Chapter 11 Case Procedures prescribed this Court, the Debtor states as follows:

a. Creditors' Committee.   At this time, there is no Official Creditors Committee.   The Debtor expects one to be formed in the next few days.

b. Counsel for Committee.   There is no committee at this time.   When one is formed, the Debtor expects the committee to hire competent counsel quickly.   The Debtor will work with that committee to provide all information necessary and relevant to ensure that the Superior Assets sell for the highest and/or best offer.

c. Sale Conditions/Contingencies.   See Section IV below.

d. Creditor Contact List.   A list of the Top 20 unsecured creditors, with fax numbers has been filed with the Court and such creditors have been given notice of this Motion.

e. Administrative Expenses.   Administrative expenses relating to and incurred before the Sale will be paid to the extent such expenses are approved by the Court.

f. Proceeds of Sale.   The sale proceeds will be used by the estate for distribution as approved by the Court in accordance with the Bankruptcy Code.

g. Debt Structure of Debtor.   The Debtor has no secured creditors with perfected liens on its assets.   The Debtor has priority creditors estimated at less than $75,000.00 and unsecured creditors totaling over $26.8 million.

h.  Need for Quick Sale.  See Section III above.

i.  Negotiating Background.  See Section II. B. above.

j.  Marketing of Superior Assets.  See Section II. B. above.

k.  Decision to Sell.  On December 30, 2008, the Debtor accepted the Purchaser's offer to purchase the Superior Assets in accordance with the APA and subject to higher and/or better offers.

l.  Relationship of Purchaser.  The Purchaser has no other connection to or relationship with the Debtor, any of its affiliates, any of its shareholders, directors, or employees, creditors, attorneys, accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

m.  Post-Sale Relationship with Debtor.  It is not expected that the Purchaser for the Superior Assets will have a connection to or relationship with the Debtor, any of its affiliates, any of its shareholders, directors, or employees, creditors, attorneys, accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

n.  Relationship with Secured Creditor.  There is no contractual relationship with any officer, director, employee, or other insider of Superior Air Parts, Inc. with the creditors that hold a security interest in and to the proceeds of that sale.

o.  Insider Compensation.  No insider will receive compensation from this proposed transaction.

p.  Notice Timing.  A hearing to approve the proposed sale to the Purchaser or to a bidder with a higher and/or better offer must be held no later than March 31, 2009.  The Debtor proposes that this Court schedule such a sale hearing for February 24, 2009.

**DEBTOR'S MOTION TO SELL SUBSTANTIALLY ALL OF DEBTOR'S ASSETS FREE AND CLEAR OF LIENS–PAGE 8**

# IV.
# TERMS OF THE PROPOSED SALE

14.     Pursuant to the APA, the Debtor proposes to sell all of its rights, title, and interests in the Superior Assets free and clear of all liens, claims, encumbrances, and interests, with all such liens, claims, encumbrances, and interests to attach to the proceeds of the sale, to the Purchaser.  The significant terms of the APA are as follows:[2]

a.  <u>Purchase Price</u>: $11,500,000.00 in cash subject to adjustment as provided in the APA;

b.  <u>Superior Assets</u>:  means the Purchased Assets, described in Section 2.1 of the APA including but not limited to the Regulatory Approvals, Design and Manufacturing Rights, Inventory, Manufacturing Equipment and Tooling, Other Tangible Personal Property, Intellectual Property and Claims;

c.  <u>Excluded Assets</u>:  has the meaning set forth in Section 2.2 of the APA;

d.  <u>Assumed Liabilities</u>:  None, including without limitation the Retained Liabilities as defined in the APA.   All executory contracts and unexpired leases will be rejected except for those set forth on Exhibit D to the APA;

e.  <u>Excluded Liabilities</u>:  means all liabilities of the Debtor including Retained Liabilities as defined in the APA;

f.  <u>Closing Conditions/Contingencies</u>:  (i) On or before March 31, 2009, the Bankruptcy Court shall have held the hearing to approve the sale ("Sale Hearing") and entered a Sale Order approving the APA; (ii) this Court shall have approved the Bid Procedures Motion, including approving the Purchaser as a Qualified Bidder and the Stalking Horse and approving the other bid protections offered to the Purchaser set forth therein (modified only by agreement with the Purchaser or order

---

[2] The following description of terms and all of the exhibit, schedules, and attachments thereto is intended solely to give the Court and all interested parties an overview of the significant terms of the APA.

