Stephen Roberts
Texas Bar No. 17019200
Robert P. Franke
Texas Bar No. 07371200
Duane J. Brescia
Texas Bar No. 240252650
**STRASBURGER & PRICE, LLP**
600 Congress, Suite 1600
Austin, Texas 78701
(512) 499-3600 / (512) 499-3660 Fax

**PROPOSED ATTORNEYS FOR DEBTOR SUPERIOR AIR PARTS, INC.**

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § § § | Case No. 08-36705 |
| SUPERIOR AIR PARTS, INC., | § § | Chapter 11 |
| Debtor. | § § § | |

### DEBTOR'S MOTION FOR ORDER SETTING BAR DATE FOR CLAIMS

*AN EXPEDITED HEARING HAS BEEN REQUESTED.*

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Superior Air Parts, Inc. ("Superior" or "Debtor"), as debtor and debtor-in-possession, files this Motion For Order Setting Bar Date for Claims (the "Motion") for an order under §§ 507(a)(3) and 507(a)(4) and 105(a) of Title 11 of the United States Code (the "Bankruptcy Code")) and respectfully state as follows:

**I. Jurisdiction**

1.      This Court has jurisdiction to consider this Motion pursuant to §§ 157 and 1334 of Title 28 of the United States Code. Consideration of this Motion is a core

proceeding pursuant to § 157(b) of Title 28 of the United States Code.  Venue is proper before this Court pursuant to §§ 1408 and 1409 of Title 28 of the United States Code.

2.    The relief sought in this Motion is based upon Rule 3003(c) of the Federal Rules of Bankruptcy Procedure and B.L.R. 3003.

## II. Background

3.    On December 31, 2008, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor continues to operate its business and manage its properties and assets as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.  No committee, chapter 11 trustee or examiner has been appointed in this case.

4.    Superior Air Parts, Inc. ("Superior") is a Texas corporation with its offices and operating facilities located in Coppell, Dallas County, Texas.  It was founded in 1967 in order to supply the United States Air Force and commercial customers with replacement parts for piston powered aircraft engines.  Superior is one of the largest suppliers of parts under Federal Aviation Administration's ("FAA") Parts Manufacturer Approval ("PMA") regulations for piston engines.  It provides Superior-brand parts for engines created by two primary original equipment manufacturers ("OEMs"), the Continental division of Teledyne, Inc. and the Lycoming division of Textron, Inc.  Its customers are companies that perform maintenance and overhaul work in the general aviation industry.  Superior is also an OEM for the (i) 180-horsepower Vantage Engine and (ii) Superior or owner-built XP-360 Engine for various aircraft companies.

5.    In 2006, 100% of the ownership interests of Superior was acquired by Thielert, AG ("Thielert"), a German corporation based out of Hamburg, Germany.  Also in 2006, Thielert purchased the debt of Superior's senior secured lender and

subordinated lenders secured by substantially all of the Debtor's assets. The outstanding indebtedness to Thielert is approximately $10 million. However, it does not appear that Thielert has filed a UCC Financing Statement with the Texas Secretary of State, perfecting its security interests in the Debtor's assets. One of Thielert's other subsidiaries, Thielert Aircraft Engines GmbH, has been providing Superior with parts on credit under a supply contract and is owed over $15 million in unsecured debt. Upon information and belief, the Debtor' trade creditors are owed over $1.8 million.

6.   The Debtor earned $451,365 from operations in 2006, but lost $5,635,053 in 2007 and $4,238,697 through October 2008.

7.   On April 30, 2008, Thielert filed an insolvency proceeding in Hamburg, Germany and Dr. Achim Ahrendt was appointed as the preliminary Insolvency Administrator. Thielert Aircraft Engines GmbH, which had been providing engine parts to Superior on credit, also filed an insolvency proceeding in Germany. Dr. Ahrendt determined that it was in the best interest of Thielert and Superior to sell Superior or its assets. In June 2008, Superior hired Corporate Finance Partners Midcap GmbH ("CFP"), a German investment company based in Berlin, Germany to serve as its investment advisor and to seek possible suitors for Superior. CFP canvassed the market, negotiated with numerous potential purchasers, and enabled interested parties to conduct substantial due diligence. As a result of those efforts, Superior entered into an asset purchase agreement on December 30, 2008 with Avco Corporation ("Avco"), a wholly-owned subsidiary of Textron, Inc., the highest bidder to date, pursuant to which Avco has agreed to buy substantially all of Superior's assets for $11.5 million, subject to adjustments for inventory reductions after October 31, 2008.

