Deirdre B. Ruckman ( 21196500)
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas  75201-4761
Telephone:  (214) 999-4250
Facsimile:  (214) 999-3250

William B. Freeman (CA SBN 137276)
Pillsbury Winthrop Shaw Pittman LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406

ATTORNEYS FOR TEXTRON INC. AND AVCO CORPORATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE:<br><br>SUPERIOR AIR PARTS, INC.<br><br>Debtor. | § Chapter 11<br>§<br>§ Case No. 08-36705-BJH-11<br>§ |

**AFFIDAVIT IN SUPPORT OF DEBTOR'S EXPEDITED MOTION TO APPROVE BID PROCEDURES FOR SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS FREE AND CLEAR OF LIENS**

| | |
|---|---|
| STATE OF RHODE ISLAND | ) |
| | ) ss.: |
| COUNTY OF PROVIDENCE | ) |

APPEARED BEFORE ME, the undersigned authority, this 8th day of January 2009, W. Robert Kemp, known to me to be the Secretary of Avco Corporation, a Delaware corporation and wholly owned subsidiary of Textron Inc. ("**Avco**"), and the Secretary of Textron Systems Corporation, a Delaware corporation and wholly owned subsidiary of Avco ("**Textron Systems**"), and having been first duly sworn, stated as follows:

AFFIDAVIT IN SUPPORT OF DEBTOR'S EXPEDITED MOTION TO
APPROVE BID PROCEDURES FOR SALE OF SUBSTANTIALLY ALL OF DEBTOR'S
ASSETS FREE AND CLEAR OF LIENS – Page 1

DALLAS 2005876v.2

1. I am Secretary of Avco Corporation and the Secretary of Textron Systems Corporation. My office is located at 201 Lowell Street, Wilmington, Massachusetts 01887.

2. I submit this affidavit (the "**Affidavit**") in support of the *Debtor's Motion to Sell Substantially All of Debtor's Assets Free and Clear of Liens* [Docket No. 11] (the "**Sale Motion**"), filed by the above-captioned debtor (the "**Debtor**" or "**Superior**"), as it relates to the entry of an order (the "**Bid Procedures Order**") approving the *Debtor's Expedited Motion to Approve Bid Procedures for a Sale of Substantially All of Debtor's Assets Free and Clear of Liens* [Docket No. 10] (the "**Bid Procedures Motion**").

3. Except as otherwise indicated, all facts set forth herein are based upon my personal knowledge, my opinions based upon experience and my review of relevant documents and other information concerning Textron Inc. ("**Textron**"), Avco and Textron Systems. If called to testify, I would testify competently to the facts set forth in this Affidavit. I am authorized to submit this Affidavit on behalf of Avco and Textron Systems.

4. Superior is a significant supplier of parts under Federal Aviation Administration's Parts Manufacture Approval regulations for piston engines. In the spring of 2008, Textron was approached by Corporate Finance Partners Midcap GmbH ("**CFP**"), a German investment company based in Berlin, Germany. CFP was seeking possible suitors to purchase substantially all of the assets associated with or related to Superior Air Parts, Inc. (the "**Superior Assets**" or "**Purchased Assets**"), and thought Textron may be a possible suitor. Soon thereafter, Textron began investigating a potential purchase of the Superior Assets, including preparing various internal business models and conducting substantial business and legal due diligence in relation thereto.

AFFIDAVIT IN SUPPORT OF DEBTOR'S EXPEDITED MOTION TO
APPROVE BID PROCEDURES FOR SALE OF SUBSTANTIALLY ALL OF DEBTOR'S
ASSETS FREE AND CLEAR OF LIENS – Page 2

DALLAS 2005876v.2

5. On or about July 23, 2008, as part of Textron's due diligence investigations, approximately 12 Textron, Avco and Textron Systems employees personally attended a full day management presentation at Superior's offices in Coppell, Texas. Immediately following this management presentation, a virtual data room was opened by Superior.

6. Over the next four months, detailed legal and business due diligence was conducted, which due diligence included additional in person meetings between Superior and Avco employees, significant work by outside legal counsel and the use of an independent consultant to evaluate the sufficiency of the intellectual property and tangible embodiments thereof and engineering data relating to Superior's Parts Manufacturing Approvals and Type Certificates issued by the Federal Aviation Administration.

