NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed January 9, 2009

United States Bankruptcy Judge

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| IN RE: | § |
| | §    Chapter 11 |
| | § |
| | §    Case No. 08-36705 |
| SUPERIOR AIR PARTS, INC. | § |
| | § |
| Debtor. | § |
| | § |
| | § |

### ORDER APPROVING DEBTOR'S EXPEDITED MOTION TO APPROVE BID PROCEDURES FOR SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS
### FREE AND CLEAR OF LIENS

The matter having come before this Court on the Expedited Motion for an Order

Approving Bid Procedures for Sale of Substantially All of Debtor's Assets (the "Motion")[1]

filed by the Debtor pursuant to 11 U.S.C. §§ 105, 363, and 365 and Bankruptcy Rules

2002, 6004, and 6006; the Court finds that it has jurisdiction over this matter pursuant to

28 U.S.C. § 1334; the Court finds that this is a core proceeding pursuant to 28 U.S.C. §

157(b)(2); the Court finds that the relief requested in the Motion is in the best interests

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion or the Bid Procedures.

of the Debtor, its estate, and the creditors thereof; the Court finds that, under the circumstances, proper and adequate notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary; and the Court finds that, upon the record herein after due deliberation thereon, the Debtor has shown good, sufficient, and sound business purpose and justification for the relief requested in the Motion; therefore, cause exists to grant the Motion; accordingly,

### IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is approved in its entirety.

2.      The Bid Procedures attached as <u>Exhibit A</u> hereto are approved in their entirety and shall be binding on all parties as if fully set forth herein.

3.      Avco Corporation is approved as the Stalking Horse Bidder, the APA is a Qualified Bid, and the Break Up Fee (as defined in the Motion) is approved.

4.      Each person or entity who submits a Qualified Bid shall be deemed to have read and understood the terms and conditions of the Bid Procedures and shall comply with and be bound by such Bid Procedures.

5.      If a Qualified Bid other than the Bid received by the Purchaser is received by the Bid Deadline, the Auction will be held on February 24, 2009, at 9:00 a.m. (CDT) in the offices of Strasburger & Price, LLP, 901 Main Street, Suite 4400, Dallas, Texas 75202-3794, and the Debtor shall notify the Purchaser, all Qualified Bidders, the Committee, and the U.S. Trustee of such time and place of the Auction no later than February 20, 2009.

6.      The Debtor is hereby authorized and empowered to take all such actions as may be necessary to implement the terms and requirements of this Order, solicit Qualified Bids, and conduct the Auction.

7.      The Sale Hearing will be held on February 24, 2009, at 3:15 p.m. (CDT).

8.      Objections to the Sale Motion, including any obligations under section 365(b) of the Bankruptcy Code, must be (a) in writing; (b) comply with the Bankruptcy Rules; (c) be filed with the Clerk of this Court on or before February 17, 2009; and (d) served on the Notice Parties by that same time.

9.      Notice of the Auction and the Sale, substantially similar to the attached Exhibit B, and the Notice by Publication, substantially similar to the attached Exhibit C are approved in all respects, and are appropriate and reasonably calculated to provide interested parties with timely and sufficient notice of the Bid Procedures, the Auction, the Sale and the Sale Hearing to all interested parties pursuant to Bankruptcy Rules 2002 and 6004.

10.     No later than three (3) business days after entry of this Order, the Debtor shall serve by first-class mail, postage prepaid, the Notice of the Auction and Sale, substantially similar to Exhibit B attached to the Motion, on (i) all suppliers of the Business (as defined in the APA) at any time during the last five years, (ii) all customers of the Business since January 1, 2003, (iii) all distributors of the Business who served as such at any time during the last five years, (iv) all parties (other than Debtor) to any contract listed in Schedule 6.6 of the APA) or other executory contract or unexpired lease, (v) all plaintiffs in the litigation identified in Schedule 6.7 of the APA, (vi) the Federal Trade Commission, and (vii) all other Creditors of the Seller, as defined in the APA other than unknown Creditors.  Notwithstanding the foregoing, all owners or the piston-powered aircraft registered with the FAA shall be served with the Notice attached as Exhibit B on or before January 16, 2009. The Debtor shall also publish the Notice of

the Auction and Sale on its website and in the following publications: (1) Aircraft Owners and Pilot Association Magazine; (2) EAA – Sport Aviation Magazine; and (3) Trade-a-Plane Magazine.

11.     Service of the Notice of Auction and the Sale, and the Bid Procedures in the manner set forth in the Motion shall constitute proper, timely, adequate, and sufficient notice of the Auction, the Sale, the Sale Hearing, and the Bid Procedures as required pursuant to Bankruptcy Rules 2002, 6004, and 6006, and no other or further notice shall be required with respect thereto.

