NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed January 9, 2009

United States Bankruptcy Judge

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE: | § |
| | §   CASE NO. 08-36705 |
| SUPERIOR AIR PARTS, INC. | § |
| | §   CHAPTER 11 |
| DEBTOR, | § |
| | § |

**ORDER AUTHORIZING THE DEBTOR TO PAY
<u>PRE-PETITION WAGES, SALARIES AND EMPLOYEE BENEFITS</u>**

Upon consideration of the motion of Superior Air Parts, Inc. (the "Debtor"), as debtors and debtors-in-possession, for an order authorizing the Debtor to pay pre-petition wages, salaries, and employee benefits in accordance with existing company policies established by the Debtors prior to the Commencement Date (the "Motion"); and it appearing that the Court has jurisdiction to consider the Motion; and it appearing that due and appropriate notice of the Motion has been given and that no further notice need be given; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors and all parties in interest; the Court finds that cause exists to GRANT the Motion, in part. Therefore, it is

ORDERED, that the Debtor is authorized, but not directed to:

1. Pay to their employees identified in the Motion (each an "Employee", collectively, the "Employees") all wages and salaries relating to services rendered to the Debtors before the Commencement Date (including all related payroll taxes), except severance benefits;

2. Reimburse its Employees for all out-of-pocket business and business-related expenses incurred by them before the Commencement Date in accordance with existing company policies and practices;

3. Pay to or for the benefit of its Employees, payments for medical, dental and prescription benefits that may be owed by the Debtors on account of pre-petition claims and other payments necessary to maintain post-petition medical coverage for its Employees, including, without limitation, any amounts that may be owed to All-American Benefits on account of premiums or administration fees;

4. Pay to or for the benefit of its Employees, as and when they become due, all pre-petition amounts relating to certain additional benefits, including, but not limited to: (i) payments relating to life, accident and disability insurance coverage provided to eligible Employees or their beneficiaries; (ii) payments related to use of accrued vacation (as described in the Motion); (iii) payments related to sick day pay and other paid leave; and (v) payments related to miscellaneous other benefits;

5. Pay over to the appropriate third parties, in accordance with existing company policies and practices, all payroll deductions and related employer contributions made pre-petition, including, but not limited to, those deductions relating

to: (i) state, local and federal tax withholding, (ii) medical, long-term disability and other insurance benefits and (iii) garnishments;

6. Continue, in order to maintain Employee confidence and morale, providing the compensation and Employee benefits described in the Motion consistent with its pre-petition customs and policies (as the same may be modified in the ordinary course) and/or as described in the Motion, including, but not limited to contributions to the Debtor's §401(k) Plan;

7. Pay all Administrative Obligations accrued, unpaid, due and owing to any appropriate third parties;

8. Pay all Independent Contractor Obligations, accrued, unpaid, due and owing to any and all Independent Contractors;

and it is further

ORDERED, that the Debtors are authorized to reissue any check which was drawn in payment of a pre-petition amount approved herein that is not cleared by a depository; and it is further

ORDERED, that nothing herein shall be deemed an assumption or adoption by the Debtors of any agreements or policies providing for such Employee Obligations (as defined in the Motion) to the Employees; the Debtors have reserved all of their rights with respect thereto.

ORDERED, that notwithstanding any provision to the contrary, the Debtor is not authorized to pay Kent Abercrombie pre-petition compensation in excess of his priority claims under § 507(a)(4).

###END OF ORDER###

Order submitted by:
*/s/ Duane J. Brescia*
Stephen A. Roberts
Duane J. Brescia
Strasburger & Price, LLP
600 Congress Avenue, Suite 1600
Austin Texas, 78701
Tel. (512) 499-3600 / Fax (512) 499-3660
Stephen.roberts@strasburger.com
Duane.brescia@strasburger.com