IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE: § | |
| § | Case No. 08-36705-BJH-11 |
| § | |
| SUPERIOR AIR PARTS, INC., § | Jointly Administered |
| et al., § | |
| § | |
| § | |
| DEBTORS-IN POSSESSION. § | CHAPTER 11 |

DECLARATION OF DAVID W. PARHAM IN SUPPORT OF APPLICATION
OF THE OFFICIAL CREDITORS' COMMITTEE TO EMPLOY BAKER & McKENZIE
AS GENERAL COUNSEL *NUNC PRO TUNC* TO JANUARY 29, 2009, PURSUANT TO
SECTIONS 328(a), 330 and 1103(a) OF THE BANKRUPTCY CODE AND FEDERAL
RULE OF BANKRUPTCY PROCEDURE 2014

STATE OF TEXAS      )
                    )  ss.:
COUNTY OF DALLAS    )

1. On this date personally appeared before me, David W. Parham, who, after being duly sworn, did depose and say:

2. I am a resident citizen of Dallas County, Texas and am over 18 years of age.

3. I have personal knowledge of the facts set forth herein and am competent to testify as to the same. I have never been convicted of a felony or crime of moral turpitude.

4. I am an attorney duly licensed to practice law in the State of Texas and am admitted to practice before the United States District Courts for the Northern, Eastern, Southern and Western Districts of Texas and the Fifth Circuit Court of Appeals.

5. I am a principal (i.e., partner) in the law firm of Baker & McKenzie ("B&M"), which, subject to court approval, serves as counsel to the Official Creditors' Committee Creditors (the "Committee") of Superior Air Parts, Inc. (the "Debtor"). I make this declaration pursuant to 11 U.S.C. §§ 330 and 1103(a) and Federal Rules of Bankruptcy Procedure 2014 in

DECLARATION OF DAVID W. PARHAM IN SUPPORT OF APPLICATION OF THE OFFICIAL CREDITORS' COMMITTEE TO
EMPLOY BAKER & McKENZIE AS GENERAL COUNSEL *NUNC PRO TUNC* TO JANUARY 29, 2009, PURSUANT TO SECTIONS
328(a), 330 and 1103(a) OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014 – Page 1
DALDMS/656127.1

support of the Committee's Application to Employ Baker & McKenzie as General Counsel Pursuant to Sections 330 and 1103(a) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 (the "Application").

6. B&M is an international law firm employing 3000 attorneys in approximately 60 offices in the United States and throughout the world. B&M has extensive experience, expertise and resources in bankruptcy, insolvency and debtors' and creditors' rights, as well as expertise in business litigation, corporate and securities and other business matters and is well-qualified to represent the Committee for the purposes set forth in the Application. B&M has agreed, subject to this Court's approval, to accept employment on behalf of the Committee on the terms and conditions set forth within the Application.

7. Based upon the complexity of the above-styled Chapter 11 case, B&M has designated certain attorneys to primarily serve and represent the needs of the Committee. They include myself, Laurie Babich, Elliot D. Schuler and Adam Swick.

8. Ms. Babich is duly admitted to practice law in the State of Texas. Ms. Babich is admitted to practice before the United States District Courts for the Northern, Southern, Eastern, and Western Districts of Texas.

9. Mr. Schuler is duly admitted to practice law in the State of Texas. Mr. Schuler is admitted to practice before the United States District Courts for the Northern, Southern, and Eastern Districts of Texas.

10. Mr. Swick is duly admitted to practice law in the State of Texas. Mr. Swick is admitted to practice before the United States District Courts for the Northern, Southern, and Eastern Districts of Texas.

