STEPHEN A. ROBERTS
STATE BAR NO. 01701920
ROBERT P. FRANKE
STATE BAR NO. 07371200
DUANE J. BRESCIA
STATE BAR NO. 24025265
**STRASBURGER & PRICE, LLP**
600 CONGRESS AVE., SUITE 1600
AUSTIN, TEXAS 78701-2974
(512) 499-3600
(512) 499-3660 Fax

ATTORNEYS FOR DEBTOR SUPERIOR AIR PARTS, INC.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § § § | Case No. 08-36705 |
| SUPERIOR AIR PARTS, INC., | § § | Chapter 11 |
| Debtor. | § § § § | Hearing Date February 24, 2009<br>3:15 PM CDT |

## DEBTOR'S MOTION TO REJECT CERTAIN EXECUTORY CONTRACTS

TO:   THE HONORABLE BARBARA J. HOUSER,
       UNITED STATES BANKRUPTCY JUDGE:

Superior Air Parts, Inc. ("Debtor" or "Superior") files this Motion to Reject Certain Executory Contracts and would respectfully show the Court as follows:

**I.
JURISDICTION**

1.    On December 31, 2008, (the "Petition Date"), Debtor field a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court"). The Debtor continues to operate its business and manage its properties and assets as a debtor-in-possession pursuant to §§ 1107(a)

and 1108 of the Bankruptcy Code. No committee, Chapter 11 trustee or examiner has been appointed in this case.

2. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This Motion involves a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue is proper with the Bankruptcy Court pursuant to 28 U.S.C. § 1408.

## II.
## BACKGROUND

4. Superior is a Texas corporation with its offices and operating facilities located in Coppell, Dallas County, Texas. It is one of the largest suppliers of parts under Federal Aviation Administration's ("FAA") Parts Manufacturer Approval ("PMA") regulations for piston engines. It provides Superior-brand parts for engines created by two primary original equipment manufacturers ("OEMs"), the Continental division of Teledyne, Inc. and the Lycoming division of Textron, Inc. Its customers are companies that perform maintenance and overhaul work in the general aviation industry. Superior is also an OEM for the (i) 180-horsepower Vantage Engine and (ii) Superior or owner-built XP-360 Engine for various aircraft companies.

5. On December 30, 2008, Superior entered into an asset purchase agreement ("APA") with Avco Corporation ("Avco"), a wholly-owned subsidiary of Textron, Inc, wherein Avco agreed to buy substantially all of Superior's assets, subject to adjustments for inventory reductions. One of the conditions of the purchase agreement was that the purchase be consummated through a Chapter 11 bankruptcy proceeding. This Chapter 11 case was filed to liquidate the assets of Superior and to

obtain the highest and best price for creditors, either through the APA with Avco, or a public auction.

6.   A hearing was held on January 9, 2009 wherein the Bankruptcy Court approved Superior's Expedited Motion to Approve Bid Procedures for Sale of Substantially All of Debtor's Assets Free and Clear of Liens (Docket No. 43).  Under the bid procedures, an auction of the Superior's assets is to be held on February 24, 2009 at 9 o'clock a.m.  A hearing to approve the sale of Superior's assets will be held on February 24, 2009 at 3:15 p.m., pursuant to which Superior's assets will either be sold to Avco under the APA or the highest and best bidder at auction.

### III.
### RELIEF REQUESTED

7.   The Debtor requests the Court to approve the rejection of all of the executory contracts listed on the attached *Exhibit A*.  Included in *Exhibit A* is a list of known purchase orders, as identified on its Schedule G.  The Debtor has not conducted a review of every purchaser order to determine if those purchase orders were signed by the non-Debtor party, which might then make it executory.  Out of an abundance of caution, the Debtor seeks to reject all purchase orders.  However, the Debtor reserves the right to object to any rejection claim on the ground that such claim is actually not based upon an executory contract.

