Warren H. Smith
Texas State Bar No. 18757050
Warren H. Smith & Associates, P.C.
325 N. St. Paul, Suite 1250
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

ATTORNEYS FOR AICCO, INC.

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 08-36705-BJH-11 |
| | § | |
| SUPERIOR AIR PARTS, INC., | § | Hearing: 2/17/09 at 1:15 p.m. |
| | § | |
| Debtor. | § | |

### AFFIDAVIT OF JOAN STRATTON IN SUPPORT OF
### MOTION OF AICCO, INC., FOR RELIEF FROM THE STAY
### AND FOR ADEQUATE PROTECTION

| | |
|---|---|
| STATE OF NEW JERSEY | ) |
| | ) |
| COUNTY OF HUDSON | ) |

BEFORE ME, the undersigned authority, on this day appeared Joan Stratton, personally known to me, being first duly sworn upon oath, deposed and stated the following:

1.  "My name is Joan Stratton. I am over the age of 18 years and am fully competent to make this Affidavit. I am currently employed by AICCO, Inc. ('AICCO'), as Assistant Vice President. In that capacity, I am responsible for the management of AICCO's account with Superior Air Parts, Inc. (the 'Debtor' or 'Superior'), and for the management of AICCO's records relating to that account. I have personal knowledge of the facts stated in this Affidavit.

AFFIDAVIT OF JOAN STRATTON IN SUPPORT OF MOTION OF AICCO, INC., FOR RELIEF
FROM THE STAY AND FOR ADEQUATE PROTECTION - Page 1

2. "In the course of my employment, I have become familiar with the manner and method in which AICCO makes and maintains its books, records, and files. It is the regular course of business of AICCO to maintain books, records, and files concerning all accounts. The books, records, and files contain data reflecting the terms of agreements with borrowers; the dates, terms, and amounts of invoices for each account; the amounts of payments or credits; and the amount currently owed on each account. Those books, records, and files are managed by employees and agents whose duty it is to maintain such books, records, and files accurately and completely and to record an event or item at or near the time of the event or item so noted, from information transmitted by a person with knowledge. It is the regular practice of AICCO to make such books, records, and files, and such books, records, and files are kept in the ordinary and regular course of business of AICCO, which relies on the accuracy of such books, records, and files for decision-making purposes. I am specifically familiar with the books, records, and files concerning the Debtor. This Affidavit is based on those books, records, and files (the 'Business Records'), in addition to my personal knowledge of the Debtor's account history acquired through my personal involvement in handling the Debtor's account, as well as my experience handling other accounts for AICCO.

3. "AICCO is in the business of financing insurance policies. AICCO and other such lenders finance such policies by paying the premiums on such policies and requiring the insured/borrower to pay the lender back on a monthly basis. Such lenders take a security interest in amounts payable under such policies, including any unearned premiums; are appointed attorney-in-fact with the right to cancel the financed policies; and retain the right to cancel the insurance and apply all unearned premiums to the debt if the insured/borrower fails to make the

AFFIDAVIT OF JOAN STRATTON IN SUPPORT OF MOTION OF AICCO, INC., FOR RELIEF FROM THE STAY AND FOR ADEQUATE PROTECTION - Page 2

monthly payments to the lender. Under paragraph 16 of the PFA, AICCO is entitled to recover its attorneys' fees incurred in collecting the amounts owed to it.

4. "The PFA, which is attached hereto as Exhibit A, includes a schedule of the policy or policies whose premiums were financed thereunder (the 'Policies'). By the terms of the PFA, AICCO was granted the right to cancel the Policies and collect all unearned premiums and apply them in reduction of the debt upon a default by the Debtor.

5. "In a separate provision of the PFA, AICCO was granted, as security for the payments to be made by the Debtor, the right to receive all unearned premiums or other payments under the financed policies. Under the law, AICCO's security interests became enforceable when they were created, because transfers of interests in insurance policies are excluded from the scope of article 9 of the Texas UCC, and filing is not a requirement for perfection of a security interest in unearned insurance premiums under the Texas Insurance Code. Tex. Bus. & Com. Code Ann.§ 9.109(d)(8); Tex. Ins. Code Ann. § 651.157; see In re Watts, 132 B.R. 31, 32 (Bankr. W.D. Mo. 1991), and In re Cooper, 104 B.R. 774, 775 (Bankr. S.D.W. Va. 1989).

