WARNER NORCROSS & JUDD LLP
Gordon J. Toering (*Pro Hac Vice* Pending)
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, Michigan 49503
Telephone:  (616) 752-2185
Fax:  (616) 222-2185
Email:  gtoering@wnj.com

And

Vickie L. Driver
Pronske & Patel, P.C.
1700 Pacific Avenue, Suite 2260
Dallas, Texas 75201
Phone: 214.658.6500
Fax: 214.658.6509
Email: vdriver@pronskepatel.com

**Attorneys for MAHLE Engine Components USA, Inc.**

### UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| **In re:** § § § § **SUPERIOR AIR PARTS, INC.,** § § Debtor. § § | **Case No. 08-36705-BJH**  **Chapter 11** |

### AMENDED OBJECTION OF MAHLE ENGINE COMPONENTS USA, INC. TO DEBTOR'S MOTION TO SELL SUBSTANTIALLY ALL OF DEBTOR'S ASSETS FREE AND CLEAR OF LIENS

MAHLE Engine Components USA, Inc. ("Mahle") hereby objects to the *Debtor's Motion to Sell Substantially All of Debtor's Assets Free and Clear of Liens* (the "Sale Motion") as follows:

1

## I. JURISDICTION AND BACKGROUND

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O).

2. On December 31, 2008, (the "Petition Date") Superior Air Parts, Inc. ("Debtor") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. The Debtor continues to operate its businesses and manage its affairs as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. On January 2, 2009, Debtor filed the Sale Motion. The Sale Motion contemplates a sale of substantially all Debtor's assets to Avco Corporation.

4. Mahle files this Objection because it appears Debtor intends to sell, as part of the proposed sale to Avco Corporation, certain tooling that is owned by, and in the possession of, Mahle, not the Debtor; thus not property of the estate.

## II. OBJECTION

5. Mahle has supplied engine components, bushings, washers, and other products (collectively the "Goods") to the Debtor pursuant to certain purchase orders between the parties.

6. Mahle has used the tooling described on Exhibit A, which is attached hereto and incorporated herein by reference, as well as other tooling in its possession (hereinafter the "Tooling"), to produce the Goods for Debtor.

7. Mahle owns the Tooling according to Mahle's terms and conditions with Debtor, a true and correct copy of which is attached hereto as Exhibit B and incorporated herein by reference. Those terms and conditions provide:

> **TOOL AND DIE CHARGES** [Mahle] shall retain title to and the right to possession of all special tools, dies and molds used in the

> fabrication of articles to [Debtor's] blueprints and specifications, even though [Debtor] may be separately billed for all such tools, dies and molds, except when such tool's are for molds, patterns etc. for casting products. The tools, dies and molds paid for by the [Debtor] under separate invoice shall be used for the manufacture of goods to Buyer's orders. If no orders are received from [Debtor] requiring the use of such tooling for a period of seven (7) years, [Mahle] may consider the same obsolete and destroy such tooling after notification to the [Debtor] in writing giving the buyer 3 months to respond. In the event special tools, dies or equipment are disposed of, any future orders are subject to an additional retooling charge.

8. The Debtor has not paid for any of the Tooling and otherwise has not acquired any ownership rights to the Tooling.

9. On January 2, 2009, Debtor filed the Motion seeking to sell substantially all of its assets to Avco Corporation pursuant to a certain Asset Purchase Agreement entered into on December 30, 2008 (the "APA").

10. In the Motion, Debtor designates the assets subject to the sale as the "Superior Assets", which in turn are defined as "the Purchased Assets, described in Section 2.1 of the APA including but not limited to the Regulatory Approvals, Design and Manufacturing Rights, Inventory, Manufacturing Equipment and *Tooling*, Other Tangible Personal Property, Intellectual Property and Claims." (emphasis added). Section 2.1 of the APA in turn includes the following as "Purchased Assets":

> All machinery, equipment and *tooling* used or held for use in connection with or necessary for the manufacture and repair of aircraft engines and aircraft engine parts (including Certified Engines and Parts and Non-Certified Engines and Parts) including all manufacturing, production, maintenance, packaging, gages, testing and other machinery, tooling (including dies, jigs, patterns, molds, prototypes and the like) and . . . including, for the avoidance of doubt, all such assets identified in Schedule 6.5(b).

As of the date of this Objection, the Debtor's have not filed Schedule 6.5(b).

3

11. On January 22, 2009, Debtor sent Mahle certain letters, true and correct copies of which are attached hereto as Exhibit C and are incorporated herein by reference (the "Tooling Letters"). In the Tooling Letters, Debtor notifies Mahle that subject to Court approval, it will sell substantially all of its assets, including the Tooling, to Avco Corporation under the APA. The Tooling Letters further state that "all such Tooling is the property of Superior and, if the Court approves the Asset Sale, will be required to be transferred to Avco or its designee."

12. Through the Sale Motion, Debtor seeks to sell substantially all of its assets, including the Tooling, free and clear of liens, claims, encumbrances, and interests pursuant to 11 U.S.C. §§ 105 and 363(f).

13. Debtor, however, has not offered any proof that it has paid for or otherwise owns the Tooling.

14. Mahle objects to the Sale Motion and the Tooling Letters to the extent the Sale Motion and Tooling Letters contemplate the sale of the Tooling, or any other tooling owned by or in the possession of Mahle, as part of the assets sold to Avco Corporation or the highest bidder at the sale.

WHEREFORE PREMISIS CONSIDERED, MAHLE Engine Components USA, Inc. respectfully objects to the Sale to the extent Debtor proposes to sell the Tooling or any other tooling that is owned by or in the possession of Mahle, and requests that any order entered on the Sale Motion clarify that such sale does not include the sale of any of the Tooling listed on Exhibit A hereto, and requests that this Court grant any other and further relief, whether in law or in equity, to which Mahle is entitled.

4

Dated: February 16, 2009

/s/ Gordon J. Toering
Gordon J Toering (*Pro Hac Admission* Pending)
WARNER NORCROSS & JUDD LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, Michigan 49503
Telephone: (616) 752-2185
Fax: (616) 222-2185
Email: gtoering@wnj.com

And

Vickie Driver
State Bar No. 24026886
Pronske & Patel, P.C.
1700 Pacific Avenue, Suite 2260
Dallas, Texas 75201
Phone: 214.658.6500
Fax: 214.658.6509
Email: vdriver@pronskepatel.com

Attorneys for MAHLE Engine
Components USA, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was served (i) by filing the Motion via the Court's electronic noticing system (ECF) to the parties receiving notice via ECF, and to the following specific individuals by electronic mail or facsimile:

(i) Debtor, at Superior Air, Parts, Inc., 621 South Royal Lane, Suite 100, Coppell, Texas 75019, Attn:Mr. Kent Abercrombie, Fax: 972-829-4600, E-mail: kabercrombie@superiorairparts.com;

(ii) Debtor's Counsel, Strasburger & Price, LLP, Attn: Stephen A. Roberts, 600 Congress, Suite 1600, Austin, Texas 78701; Fax: 512-536-5723, E-mail: stephen.roberts@strasburger.com;

(iii) Purchaser's Counsel, Gardere Wynne Sewell, LLP, Attn: Deirdre B. Ruckman, 3000, Thanksgiving Tower, 1601 Elm Street, Dallas, Texas 75201-4761; and

(iv) David Parham and Elliot Schuler, Baker & McKenzie LLP, 2001 Ross Avenue, Suite 2300, Dallas, TX 75201-2916, (214) 978-3099 (fax), E-mail: elliot.d.schuler@bakernet.com

/s/ Gordon J. Toering

1637056