Laurie A. Spindler, Esq.
Linebarger Goggan Blair & Sampson, LLP
2323 Bryan Street, Suite 1600
Dallas, Texas 75201
(214) 880-0089 Telephone
(469) 221-5002 Facsimile

Attorneys for City of Coppell,
Coppell ISD, Dallas County
and Tarrant County

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SUPERIOR AIR PARTS, INC., | § | Case No. 08-36705 |
| | § | |
| Debtor. | § | |

**CITY OF COPPELL, COPPELL ISD, DALLAS COUNTY AND**
**TARRANT COUNTY'S LIMITED OBJECTION TO DEBTOR'S MOTION TO**
**SELL SUBSTANTIALLY ALL OF DEBTOR'S ASSETS FREE AND CLEAR OF LIENS**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Come now the City of Coppell, Coppell ISD, Dallas County and Tarrant County (collectively, the "Tax Authorities") and file this, their Limited Objection to Debtor's Motion to Sell Substantially All of Debtor's Assets Free and Clear of Liens (the "Motion") and would respectfully show the Court the following:

1.      The Tax Authorities, duly organized governmental units of the State of Texas, are the holders of claims for ad valorem property taxes due for tax year 2008 assessed against all business personal property located in their respective jurisdictions in the aggregate amount of $145,090.09.

2. The Tax Authorities are also the holders of administrative expense claims for year 2009 ad valorem property taxes in the aggregate estimated amount of $145,096.46.[1]

3. These property taxes were assessed in accordance with the laws of the State of Texas and constitute valid, liquidated secured claims against property of the estate and are entitled to priority over other secured claims pursuant to 11 U.S.C. Section 506.

4. These taxes are secured by unavoidable, perfected, first priority liens pursuant to Texas Tax Code Sections 32.01 and 32.05 and 11 U.S.C. Section 362(b)(18).[2] Section 32.01 provides:

> (a) On January 1 of each year, a tax lien attaches to property to secure the payment of all taxes, penalties, and interest ultimately imposed for the year on the property, whether or not the taxes are imposed in the year the lien attaches. The lien exists in favor of each taxing unit having power to tax the property.
>
> (b) A tax lien on inventory, furniture, equipment, or other personal property is a lien in solido and attaches to all inventory, furniture, equipment, and other personal property that the property owner owns on January 1 of the year the lien attaches or that the property owner subsequently acquires.
>
> …
>
> (d) The lien under this section is perfected on attachment and … perfection requires no further action by the taxing unit.

Texas Tax Code Section 32.05(b) provides:

> (b) . . . a tax lien provided by this chapter takes priority over the claim of any creditor of a person whose property is encumbered by the lien and over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before attachment of the tax lien.

5. The Tax Authorities do not object to the proposed sale of the assets. However, the Tax Authorities object to the sale of the assets free and clear of the Tax Authorities' liens

---

[1] The estimated amount owed for tax year 2009 is calculated using the base tax for year 2008 ad valorem property taxes. The actual amounts owed will be determined pursuant to Texas law in October 2009.

[2] 11 U.S.C. Section 362(b)(18) allows the creation or perfection of a statutory lien for a postpetition ad valorem property tax .

without payment in full of their claims at closing or, in the alternative, payment of year 2008 ad valorem property taxes with interest at the state statutory rate of 1% per month pursuant to 11 U.S.C. Sections 506(b) and 511 and the establishment of a segregated account containing funds in the aggregate amount of their estimated administrative expense claims for tax year 2009 as adequate protection of those liens.[3]

WHEREFORE, premises considered, the Tax Authorities request that any order the Court enters approving the sale: (i) requires payment of the Tax Authorities in full from the sale proceeds at closing, or, in the alternative, payment of year 2008 ad valorem property taxes with interest at the state statutory rate of 1% per month pursuant to 11 U.S.C. Sections 506(b) and 511 and the establishment of a segregated account containing funds in the aggregate amount of their estimated administrative expense claims for tax year 2009 as adequate protection of those liens; and (ii) grants such other and further relief to which the Tax Authorities may be justly entitled.

---

[3] The following language would resolve the Tax Authorities' limited objection:

Upon the closing of the sale transaction, the City of Coppell, Coppell ISD, Dallas County and Tarrant County (collectively, the "Tax Authorities") shall receive payment of their prepetition claims for year 2008 ad valorem property taxes plus interest at the state statutory rate of 1% per month pursuant to 11 U.S.C. Sections 506(b) and 511 and a separate account shall be established and the proceeds of sale in the amount of $145,096.46 representing the estimated aggregate amount of ad valorem property taxes that the Tax Authorities claim for the 2009 tax year, to which the liens for those taxes shall attach, shall be deposited in the account. The amount in the segregated account will be in such estimated amount, and will thereafter be increased or reduced appropriately upon the obtaining of final tax figures for the 2009 tax year. This segregated account will be in the nature of adequate protection for the secured claims of the Tax Authorities and will not be a cap on the amounts they may be entitled to claim in this case. Likewise, the segregated account will not be a determination of their claims, and all parties shall retain all rights to object to their claims and seek any otherwise appropriate determination of the validity, priority or extent of their liens. The funds in this account may only be distributed on further order of the Court, including, but not limited to, a confirmed Chapter 11 Plan or upon agreement of the Tax Authorities and the Debtor.

Dated: February 17, 2009.

        Respectfully submitted,

        Linebarger Goggan Blair & Sampson, LLP
        2323 Bryan St., Suite 1600
        Dallas, TX 75201
        Ph. No. (214) 880-0089
        Fax No. (469) 221-5002
        laurie.spindler@publicans.com

By:   /s/Laurie A. Spindler
       Laurie A. Spindler
       SBN 24028720

       ATTORNEYS FOR CITY OF COPPELL,
       COPPELL ISD, DALLAS COUNTY AND
       TARRANT COUNTY

## CERTIFICATE OF SERVICE

I certify that I served a true and correct copy of the foregoing electronically through the Court's electronic case filing system or via facsimile upon: Superior Air Parts, Inc., 621 South Royal Lane, Suite 100, Coppell, Texas, 75019, attn: Mr. Kent Abercrombie, Facsimile: (972) 829-4600; email: kabercrombie@superiorairparts.com; Stephen A. Roberts, Strasburger & Price, LLP, 600 Congress Avenue, Suite 1600, Austin, Texas 78701, Facsimile: (512) 536-5723, email: stephen.roberts@strasburger.com; Deirdre B. Ruckman, Gardere Wynne Sewell, LLP, 1601 Elm Street, Suite 3000, Dallas, Texas 75201, Facsimile: (214) 999-4667 and David W. Parham, Baker & McKenzie, LLP, 2001 Ross Avenue, Suite 2300, Dallas, Texas 75201; Facsimile: (214) 978-3099, email: david.w.parham@bakernet.com on this 17th day of February 2009.

        /s/ Laurie A. Spindler
        Laurie A. Spindler