William G. Burd
Krystina N. Jiron
Atkinson & Brownell, PA
2 South Biscayne Blvd., Suite 3750
Miami, FL 33131

SUSAN B. HERSH, P.C.
State Bar No. 09543925
12770 Coit Road, Suite 1100
Dallas, Texas 75251
ATTORNEYS FOR VIRGIN RECORDS
AMERICA, INC., f/u/b/o NATIONAL
UNION FIRE INSURANCE COMPANY

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| IN RE: § | |
| § | Case No. 08-36705-BJH |
| § | |
| **SUPERIOR AIR PARTS, INC.,** § | Chapter 11 |
| Debtor. § | |
| § | Preliminary Hearing Set: |
| § | March 17, 2009 1:15 p.m. |

### VIRGIN RECORDS AMERICA, INC.'S MOTION FOR RELIEF FROM STAY TO CONSUMMATE SETTLEMENT OF SUIT WITH INSURANCE CARRIER

TO THE HONORABLE BARBARA J. HOUSER, U.S. BANKRUPTCY JUDGE:

> **NO HEARING WILL BE CONDUCTED ON THIS MOTION FOR RELIEF UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN FIFTEEN (15) DAYS FROM DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH REQUESTS FOR HEARING.  IF NO RESPONSE IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT.  IF A RESPONSE IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING.  THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER**

Creditor Virgin Records America, Inc. f/u/b/o National Union Fire Insurance Company ("Virgin Records") by and through undersigned counsel, files this Motion for Relief from Stay pursuant to Section 362 of the Bankruptcy Code and L.B.R. 4001.1, and as grounds, therefore, states as follows:

1. On December 31, 2008 (the "Petition Date"), Superior Air Parts, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (title 11 United States Code). An unsecured creditors committee has been appointed.

1. Virgin Records filed cross-claims and third party claims seeking contribution, indemnity, and equitable subrogation against Superior Air Parts, Inc. ("Superior" or "Debtor") and several other entities in a case styled *Becky A. Gallin v. Virgin Records America, Inc. v. Teledyne Continental Motors, et al*; Case No. 02-05688-CA-21, pending in the 11th Judicial Circuit in and for Miami Dade County, Florida ("Civil Suit").

2. The Civil Suit concerns an aircraft accident that occurred on August 25, 2001, just after taking off from Marsh Harbor in the Bahamas, in which eight passengers, including performer Aaliyah (Aaliyah Dana Haughton) perished.[1] Virgin Records contends that the aircraft accident resulted from engine failure, for which several parties are liable. Remaining in the Civil Suit today are Superior (the manufacturer of the exhaust valve guide) and several other entities including the engine manufacturer, the designer and manufacturer of the exhaust valve stem, the overhauler of the subject engine, and the company that owned and operated the subject aircraft.

3. The Civil Suit is currently pending; however, prior to the Petition Date, Virgin Records reached a settlement of the claims raised in the Civil Suit against the Debtor with the Debtor and its liability insurance carrier (the "Settlement"). The Settlement calls for a payment of funds by the insurance carrier in exchange for mutual releases between Virgin Records, on one hand, and the Debtor and its insurance carrier, on the other. The Settlement also resolves claims of one other third party

---

[1] As a result of the fatal crash, the estates of seven of the passengers brought wrongful death lawsuits in California against Virgin Records and several other parties. Those suits were all removed to Federal Court and some of them (Haughton, Kratz and Maldonado) were eventually filed in Florida federal courts. Virgin Records eventually settled all of the wrongful death claims and obtained releases of liability, then brought the instant Civil Suit against several parties including the manufacturer of the aircraft, the engine, and the manufacturers of component parts used in the engine.

plaintiff against the Debtor, although that party[2] does not seem to be listed on the Debtor's Schedules. The Settlement does not impose any costs against the Debtor and resolves any claims that Virgin Records, and two other parties, may assert against the Debtor.

4. The Civil Suit against the engine manufacturer, the designer and manufacturer of the exhaust valve stem, the overhauler of the subject engine, and the company that owned and operated the subject aircraft is still pending and is subject to the automatic stay outlined in section 362 of the Bankruptcy Code.

5. Section 362 of the Bankruptcy Code provides that a bankruptcy petition "operates as a stay, applicable to all entities," of the commencement or continuation of judicial proceedings against the debtor. See 11 U.S.C. § 362 (a)(1) (2008). Subsection (d) of Section 362, provides as follows, however:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . .
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
> (2) with respect to a stay of an act against property under subsection (a) of this section, if –
>
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization.11 U.S.C. § 362(d) (1988).

Because the instant case concerns a stay of a judicial proceeding, only Section 362(d)(1) is applicable.

6. The burden of proof on a motion to lift or modify the automatic stay is a shifting one. Section 362(d)(1) requires an initial showing of cause by the movant, while Section 362(g) places the burden of proof on the debtor for all issues other than "the debtor's equity in property," 11 U.S.C. § 362 (g)(1).

