Melissa S. Hayward
 Texas Bar No. 24044908
LOCKE LORD BISSELL & LIDDELL LLP
 2200 Ross Avenue, Suite 2200
 Dallas, Texas 75201-6776
 Telephone: 214-740-8000
 Fax: 214-740-8800

-and-
Timothy S. McFadden
 Illinois Bar No. 6275486
LOCKE LORD BISSELL & LIDDELL LLP
 111 South Wacker Drive
 Chicago, IL 60606
 Telephone: 312-443-0370
 Fax: 312-443-0336

COUNSEL FOR THE COMPANIES AND
SYNDICATES AT LLOYD'S, LONDON THAT
INDIVIDUALLY SUBSCRIBED TO INSURANCE
POLICIES IDENTIFIED AS B0823AB7100402,
B0823AB7A00435, B0823AM7B00195, 576/AJA2338,
576/AKA2338, 501/MU06AQJ1, 501/MU07AQJ1 AND
B08752008QAM5036

Shari L. Heyen
 Texas State Bar No. 09564750
GREENBERG TRAURIG, LLP
 1000Louisiana, Suite1800
 Houston, Texas77002
 Telephone: 713-374-3500
 Facsimile: 713-374-3505

-and-
Bryan L. Elwood
 Texas State Bar No.24029535
GREENBERG TRAURIG, LLP
 2200 Ross Avenue, Suite 5200
 Dallas, Texas 75201
 Telephone: (214) 665-3641
 Facsimile: (214) 665-5941

COUNSEL FOR ILLINOIS NATIONAL INSURANCE CO.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re: | § |
| | § |
| SUPERIOR AIR PARTS, INC. | § |
| | §   Case No. 08-36705-BJH-11 |
| | § |
| Debtor. | § |

## AVIATION INSURERS' REQUEST FOR ADEQUATE PROTECTION OF THEIR INTEREST PURSUANT TO SECTION 363(E) OF THE BANKRUPTCY CODE

The companies and syndicates at Lloyd's, London that individually subscribed to insurance policies identified as B0823AB7100402, B0823AB7A00435, B0823AM7B00195, 576/AJA2338, 576/AKA2338, 501/MU06AQJ1, 501/MU07AQJ1 and B08752008QAM5036, together with Illinois National Insurance Co. and any other member insurer of the American International Group, Inc. that previously insured and/or currently insure the Debtor (collectively, the "Aviation Insurers") hereby file this request for adequate protection of their interests

pursuant to section 363(e) of the Bankruptcy Code (11 U.S.C. § 363(e)) in connection with Debtor's Motion to Sell Substantially All of Debtor's Assets Free and Clear of Liens (the "Sale Motion"). In support, the Aviation Insurers would respectfully show the Court as follows:

1. On December 31, 2008, Superior Air Parts, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, commencing this bankruptcy case. The Debtor continues to operate its businesses and manage its affairs as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. On January 2, 2009, the Debtor filed the Sale Motion in which the Debtor contemplates a sale of substantially all of its assets to a third party.

3. The Aviation Insurers provided insurance coverage to the Debtor for specified aviation risks during various time periods.

4. The Aviation Insurers do not object to a sale of the Debtor's assets. However, the Aviation Insurers wish to make certain that any and all evidence that may be required to protect and defend claims filed against the Debtor concerning its aviation risks insured by the Aviation Insurers will be protected and preserved by the purchaser of the Debtor's assets. Accordingly, on February 24, 2009, the Aviation Insurers filed their Comment to Sale Motion (Docket No. 133) requesting that the Court include in any order approving a sale of the Debtor's assets certain language substantively similar to the cooperation agreement attached thereto as Exhibit A (the "Cooperation Clause").

5. The contemplated purchasers have not agreed to the request mentioned above. Therefore, Aviation Insurers file this request for adequate protection.

6. Section 363(e) of the Bankruptcy Code provides in pertinent part:

> Notwithstanding any other provision of this section, **at any time**, on request of an entity that has an interest in property used, sold or

> leased, or proposed to be used, sold or leased, by the trustee, **the court, with or without a hearing, shall** prohibit or condition such use, sale or lease as is necessary to provide adequate protection of such interest.

