# Exhibit "A"

WOLK & GENTER
By: Arthur Alan Wolk, Esquire
Attorney I.D. No.: 02091
1710-12 Locust Street
Philadelphia, PA 19103
(215) 545-4220

Attorney for Plaintiffs

HENRY W. BAILEY, JR. and CAROLE BAILEY,      : COURT OF COMMON PLEAS
Individually and In Their Own Right, and          : MONTGOMERY COUNTY
HENRY W. BAILEY, Jr., as Administrator of         :
the ESTATE OF MATTHEW J. BAILEY,                 :
Deceased                                          :
21 Acoma Lane                                     :
Collegeville, PA 19426                            :         99-21769

                    and                           :

JANET L. INNIS, Individually and In Her Own       :
Right, and JANET L. INNIS, as Administratrix      :
of the ESTATE OF THOMAS INNIS, Deceased           :
194 Walton Court                                  :
Reading, PA 19606                                 :

                    v.                            :

FARE SHARE LIMITED                                :
d/b/a LIMERICK FLIGHT CENTER                      :
3310 W. Ridge Pike                                :
Pottstown, PA 19464                               :

                    and                           : JURY TRIAL DEMANDED

GEORGE HIMMELREICH                                :
409 Pine Street                                   :
Shoemakersville, PA 19555                         :

                    and                           :

CHARLES B. KEMNER                                 :
182 Limerick Center Road                          :
Royersford, PA 19468                              :

and

SUPERIOR AIR PARTS, INC.
14280 Gillis Road
Dallas, TX 75244

and

DANA CORPORATION
P. O. Box 1000
Toledo, OH 43697

and

PERFECT CIRCLE DIVISION
ENGINE SYSTEMS GROUP
2001 Sanford Street
Muskegon, MI 49443

and

HASTINGS MACHINING
1900 Summit Street
Hastings, NE 68901

and

HASTINGS MANUFACTURING COMPANY
325 North Hanover Street
Hastings, MI 49058

OFFICE OF THE
PROTHONOTARY
MONTGOMERY COUNTY PA

99 DEC 17 PM 4:06

: NO.

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you, and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any

other claim or relief requested by the plaintiff. You may lose money or property or any other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LAWYER REFERENCE SERVICE
Montgomery Bar Association
100 West Airy Street
Norristown, PA 19 401
Telephone: (610) 279-9660

OFFICE OF THE
PROTHONOTARY
MONTGOMERY COUNTY, PA

99 DEC 17 PM 4: 06

## AVISO

Le han demandado a usted en la corte. Si usted quiere, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suyasin previo aviso o notification. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATMENT. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTAENCIA LEGAL.

SERVICIO DE REFERENCIA LEGAL
Montgomery Bar Association
100 West Airy Street
Norristown, PA  19 401
Telefono: (610) 279-9660

WOLK & GENTER
By:  Arthur Alan Wolk, Esquire
Attorney I.D. No.:  02091
1710-12 Locust Street
Philadelphia, PA  19103
(215) 545-4220

OFFICE OF THE
PROTHONOTARY
MONTGOMERY COUNTY, PA

99 DEC 17  PM 4: 06

Attorney for Plaintiffs

---

HENRY W. BAILEY, JR. and CAROLE BAILEY,
Individually and In Their Own Right, and
HENRY W. BAILEY, Jr., as Administrator of
the ESTATE OF MATTHEW J. BAILEY,
Deceased
21 Acoma Lane
Collegeville, PA  19426

    and

JANET L. INNIS, Individually and In Her Own
Right, and JANET L. INNIS, as Administratrix
of the ESTATE OF THOMAS INNIS, Deceased
194 Walton Court
Reading, PA  19606

    v.

FARE SHARE LIMITED
d/b/a LIMERICK FLIGHT CENTER
3310 W. Ridge Pike
Pottstown, PA  19464

    and

GEORGE HIMMELREICH
409 Pine Street
Shoemakersville, PA  19555

    and

CHARLES B. KEMNER
182 Limerick Center Road
Royersford, PA  19468

: COURT OF COMMON PLEAS
: MONTGOMERY COUNTY
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
: JURY TRIAL DEMANDED
:
:
:
:
:
:
:
:
:

and                          :

SUPERIOR AIR PARTS, INC.      :
14280 Gillis Road                   :
Dallas, TX  75244                 :

and                          :

DANA CORPORATION        :
P. O. Box 1000                     :
Toledo, OH  43697            :

and                          :

PERFECT CIRCLE DIVISION   :
ENGINE SYSTEMS GROUP     :
2001 Sanford Street              :
Muskegon, MI  49443        :

and                          :

HASTINGS MACHINING      :
1900 Summit Street              :
Hastings, NE  68901         :

and                          :

HASTINGS MANUFACTURING COMPANY  :
325 North Hanover Street       :
Hastings, MI  49058         : NO.

