# Exhibit "C"

JURY TRIAL DEMANDED

Arthur Alan Wolk, Esquire
Bradley J. Stoll, Esquire
Attorney Identification Nos. 02091/89635
THE WOLK LAW FIRM
1710-12 Locust Street
Philadelphia, PA  19103
(215) 545-4220                                          *Attorneys for Plaintiffs*

---

ROXANNE CHERRY, Individually and as Executrix    :   COURT OF COMMON PLEAS
of the Estate of Christopher Desch, Deceased      :   PHILADELPHIA COUNTY
and TOBY DESCH                                    :
8655 Rio Grande Road                              :
Richmond, VA  23229-7822                          :
                                                  :
              v.                                  :
                                           ATTEST :
LYCOMING ENGINES, A Division of AVCO              :
CORPORATION f/k/a TEXTRON LYCOMING   DEC 9 2008   :
RECIPROCATING ENGINE DIVISION                     :
652 Oliver Street                          L BRYANT :
Williamsport, PA  17701                           :
                                                  :
              and                                 :
                                   JURY FEE PAID   :
AVCO CORPORATION                                  :   DECEMBER TERM, 2008
40 Westminster Street                             :
Providence, RI  02903                             :   NO.
                                                  :
              and                                 :        61765
                                                  :
TEXTRON, INC.                                     :
40 Westminster Street                             :
Providence, RI  02903                             :
                                                  :
              and                                 :
                                                  :
THE MANUFACTURER OF MAGNETO CLAMP                 :
LYCOMING PART NO. 66M19385                        :
c/o Lycoming Engines                              :
652 Oliver Street                                 :
Williamsport, PA  17701                           :

INTERFACE SOLUTIONS, INC.          :
216 Wohlson Way                    :
Lancaster, PA  17603               :
                                   :
         and                       :
                                   :
SUPERIOR AIR PARTS                 :
621 South Royal Lane, Suite 100    :
Coppell, TX  75019-3805            :

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you, and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
Philadelphia Bar Association
One Reading Center, 11th Floor
1101 Market St.
Philadelphia, PA 19107
(215) 238-6300

2

## AVISO

Le han demandado a usted en la corte. Si usted quiere, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suyasin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATMENT. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTAENCIA LEGAL.

SERVICIO DE REFERENCIA LEGAL
Philadelphia Bar Association
One Reading Center, 11th Floor
1101 Market St.
Philadelphia, PA 19107
Telefono: (215) 238-6300

3

JURY TRIAL DEMANDED

Arthur Alan Wolk, Esquire
Bradley J. Stoll, Esquire
Attorney Identification Nos. 02091/89635
THE WOLK LAW FIRM
1710-12 Locust Street
Philadelphia, PA 19103
(215) 545-4220                                          Attorneys for Plaintiffs

---

ROXANNE CHERRY, Individually and as Executrix      :  COURT OF COMMON PLEAS
of the Estate of Christopher Desch, Deceased       :  PHILADELPHIA COUNTY
and TOBY DESCH                                     :
8655 Rio Grande Road                               :
Richmond, VA 23229-7822                            :
                                                   :
                     v.                            :
LYCOMING ENGINES, A Division of AVCO               :
CORPORATION f/k/a TEXTRON LYCOMING                 :
RECIPROCATING ENGINE DIVISION                      :
652 Oliver Street                                  :
Williamsport, PA 17701                             :
                                                   :
                   and                             :
                                                   :
AVCO CORPORATION                                   :  DECEMBER TERM, 2008
40 Westminster Street                              :
Providence, RI 02903                               :  NO.
                                                   :
                   and                             :
                                                   :
TEXTRON, INC.                                      :
40 Westminster Street                              :
Providence, RI 02903                               :
                                                   :
                   and                             :
                                                   :
THE MANUFACTURER OF MAGNETO CLAMP                  :
LYCOMING PART NO. 66M19385                         :
c/o Lycoming Engines                               :
652 Oliver Street                                  :
Williamsport, PA 17701                             :

|  |  |
|---|---|
| and | : |
| INTERFACE SOLUTIONS, INC.<br>216 Wohlson Way<br>Lancaster, PA  17603 | :<br>:<br>: |
| and | :<br>: |
| SUPERIOR AIR PARTS<br>621 South Royal Lane, Suite 100<br>Coppell, TX  75019-3805 | :<br>:<br>: |

## COMPLAINT

### The Parties

1.    Plaintiff, Roxanne Cherry, is an individual, a citizen and resident of the Commonwealth of Virginia who resides at 8655 Rio Grande Road, Richmond, Virginia, 23229. She is the widow of Christopher Desch who was tragically killed on December 10, 2006 in an airplane crash and has been appointed Executrix of his estate.   Plaintiff Toby Desch is the surviving son of Christopher Desch.