**DEBTOR'S MOTION TO SELL SUBSTANTIALLY ALL OF DEBTOR'S ASSETS FREE AND CLEAR OF LIENS– PAGE 9**

of this Court); (iii) on or before March 31, 2009, the Bankruptcy Court shall have entered a Final Order rejecting all Rejected Contracts in accordance with Section 365 of the Bankruptcy Code; (iv) the Debtor's transferable operator's license and necessary permits shall be in good standing and transferable to the Purchaser; (v) the Superior Assets shall be sold to the Purchaser free and clear of all liens, claims, encumbrances, and interests other than those specifically assumed by the Purchaser in the APA; and (vi) this Court shall enter forms of orders approving this Motion and the Bid Procedures Motion that are reasonably acceptable to the Purchaser;

g. <u>Bid Procedures</u>:   (i) Purchaser acknowledges that this proposed sale is subject to the Debtor's receipt of offers that are higher and/or better offers for the Superior Assets; (ii) The Debtor must obtain an order (the "Bid Procedures Order") from this Court which shall include (a) the approval by the Bankruptcy Court of the execution by Seller of this Agreement and of Purchaser as a "Stalking Horse" bidder and "Qualified Bidder" in the Chapter 11 Case; (b) the establishment of a date, on or before March 20, 2009, for qualified over-bids to be received by the Seller; (c) the establishment of over-bid procedures, including the Break-Up Fee; (d) the establishment of a date, on or before March 31, 2009, that Purchaser and any other qualified overbidders shall participate in an auction of the Purchased Assets (as defined in the APA) in the Bankruptcy Court and the rules and procedures for such auction; (e) the establishment of a date, on or before March 31, 2009, for the Sale Hearing; and (f) confirmation by the Bankruptcy Court that the notices that have been provided pursuant to Section 11.7 constitute reasonable and appropriate notice under the Bankruptcy Code.

h. <u>Warranties</u>.  There are no warranties with this sale.  The Superior Assets are being sold to the Purchaser in "as-is," "whereas" condition.

**DEBTOR'S MOTION TO SELL SUBSTANTIALLY ALL OF DEBTOR'S ASSETS FREE AND CLEAR OF LIENS– PAGE 10**

## V.
## RELIEF REQUESTED AND BASIS THEREFOR

15.     By this Motion, pursuant to sections 105, 363, and 365 of the Bankruptcy

Code and Bankruptcy Rules 2002, 6004, 6006, and 9014, Debtor seeks an order which:

> a.  contains findings of fact as set forth in Section 4.2(a)(v)
>     of the APA;
>
> b.  authorizes the sale of Superior Assets to the Purchaser
>     free and clear of all liens, claims, interests, and
>     encumbrances;
>
> c.  approves the APA and the transactions contemplated
>     therein;
>
> d.  waives any 10-day stay imposed by Bankruptcy Rules
>     6004 and 6006; and
>
> e.  grants such other and further relief as is just and proper.

**A.      The Sale Is An Exercise of Sound Business Judgment And Should Be Approved.**

16.     Section 363 of the Bankruptcy Code authorizes a debtor to sell assets of the

estate other than in the ordinary course of business and provides, in relevant part: "[t]he

trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary

course of business, property of the estate . . . ." 11 U.S.C. § 363(b)(1).

17.     Courts approve proposed sales of property pursuant to section 363(b) if the

transaction represents the reasonable business judgment of the debtor.  See Committee

of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063 (2d Cir.

1983); see also In re Delaware & Hudson Rv. Co., 124 B.R. 169,176 (D. Del. 1991)

(holding that a court must be satisfied that there is a "sound business reason" justifying

the preconfirmation sale of assets); In re Phoenix Steel Corp., 82 B.R. 334, 335-36
(Bankr. D. Del. 1987) (stating that the elements necessary for approval of a section 363
sale in a Chapter 11 case are "that the proposed sale is fair and equitable, that there is
a good business reason for completing the sale and the transaction is in good faith");
Stephens Indus. Inc. v. McClung, 789 F.2d 386, 391 (6th Cir. 1986).