7.      One of the conditions of the purchase agreement was that the purchase be consummated through a Chapter 11 bankruptcy proceeding.  This Chapter 11 case was filed to liquidate the assets of Superior and to obtain the highest and best price for creditors, either through the purchase agreement with Avco, or a public auction.

8.      Time is of the essence. Due to the nature of the Debtor's business, it is not feasible for the Debtor to continue to assemble and sell small engines or to sell parts when the sale of substantially all of its assets is pending.  Accordingly, the Debtor has ceased sales and assembly operations to conserve cash and preserve the assets. The Debtor has retained a group of key employees who are necessary to the consummation of a sale and the Debtor's only post-petition income will come from the collection of accounts receivable.  The longer the Debtor must continue to operate in this mode, the less funds will be available to pay creditors.

### III.  Relief Requested

9.      The Debtor requests an order setting the bar date for the filing of claims and interests **February 21, 2009** and for said order to be served upon all parties-in-interest.  The Debtor further requests that the bar date apply to **all creditors and governmental entities**.

10.     In chapter 11 cases, pursuant to Federal Rule of Bankruptcy Procedure 3003(c)(3), the Court shall fix the time within which proofs of claims or interests may be filed.

11.     The requested bar date provides reasonable notice to all parties of the bar date for claims, a reasonable amount of time in which to respond and is greater than the twenty days' notice required by Federal Rule of Bankruptcy Procedure 2002(a)(7) for the time fixed for filing claims.  See *Oppenheim, Appel, Dixon & Co. v. Bullock (In re*

*Robintech, Inc.)*, 863 F.2d 393, 396-97 (5th Cir. 1989)(holding that, in some circumstances, even less than the required twenty days' notice is proper).

12. Cause exists to reset the bar date because the Debtor is on an accelerated track to approve a motion to sell substantially all assets of the Debtor and the associated plan of liquidation to distribute the proceeds of same, which requested to be filed and heard in February 2008. In order for the the sale to occur and a plan to be confirmed, the Debtor must know the nature and extent of all claims and interests.

13. If the bar date is set for **February 21, 2009** after the order granting this Motion is entered, the sale can occur and a plan can be filed and confirmed in a relatively short period of time, which will preserve valuable judicial resources and reduce administrative claims for the benefit of all creditors.

## V. Notice

14. As of the filing of this Motion, no trustee, examiner or creditors' committee has been appointed in this Chapter 11 case. Because of the exigencies of the circumstances and the irreparable harm to the Debtor, its estate, and all parties-in-interest that will ensue if the relief requested herein is not granted, the Debtor submits that the notice set forth in the Certificate of Service filed contemporaneously herewith is sufficient.

WHEREFORE, the Debtors request that the Court enter an Order, in substantially the form attached hereto, granting the relief requested herein and such other and further relief as this Court may deem just and proper.

Respectfully submitted,

/s/ *Duane J. Brescia*
Stephen A. Roberts (SBN 17019200)
Robert P. Franke (SBN 07371200)
Duane J. Brescia (SBN 24025265)
**STRASBURGER & PRICE, LLP**
600 Congress, Suite 1600
Austin, Texas 78701
Tel. (512) 499-3600  /  Fax (512) 499-3643
stephen.roberts@strasburger.com
bob.franke@strasburger.com
duane.brescia@strasburger.com

**Proposed Bankruptcy Attorneys for the Debtor**

## CERTIFICATE OF CONFERENCE

The undersigned certifies that this motion is unopposed by the following parties: Thielert AG (the sole shareholder and secured creditor of the debtor). Since this motion is filed within one business day of the petition date, the undersigned will not know whether any parties may object until they are served.

/s/ *Duane J. Brescia*
Duane J. Brescia

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was served upon the parties listed below, if any, and on the attached service list via First Class U.S. Mail, postage prepaid and email on January 2, 2009.

/s/ *Duane J. Brescia*
Duane J. Brescia