7. In addition, during the same time period, Textron diligently worked to negotiate and reach agreement with Superior on a Non-Binding Letter of Intent. Several versions of a Non-Binding Letter of Intent were exchanged between the parties during August, September and November 2008.

8. On December 30, 2008, Superior and Avco entered into that certain Asset Purchase Agreement (the "**APA**") for the purchase and sale of the Superior Assets. Superior intends to subject the proposed sale of the Superior Assets (the "**Asset Sale**") to competing bids at an auction (the "**Auction**").

9. The terms of the APA provide that in consideration of a purchase price of $11.5 million, subject to adjustments to inventory after October 31, 2008, the Debtor will sell the Superior Assets to Avco. Under the terms of the APA, if the Debtor sells the Superior Assets to an entity or entities other than Avco or any of its affiliates (a "**Third-Party**"), Avco will be

AFFIDAVIT IN SUPPORT OF DEBTOR'S EXPEDITED MOTION TO
APPROVE BID PROCEDURES FOR SALE OF SUBSTANTIALLY ALL OF DEBTOR'S
ASSETS FREE AND CLEAR OF LIENS – Page 3

DALLAS 2005876v.2

entitled to receive from the Debtor a payment in the amount of Three Hundred Fifty Thousand Dollars ($350,000.00) (the "**Break-Up Fee**"), in cash payable upon the consummation of the sale of the Superior Assets to a Third-Party.

10. Textron began conducting substantial due diligence related to the potential purchase of the Superior Assets in the spring of 2008. This diligence process was particularly complex because of the uniqueness of Superior's product line, difficulties experienced by CFP and Superior in locating the legal and business documentation and data requested by Textron and complications from a foreign insolvency proceedings involving Superior's parent company, Thielert AG, and key supplier and Superior's sister company, Thielert Aircraft Engines GmbH.

11. Exhibit A sets forth expenses and internal labor costs (excluding outside legal fees and costs) incurred by the Lycoming division of Avco through December 31, 2008 in connection with the transaction with Superior, including its due diligence and negotiation of the APA. Avco has incurred over $102,000 of expenses and internal labor costs in this regard.

12. Exhibit B sets forth expenses and internal labor costs (excluding outside legal fees and costs) incurred by Textron Systems through December 31, 2008 in connection with the transaction with Superior, including its due diligence and negotiation of the APA. Textron Systems has incurred over $24,000 of expenses and internal labor costs in this regard.

13. In recognition of Textron's, Avco's and Textron Systems' expenditure of time, energy and resources, the Debtor agreed to provide customary bid protections to Avco. Specifically, these bid protections require, among other things, that the Court approve the Break-Up Fee if the Debtor sells the Superior Assets to a Third-Party. The Break-Up Fee shall be payable to Avco upon the consummation of such a sale.

AFFIDAVIT IN SUPPORT OF DEBTOR'S EXPEDITED MOTION TO
APPROVE BID PROCEDURES FOR SALE OF SUBSTANTIALLY ALL OF DEBTOR'S
ASSETS FREE AND CLEAR OF LIENS – Page 4

DALLAS 2005876v.2

14. The Break-Up fee was a material inducement for Avco's entry into the APA. Additionally, the Break-Up Fee is fair and reasonable in view of, among other things, (a) the intensive analysis, due diligence investigation and negotiations undertaken by Textron in connection with the Asset Sale, and (b) the fact that the efforts of Avco, Textron Systems and Textron have increased the chances that the Debtor will receive even higher value for the Superior Assets, to the benefit of the Debtor, its estates, its creditors and all other parties in interest.

FURTHER AFFIANT SAYETH NOT.

_____
W. Robert Kemp
Secretary of Avco Corporation and
Secretary of Textron Systems Corporation


SUBSCRIBED AND SWORN TO BEFORE ME this 8th day of January, 2009.

_____
Notary Public in and for the
State of RHODE ISLAND

MY COMMISSION EXPIRES
JULY 11, 2009

AFFIDAVIT IN SUPPORT OF DEBTOR'S EXPEDITED MOTION TO
APPROVE BID PROCEDURES FOR SALE OF SUBSTANTIALLY ALL OF DEBTOR'S
ASSETS FREE AND CLEAR OF LIENS -- Page 5

DALLAS 2005876v.2