12.     Notwithstanding any Bankruptcy Rule to the contrary, this Order is a final order, effective immediately, and the period in which an appeal must be filed shall commence upon entry hereof.

13.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

14.     The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order.

### END OF ORDER ###

Submitted and prepared by:

*/s/ Stephen A. Roberts*
Stephen A. Roberts
Strasburger & Price, LLP
600 Congress, Suite 1600
Austin, Texas  78701
Telephone:  (512) 499-3624
Facsimile:  (512) 536-5723

PROPOSED COUNSEL FOR DEBTOR AND DEBTOR-IN-POSSESSION

Exhibit A

Bid Procedures

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Chapter 11** |
| | § | |
| **SUPERIOR AIR PARTS, INC.** | § | **Case No.** |
| | § | |
| **Debtor.** | § | |
| | § | |
| | § | |

## BID PROCEDURES

These procedures (the "**Bid Procedures**") describe the process by which Superior Air Parts, Inc., debtor and debtor-in-possession in the above-captioned chapter 11 case ("**Case**") has been authorized to conduct a sale by public auction (the "**Auction**") of substantially all of its assets (the "**Superior Assets**"). These bid procedures were approved by order (the "**Bid Procedures Order**")[1] of the United States Bankruptcy Court for the Northern District of Texas (the "**Bankruptcy Court**"), on or around January 9, 2009.

On February 24, 2009, at 3:15 P.M. (CDT), as further described below and in the Bid Procedures Order, the Bankruptcy Court shall conduct the Sale Hearing to approve the Sale to the Purchaser (defined below) or to one or more other Qualified Bidders (defined below) that the Debtor determined, in its reasonable discretion, to have made the highest and/or best offer for the Superior Assets.

A.      **The Asset Purchase Agreement**

Subject to the Bankruptcy Court's approval, the Debtor has agreed to sell the Superior Assets to the Purchaser for $11,500,000.00 subject to adjustments to inventory after October 31, 2008 (the "**Purchase Price**"). The Purchaser and the Debtor have executed an Asset Purchase Agreement ("**APA**") memorializing the terms of that sale. Upon execution of a confidentiality agreement in form and substance reasonably satisfactory to the Debtor, the Debtor will provide a copy of this executed APA no later than forty-eight hours prior to the Bid Deadline (defined below). This APA is subject to a higher and/or better offers and approval by this Bankruptcy Court.

---

[1] All capitalized terms not defined herein shall be given the meaning ascribed to them in the Bid Procedures Order.

**B.** **Assets to be Sold.**

If Qualified Bids (defined below) are received by the Debtor before the Bid Deadline, the Debtor will conduct the Auction for the sale of the Superior Assets to the bidder who submits the highest and/or best offer.

**C.** **Qualified Bids**

To be a Qualified Bid, an offer, solicitation or proposal (a "**Bid**") must:

(i)     be for cash and other consideration set forth below and submitted in writing and received by (a) the Debtor; (b) counsel to the Debtor; and (c) counsel for the Purchaser at the below addresses no later than February 19, 2009, at 4:00 p.m. (CDT) (the "**Bid Deadline**").[2]

**DEBTOR**
Attn: Mr. Kent Abercrombie
Superior Air Parts, Inc.
621 South Royal Lane, Suite 100
Coppell, Texas 75019
Fax: 972.829.4600

**DEBTOR'S COUNSEL**
Attn: Stephen A. Roberts
Strasburger & Price LLP
600 Congress, Suite 1600
Austin, TX 78701
Fax: 512.536.5723

**PURCHASER'S COUNSEL**
Attn: Deirdre B. Ruckman
Gardere Wynne Sewell LLP
1601 Elm Street, Suite 3000
Dallas, TX 75201-4761
Fax: 214.999.3250

(ii)     Assets: A Bid must (a) identify the assets to be purchased (b) identify the entity or entities bidding on the Superior Assets, (c) state the proposed purchase price and other consideration to be paid, (d) allocate the

---

[2] An official committee of unsecured creditors (the "**Committee**") has not yet been formed. If it is formed, and if it retains counsel, contact information for that counsel will be available of the Bankruptcy Court's website, which is http://www.txnb.uscourts.gov/ECF.

purchase price and other consideration among the respective Superior Asset(s) to be purchased, and (e) identify any executory contracts and unexpired leases to be assumed and rejected.  A bid must be a "firm offer" and not contain any contingencies to the validity, effectiveness, or binding nature, including, without limitation, contingencies for financing, due diligence, or inspection.