**DECLARATION OF DAVID W. PARHAM IN SUPPORT OF APPLICATION OF THE OFFICIAL CREDITORS' COMMITTEE TO EMPLOY BAKER & McKENZIE AS GENERAL COUNSEL *NUNC PRO TUNC* TO JANUARY 29, 2009, PURSUANT TO SECTIONS 328(a), 330 and 1103(a) OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014 – Page 2**
DALDMS/656127.1

11. Subject to this Court's approval and the terms of employment set forth within the Application, B&M has agreed to serve as general counsel to the Committee, providing professional services, including without limitation the following:

(a) Advise the Committee with respect to its statutory powers and duties;

(b) Advise the Committee and consult with the Debtor concerning the administration of the Debtor's estate;

(c) Advise the Committee with respect to assets sales proposed by the Debtor;

(d) Assist the Committee in its investigation of the acts, conduct, assets, liabilities and financial condition of the Debtor, the operation of the Debtor's business and the desirability of the continuance of such business and any other matters relevant to the case or to the formulation of a plan of reorganization or liquidation;

(e) Advise the Committee regarding the formulation of a plan of reorganization or liquidation;

(f) Prepare and defend, on the Committee's behalf, any and all necessary and appropriate legal papers;

(g) Represent the Committee in all matters before the Court; and

(h) Perform any and all other and further legal services as may be necessary and appropriate to protect all unsecured creditors.

12. In compliance with the disclosure requirements contained in Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), B&M conducted a preliminary investigation of its relationships, contacts and connections, if any, with (a) the Debtor, (b) all members of the Committee, (c) the major creditors of the Debtor and (d) other parties in interest. The results of that review indicate various B&M offices represent or have

DECLARATION OF DAVID W. PARHAM IN SUPPORT OF APPLICATION OF THE OFFICIAL CREDITORS' COMMITTEE TO EMPLOY BAKER & McKENZIE AS GENERAL COUNSEL *NUNC PRO TUNC* TO JANUARY 29, 2009, PURSUANT TO SECTIONS 328(a), 330 and 1103(a) OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014 – Page 3
DALDMS/656127.1

represented the following creditors or parties interest in matters unrelated to the above-styled Chapter 11 case:

    (a)    Mahle Engine Components- domestic mergers and acquisitions.

    (b)    In addition, B&M has represented Textron, Inc., the parent of a bidder for the Debtor's assets, in discreet international tax matters and Bell Helicopter, another Textron subsidiary in international commercial issues.

13. To the best of my knowledge, information and belief, neither B&M nor any of B&M's members or associates hold any interest adverse to Debtor's creditors, except as disclosed herein, and B&M, its members and associates are "disinterested" within the meaning of 11 U.S.C. § 101.

14. To the best of my knowledge:

    (a)    B&M is not a creditor, equity security holder or insider of the Debtor;

    (b)    B&M is not and has not been an investment banker for any outstanding security of the Debtor nor did it perform any legal services in this regard;

    (c)    B&M is not and was not, within the three years before the date of the filing of the petitions herein, an investment banker for any security of the Debtor, or an attorney for any such investment banker in connection with the offer, sale or issuance of any security of the Debtor;

    (d)    B&M is not and was not, within the two years before the date of filing of the petitions herein, a director, officer or employee of the Debtor or of any investment banker for any security of the Debtor; and

    (e)    B&M has no interest adverse to the interests of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect

**DECLARATION OF DAVID W. PARHAM IN SUPPORT OF APPLICATION OF THE OFFICIAL CREDITORS' COMMITTEE TO EMPLOY BAKER & McKENZIE AS GENERAL COUNSEL *NUNC PRO TUNC* TO JANUARY 29, 2009, PURSUANT TO SECTIONS 328(a), 330 and 1103(a) OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014 – Page 4**
DALDMS/656127.1

relationship to, connection with, or interest in, the Debtor or an investment banker for any security of the Debtor, or for any other reason.

15. The statements made herein are based on a preliminary investigation into potential conflicts of interest and contacts with the Debtor and their creditors based upon the information currently available to B&M. B&M will continue to conduct investigations into potential conflicts of interest and contacts with the Debtor and their creditors as the Debtor's Chapter 11 case progresses and more information becomes available. In accordance with the Federal and Local Rules of Bankruptcy Procedure, B&M will promptly supplement this Affidavit as well as the Application upon the discovery of additional contacts with the Debtor or their creditors.