### IV.
### AUTHORITY

8.   A debtor operating as a Debtor-in-possession has the option to assume or reject executory contracts under 11 U.S.C. § 365(a).  I*n re Lijeberg Enters., Inc.*, 304 F.3d 410, 436 (5th Cir. 2002); *In re National Gypsum Company*, 208 F.3d 498, 504 (5th Cir. 2000).  The decision to assume or reject is within the Trustee's business judgment.

*Richmond Leasing Co. v. Capital Bank*, N.A., 762 F.2d 1303, 1309 (5th Cir. 1985). In reaching his decision, the Debtor is required to balance the contract's benefits and burdens. *In re Food City, Inc.*, 94 B.R. 91, 93 (Bankr. W.D. Tex. 1988). In the context of rejection, this balancing is generally couched in terms of the "business judgment" test under which the Debtor need not affirmatively prove that a contract is burdensome in order to justify its rejection. <u>Id</u>. The Debtor's decision should be summarily affirmed unless it is the product of bad faith, whim or caprice. *In re Trans World Airlines, Inc.* 261 B.R. 103 (Bankr. D. Del. 2001).

9. The Debtor has determined that rejection of the Contracts listed on *Exhibit A* is in the best interest of the estate. Due to the nature of the Debtor's business, it is not feasible for the Debtor to continue to assemble and sell small engines or to sell parts when the sale of substantially all of its assets is pending. Accordingly, the Debtor has ceased sales and assembly operations to conserve cash and preserve the assets. Thus, there is no benefit to the estate and creditors from the executory contracts to be rejected. The Debtor is operating solely to maintain the assets under regulatory requirements and is paying its remaining bills from ever-dwindling accounts receivable.

10. Accordingly, the Debtors requests the Court to approve the rejection of the Contracts listed on the attached *Exhibit A* and to grant such other relief as is just and equitable.

WHEREFORE, the Debtor requests the Court to approve the rejection of the executory contracts listed on the attached *Exhibit A* and to grant such other relief as is just and equitable.

        Respectfully submitted,

/s/ *Duane J. Brescia*
Stephen A. Roberts (SBN 17019200)
Robert P. Franke (SBN 07371200)
Duane J. Brescia (SBN 24025265)
**STRASBURGER & PRICE, LLP**
600 Congress, Suite 1600
Austin, Texas 78701
Tel. (512) 499-3600  /  Fax (512) 499-3643
stephen.roberts@strasburger.com
bob.franke@strasburger.com
duane.brescia@strasburger.com

**Bankruptcy Attorneys for Debtor Superior Air Parts, Inc.**

## CERTIFICATE OF SERVICE

The undersigned certifies that true and correct copies of the foregoing pleading were forwarded to the parties listed below and on the attached service list via first class U.S. Mail, postage prepaid, on the 4th day of February, 2009.

        */s/ Duane J. Brescia*
        Duane J. Brescia

| |
|---|
| **Arkadin, Inc.**<br>620 Tinton Avenue<br>Tinton Falls, NJ 07724 |
| **Choice Solutions, L.L.C.**<br>Attn: James Steinlage<br>10801 Mastin Blvd., Ste. 900<br>Overland Park, KS 66213 |
| **Choice Solutions, L.L.C.**<br>Attn: James Steinlage<br>10801 Mastin Blvd., Ste. 900<br>Overland Park, KS 66213 |
| **New Horizons**<br>5151 Belt Line Rd.<br>Dallas, TX 75254 |
| **Print, Inc.**<br>11265 Kirkland Way, Ste 3000<br>Kirkland, PA 98033 |
| **Thielert Aircraft Engines GmbH**<br>Nieritzstr 14<br>D-10097, Dresden Germany |
| **Web Trends**<br>851 SW 6th Ave., #600<br>Portland, OR 97204 |
| **Zanzi S.p.A.**<br>Corso Vercelli, 159<br>10015 Ivera, Italy |