6. "Under the terms of the PFA, the Debtor was to pay AICCO back in 10 monthly payments of $5,971.10 due on the first of each month beginning October 1, 2008, and ending July 1, 2009.

7. "As of the date of the filing of AICCO's motion for relief from the stay and for adequate protection (the 'Motion'), the Debtor has failed to make the $5,971.10 payment due on January 1, 2009, under the PFA and had also failed to pay a late fee of $298.56 in connection with the unpaid installment. The Debtor was thus in default under the PFA. The Debtor subsequently paid the February 1 installment under the PFA; however, AICCO has not been

**AFFIDAVIT OF JOAN STRATTON IN SUPPORT OF MOTION OF AICCO, INC., FOR RELIEF FROM THE STAY AND FOR ADEQUATE PROTECTION** - Page 3

provided with adequate protection with respect to the future decline in the value of its collateral, which will occur as long as the Policies remain in effect..

8.    "With each passing day, approximately $174.90 of premiums are earned under the Policies, and the value of the unearned premiums that serve as AICCO's collateral thus declines by the same amount. Accordingly, AICCO seeks to lift the automatic stay in order that AICCO may immediately cancel the Policies and apply all unearned premiums under the Policies in reduction of the balances due under the PFA.

9.    "Cause exists for granting AICCO relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) in that AICCO does not have and has not been provided with adequate protection of its interest in the Policies.

10.    "AICCO is further entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2) because the Debtor has minimal equity in the Policies and the value of the Policies is decreasing every day the Policies remain in effect by a total of approximately $174.90. Furthermore, the Policies are not necessary for an effective reorganization, nor is the Debtor itself susceptible to reorganization.

11.    "Alternatively, AICCO is entitled to adequate protection of its interest in the insurance policies. At a minimum, such protection must equal the amount by which the value of AICCO's collateral is declining – approximately $174.90 per day, or $5,247.00 per month for a 30-day month.

12.    "Moreover, because AICCO's payment of the insurance premiums is the payment of an actual, necessary cost of preserving the estate in the above-captioned bankruptcy proceeding, the payments due AICCO under the PFA, including the past-due payments giving

**AFFIDAVIT OF JOAN STRATTON IN SUPPORT OF MOTION OF AICCO, INC., FOR RELIEF FROM THE STAY AND FOR ADEQUATE PROTECTION** - Page 4

rise to the Debtor's default under the PFA, constitute an administrative expense in the above-captioned bankruptcy proceeding under 11 U.S.C. 503(b)(1)(A)."

FURTHER, AFFIANT SAYETH NAUGHT.

_____
Joan Stratton

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned authority, on this 10 day of February 2009.

_____
Notary Public in and for the
State of New Jersey

MELISSA C. STAPLES
Notary Public, State of New Jersey
I.D. No. 2319814
Commission Expires September 22, 2009

My Commission Expires:

_____
[Printed Name of Notary]

(SEAL)

AFFIDAVIT OF JOAN STRATTON IN SUPPORT OF MOTION OF AICCO, INC., FOR RELIEF FROM THE STAY AND FOR ADEQUATE PROTECTION  - Page 6

Document    Page 7 of 7

## CERTIFICATE OF SERVICE

I certify that on this 10th day of February 2009, a true and correct copy of the Affidavit of Jaon Stratton in Support of Motion of AICCO, Inc., for Relief from the Stay and for Adequate Protection was served via facsimile transmission, with the service list and exhibit, on:

| | |
|---|---|
| Debtor's Attorney: | Stephen A. Roberts<br>Strasburger & Price, LLP<br>600 Congress Ave., Ste. 1600<br>Austin, TX 78701<br>(512) 499-3600<br>Fax : (512) 499-3660<br>Email: stephen.roberts@strasburger.com |
| U.S. Trustee: | William T. Neary<br>United States Trustee<br>1100 Commerce Street, Room 976<br>Dallas, TX 75242<br>214-767-8967<br>Fax : 214-767-8971 |

and was served via First-Class United States Mail, without the exhibits or the service list, on the parties on the service list attached to the original filed with the Court. Copies of the exhibits and the service list may be obtained from the undersigned.

_____
Mark W. Steirer

**AFFIDAVIT OF JOAN STRATTON IN SUPPORT OF MOTION OF AICCO, INC., FOR RELIEF FROM THE STAY AND FOR ADEQUATE PROTECTION** - Page 7