7. With regard to the requirement that the movant "show cause," the Senate Report[3] states:

---

[2] Instinct Production, LLC

[3] Neither the statute nor the legislative history defines the term "for cause" and the legislative history gives only very general guidance. Other legislative history indicates that the "facts of each request will determine whether relief is

> The lack of adequate protection of an interest in property is one cause for relief, but is not the only cause. Other causes might include the lack of any connection with or interference with the pending bankruptcy case. Generally, proceedings in which the debtor is a fiduciary, or involving post petition activities of the debtor, need not be stayed because they bear no relationship to the purpose of the automatic stay, which is protection of the debtor and his estate from his creditors.

S. Rep. No. 989, 95th Cong., 2d Sess. 52, reprinted in 1978 U.S. Code Cong. & Admin. News 5838. The legislative history of the statute further provides that a desire to allow an action to proceed to completeion in a forum other than the Bankruptcy Court may provide "cause" for lifting the automatic stay. *Mooney v. Gill,* 310 b.R. 543, 546 (N.D. Tex. 2002).

8. The *In Re Curtis* case listed several factors pertinent to the determination of whether a stay should be lifted to allow other litigation involving the Debtor to go forward. 40 B.R. 795, 800 (Bkrtcy. D. Utah 1984); *see also In re Sonnax Indus.*, 907 F.2d 1280, 1288 (2d Cir. Vt. 1990). Pertinent to the instant Motion are the following factors:

> (1) Whether the relief will result in a partial or complete resolution of the issues.
>
> (2) The lack of any connection with or interference with the bankruptcy case.
>
> (5) Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation.
>
> (7) Whether litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties.
>
> (9) Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f).
>
> (10) The interest of judicial economy and the expeditious and economical determination of litigation for the parties.
>
> (11) Whether the foreign proceedings have progressed to the point where the parties are prepared for trial.
>
> (12) The impact of the stay on the parties and the "balance of hurt."

---

appropriate under the circumstances." H.R. Rep. No. 595, 95th Cong. 2d Sess. 343-44, reprinted in 1978 U.S. Code Cong. & Admin. News 6300.

*In Re Curtis, supra* (internal citations omitted). *In re U.S. Brass Corp.* 176 B.R. 11 (Bankr. E.D. Tex. 1994.

9. Particularly relevant to the determination here are the facts that the Civil Suit against Superior has been resolved by the parties and is subject to a settlement agreement in which Superior's insurer has agreed to pay the settlement amount. The consummation of the Settlement would not require any cost to the estate; conversely, the consummation of the Settlement would satisfy and remove a claim being asserted by Virgin Records against the Debtor's estate.

10. The Seventh Circuit has previously held that a stay should be lifted to allow a separate civil suit to go forward "because [the debtor's] insurance company assumed full financial responsibility for defending that litigation." *In re Holtkamp*, 669 F.2d 505, 508-509 (7th Cir. Ind. 1982).

11. Further, in this case, because of the Settlement and the insurance carrier assuming full financial responsibility for defending *and indemnifying* Superior, the relief will result in complete resolution of all of Virgin Record's issues in the bankruptcy proceeding, there will be no interference with the bankruptcy case and be no prejudice to other creditors.

12. Virgin Record is seeking a modification of the automatic stay in all respects with the Civil Suit to enable the parties involved to finalize and consummate the Settlement and to proceed against the other remaining defendants in the Civil Suit who are not related to the Debtor.

WHEREFORE, Virgin Records respectfully requests this Court grant its Motion for Relief from Stay to allow Virgin Records to consummate the Settlement and for such other relief as is just.

Respectfully submitted,

*/s/Susan B. Hersh*
SUSAN B. HERSH, P.C.
State Bar No. 09543925
12770 Coit Road, Suite 1100
Dallas, Texas 75251
Telephone: 972-503-7070
Telecopy: 972-503-7077
susan@susanbhershpc.com

        /s/ William G. Burd  
WILLIAM G. BURD, ESQ.  
Florida Bar No. 306800  
KRYSTINA N. JIRON  
Florida Bar No. 915491  
ATKINSON & BROWNELL, P.A.  
One Biscayne Tower, Suite 3750  
2 Biscayne Boulevard  
Miami, Florida 33131  
Tel:    305-376-8840  
Fax:    305-376-8841  

ATTORNEYS FOR VIRGIN RECORDS  
AMERICA, INC., f/u/b/o NATIONAL  
UNION FIRE INSURANCE COMPANY  

### CERTIFICATE OF CONFERENCE

The undersigned certifies that on February 19, 2009 she spoke to Bob Frank, Debtor's counsel, about this matter and Mr. Frank stated that the Debtor has no position at this time regarding the relief sought in the Motion.

        /s/ Susan B. Hersh  
Susan B. Hersh

### CERTIFICATE OF SERVICE

The undersigned certifies that on the 20th day of February, 2008, a true and correct copy of the foregoing Motion for Relief from the Automatic Stay was served via the Court's electronic noticing system (ECF) to those parties receiving ECF notification or by United States first class mail, postage prepaid, upon the parties listed below and on the attached list.

        /s/ Susan B. Hersh  
Susan B. Hersh

Stephen Roberts  
Strasburger & Price, LLP  
600 Congress Avenue, Suite 1600  
Austin, Texas 78701-2974  

David Parham  
Baker & Mckenzie, LLP  
2001 Ross Avenue, Suite 2300  
Dallas, Texas 75201  

Mary Frances Durham  
Office of the US Trustee  
1100 Commerce Street, Rm. 976  
Dallas, TX 75242-1496