11 U.S.C. § 362(e) (Emphasis added).

7. The Aviation Insurers have an interest in certain of the property to be conveyed pursuant to the Sale Motion (whether in the form of documents, electronic data, equipment or other physical goods) to the extent such property may (actually or potentially) be deemed to be (or may later become) evidence ("Actual and Potential Evidence") in any matter where the Aviation Insurers have, are alleged to have, or may in the future have, an obligation to defend or indemnify.

8. The Aviation Insurers further submit that the *Debtor has an obligation* pursuant to its insurance policies to assure that (i) all Actual and Potential Evidence be preserved, and (ii) any and all Actual and Potential Evidence that may be protected by an attorney-client, work product of other privilege remain privileged. As such, the Debtor has an obligation to any third party aviation accident claimants or creditors (if any) to take all reasonable steps to preserve both Actual and Potential Evidence, and to avoid actions that may prejudice any actual or potential insurance coverage. Destruction of or prejudice to Actual and Potential Evidence can prejudice or eliminate insurance coverage.

9. Lastly, the Aviation Insurers submit that this Court's inherent powers, such as the power to issue subpoenas, authorize this Court to protect the public's interest to assure that Actual and Potential Evidence be preserved.

10. By filing this Request, the Aviation Insurers do not admit that they have any obligations beyond those explicitly set out in the insurance contracts agreed between the Aviation Insurers and the Debtor, which provisions include, *inter alia*, the satisfaction of any and

all deductibles before the Aviation Insurers respond to any claims or payment of any defense of claims thereunder.

BASED UPON THE FOREGOING, the Aviation Insurers respectfully request that (i) the Court include language in any sale order to adequately protect their interests, the estate's interest, and the public's interest in the Actual and Potential Evidence included within the assets proposed to be sold as set forth above, providing that (a) all such Actual and Potential Evidence be preserved, and (b) that all privileges that attach to such Actual and Potential Evidence also be preserved; (ii) the Court include language substantially similar to the Cooperation Clause in any order approving the Sale Motion; and (iii) the Court grant the Aviation Insurers such other and further relief to which they may be entitled.

DATED: February 25, 2009

Respectfully Submitted,

By: /s/ Shari L. Heyen
Shari L. Heyen
Texas State Bar No. 09564750
Greenberg Traurig, LLP
1000 Louisiana, Suite 1800
Houston, Texas 77002
Telephone: 713-374-3500
Facsimile: 713-374-3505

- and -

Bryan L. Elwood
Texas State Bar No. 24029535
Greenberg Traurig, LLP
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3641
Facsimile: (214) 665-5941

**COUNSEL FOR ILLINOIS NATIONAL INSURANCE CO.**

By: /s/ Melissa S. Hayward
  Melissa S. Hayward
   Texas Bar No. 24044908
  LOCKE LORD BISSELL & LIDDELL LLP
   2200 Ross Avenue, Suite 2200
   Dallas, Texas 75201-6776
   Telephone: 214-740-8000
   Fax: 214-740-8800

  - and -

  Timothy S. McFadden
   Illinois Bar No. 6275486
  LOCKE LORD BISSELL & LIDDELL LLP
   111 South Wacker Drive
   Chicago, IL 60606
   Telephone: 312-443-0370
   Fax: 312-443-0336

COUNSEL FOR THE COMPANIES AND SYNDICATES AT LLOYD'S, LONDON THAT INDIVIDUALLY SUBSCRIBED TO INSURANCE POLICIES IDENTIFIED AS B0823AB7100402, B0823AB7A00435, B0823AM7B00195, 576/AJA2338, 576/AKA2338, 501/MU06AQJ1, 501/MU07AQJ1 AND B08752008QAM5036

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon all parties receiving electronic notice via the Court's CM/ECF system on February 25, 2009.

/s/ Shari L. Heyen
Shari L. Heyen