## COMPLAINT – CIVIL ACTION

### THE PARTIES

    1.    Plaintiff, Henry W. Bailey, Jr., is an individual, a citizen and resident of the Commonwealth of Pennsylvania, and a resident of Montgomery County, Pennsylvania.  He is the father of Matthew J. Bailey, Deceased, and was appointed

Administrator of his Estate by the Register of Wills of Montgomery County, Pennsylvania.

2.    Plaintiff, Carole Bailey, is a citizen of the Commonwealth of Pennsylvania and a resident of Montgomery County, Pennsylvania. She is the mother of Matthew J. Bailey, Deceased, is the wife of Henry W. Bailey, Jr., and brings this action along with her husband for the wrongful death of their son.

3.    Plaintiff, Janet L. Innis, is an individual, a citizen and resident of the Commonwealth of Pennsylvania, and a resident of Berks County, Pennsylvania. She is the wife of Thomas Innis, Deceased, and was appointed Administratrix of his Estate by the Register of Wills of Montgomery County, Pennsylvania. She brings this action for the wrongful death of her husband.

4.    Defendant, Fare Share Limited d/b/a Limerick Flight Center ("Fare Share"), is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business at the Pottstown-Limerick Airport, Pottstown, Pennsylvania, and at all times material hereto was in the business of aircraft rental, aircraft maintenance, flight instruction and air charter.

5.    Defendant, George M. Himmelreich ("Himmelreich"), is an individual, a citizen and resident of Berks County, Pennsylvania, and at all times material hereto was an FAA-certified airframe and powerplant mechanic, and at all times material was an agent, servant, workman and/or employee of defendant Fare Share.

-3-

6.     Defendant, Charles B. Kemner ("Kemner"), is an individual, a citizen and resident of Montgomery County, Pennsylvania, and at all times material hereto was the owner of a certain Cessna 150 single-engine aircraft, FAA aircraft registration no. N22LU (the "aircraft"), which was rented to others by the defendant Fare Share acting at all times material hereto as the agent of defendant Kemner. The responsibility for maintenance of the aircraft was at all times the responsibility of this defendant, who delegated the same to defendant Fare Share.

7.     Defendant, Superior Air Parts, Inc. ("Superior"), is a corporation organized and existing under the laws of the State of Texas, with its principal place of business in Dallas, Texas, and at all times material hereto is in the business of manufacturing, selling and supplying replacement parts for aircraft engines including, but not limited to, pistons, cylinders, valves, valve guides and rings, and did so with respect to the engine in the aircraft.

8.     Defendant, Dana Corporation, is a corporation organized and existing under the laws of the Commonwealth of Virginia, with its principal place of business in Toledo, Ohio, and at all times material hereto is believed and therefore averred to be the manufacturer and/or seller of piston rings used in the aircraft engine.

9.     Defendant, Perfect Circle Division, Engine Systems Group, is believed and therefore averred to be an unincorporated division and/or a wholly-owned subsidiary of defendant Dana Corporation, organized and existing under the laws of the State of Michigan, with its principal place of business in Muskegon,

Michigan, and at all times material hereto is believed and therefore averred to be the manufacturer and/or seller of piston rings used in the aircraft engine.

10.    Defendant, Hastings Machining, is believed and therefore averred to be an unincorporated division and/or a wholly-owned subsidiary of defendant Dana Corporation, organized and existing under the laws of the State of Nebraska, with its principal place of business in Hastings, Nebraska, and at all times material hereto is believed and therefore averred to be the manufacturer and/or seller of piston rings used in the aircraft engine. Defendants Perfect Circle, Hastings Machining and Dana Corporation are hereinafter collectively referred to as "Perfect Circle."

11.    Defendant, Hastings Manufacturing Company, is believed and therefore averred to be a corporation organized and existing under the laws of the State of Michigan, and at all times material hereto is believed and therefore averred to be the manufacturer and/or seller of certain piston rings used in the aircraft engine.