2.    Defendant, Lycoming Engines, a Division of AVCO Corporation ("Lycoming") f/k/a Textron Lycoming Reciprocating Engine Divisions, is believed and therefore averred to be an unincorporated division and/or a wholly owned subsidiary of defendants AVCO Corporation and/or Textron, Inc., with its principal place of business located at 652 Oliver Street, Williamsport, Pennsylvania.   Lycoming was the designer, manufacturer, seller and certifier of the IO-540 aircraft engine that failed on the aircraft and its single drive dual magneto.

3.    Defendant, Avco Corporation ("AVCO"), is a Delaware corporation with its principal place of business in Rhode Island, and at all time was the designer, manufacturer, seller

and certifier of the IO-540 aircraft engine that failed on the aircraft and its single drive dual magneto and components such as clamps and gaskets.

4.    Defendant, Textron, Inc. ("Textron") is a Delaware corporation with its principal place of business in Rhode Island, whose principal place of business for aircraft engines is within the Commonwealth of Pennsylvania by operating various subsidiary corporations and divisions within the Commonwealth of Pennsylvania and shipping goods into the Commonwealth of Virginia, and at all times directed the activities of defendant Lycoming in virtually every respect, including management, risk management, litigation strategy, approval for funding for improvements in its products, and engineering changes, and was for all practical and legal purposes a seller of the engine and magneto on the accident aircraft.

5.    Defendant, Superior Air Parts ("Superior"), is a corporation organized under the laws of the State of Texas, a citizen of that State, with its principal place of business there, and was the designer, manufacturer, supplier and seller of the gasket used to mount the single drive dual magneto onto the engine of the aircraft in 2006.

6.    Defendant, The Manufacturer of Magneto Clamp Lycoming Part No. 66M19385, is believed to be a corporation doing business in Pennsylvania, if not a citizen of this Commonwealth, who makes these clamps for Lycoming in accordance with Lycoming's drawings and specifications, and sold only as Lycoming Parts by Lycoming under a part number only established by Lycoming for use in Lycoming aircraft engines equipped with a single drive dual magneto.

7.    Defendant, Interface Solutions, is a corporation organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business in this CommonweaLth,

and sells gaskets to Lycoming and Superior Air Parts for use in "interfacing" between the magneto and engine accessory case.

8.    Defendant, Superior Air Parts is a corporation organized under the laws of the State of Texas and does business in Pa. by selling aircraft components in this State while regularly soliciting and receiving business here.

**Background of this case**

9.    The plaintiffs are the survivors of Dr. Christopher Desch, a noted oncologist, who was killed when an aircraft he was flying lost power as a result of the failure of the attaching system of the single drive dual magneto with which the Lycoming engine was equipped.

10.    The magneto clamps failed because they were inadequately designed by Lycoming, and thus they were defective such that they allowed the magneto to rotate, and thus change the engine timing.

11.    The problem of magneto rotation and engine timing changes was well-known to Lycoming, and notwithstanding the actual knowledge that the clamps were dangerously defective, Lycoming nonetheless sold, supplied and marketed the defective attaching clamps as its own product, using a Lycoming part number without identifying a maker or supplier of the clamps anywhere.

12.    Lycoming, notwithstanding that the magneto clamps are its product, designed by it, introduced into commerce by it, and claimed as its own, nonetheless for product liability litigation purposes falsely and deceitfully claims that it is not the manufacturer.

13.    Lycoming is required to identify the actual manufacturer, if there is one, and apply that manufacturer's part number on the clamps, if indeed they are other than a Lycoming design and specification. Thus Lycoming has willfully and deliberately falsified its status as the

supplier and manufacturer of this defective product to hide its role in accidents involving the clamp.

14.    Lycoming also specifies and falsely claims to manufacture a gasket that fits between the magneto housing and the engine accessory case.

15.    That gasket, which in truth Lycoming does not manufacture, but is instead manufactured by Interface, takes a gasket set and allows torque on the nuts that hold the magneto clamps in place to loosen, which then allows the magneto to move casing engine failure.