18.     If a valid business justification exists for the sale, as it does in this case, a
debtor's decision to sell property out of the ordinary course of business enjoys a strong
presumption "that in making a business decision the directors of a corporation acted on
an informed basis, in good faith and in an honest belief that the action taken was in the
best interests of the company." In re Integrated Res., Inc., 147 B.R. 650, 656 (S.D.N.Y.
1992) (quoting Smith v. Van Gorkom, 488 A.2d 858, 872 (Del. 1985)).   Therefore, any
party objecting to the debtor's proposed asset sale must make a showing of "bad faith,
self-interest or gross negligence." Id. at 656; see also Comm. of Asbestos-Related
Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.), 60 B.R. 612, 616
(Bankr. S.D.N.Y. 1986) ("Where the debtor articulates a reasonable basis for its
business decisions (as distinct from a decision made arbitrarily or capriciously), courts
will generally not entertain objections to the debtor's conduct.").

19.     In determining whether a proposed sale satisfies this standard, courts
consider the following:  (a) whether a sound business justification exists for the sale; (b)
whether adequate and reasonable notice of the sale was given to interested parties; (c)
whether the sale will produce a fair and reasonable price for the property; and (d) whether
the parties have acted in good faith.  See, e.g., In re Delaware & Hudson Ry. Co., 124

**DEBTOR'S MOTION TO SELL SUBSTANTIALLY ALL OF DEBTOR'S ASSETS FREE AND CLEAR OF LIENS–
PAGE 12**

B.R. 169, 176 (D. Del. 1991); In re Phoenix Steel Corp., 82 B.R. 334, 335-36 (D. Del.

1987).  The proposed sale satisfies all these factors.

20.    First, the Debtor has proposed the sale of the Superior Assets after

thorough consideration of all viable alternatives and have concluded that the sale is

supported by a number of sound business reasons.  In particular, the Debtor submits

that the facts described above supports an expeditious sale of the Superior Assets to

preserve value for its estate and provides a strong business justification for the sale of

the Superior Assets.  The maximization of asset value for the benefit of creditors

reflects a sound business purpose that warrants authorization of the proposed sale.

21.    Second, the Debtor (a) provided notice of the Bid Procedures Motion as

stated in the Bid Procedures Motion; (b) provided notice of the Auction and the sale as

outlined in the order approving the Bid Procedures Motion; and (c) provided notice of this

Motion as indicated in the Bid Procedures Motion.  The Debtor submits that that such

notice constitutes adequate and reasonable notice to interested parties.  The Debtor

believes that a more extended process may harm the recovery to its estates and the

creditors thereof.

22.    Third, the value to be received by the Debtor for the Superior Assets as a

going concern through the APA, or through such other purchase agreement(s) between

the Debtor and any successful bidder, exceeds  any value that the Debtor could obtain

for Superior Assets if it were required to liquidate the Superior Assets in a piecemeal

fashion.  As of the filing of this Motion, no entity or group of entities other than the

Purchaser has provided a definitive offer to purchase the Superior Assets for greater economic value to the Debtor's estate.

23.   Fourth, as indicated above and in the Bid Procedures Motion, the Debtor will market and solicit potential Purchasers for the Superior Assets.  As such, the Debtor believes that the purchase price, if any, to be obtained for the Superior Assets at the Auction will be fair and reasonable.  Further, the APA and the sale associated therewith will be negotiated in good faith.  For the foregoing reasons, the Debtor submits that the approval of the proposed sale and the APA and all related transactions are appropriate and warranted under section 363 of the Bankruptcy Code.

24.   Finally, the Debtor will be prepared to submit evidence at the Sale Hearing that (a) the purchase price for the Superior Assets was adequate and fair under the circumstances and (b) the proposed sale and any agreement associated therewith were negotiated in good faith and at arm's length.  Any order approving such a sale will contain a finding that the Purchaser or any other offeror who submitted a higher and/or better offer acted in "good faith" within the meaning of section 363(m) of the Bankruptcy Code.[3]  For the foregoing reasons, the Debtor submits that approval of the Sale and any document and/or transaction related thereto are appropriate and warranted under section 363 of the Bankruptcy Code.