(iii)   Good-Faith Deposit:   Each Bid must be accompanied by a deposit (the "**Good Faith Deposit**") in the form of cash or in other form of immediately available U.S. funds, in an amount equal to $350,000.  The Good Faith deposit shall be delivered to Debtor's counsel, Stephen Roberts, to be held in the trust account of Strasburger & Price, pending the closing of the Sale or further order of the Bankruptcy Court.   Wire instructions will be made available to such account upon request.

(iv)   Minimum   Overbid:   The   consideration proposed by the Bid must be cash or cash and release of claims as set forth below.  The aggregate proposed purchase price must equal or exceed the sum of (a) $11.5 million subject to no greater inventory adjustments to the purchase price than in the Stalking Horse bid; plus (b) $500,000 (initial overbid amount); plus (c) $350,000 ("**Break-Up Fee**" (defined below)).

(v)   Not All Cash Bid.  Any bid that is not all cash shall:

  a.   consist of not less than $4,000,000 cash;

  b.   may consist of the release of valid claims; provided, however, that the Bid shall provide evidence of

    (i)   the validity of the claim to be released;

    (ii)     the amount of the claim to be released; and

    (iii)    evidence that the claim will be released at or prior to closing.

In no instance will a bid contingent on financing be a Qualified Bid.

(vi)    Same or Better Terms:  The Bid must be on terms that are, in the Debtor's business judgment, the same or better than the terms in the APA.  A Bid shall include a copy of the APA marked to show all changes requested by the Bidder.

(vii)    Irrevocable:  Each Bid must be irrevocable until five (5) business days after the consummation or closing of the Sale approved by this Court in a final, nonappealable order.

(viii)    Ability to Close:  Each Bid must be accompanied by evidence reasonably satisfactory to the Debtor demonstrating the Bidder's financial ability to close no later than 3 business days after the Sale Order is entered.

(ix)    No Fees payable to Qualified Bidder:  A Bid may not request or entitle the Qualified Bidder to any fee, expense reimbursement, or similar type of payment.  Further, by submitting a Bid, a Bidder shall be deemed to waive its right to pursue a substantial contribution claim under section 503 of the Bankruptcy Code or in any way related to the submission of its Bid or the Bid Procedures.

Any Bid submitted in accordance with the foregoing procedures shall be deemed a "**Qualified Bid**."  Each bidder submitting a Qualified Bid shall be deemed a "**Qualified Bidder**."  Avco Corporation is a Qualified Bidder.

### D.     Access to Information.

Any entity that desires to submit a Qualified Bid for the Superior Assets shall be permitted to conduct and complete reasonable due diligence prior to the Bid Deadline as set forth herein.  Each entity seeking to submit a Bid shall, upon execution of a confidentiality agreement in the form provided by the Debtor, be provided due-diligence materials containing information about the Superior Assets.

### E.    Auction and Selection of Winning Bid.

Following expiration of the Bid Deadline, the Debtor will review all Qualified Bids and determine which Qualified Bid(s) represents the highest and/or best offer for the Superior Assets.

No later than February 20, 2009, at 4:00 P.M. (CDT), the Debtor will notify all Qualified Bidders of the highest, best, and/or otherwise financially superior Qualified Bid, as determined in the Debtors' discretion (the "**Baseline Bid**") and will notify such parties of such time and place of the Auction. The determination of which Qualified Bid constitutes the Baseline Bid shall take into account any factor that the Debtor reasonably deems relevant to the value of the Qualified Bid to the estate, including, among other things, the following, which may govern, but not control: (a) the amount and nature of the consideration; (b) the proposed assumption of any liabilities, if any; (c) the ability of the Qualified Bidder to close the proposed transaction; (d) the proposed closing date and the likelihood, extent, and impact of any potential delay in closing; (e) any purchase-price adjustments; (f) the impact of the contemplated transaction on any actual or potential litigation; (g) the net economic effect of any changes from the APA, if any, contemplated by the proposed transaction; and (h) the net after-tax consideration to be received by the Debtor (collectively, the "**Bid Assessment Criteria**").

If a Qualified Bid is received in addition to the Bid of Avco Corporation, the Debtor will conduct the Auction on February 24, 2009, at 9:00 A.M. (CDT), or such other time and location as may be designated by the Debtor, to determine which Qualified Bid is the highest and/or best offer for the purchase of the Superior Assets.

Unless otherwise stated, the Auction will take place in the offices of Strasburger & Price, LLP, 901 Main Street, Suite 4400, Dallas, Texas 75202-3794. Unless otherwise announced by the Debtor at the commencement of the Auction, the following procedures shall govern the Auction:

    (i)    <u>The Debtor Shall Conduct the Auction</u>. The Debtor and its professionals shall direct and preside over the Auction. At the start of the Auction, the Debtor shall describe the terms of the Baseline Bid and open the Auction for higher and/or better Bids. All Bids made thereafter shall be Overbids (as defined below), and shall be made and received on an open basis, with all material terms of each Bid fully disclosed to all other Qualified Bidders. The Debtor shall maintain a transcript of all Bids made and announced at the Auction, including the Baseline Bid, all Overbids and the Successful Bid.