16. As discussed above, B&M may have represented in the past, and may presently represent or may represent in the future, creditors or equity security holders of the Debtor in matters entirely unrelated to Debtor's Chapter 11 case. However, as set forth above, to the best of my knowledge, information and belief, neither I, B&M, nor any partner, counsel or associate thereof, insofar as I have been able to ascertain, represents any interest adverse to the Committee herein in the matters upon which B&M is to be engaged.

17. In accordance with Sections 330 of the Bankruptcy Code, B&M proposes to charge its usual and customary rates for this matter, subject to the terms and provisions of the Bankruptcy Code, the Federal and Local Rules of Bankruptcy Procedure and any order entered by this Court pertaining to the payment of B&M. In accordance with the Bankruptcy Code and the Federal and Local Rules of Bankruptcy Procedure, B&M will maintain detailed records of the nature of the services B&M renders to the Committee in support of the attorneys' fees and

expenses incurred the by Committee. Baker & McKenzie's current hourly rates in U.S. Dollars are set forth as follows:

| Billing Categories | Range |
|---|---|
| Partners | $425 - 695/per hour |
| Of Counsel | $415 - 470/per hour |
| Associates | $260 - 435/per hour |
| Para-professionals | $140- 225/per hour |

18. B&M's hourly rates are subject to increase in the ordinary course from time to time during the Debtor's Chapter 11 case.

19. B&M has advised the Committee that B&M will seek, in addition to compensation based upon B&M's usual and customary hourly billing rates, the reimbursement for out-of-pocket expenses incurred. B&M regularly charges its clients, both inside and outside of bankruptcy cases, for the expenses and disbursements incurred in connection with its representation, including, among other things, telephone and telecopier charges, document processing, photocopying charges, package delivery charges, travel charges, charges for mailing, travel expenses, expenses for "working meals," computerized research, transcription costs, and staff and secretarial overtime.

20. B&M further contemplates that B&M will seek interim compensation and reimbursement of expenses during the case as permitted by 11 U.S.C. § 331 and pursuant to an administrative order which is being proposed in this case.

21. No promises have been received by B&M nor by any partner, counsel, or associate thereof as to compensation in connection with Debtor's Chapter 11 case other than in accordance with the provisions of the Bankruptcy Code and the Federal and Local Rules of Bankruptcy Procedure. B&M has no agreement with any other entity, except that by and

**DECLARATION OF DAVID W. PARHAM IN SUPPORT OF APPLICATION OF THE OFFICIAL CREDITORS' COMMITTEE TO EMPLOY BAKER & McKENZIE AS GENERAL COUNSEL *NUNC PRO TUNC* TO JANUARY 29, 2009, PURSUANT TO SECTIONS 328(a), 330 and 1103(a) OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014 – Page 6**
DALDMS/656127.1

between B&M and its members, counsel and associates, to share any compensation received by B&M in connection with Debtor's Chapter 11 case.

22. I declare under penalty of perjury that the foregoing is true and correct.

Exhibit A    Page 8 of 8

Executed this ___4th___ day of February 2009, in Dallas, Texas.

_____
David W. Parham
Baker & McKenzie

SUBSCRIBED AND SWORN TO before me this ___4th___ day of February 2009.

_____
Notary Public

My Commission Expires: 03-04-2009

SANDRA DIXON
Notary Public, State of Texas
My Commission Expires
March 04, 2009

DECLARATION OF DAVID W. PARHAM IN SUPPORT OF APPLICATION OF THE OFFICIAL CREDITORS' COMMITTEE TO EMPLOY BAKER & McKENZIE AS GENERAL COUNSEL *NUNC PRO TUNC* TO JANUARY 29, 2009, PURSUANT TO SECTIONS 328(a), 330 and 1103(a) OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014 – Page 8
DALDMS/656127.1