12.    Venue is proper in Montgomery County, Pennsylvania in that defendant Fare Share Limited has its principal place of business in Montgomery County, Pennsylvania, performs a continuous and systematic portion of its business activities in Montgomery County, and may be served in this county, defendant Kemner resides in Montgomery County and may be served in this county, and defendant Himmelreich does business in Montgomery County and may be served here.

13.     Personal jurisdiction exists over defendants Superior, Perfect Circle and Hastings in that, among other reasons, the defendants, and each of them, purposefully avail themselves of the privilege of doing business in the Commonwealth of Pennsylvania by shipping parts, providing services, and otherwise doing a continuous and systematic portion of their business in Pennsylvania. In addition, defendant Dana Corporation has a registered agent for service of process in Pennsylvania and is subject to the exercise of personal jurisdiction here.

## BACKGROUND

14.     On December 21, 1997, the plaintiffs Bailey's decedent, Matthew J. Bailey, was a passenger aboard the aircraft being flown by plaintiff Innis' decedent, Thomas Innis, when suddenly and without warning, the engine lost power as the aircraft was above Spring City, Pennsylvania.

15.     While the pilot vainly attempted an emergency landing in an open field, the aircraft crashed, killing both occupants.

16.     The aircraft was rented from defendant Fare Share, which had for years been the sole maintenance facility working on the aircraft and its engine.

17.     The cause of the loss of engine power was a broken compression ring that had folded itself over the edges of a piston, together with a pattern of excessive wear in all cylinders that resulted in a loss of compression.

18.   The engine had been overhauled in April 1993, and parts used for replacement were designed, manufactured and sold by defendants Superior, Hastings and/or Perfect Circle.

19.   This action is brought pursuant to the wrongful death and survival statutes of the Commonwealth of Pennsylvania for all damages which are or may be recoverable under the said statutes including, but not limited to, loss of past earnings, loss of earning capacity, loss of society, companionship and consortium, loss of life's pleasures, loss of services, fear of impending death by mutilation, conscious pain and suffering, grief, loss of advice and counsel, pecuniary value of loss of such services, funeral and interment expenses, estate expenses, additional costs of household maintenance, and such other damages as are or maybe provided for by the applicable law, as well as for punitive damages to the extent recoverable under the applicable law.

20.   As a result of the accident and the death of their decedent, plaintiffs Bailey bring this action on behalf of the beneficiaries and/or potential beneficiaries under the applicable law, including:

Henry W. Bailey, Jr., Father, born July 10, 1945

Carole Bailey, Mother, born July 25, 1951

Stephanie Bailey, Sister, born May 13, 1983

21.   As a result of the accident and the death of her decedent, plaintiff Innis bring this action on behalf of the beneficiaries and/or potential beneficiaries under the applicable law, including:

-7-

Janet L. Innis, Wife, born August 30, 1953

Caren Innis, Daughter, born August 7, 1978

Julie Innis, Daughter, born April 13, 1980

## THEORIES OF LIABILITY

### COUNT I

### Negligence

### *Plaintiffs v. All Defendants*

22.    Plaintiffs incorporate by reference paragraphs 1 through 21 as though set forth at length herein.

23.    The defendants, and each of them, owed a duty to exercise due care with regard to the ownership, inspection, repair and maintenance of the aircraft, the design, manufacture, sale and product support of the aircraft components, and the discharge of their respective activities and pursuits as described herein.

24.    The defendants, and each of them, breached their duties to plaintiffs and to plaintiffs' decedents, as more particularly described below.

25.    The negligence of defendants Fare Share and/or Himmelreich, in breach of their duty of care, consisted of the following:

      a.    Failing to properly and adequately maintain the aircraft and its engine;

      b.    Failing to properly and adequately inspect the aircraft and its engine;

c.    Failing to properly and adequately repair the aircraft and its engine;

d.    Failing to properly and adequately warn the pilot and his passenger of the existence of improper and inadequate inspections, maintenance and repair;

e.    Failing to properly and adequately warn the owner of the existence of improper and inadequate inspection, maintenance and repairs;

f.    Failing to properly and adequately select maintenance personnel and procedures to adequately and properly maintain the aircraft;

g.    Failing to top overhaul the aircraft engine in the face of unmistakable signs of early engine failure;

h.    Violating the requirements of the Federal Aviation Regulations with regard to the continuing aircraft airworthiness;

i.    Violating the requirements of its contract with defendant Kemner with regard to aircraft and engine maintenance; and

j.    Failing to properly and adequately train the pilot of the aircraft to handle aircraft engine emergencies.