16.    The taking of a set by gaskets, including the one specified and sold under a Lycoming Part Number as its own, has long been known to Lycoming as having caused loss of engine power.

17.    Lycoming issued a service bulletin, a copy of which is attached and marked Exhibit "A", which acknowledged the seriousness of the problem of gasket set and the inability of the Lycoming clamps to control unwanted movement of the magneto, but limited its application to the Lycoming IO-360 model engine.

18.    As a sole consequence of the frustration of maintenance personnel in the field with the Lycoming gasket problem, other manufacturers, like the defendant Superior, specified a different gasket material, also manufactured by Interface as a substitute for the Lycoming supplied gasket.

19.    The engine on the accident aircraft was an IO-540 equipped with the same magneto type, the same clamps and a gasket supplied by Interface, which suffers the same gasket set that the specified Lycoming gasket does in the same application.

20.    Lycoming refuses, in spite of its legal obligation to do so, to identify the maker of the magneto clamp, Lycoming Part. No. 66M19385, and therefore Lycoming is liable as the

agent for an undisclosed principal since the only seller of this product for the undisclosed defendant is Lycoming.

21.     Defendant Textron, while being the corporate parent of Lycoming, is a partner in fostering, encouraging, tolerating and paying for the regular commission of fraud on the courts, fraud on litigants and their counsel, and fraud on pilots and their mechanics.

22.     Defendant Interface supplies a gasket to Lycoming and others for use between the magneto housing, which is also a Lycoming design, but which have a specification that does not disclose the propensity of the gaskets to take a dangerous set in this application, thus guaranteeing that torque on the attachment hardware will be lost, magneto rotation will occur and engine failure is inevitable.

**Venue**

23.     Venue is proper in Philadelphia County because the defendants regularly do business here by shipping goods into Philadelphia, seeking and doing business with Philadelphia customers, sending agents and employees into the City, and committing acts of fraud and deceit within the City of Philadelphia.

24.     Plaintiffs claim all damages recoverable under Pennsylvania law, as Plaintiffs' decedent was residing in Pennsylvania at the time of his death although a citizen of the Commonwealth of Virginia for injuries and death include pre-death pain and suffering, loss of guidance and tutelage, loss of earnings, care, comfort and consortium for his widow Roxanne Cherry and his son Toby Desch and all other damages recoverable under any applicable Wrongful Death and or Survival Statute.   Plaintiffs also claim punitive damages under all counts.

### COUNT ONE

*Plaintiffs v. Lycoming as Agent for an Undisclosed Principal,
Textron, Inc., The Maker of the Magneto Clamp Lycoming Part No. 66M19385,
Interface and Superior Air Parts*

### <u>Strict Liability in Tort</u>

25.     Plaintiffs incorporate by reference paragraphs 1 through 24 as though set forth at length.

26.     The defendants are sellers in the context of the Restatement of Torts (Second).

27.     The magneto clamps were defective in that they by design failed to hold the magneto in place, causing an engine failure that resulted in the death of Dr. Desch.

28.     The clamps were less than 18 years old, and were a new design by Lycoming due to a failure of different clamps used for the same purpose.

29.     The gasket failed when it was new because it took a set that was excessive given its short time in use and served to loosen the clamps.

30.     The clamps and gasket were in the same condition as when sold by the defendants.

31.     The effect of the gasket and clamps on the operation of the engine made them unreasonably dangerous.

32.     As a direct result of the defects described, plaintiffs' decedent was killed when the gasket took a set, the clamps were inadequate to restrain movement of the magneto, and the engine failed, resulting in a crash.

WHEREFORE, Plaintiffs demand a compensatory and punitive damages judgment in excess of any arbitration limit such sum in excess of One Hundred Thousand Dollars ($100,000.00), exclusive of interest and costs.

## COUNT TWO

### *Plaintiffs v. Lycoming as Agent for an Undisclosed Principal,*
### *Textron, Inc., The Maker of the Magneto Clamp Lycoming Part No. 66M19385,*
### *Interface and Superior Air Parts*

### Negligence

33.    Plaintiffs incorporate by reference paragraphs 1 through 32 as though set forth at length.

34.    The negligence of the defendants consisted of the following:

(a)    As to Lycoming and Textron as agents for an undisclosed principal, the magneto clamp manufacturer:

1.    Failing to select a gasket that would not take a dangerous set.

2.    Failing to include the 10-540 engine and variants in its service bulletin.

3.    Failing to specify and have manufactured for its use a magneto clamp that would secure the magneto housing to the engine.