---

[3] Section 363(m) of the Bankruptcy Code provides that "the reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith . . . ." 11 U.S.C. § 363(m). Courts generally determine that parties have acted in good faith with respect to a proposed sale if the purchase price is adequate and reasonable and the terms of the sale are disclosed fully.  See, e.g., In re Abbotts Dairies of Pa., Inc., 788 F.2d 143, 149-50 (3d Cir. 1986).

**DEBTOR'S MOTION TO SELL SUBSTANTIALLY ALL OF DEBTOR'S ASSETS FREE AND CLEAR OF LIENS– PAGE 14**

**B.**     The Sale Of The Superior Assets Will Be Free And Clear Of Liens, Claims, Encumbrances, And Interests.

25.     Section 363(f) of the Bankruptcy Code authorizes a debtor to sell assets free and clear of liens, claims, interests, and encumbrances in property of an entity other than the estate if -

> (1)     applicable nonbankruptcy law permits a sale of such property free and clear of such interest;
>
> (2)     such entity consents;
>
> (3)     such interest is a lien and the price at which such property is to be sold is greater than the value of all liens on such property;
>
> (4)     such interest is in bona fide dispute; or
>
> (5)     such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).  Because section 363(f) of the Bankruptcy Code is drafted in the disjunctive, satisfaction of any one of its five (5) requirements will suffice to permit the sale of the Superior Assets "free and clear" of liens and interests.  Michigan Employment Sec. Comm'n v. Wolverine  Radio Co. (In re Wolverine Radio Co.), 930 F.2d 1132, 1147 n.24 (6th Cir. 1991) (stating that Bankruptcy Code section 363(f) is written in the disjunctive; holding that the court may approve the sale "free and clear" provided at least one of the subsections of Bankruptcy Code section 363(f) is met); In re Dundee Equity Corp., No. 89-B-10233, 1992 WL 53743, at *4 (Bankr. S.D.N.Y. Mar. 6, 1992) ("[S]ection 363(f) is in the disjunctive, such that the sale free of the interest concerned

**DEBTOR'S MOTION TO SELL SUBSTANTIALLY ALL OF DEBTOR'S ASSETS FREE AND CLEAR OF LIENS–
PAGE 15**

may occur if any one of the conditions of § 363(f) have been met."); In re Bygaph, Inc., 56 B.R. 596, 606 n.8 (Bankr. S.D.N.Y. 1986).  The Court also may authorize the sale of a debtor's assets free and clear of any liens pursuant to section 105 of the Bankruptcy Code, even if section 363(f) did not apply.  See In re Trans World Airlines. Inc., No. 01-0056, 2001 WL 1820325, at *3 (Bankr. D. Del. Mar. 27, 2001) ("Bankruptcy courts have long had the authority to authorize the sale of estate assets free and clear even in the absence of § 363(f)."); see also Volvo White Truck Corp. v. Chambersberg Beverage, Inc. (In re White Motor Credit Corp.), 75 B.R. 944, 948 (Banks. N.D. Ohio 1987) ("Authority to conduct such sales [free and clear of liens] is within the court's equitable powers when necessary to carry out the provisions of Title 11.").

26.    With regard to the sale of the Superior Assets pursuant to the APA or any similar agreement executed at or after the Auction, the Debtor believes that at least one of the tests in section 363(f) will be satisfied.  In particular, the Debtor believes that section 363(f)(2) will be met because each of the parties holding liens, if any, on the Superior Assets will consent or, absent any objection to this Motion, be deemed to have consented to the sale and transfer of the Superior Assets.  Further, any lienholder in the Superior Assets will be adequately protected by having its liens, if any, attach to the sale proceeds received by the Debtor for such sale.  These liens will attach to such proceeds in the same order of priority, validity, force, and effect that such creditor/lienholder had prior to such sale, subject to any claims and defenses possessed by the Debtor and its estate with respect thereto.  Accordingly, section 363(f) authorizes the sale and

transfer of the Superior Assets free and clear of any liens, claims, encumbrances, and interests.