(ii)    Participation at the Auction.  Only a Qualified Bidder is eligible to participate at the Auction.  Only the authorized representative of each Qualified Bidder shall be permitted to attend.

(iii)   Overbids.  During the Auction, bidding shall begin with the Baseline Bid and subsequently continue in minimum increments of at least $50,000 in cash, or such higher amount as may be determined by the Debtor during the Auction.  Other than as set forth herein, the Debtor may conduct the Auction in the manner it determines will result in the highest, best, and/or otherwise financially superior offer for the Superior Assets.

(iv)    Additional Procedures.  In its reasonable discretion and after consultation with all Qualified Bidders, the Debtor may adopt rules for the Auction at or prior to the Auction that, in its reasonable discretion, will better promote the goals of the Auction and that are not inconsistent with any of the provisions of the Bid Procedures Order.  All such rules will provide that all bids shall be made and received in one room, on an open basis, and all other Qualified Bidders shall be entitled to be present for all bidding with the understanding that the true identity of each Qualified Bidder (i.e., the principals submitting the bid) shall be fully disclosed to all other Qualified Bidders and that all material terms of each Qualified Bid will be fully disclosed to all other Qualified Bidders throughout the entire Auction.

(v)     Closing the Auction:  Upon conclusion of the bidding, the Auction shall be closed, and the Debtor shall (a) immediately review each Qualified Bid on the basis of financial and contractual terms and the factors relevant to the Sale process, including those factors affecting the speed and certainty of consummating the Sale, (b) identify the

highest, best, and/or otherwise financially superior offer for the Superior Assets (the "**Successful Bid**")[3] and the entity submitting such Successful Bid (the "**Successful Bidder**"), which highest, best, and/or otherwise financially superior offer will provide the greatest amount of net value to the Debtor, (c) identify the next highest or otherwise best offer after the Successful Bid (the "**Back-Up Bid**") and advise the entity submitting such Back-up Bid, provided, however, that no Qualified Bidder is required to be a Back-Up Bidder, and (d) announce to the participants the results of the Auction.

The Debtor reserves the right to reject, at any time before the Sale Hearing, any Bid or Qualified Bid that the Debtor determines is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code or these Bid Procedures, or (iii) contrary to the best interests of the Debtor, its estate, and the creditors thereof.

IF THE DEBTOR DOES NOT RECEIVE A QUALIFIED BID BY THE BID DEADLINE, THE AUCTION WILL NOT BE HELD, AND THE DEBTOR WILL PROCEED AT THE SALE HEARING TO ASK THE BANKRUPTCY COURT TO APPROVE THE SALE OF THE SUPERIOR ASSETS TO THE PURCHASER.

### F.      Sale Hearing.

The Debtor will seek approval of the Successful Bid and Successful Back-Up Bid at a hearing (the "**Sale Hearing**") before the Honorable Barbara J. Houser, 1100 Commerce Street, 14th Floor, Dallas, Texas 75242 on February 24, 2009, at 3:00 P.M. Any Qualified Bidder whose Qualified Bid is finally approved by the Bankruptcy Court and authorized to be consummated by the Debtor shall be referred to herein as a "**Buyer**."

### G.      Closing.

The Debtor and the Buyer shall use commercially reasonable efforts to consummate the Bankruptcy Court-approved transaction, including the payment of the purchase price in readily available funds, on or prior to ten days after the entry of the order approving the sale of the Superior Assets (the "**Closing**").  In connection with the Closing, the Buyer's Good Faith Deposit shall be applied by the Debtor against the cash portion of the purchase price to be paid by the Buyer at Closing.

---

[3] If no Auction is held, the Stalking Horse Bid shall be deemed the "Successful Bid" and Avco Corporation the "Successful Bidder."

### H.  Deposits.

All Good Faith Deposits received by the Debtor shall be maintained in a segregated account and be subject to the jurisdiction of the Bankruptcy Court. Within seven (7) business days after the Auction, the Debtor shall return the Good Faith Deposit of all Bidders other than the Successful Bidder and the Successful Back-Up Bidder without further order of the Bankruptcy Court.

Except as otherwise set forth below, within a reasonable time after the Closing, and without further order of the Bankruptcy Court, the Debtors shall return the Good Faith Deposit to each Qualified Bidder that is not the Buyer.