26.    The negligence of defendant Kemner, in breach of his duty of care, consisted of the following:

a.    Failing to comply with the provisions of the Federal Aviation Regulations with respect to the responsibilities of the owner of an aircraft for its continuing airworthiness;

- 9 -

b.     Failing to maintain the aircraft in an airworthy condition;

c.     Failing to ensure that defendants Fare Share and Himmelreich had properly and adequately performed required maintenance on the aircraft and its engine;

d.     Failing to set proper and adequate standards for those to whom the aircraft would be rented;

e.     Failing to inspect at reasonable intervals the logbooks of the aircraft and engine to determine if required maintenance was performed; and

f.     Failing to inspect the aircraft at reasonable intervals to determine if it was in airworthy condition.

27.     The negligence of defendants Superior, Perfect Circle and/or Hastings, in breach of their respective duties of care, consisted of the following:

a.     Failing to properly and adequately manufacture engine replacement components including, but not limited to, cylinders, pistons and/or rings;

b.     Failing to properly and adequately inspect engine replacement components including, but not limited to, cylinders, pistons and/or rings;

c.     Failing to properly and adequately warn about defectively designed, built and inspected cylinders, pistons and/or rings;

    d.    Violating the requirements of the Federal Aviation Regulations regarding parts manufacturing approval and aircraft engine component manufacture; and

    e.    Failing to adequately and properly supply maintenance and inspection instructions to those whose responsibility it is to maintain continuing airworthiness.

    28.    As a direct and proximate consequence of the negligence of the defendants, the aircraft engine lost power and the pilot was unable to execute a safe off-airport landing, resulting in the death of the plaintiffs' decedents, for which plaintiffs seek damages.

    WHEREFORE, plaintiffs pray for judgment against the defendants in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of costs and interest.

### COUNT II

### Strict Liability in Tort

### *Plaintiff v. Superior, Hastings and Perfect Circle*

    29.    Plaintiffs incorporate by reference paragraphs 1 through 28 as though set forth at length herein.

    30.    Defendants Superior, Perfect Circle and/or Hastings are sellers within the meaning of the Restatement (Second) of Torts § 402A.

31.     Defendants Superior, Perfect Circle and/or Hastings are liable to the plaintiffs on the theory of strict liability in tort in that:

a.     The cylinders, pistons and rings were defectively designed, manufactured and inspected;

b.     The named components were in essentially the same condition at the time of the accident as when sold;

c.     The defects in the named components caused the loss of engine power and, therefore, the accident.

32.     The defects in the engine components consisted of the following:

a.     Defects in design, dimensioning, metallurgical consistency and strength;

b.     Defects in functionality so as to cause excessive ring movement, chattering, scoring and compression loss;

c.     Defects in materials selection that allow for premature wear, loss of compression, ring travel and failure resulting in engine loss of power;

d.     Defects in inspection and testing that allow for wide variation in size, strength and longevity in service; and

e.     Defects in overhaul, inspection and maintenance instructions which deny to those responsible for continuing airworthiness the information necessary to perform the functions properly and adequately.

33.    As a direct and proximate result of the defects in the engine replacement components, the parts failed prematurely, resulting in a sudden loss of engine power and the crash that took the life of the plaintiffs' decedents.

WHEREFORE, plaintiffs pray for judgment against the defendants in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of costs and interest, and for punitive damages in an amount to be determined at trial.

WOLK & GENTER

By: _____
Arthur Alan Wolk, Esquire
Attorney for Plaintiffs

- 13 -

## VERIFICATION

The averments or denials of facts contained in the foregoing are true based upon the signer's personal knowledge or information and belief. If the foregoing contains averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true. This verification is made subject to the penalties of 18 Pa.C.S. 4904 relating to unsworn falsification to authorities.

_____
Janet L. Innis

Date: _12-17-99_

## VERIFICATION

The averments or denials of facts contained in the foregoing are true based upon the signer's personal knowledge or information and belief. If the foregoing contains averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true. This verification is made subject to the penalties of 18 Pa.C.S. 4904 relating to unsworn falsification to authorities.

Henry W. Bailey, Jr.

Date: 12/14/1999

## VERIFICATION

The averments or denials of facts contained in the foregoing are true based upon the signer's personal knowledge or information and belief. If the foregoing contains averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true. This verification is made subject to the penalties of 18 Pa.C.S. 4904 relating to unsworn falsification to authorities.

_Carole Bailey_
Carole Bailey

Date: _12/14/1999_