4.    Failing to adequately test the gasket and magneto housing clamps to determine if gasket set would loosen the clamps.

5.    Failing to warn the owners, operators and pilots that the attachment system for the magneto was dangerously inadequate and could cause engine failure.

- 8 -

6.      Failing to correct the well known deficiencies in the attachment system before the plaintiffs' decedent was killed.

(b)     As to Interface:

1.      Failing to adequately address in its literature the characteristics of the gasket to take a dangerous set.

2.      Failing to warn owners, operators and others that the gasket specifications were deficient and incomplete for their failure to advise of the propensity of the gaskets to take a dangerous set.

3.      Failing to adequately meet industry test and specification standards to advise of dangerous or inadequate gasket characteristics.

4.      Failing to advise Superior that the gasket it chose to supply to the plaintiffs' decedents aircraft was inadequate for the purpose chosen.

5.      Failing to inquire to learn the exact purpose for the gasket applications so it could make an independent determination of how dangerous the application could be to the persons who might use the product.

6.      Failing to adequately test the gasket in the applications for which it was sold.

(c)     As to the Magneto Clamp Manufacturer:

1.      Failing to insure its identification was stamped on the part.

2.      Failing to ascertain the purported use of the part.

3.      Failing to meet the specifications and criteria established by Lycoming/Textron drawings for the clamp.

4.     Failing to adequately test the Magneto Clamp to make certain it would secure the magneto to the engine.

5.     Failing to warn Lycoming/Textron that the magneto clamp was wholly inadequate for its intended purpose.

6.     Failing to insure that adequate methods and means were established by Lycoming for regular inspections and maintenance to be certain the retention nuts would not lose torque.

(d)     As to Textron, Inc.:

1.     Failing to supervise the activities of a subsidiary over which it exercises total administrative and claims control.

2.     Failing to make certain that defects in components about it is aware due to its claims control are fixed in a timely manner.

3.     Failing to reign in out of control litigation tactics that make repairs of defective components either impractical or impossible.

4.     Allowing fraud and deceit to be practiced upon the flying public, aircraft owners, maintenance personnel, pilots and victims and the courts which make correction of defects of no priority.

5.     Allowing claims /adjusters to control engineering decisions that would otherwise act to prevent accidents or repeat accidents.

6.     Fostering litigation tactics to hide defects, hide documents, prevent safety information from reaching the hands of those who need it and punishing litigants.

(e)    As to Superior:

1.    Failing to insure that magneto clamps of an adequate design were used with its gasket.

2.    Failing to warn that its gasket could take a set and cause the Lycoming supplied clamps to fail.

3.    Failing to apprise Interface of the use for the gasket it sold and the demands made upon it by its application.

4.    Failing to advise mechanics to replace any gasket with respect to which attachment hardware loosened.

5.    Failing to provide adequate maintenance instructions for the gasket.

35.    All of the foregoing careless and reckless conduct resulted in a dangerous and defective magneto attachment system to be installed on the accident aircraft while denying to those who might fix it the necessary information to do so.

36.    As a direct result of the conduct of defendants, plaintiffs' decedent was killed.

WHEREFORE, Plaintiffs demand a compensatory and punitive damages judgment in excess of any arbitration limit such sum in excess of One Hundred Thousand Dollars ($100,000.00), exclusive of interest and costs.

## COUNT THREE

### *Plaintiffs v. Lycoming and Textron*

### Fraud and Deceit

37.     Plaintiffs incorporate by reference paragraphs 1 through 36 as though set forth at length.

38.     The conduct of these defendants was especially egregious in that they willfully and deliberately for claims control purposes:

(a)     Knowingly provided false, incomplete and misleading information to the flying public at large, maintenance personnel owners and pilots that the magneto loosening problem was confined to the IO-360 engine and not equally a problem with every engine equipped with a dual magneto with a single drive.

(b)     Knowingly provided false, incomplete and misleading information to flying public, maintenance personnel pilots and aircraft owners that the magneto clamp was a fix for rotating magneto housings when they knew from testing and experience they were a failure.