**C.     The APA Or Any Other Executed Agreement Related To Or Associated With The Sale Of The Superior Assets Will Be Negotiated At Arm's Length And In Good Faith.**

27.     The Debtor intends to produce evidence at the Sale Hearing that the APA or  any other executed agreement related to or associated with the sale of the Superior Assets was negotiated in good faith and at arms' length; as a result, the Purchaser (or any other offeror who submitted a higher and/or better offer) is entitled to the protections of a good-faith purchaser under section 363(m) of the Bankruptcy Code, and that said agreement does not constitute an avoidable transaction pursuant to section 363(n) of the Bankruptcy Code.

28.     Further, the Debtor submits that any agreement executed with or related to the sale of the Superior Assets will provide substantial value to the bankruptcy estates because it will facilitate an efficient and valuable disposition of the Superior Assets for fair and reasonable consideration.   See Mellon Bank, NA. v. Metro Communications, Inc., 945 F.2d 635 (3d Cir.1991) (finding that reasonably equivalent value existed under the Bankruptcy Code), cert. denied, 503 U.S. 937 (1992); see also Mellon Bank, N.A. v. Official Comm. of Unsecured Creditors  (In re R.M.I., Inc.), 92 F.3d 139 (3d Cir. 1996); Salisbury v. Texas Commerce Bank-Houston, N.A. (In re WCC Holding Corp.), 171 B.R. 972, 984 (Bank. N.D. Tex. 1994) (reasonably equivalent value under Texas law) (citing Besing v. Hawthorne (In re Besing), 981 F.2d 1488, 1495 (5th

**DEBTOR'S MOTION TO SELL SUBSTANTIALLY ALL OF DEBTOR'S ASSETS FREE AND CLEAR OF LIENS– PAGE 17**

Cir.), cert. denied. 510 U.S. 821 (1993) and Southmark Corp. v. Riddle (In re Southmark Corp.), 138 B.R. 820, 829 (N.D. Tex. 1992)); In re China Resource Prod. Ltd. v. Favda Intern., Inc., 856 F. Supp. 856, 866 (D. Del. 1994) (quoting Geyer v. Ingersoll Publications Co., 621 A.2d 784, 792 (Del. Ch. 1992)).  The Debtor submits that the sale of the Superior Assets pursuant to any such agreement is an exercise of sound business judgment and in the best interests of the Debtor and its estate and, thus, should be approved in all respects.

29.    The Debtor May Enter Into The APA Or Any Other Executed Agreement Related To Or Associated With The Sale Of The Superior Assets.

30.    In connection with a sale of substantially all of a debtor's assets, courts routinely approve entry into asset purchase agreements.  See, e.g., In re Enron Corp., No. 01-16034, 2002 WL 32154269, at *4 (Bankr. S.D.N.Y. Apr. 24, 2002).  Such agreements are approved if they are an exercise of the debtor's sound business judgment.  See, e.g., In re Decora Indus., Inc., No. 00-4459, 2002 WL 32332377, at *5 (Bankr. D. Del. May 17, 2002); In re Arlco, Inc., 239 B.R. 261, 265 (Bankr. S.D.N.Y, 1999).  Here, the Debtor will show at the Sale Hearing that any agreement executed by it related to or associated with the sale of the Superior Assets will be the subject of arm's-length negotiations between the Debtor and the Purchaser or any other offeror who submits the highest and/or best offer for the Superior Assets; thus, the execution thereof was a sound exercise of the Debtor's business judgment.

**D.    Cause Exists To Eliminate Any Stay Imposed By The Bankruptcy Rules.**

**DEBTOR'S MOTION TO SELL SUBSTANTIALLY ALL OF DEBTOR'S ASSETS FREE AND CLEAR OF LIENS– PAGE 18**

31.    Bankruptcy Rule 6004(h)[4] provides that an "order authorizing the use, sale, or lease of property . . . is stayed until the expiration of 10 days after entry of the order, unless the court orders otherwise."  FED. R. BANKR. P. 6004(h).  Bankruptcy Rule 6006 provides that an "order authorizing the trustee to assign an executory contract or unexpired lease under § 365(f) is stayed until the expiration of 10 days after entry of the order, unless the court orders otherwise."  FED. R. BANKR. P. 6006(d).