### I.  Buyer Default.

If any Buyer fails to close the purchase of the Superior Assets after approval of the Successful Bid by the Bankruptcy Court at the Sale Hearing, such Buyer's Good Faith Deposit shall be forfeited to and retained irrevocably by the Debtor, and the Debtor specifically reserves the right to seek all appropriate additional damages from any such Buyer.

### J.  Jurisdiction of Bankruptcy Court.

All Qualified Bidders are deemed to have submitted to the exclusive jurisdiction of the Bankruptcy Court with respect to all matters relating to the sale of the Superior Assets and the transactions contemplated thereby.

### K.  Break-Up Fee.

The Debtor has agreed to pay the sum of $350,000.00 (the "**Break-Up Fee**") to the Purchaser only if (a) the Purchaser is not the Successful Bidder and (b) the proposed Sale closes. In no event shall the Purchaser be entitled to the Break-Up Fee if the Sale to the Purchaser occurs.

### L.  Non Break-Up Fee Costs and Expenses.

Each bidder (whether or not a Qualified Bidder) shall bear its own costs and expenses (including any legal or other professionals' fees and expenses) incurred in connection with its investigation and evaluation of the Superior Assets. The costs and expenses incurred by the Debtor will be borne by the Debtor and its estate.

Other than certain fees of Corporate Finance Partners, the Debtor will pay no other finder's fees, broker's fees, or commissions in connection with any transaction that may result hereby, and no other bidder shall be entitled to any fee, expense reimbursement, or similar type of payment, except as otherwise provided by Court Order. Further, by submitting a Bid, a bidder shall be deemed to waive its right to pursue a substantial contribution claim under section 503 of the Bankruptcy Code or in any way related to the submission of its Bid or the Bid Procedures.

**M.      As-Is, Where-As Sale.**

The sale of the Superior Assets shall be on an "as is, where is" basis and without representations or warranties of any kind, nature, or description by the Debtor, its agents, or estate, except as otherwise agreed in writing.  Each Qualified Bidder (as defined below) shall be deemed to acknowledge and represent that it has had an opportunity to conduct any and all due diligence regarding the Superior Assets prior to making its offer, that it has relied solely on its own independent review, investigation, and/or inspection of any documents and/or the Superior Assets in making its Bid, and that it did not rely on any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Superior Assets, or the completeness of any information provided in connection therewith or the Auction, except as expressly stated in these Bid Procedures or, (i) as to the Purchaser, the terms of the Sale shall be set forth in the APA, or (ii) as to another Successful Bidder, the terms of the Sale shall be set forth in the applicable asset purchase agreement.

**N.      Free Of Any And All Interests.**

All of the Debtor's rights, title, and interest in and to the Superior Assets shall be sold free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options, and interests thereon and there against in accordance with 11 U.S.C. § 363, with such interests to attach to the net proceeds of the sale of the Superior Assets.

**O.      Reservation of Rights; Deadline Extensions.**

In its reasonable business judgment, the Debtor reserves the right to (i) impose, at or prior to the Auction and after consultation with all Qualified Bidders, additional terms and conditions on the Sale of the Superior Assets consistent with the Bid Procedures Order; (ii) extend the deadlines set forth in the Bid Procedures; (iii) adjourn the Auction at the Auction; (iv) adjourn the Sale Hearing in open court without further notice; (v) reject all Qualified Bids other than the Bid of Avco Corporation if no bid is, in the Debtor's reasonable business judgment for fair and adequate consideration.

**EXHIBIT B**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|                          |     |                        |
|--------------------------|-----|------------------------|
|                          | §   |                        |
| IN RE:                   | §   | Chapter 11             |
|                          | §   |                        |
| SUPERIOR AIR PARTS, INC. | §   | Case No. 08-36705-BJH-11 |
|                          | §   |                        |
| Debtor.                  | §   |                        |
|                          | §   |                        |
|                          | §   |                        |

**NOTICE OF AUCTION AND HEARING IN RESPECT OF DEBTOR'S MOTION**

**FOR THE SALE OF SUBSTANTIALLY ALL OF SUPERIOR AIR PARTS, INC.'S
ASSETS PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE
FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS.**

**NOTICE OF BAR DATE TO FILE PROOFS OF CLAIMS**

**<u>YOUR RIGHTS MAY BE AFFECTED</u>**

TO ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE that on December 31, 2008, Superior Air Parts, Inc. ("Superior" or "Debtor") filed for protection under Chapter 11 of the United States Bankruptcy Code. Superior sells Superior-brand parts for engines created by Teledyne Continental Motors, Inc. and the Lycoming Engines division of Avco Corporation, a subsidiary of Textron Inc. Superior is also an OEM for the 180-horsepower Vantage Engine and owner-built XM-360 engines for various aircraft companies. Superior is a distributor of over 2,000 general parts purchased from other manufacturers which complement its own product line. On January 2, 2009, Superior, as debtor-in-possession, filed a motion (the "Sale Motion") with the United States Bankruptcy Court for the North District of Texas, Dallas Division (the "Court"), requesting entry of an order (the "Sale Order"), pursuant to sections 105 and363 of title 11 of the United States Code, authorizing the sale (the "Asset Sale") free and clear of all liens, claims, encumbrances and interests of substantially all of its assets ("Superior Assets").