(c)     Knowingly provided false, incomplete and misleading information to the flying public, maintenance personnel and pilots and aircraft owners that the gasket was necessary and appropriate to interface between the housing and the magneto when they knew that the gasket would take a set, no amount of periodic tightening would solve the problem and an entirely different attachment system was necessary to prevent unwanted rotation and engine los of power.

(d)     Knowingly provided false, incomplete and misleading information to the flying public, maintenance personnel, pilots and owners by failing to warn them in the face of

- 12 -

actual failures that their lives were in danger if they flew this engine and magneto configuration instead reassuring them that maintenance would be sufficient while knowing it would not.

39.    As a direct result of the willful, deliberate, fraud and deceit committed by Lycoming and Textron, which resulted in the death of plaintiffs' decedent, plaintiffs demand punitive damages.

WHEREFORE, Plaintiff demands a compensatory and punitive damages judgment in excess of any arbitration limit such sum in excess of One Hundred Thousand Dollars ($100,000.00), exclusive of interest and costs.

## JURY TRIAL DEMANDED

The plaintiffs demand trial by jury of twelve (12) against defendant as to all counts and issues so triable.

Dated this _9th_ day of December, 2008

THE WOLK LAW FIRM

Arthur Alan Wolk, Esquire
Bradley J. Stoll, Esquire
1710-12 Locust Street
Philadelphia, PA  19103
(215) 545-4220
Fax: 215-545-5252
Email: airlaw@airlaw.com
*Attorney for Plaintiffs*

- 13 -

## VERIFICATION

I, Bradley J. Stoll, attorney for Roxanne Cherry and Toby Desch, hereby verify that I am the attorney for Plaintiffs, that pursuant to Pa. R. Civ. P. 1024(c)(2), I am authorized to make this verification on behalf of Plaintiffs because Plaintiffs are outside the jurisdiction and verification cannot be obtained within the time allowed for filing the Complaint, and that the facts contained in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

I understand that statements herein are made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

Bradley J. Stoll, Esquire

Dated: December 9, 2008





**LYCOMING**
A Textron Company

652 Oliver Street
Williamsport, PA. 17701 U.S.A.

Tel.     570-323-6181
Fax.     570-327-7101
www.lycoming.com

# SERVICE INSTRUCTION

DATE:              December 19, 2007

Service Instruction No. 1508B
(Supersedes Service Instruction No. 1508A)
Engineering Aspects are
FAA/DER Approved

SUBJECT:              Magneto Attachment

MODELS AFFECTED:      All Lycoming IO-360-A1B6D and IO-360-A3B6D engines installed in
                      Mooney M20J-201 or Cessna Cardinal 177RG aircraft.

TIME OF COMPLIANCE:   At the next oil change, not to exceed 50 hours of engine operation or at each
                      magneto timing check or service.

There have been reports of the hardware attaching the dual magneto to the engine accessory housing
becoming loose after maintenance in the field on Mooney M20J-201 or Cessna Cardinal 177RG aircraft. It
is possible that during magneto maintenance, such as timing changes or checks, the attachment nuts were
not torqued to specifications or that the hardware was not installed properly.

## INSTRUCTIONS FOR COMPLIANCE:

1.  Verify that the correct gasket P/N LW-12681 is installed. No other gaskets are acceptable. See Figure 1.

2.  Verify that the correct magneto clamp P/N 66M19385 is installed as shown in Figure 2. No other clamps
    are acceptable.

3.  Every time an attaching nut P/N STD-1410 is removed, install a new internal tooth lock washer P/N
    STD-475 as shown in Figure 2.

4.  Verify that the attaching nuts P/N STD-1410 are torqued to 17 ft.-lbs. (204 in.-lbs.). In airframe
    installations where it might be difficult to access the attaching nuts, use a torque wrench with a crowfoot
    attachment. See Figure 3 for an example of a special adapter, in this case, a crowfoot attachment.

### NOTE

If a crowfoot attachment or other special adapters are used which will change the effective
length of the torque wrench, the final torque indication or wrench setting must be adjusted
accordingly. Refer to FAA Advisory Circular No. 43-13-1B for further instructions.

General Aviation

©2007 by Lycoming "All Rights Reserved"

Service Instruction No. 1508B



P/N LW-12581
CORRECT GASKET          INCORRECT GASKET          INCORRECT GASKET

Figure 1. Correct and Incorrect Gaskets



Figure 2. Dual Magneto-to-Engine Accessory Housing Attaching Hardware



Figure 3. Example of Crowfoot Attachment.