32.    The Debtor requests that any order approving this Motion (or authorizing a transaction that is deemed to be a sale of the Superior Assets) be effective immediately, thereby waiving the 10-day stays imposed by Bankruptcy Rules 6004 and 6006.  These waivers or eliminations of the 10-day stays are necessary for the sale to close as expeditiously as possible and within the time frames contemplated by the Debtor.  Given its liquidity crisis, the Debtor respectfully submits that it is in the best interests of its estates to close the sale as soon as possible after all closing conditions have been met or waived.  Accordingly, the Debtor hereby requests that the Court eliminate the 10-day stays imposed by Bankruptcy Rules 6004 and 6006.

## VI.
## NOTICE

33.    Notice of this Motion will be given to the following: (i) all suppliers of the Business at any time during the last five years, (ii) all customers of the Business since January 1, 2003, (iii) all distributors of the Business who served as such at any time during the last five years, (iv) all parties (other than Seller) to any contract listed in

---

[4] Pursuant to this Court's General Order entered on September 20, 2005, this Court adopted the Interim Bankruptcy Rules Approved by the Advisory Committee on Bankruptcy Rules and the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States in August 2005, which remembered former Bankruptcy Rule 6004(g) to 6004(h).

**DEBTOR'S MOTION TO SELL SUBSTANTIALLY ALL OF DEBTOR'S ASSETS FREE AND CLEAR OF LIENS– PAGE 19**

Schedule 6.6 of the APA or other executory contract or unexpired lease, (v) all plaintiffs in the litigation identified in Schedule 6.7 of the APA; (vi) Federal Trade Commission; and (vii) all other Creditors (other than unknown Creditors) of Seller.  Given the nature of the relief requested herein, the Debtor submits that no further notice is required.

WHEREFORE, the Debtor respectfully requests that this Court enter an order granting this Motion and awarding the Debtor such other and further relief as this Court deems just and proper.


[Signature Page to Follow]


**DEBTOR'S MOTION TO SELL SUBSTANTIALLY ALL OF DEBTOR'S ASSETS FREE AND CLEAR OF LIENS–PAGE 20**

559748.6/SPA/20354/0101/010209

Dated:  January 2, 2009

Respectfully submitted,

/s/ Stephen A. Roberts
Stephen A. Roberts (SBN 17019200)
Robert P. Franke (SBN 07371200)
Duane J. Brescia (SBN 24025265)
STRASBURGER & PRICE, LLP
600 Congress, Suite 1600
Austin, Texas 78701
Tel. (512) 499-3600  /  Fax (512) 499-3643
stephen.roberts@strasburger.com
bob.franke@strasburger.com
duane.brescia@strasburger.com

**PROPOSED COUNSEL FOR DEBTOR AND DEBTOR-IN-POSSESSION**

## CERTIFICATE OF CONFERENCE

The undersigned certifies that this Motion is unopposed by the following parties: Thielert AG (the sole shareholder and secured creditor of the debtor).  Since this Motion is filed within one business day of the petition date, the undersigned will not know whether any parties may object until they are served.

/s/ Stephen A. Roberts
Stephen A. Roberts

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on the 2nd day of January, 2009, a true and correct copy of the foregoing was transmitted to all creditors and parties in interest as detailed on the separately filed Certificate of Service.

/s/ Stephen A. Roberts
Stephen A. Roberts

**DEBTOR'S MOTION TO SELL SUBSTANTIALLY ALL OF DEBTOR'S ASSETS FREE AND CLEAR OF LIENS– PAGE 21**

559748.6/SPA/20354/0101/010209

Exhibit A

Asset Purchase Agreement

**DEBTOR'S MOTION TO SELL SUBSTANTIALLY ALL OF DEBTOR'S ASSETS FREE AND CLEAR OF LIENS–
PAGE 22**

559748.6/SPA/20354/0101/010209