PLEASE TAKE FURTHER NOTICE:

A. Pursuant to an order, dated on or about January 9, 2009 (the "Bid Procedures Order"), the Debtor will conduct an auction (the "Auction") at the offices of Strasburger & Price, LLP, 901 Main Street, Suite 4400, Dallas, Texas 75202-3794 at 9:00 a.m. on February 24, 2009 (Prevailing Central Time), for the sale of the Superior Assets. Parties wishing to participate at the Auction must submit "Qualified Bids" so as to be actually received by February 19, 2009 at 4:00 p.m. (Prevailing Central Time) (the

"Bid Deadline"), which bids must be delivered in accordance with the Bid Procedures Order and provide for total consideration to the Debtor of not less than $12,350,000.00 for the purchase of the Superior Assets, subject to inventory adjustments not greater than the Debtor's agreement with Avco Corporation referenced below.  The Bid Procedures Order also sets forth, among other things, the specific requirements for a bid to be a Qualified Bid.

B.  A hearing (the "Sale Hearing") will be held on February 24, 2009 at 3:15 p.m. (Prevailing Central Time), or as soon thereafter as counsel can be heard, before the Honorable Barbara J. Houser in the United States Bankruptcy Court for the Northern District of Texas, U. S. Courthouse, 1100 Commerce Street, at Dallas, Texas 75242 at which time the Debtor will seek entry of an order approving the Asset Sale in accordance with the Bid Procedures Order.

C.  The Debtor has selected Avco Corporation, a subsidiary of Textron Inc. ("Avco") as the stalking horse bidder pursuant to the terms of that certain Asset Purchase Agreement dated as of December 30, 2008 (the "Agreement"), which Agreement provides among other things, for the sale of the Superior Assets by the Superior to Avco free and clear of all liens, claims, encumbrances and interests.  Under the terms of the Agreement, Avco will provide aggregate consideration in the amount of $11,500,000 in cash, subject to certain adjustments and the auction process, for the purchase of the Superior Assets.

D.  Any entity that wishes to submit a bid for the purchase of the Superior Assets must comply in all respects with the terms and conditions established by the Bid Procedures Order.  Copies of the Bid Procedures Order are available by going to http://www.strasburger.com/client/SuperiorAirParts/.

E.  Any entity that wishes to submit a bid for Superior Assets is strongly advised to contact Donna Krupa, Paralegal at Strasburger & Price, LLP.  Her email address is: donna.krupa@strasburger.com.

F.  PLEASE TAKE FURTHER NOTICE that objections, if any, to approval of the Asset Sale must be made in writing, filed with the Court, and served in accordance with the terms and conditions established by the Bid Procedures on or before February 17, 2009.

PLEASE TAKE FURTHER NOTICE that in the absence of any timely objection, the Debtor will submit to the Court a form of order setting forth, among other things, that (i) the notice procedures of the Sale Motion have been satisfied, (ii) no objection to the Sale Motion was timely made or such objection has been resolved, and (iii) the Debtor may proceed with the relief requested in the Sale Motion.

PLEASE TAKE FURTHER NOTICE that the form of order will also provide that to the extent any person or entity has, or claims to have, any lien, claim, encumbrance, or charge of any kind or nature whatsoever or any other interest, whether known or unknown ("Interest") in the Superior Assets (including, but not limited to claims relating

to warranty, defect or similar claims), pursuant to the Sale Motion, such Interest will attach to the proceeds derived by the Debtor from the sale of the Superior Assets in order of their priority and with the same validity, force and effect that such Interest now has against the Superior Assets, subject to all rights and defenses the Debtor may have; and further that all entities holding such Interests are forever barred and enjoined from asserting such Interests against Avco, its affiliates, successors or assigns, or the Superior Assets.

PLEASE TAKE FURTHER NOTICE that any entity wishing to receive a copy of the Sale Motion, Bid Procedures Order or Agreement, go to http://www.strasburger.com/client/SuperiorAirParts.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE SALE MOTION WITHOUT FURTHER NOTICE TO YOU OR THE OPPORTUNITY TO OBJECT.

PLEASE TAKE FURTHER NOTICE that the DEADLINE FOR FILING PROOFS OF CLAIMS is **February 17, 2009**. If you have a claim against Superior you MUST file a proof of claim before the bar date for filing proofs of claims set by the court or your claim will be forever barred.  You may obtain an official proof of claim form and filing instructions from the bankruptcy court at http://www.txnb.uscourts.gov/Reference-Library/Forms.

This is the only notice you will receive concerning the subject matter contained herein. Accordingly, you are urged to consult with counsel of your choosing or otherwise respond to this notice as you deem appropriate.

Dated: January 9, 2009

        Stephen A. Roberts
        Strasburger & Price, LLP
        600 Congress, Suite 1600
        Austin, Texas  78701
        Telephone:  (512) 499-3624
        Facsimile:  (512) 536-5723

***EXHIBIT C-NOTICE BY PUBLICATION/AIRCRAFT OWNERS AND PILOT ASSOCIATION MAGAZINE
AND TRADE-A-PLANE MAGAZINE***

**SUPERIOR AIR PARTS, INC. CHAPTER 11
NOTICE OF AUCTION AND SALE OF ALL ASSETS FREE AND CLEAR OF ALL LIENS AND CLAIMS
NOTICE OF BAR DATE FOR FILING CLAIMS**

**January 9, 2009**

On December 31, 2008, Superior Air Parts, Inc. ("Superior") filed for protection under Chapter 11 of the U.S. Bankruptcy Code in the Bankruptcy Court for the Northern District of Texas – Dallas Div., Case no. 08-36705-11.

**IF YOU ARE A CREDITOR OF SUPERIOR, YOUR RIGHTS WILL BE AFFECTED.**

Superior sells Superior-brand parts for engines created by Teledyne Continental Motors, Inc. and the Lycoming Engines division of Avco Corporation, a subsidiary of Textron Inc. and various other aircraft companies.  Superior is also an OEM for the 180-horsepower Vantage Engine and owner-built XM-360 engines.  In addition, Superior is a distributor of over 2,000 general parts purchased from other manufacturers to complement its own product line.

**SUPERIOR IS SELLING ALL OF ITS ASSETS
FREE AND CLEAR OF ALL LIENS, CLAIMS, AND INTERESTS**

On Dec. 30, 2008, the Debtor entered into an Asset Purchase Agreement (the "APA") with Avco Corporation, a subsidiary of Textron Inc. ("Avco") which provides for the sale of substantially all of Superior's assets to Avco, free and clear of all liens, claims, encumbrances and interests, for $11,500,000 in cash, subject to certain adjustments and the auction process.

The Debtor will conduct an auction on February 24, 2009 at 9:00 a.m. CST, to attract higher bids. The auction will take place at the offices of Strasburger & Price, LLP, 901 Main St., Suite 4400, Dallas, TX 75202.  On Jan. 9, 2009, the Bankruptcy Court approved the bidding procedure and the sale.  If you are interested in bidding on Superior's assets, you must be a "Qualified Bidder" and your qualified bid must be actually received by February 19, 2009 at 4:00 p.m. CST.  A sale hearing will be held after the auction on February 24, 2009 at 3:15 p.m.  Any objections to the proposed asset sale must be in writing, filed with the court, and served so as to be actually received on or before February 17, 2009.  For detailed information on the proposed sale to AVCO, bidding procedures, your right to object, and IMPORTANT DEADLINES. go to http://www.strasburger.com/client/SuperiorAirParts/ or contact Ms. Angela Dunn, Administrative Ass't, Strasburger & Price, LLP, angela.dunn@straburger.com, facsimile 512-499-3660. You may also obtain all filings with the Court by going to the Court's website: http://www.txnb.uscourts.gov/ECF/ECF-Register and then following the instructions.

Pursuant to §363 of the Bankruptcy Code, Superior's assets will be sold free and clear of all liens, claims, encumbrances, or charge of any kind or nature whatsoever, or any other interest in Superior's assets, whether known or unknown including, but not limited to, claims relating to warranty, defect or similar claims ("Claims").  All creditors who have claims of any kind against Superior or its assets, whether known or unknown, will be enjoined and forever barred from pursuing any claims of any nature whatsoever against AVCO or any other purchaser or their affiliates, successors or assigns, or the Superior Assets.  Such Claims will attach to the proceeds received by Superior from the sale in order of their priority and with the same validity, force and effect that such Claim now has against the Superior's assets.  Superior will file a Plan to distribute the proceeds of the sale to all creditors of Superior according to the legal priority of their claims.

**BAR DATE TO FILE A PROOF OF CLAIM**

If you have a claim against Superior you MUST file a proof of claim before the bar date for filing proofs of claims set by the court or your claim will be forever barred.  The bar date for filing proofs of claims is February 17, 2009.  You may find the deadline set by the court by going to the court's website: https://ecf.txnb.uscourts.gov/ or to Superior's website: www.superiorairparts.com.  You may obtain an official proof of claim form and filing instructions from the bankruptcy court at http://www.txnb.uscourts.gov/Reference-Library/Forms

Attorneys for Superior Air Parts, Inc.
Stephen A. Roberts
Strasburger & Price, LLP
600 Congress, Suite 1600
Austin, Texas  78701

**EXHIBIT C- NOTICE BY PUBLICATION/EAA-SPORT AVIATION MAGAZINE**

**Legal Notice**

### SUPERIOR AIR PARTS, INC. CHAPTER 11
### NOTICE OF AUCTION AND SALE OF ALL ASSETS FREE AND CLEAR OF ALL LIENS AND CLAIMS
### NOTICE OF BAR DATE FOR FILING CLAIMS

#### January 7, 2009

On December 31, 2008, Superior Air Parts, Inc. ("Superior") filed for protection under Chapter 11 of the U.S. Bankruptcy Code in the Bankruptcy Court for the Northern District of Texas –Dallas Div., Case no. 08-36705-11.

#### IF YOU ARE A CREDITOR OF SUPERIOR, YOUR RIGHTS WILL BE AFFECTED.

Superior sells Superior-brand parts for engines created by Teledyne Continental Motors, Inc. and the Lycoming Engines division of Avco Corporation, a subsidiary of Textron Inc. and various other aircraft companies.  Superior is also an OEM for the 180-horsepower Vantage Engine and owner-built XM-360 engines.  In addition, Superior is a distributor of over 2,000 general parts purchased from other manufacturers to complement its own product line.

#### SUPERIOR IS SELLING ALL OF ITS ASSETS
#### FREE AND CLEAR OF ALL LIENS, CLAIMS, AND INTERESTS

On Jan. 2, 2009, Superior filed motions in the Bankruptcy Court seeking approval of a bidding procedure and the sale of substantially all of its assets. Superior expects to obtain court approval of the process by Jan. 15, 2009.  Superior will file a Plan to distribute the proceeds of the sale to all creditors of Superior according to the legal priority of their claims.

On Dec. 30, 2008, the Debtor entered into an Asset Purchase Agreement (the "APA") with Avco Corporation, a subsidiary of Textron Inc. ("Avco"), which provides for the sale of substantially all of Superior's assets to Avco, free and clear of all liens, claims, encumbrances and interests, for $11,500,000 in cash, subject to certain adjustments and the auction process.

The Debtor will conduct an auction to attract higher bids.  If you are interested in bidding on Superior's assets, you must be a "Qualified Bidder" and comply with the terms and deadlines set by the Court. For detailed information on the proposed sale to AVCO, bidding procedures, your right to object, and IMPORTANT DEADLINES. go to http://www.strasburger.com/client/SuperiorAirParts/ or contact Ms. Angela Dunn, Administrative Ass't, Strasburger & Price, LLP, angela.dunn@strasburger.com, facsimile 512-499-3660.  You may also obtain all filings with the Court by going to the Court's website: http://www.txnb.uscourts.gov/ECF/ECF-Register and then following the instructions.

Pursuant to §363 of the Bankruptcy Code, Superior's assets will be sold free and clear of all liens, claims, encumbrances, or charge of any kind or nature whatsoever, or any other interest in Superior's assets, whether known or unknown including, but not limited to, claims relating to warranty, defect or similar claims ("Claims").  All creditors who have claims of any kind against Superior or its assets, whether known or unknown, will be enjoined and forever barred from pursuing any claims of any nature whatsoever against AVCO or any other purchaser or their affiliates, successors or assigns, or the Superior Assets.  Such Claims will attach to the proceeds received by Superior from the sale in order of their priority and with the same validity, force and effect that such Claim now has against the Superior's assets.

**BAR DATE TO FILE A PROOF OF CLAIM**

      If you have a claim against Superior you MUST file a proof of claim before the bar date for filing proofs of claims set by the court or your claim will be forever barred.  Superior has filed a motion with the court to set the bar date for filing proofs of claims for February 21, 2009 but, as of January 7, 2009, the court has not approved Superior's requested deadline. You may find the deadline set by the court by going to the court's website: https://ecf.txnb.uscourts.gov/ or to Superior's website: www.superiorairparts.com. You may obtain an official proof of claim form and filing instructions from the bankruptcy court at http://www.txnb.uscourts.gov/Reference-Library/Forms

                                          Attorneys for Superior Air Parts, Inc.
                                          Stephen A. Roberts
                                          Strasburger & Price, LLP
                                          600 Congress, Suite 1600
                                          Austin, Texas  78701