Stephen A. Roberts (SBN 17019200)
Robert P. Franke (SBN 07371200)
Robert Tyler (SBN 24009347)
Duane J. Brescia (SBN 24025265)
STRASBURGER & PRICE, LLP
600 Congress, Suite 1600
Austin, Texas 78701
Tel. (512) 499-3600  /  Fax (512) 499-3643
stephen.roberts@strasburger.com
bob.franke@strasburger.com
robert.tyler@strasburger.com
duane.brescia@strasburger.com

**ATTORNEYS FOR THE DEBTOR**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | Case No. 08-36705-BJH-11 |
| | § | |
| **SUPERIOR AIR PARTS, INC., et al.,** | § | Jointly Administered |
| | § | |
| **DEBTOR-IN POSSESSION.** | § | CHAPTER 11 |

**MOTION FOR ENTRY OF AN ADMINISTRATIVE ORDER UNDER
11 U.S.C. §§ 105(a) AND 331 ESTABLISHING PROCEDURE FOR MONTHLY AND INTERIM COMPENSATION AND
<u>REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS</u>**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, DALLAS, TX 75242, BEFORE THE CLOSE OF BUSINESS ON OR BEFORE TWENTY (20) DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN.  IF A RESPONSE IS FILED A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

Superior Air Parts, Inc. (the "<u>Debtor</u>"), files this Motion for Entry of an Administrative Order under 11 U.S.C. §§ 105(a) and 331 Establishing Procedure for Monthly and Interim Compensation and Reimbursement of Expenses for Professionals (the "<u>Motion</u>").

### Jurisdiction and Venue

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory bases for the relief requested herein are sections 105(a) and 331 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").

### Background

2. On December 31, 2008 the Debtor filed a voluntary petition for relief under chapter 11, Title 11 of the United States Code ("<u>Bankruptcy Code</u>") in this Court.

3. The Debtor remains in possession of their property and is operating their business as debtor-in-possession, pursuant to Sections 1107 and 1108 of the Bankruptcy Code.  An official committee of unsecured creditors (the "<u>Committee</u>") has been appointed in this case.

### Relief Requested

4. Pursuant to Section 331 of the Bankruptcy Code, all professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days "or more often if the Court permits."  11 U.S.C. § 331.

5. By this Motion, the Debtor requests that the Court enter an Order establishing a procedure for compensating and reimbursing professionals on a monthly basis, comparable to those established in other complex Chapter 11 cases in this and other Districts. Such an order will enable the Court and all other parties to more effectively monitor the fees incurred, and the Debtor will be able to space out payments of professional fees, rather than suffer larger depletions to cash flows on an irregular basis.

6. In summary, the requested monthly compensation procedure would require all professionals retained with Court approval (the "Professionals") to present to the Debtor, the U.S. Trustee, and counsel to the Official Committee of Unsecured Creditors (the "Committee"), a detailed statement of services rendered and expenses incurred for the prior month. If no timely objection is filed, the Debtor would promptly pay eighty percent (80%) of the amount of fees incurred for the month, with a twenty percent (20%) holdback, and one hundred percent (100%) of out-of-pocket expenses for the month. These payments would be subject to the Court's subsequent approval as part of the normal interim fee application process (approximately every 120 days).

7. The Debtor proposes that the monthly payment of compensation and reimbursement of expenses of the Professionals be structured as follows:

    (a) On or before the 25th day of each month following the month for which compensation is sought, each Professional (including counsel to the Committee) will serve a detailed statement of services rendered and expenses incurred during the prior month upon (i) the Debtor; (ii) the Debtors' counsel; (iii) the United States Trustee for the Northern District of Texas; and (iv) counsel for the Committee (collectively, the "Application Recipients"). Each entity receiving a statement will have fifteen (15) days after the date of receipt to review and raise objections, if any, to each statement. At

    the expiration of the fifteen (15) day objection period, the Debtor would promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the out-of-pocket expenses identified in each monthly statement, except such fees or expenses as to which an objection may be served by one of the Application Recipients as provided in subparagraph (b) below.

(b)    In the event that one of the Application Recipients has an objection to the compensation or reimbursement sought in a particular monthly statement, such party shall, within fifteen (15) days after the receipt of the statement, serve upon (i) the Professional to whose statement an objection is made and (ii) the other Application Recipients, a written "Notice of Objection to Fee Statement," with a statement setting forth the precise nature of the objection and the amount at issue.  Thereafter, the objecting party and the Professional to whose statement an objection has been submitted shall attempt to reach an agreement regarding the correct payment to be made.  If the parties are unable to reach an agreement on the objection within fifteen (15) days after receipt of such objection, the Professional whose fee statement is subject to an objection shall have the option of (1) filing the objection together with a request for payment of the disputed amount with the Court, or (2) foregoing payment of the disputed amount until the next interim fee application hearing, at which time the Court will consider and dispose of the objection if payment of the disputed amount is requested.  However, the Debtor will be required to pay promptly that percentage set forth above of any portion of the fees and disbursements requested that are not the subject of a Notice of Objection To Fee Statement (the "<u>Payable Fees and Expenses</u>")

(c)    The first statement shall be submitted by each of the Professionals by the 25th day of March 2009, and shall cover the period from December 31, 2008 (the petition date) through February 28, 2009.

(d)    Approximately every four (4) months, each of the Professionals shall file with the Court and serve on the Application Recipients, on or before the 45th day following the last day of the compensation period for which compensation is sought, an application for interim Court approval and allowance, pursuant to Section 331 of the Bankruptcy Code, of compensation and reimbursement of expenses incurred during the prior four (4) months.  The first such application shall be filed on or before June 15, 2009, and shall cover the period from the petition date through April 30, 2009.  Any Professional who fails to file an application when due as directed by this sub-paragraph shall be ineligible to receive further monthly or

        interim payments of fees or expenses as provided herein until such time as the application is submitted.

    (e)    The pendency of an objection or a Court order stating that payment of compensation or reimbursement of expenses was improper as to a particular monthly or interim statement shall not disqualify a Professional from the future payment of monthly and interim compensation or reimbursement of expenses as set forth above, except as otherwise directed by an Order of this Court.

    (f)    Neither the payment of, nor the failure to pay, in whole or in part, monthly or interim compensation and reimbursement as provided herein shall bind any party-in-interest of the Court with respect to the interim or final allowance of applications for compensation and reimbursement of Professionals.

8.    The procedure suggested herein will enable all parties to closely monitor costs of administration, and will enable the Debtor to maintain a more level cash flow availability and implement efficient cash management.

9.    The Debtor further requests that the Court limit the notice of hearings to consider interim applications to: (i) the United States Trustee for the Northern District of Texas; (ii) counsel for the Committee; (iii) Debtor's counsel and (iv) all parties requesting notice pursuant to Federal Rule of Bankruptcy Procedure 2002. Such notice should reach the parties most active in this case and will save the expense of undue duplication and mailing.

10.    The Debtor further requests that each member of the Committee be permitted to submit statements of expenses and supporting vouchers to counsel for the Committee, who will collect and submit such requests for reimbursement in accordance with the foregoing procedures for monthly and interim compensation and reimbursement of professionals.

11. The Debtor will include all payments made to Professionals in accordance with the compensation procedures in their monthly operating reports identifying the amount paid to each of the Professionals.

### **Applicable Authority**

12. Section 331 of the Bankruptcy Code provides in relevant part:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 321 or 1103 of this title may apply to the Court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.

11 U.S.C. § 331.

13. Section 105(a) of the Bankruptcy Code provides in relevant part "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

14. The Debtor believes that the relief requested herein is appropriate to carry out the provisions of the Bankruptcy Code. Similar procedures have been authorized in other complex chapter 11 cases in this district. *See, e.g., Cafeteria Operators, L.P., et al.*, Case No. 03-30179 (Jointly Administered) (Bankr. N.D. Tex. Jan. 24, 2003); *CoServ, et al.*, Case No. 01-48684 (Bankr. N.D. Tex. Nov. 30, 2001); *FirstPlus Financial, Inc., et al.*, Case No. 99-31869 (Jointly Administered) (Bankr. N.D. Tex. March 11, 1999).

WHEREFORE, the Debtor respectfully requests that the Court enter an order granting the relief requested in this motion and granting the Debtor such other and further relief as is just and proper.

DATED:   March 12, 2009

Respectfully submitted,

*/s Stephen A. Roberts*
Stephen A. Roberts (SBN 17019200)
Robert P. Franke (SBN 07371200)
Duane J. Brescia (SBN 24025265)
Robert Tyler (SBN 24009347)
**STRASBURGER & PRICE, LLP**
600 Congress, Suite 1600
Austin, Texas 78701
Tel. (512) 499-3600  /  Fax (512) 499-3643
stephen.roberts@strasburger.com
bob.franke@strasburger.com
Robert.tyler@strasburger.com
duane.brescia@strasburger.com
**Attorneys for Debtor**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was served upon the parties on the attached service list via First Class U.S. Mail, postage prepaid, and through the Court's ECF system, March 12, 2009.

*/s/ Stephen A. Roberts*
Stephen A. Roberts

| | | |
|---|---|---|
| Theilert Aircraft Engines<br>Nieritzstr 14 D-01097<br>Dresden Germany | Mahle Engine Components<br>60428 Marine Road<br>Atlantic IA 50022-8291 | KS-Pistoes<br>Rodovia Arnald, Julio Mauberg<br>4000 Disrito Industrial No<br>Nova Odessa SP Brasil CAIZA Postal<br>91 CEP 13460-000 |
| Airsure Limited<br>15301 Spectrum Drive, #500<br>Addison, TX 75001 | ECK Industries, Inc.<br>1602 North 8th Street<br>Manitowoc, WI 54221-0967 | Mahle Engine Components<br>14161 Manchester Road<br>Manchester, MO 63011 |
| Crane Cams<br>530 Fentress Blvd<br>Daytona Beach, FL 32114 | Corley Gasket Co.<br>6555 Hunnicut Road<br>Dallas TX 75227 | Saturn Fasteners Inc.<br>425 S. Varney St.<br>Burbank, CA 91502 |
| Champion Aerospace, Inc.<br>1230 Old Norris Road<br>Liberty, SC 29654-0686 | Ohio Gasket & Shim<br>976 Evans Ave.<br>Akron, OH 44305 | Gerhardt Gear<br>133 East Santa Anita<br>Burbank CA 91502-1926 |
| Automatic Screw Machine<br>709 2nd Avenue SE<br>Decatur, AL 35601 | Helio Precision Products<br>601 North Skokie Highway<br>Lake Bluff, IL 60044 | Knappe & Koester Inc.<br>18 Bradco Street<br>Keen, NH 3431 |
| Garlock-Metallic Gasket Div<br>250 Portwall St., Ste. 300<br>Houston, TX 77029 | AOPA Pilot<br>PO Box 973<br>Frederick, MD 21701 | Mahle Engine Components<br>17226 Industrial HWY<br>Caldwell, OH 43724-9779 |
| Genesee Stamping & Fabricating<br>1470 Avenue T<br>Grand Prairie, TX 75050-1222 | Seal Science<br>17131 Daimler<br>Irvine, CA 92614-5508 | Internal Revenue Service<br>Special Procedures - Insolvency<br>P.O. Box 21126<br>Philadelphia, PA 19114 |
| Deirdre B. Ruckman/AVCO<br>Gardere Wynne Sewell LLP<br>1601 Elm Street, Ste. 3000<br>Dallas, TX 75201 | David Childs, Ph.D.<br>Dallas County Tax Assessor/Collector<br>500 Elm Street, Records Building<br>Dallas, TX 75202 | Thielert AG<br>Albert-Einstein-Ring 11<br>D-22761, Hamburg Germany |
| Betsy Price, Tax Assessor Collector<br>100 E. Weatherford<br>PO Box 961018<br>Fort Worth, TX 76196 | Hartford Aircraft Products<br>94 Old Poquonock Road<br>Bloomfield, CT 06002 | Ace Grinding & Machine Company<br>2020 Winner Street<br>Walled Lake, MI 48390 |
| Lynden International<br>1800 International Blvd. #800<br>Seattle, WA 98188 | Combustion Technologies, Inc.<br>1804 Slatesville Road<br>Chatham, VA 24531 | Ruhrtaler Gesenkschmiede<br>F.W. Wengler GMBH & Co. KG, Feld<br>Witten, Germany 58456 |

| | | |
|---|---|---|
| Chester Salomon<br>Stevens & Lee<br>485 Madison Ave., 20th Floor<br>New York, NY 10022 | City of Coppell/Coppell ISD<br>Mary McGuffey, Tax Assessor Collector<br>PO Box 9478<br>Coppell, TX 75019 | Kent Abercrombie<br>Superior Air Parts, Inc.<br>621 S. Royal Lane, Suite 100<br>Coppell, TX 75019-3805 |
| Neil J. Orleans<br>Goins, Underkolfer, et al, LLP<br>1201 Elm Street, Ste. 4800<br>Dallas, TX 75270 | Howard A. Borg/James T. Jacks<br>Ass't US Atty for FAA<br>Burnett Plaza, Suite 1700<br>801 Cherry Street, Unit 4<br>Fort Worth, Texas 76102-6882 | Laurie A. Spindler<br>Linebarger Goggan et al, LLP<br>2323 Bryan Street Suite 1600<br>Dallas, TX 75201 |
| Jeffrey N. Thom, Q.C.<br>Miller Thomson LLP<br>3000, 700 - 9th Avenue SW<br>Calgary, AB T2P 3V4 | Gordon J. Toering<br>**WARNER NORCROSS & JUDD LLP**<br>900 Fifth Third Center<br>111 Lyon Street, NW<br>Grand Rapids, Michigan 49503 | Anita F. McMahon<br>1646 Belmont Ave.<br>Baton Rouge, LA 70808 |
| Michael L. Jones<br>Henry & Jones, LLP<br>2902 Carlisle Street, Ste. 150<br>Dallas, TX 75204 | LARRY K. HERCULES<br>ATTORNEY AT LAW<br>1400 Preston Road, Suite 280<br>Plano, Texas 75093 | Gregory B. Gill, Jr.<br>Gill & Gill, S.C.<br>128 North Durkee St.<br>Appleton, WI 54911 |
| Laura Boyle<br>TW Telecom, Inc.<br>10475 Park Meadows, Dr. #400<br>Littleton, CO 80124 | Melissa S. Hayward<br>LOCKE LORD BISSELL& LIDDELL LLP<br>2200 Ross Avenue, Suite 2200<br>Dallas, Texas 75201<br>Counsel for the Insurers | Vincent Slusher/J. Seth Moore<br>Beirne Maynard & Parsons, LLP<br>1700 Pacific Ave., Ste. 4400<br>Dallas, TX 75201<br>Attys for Theilert Aircraft Engines GMBH |
| Mary Frances Durham<br>U.S. Department of Justice<br>Office of the United States Trustee<br>1100 Commerce Street, Room 976<br>Dallas, TX 75242 | Stefano Gazzola<br>Zanzi, S.p.A.<br>Corso Vercelli, 159<br>10015 Ivrea, Italy | Piyush Kakar<br>Seal Science Inc.<br>17131 Daimler<br>Irvine, CA 92614 |
| Jim Griffin<br>Hartford Aircraft Products<br>94 Old Poquonock Road<br>Bloomfield, CT 06002 | Phil Eck<br>Eck Industries, Inc.<br>1602 North 8th Street<br>Manitowoc, WI 54221-0967 | Werner Wilhelm Albus<br>Valeria de Freitas Mesquita<br>KSPG Automotive Brazil LTDA<br>Rodovia Arnaldo Julio Mauerbert,<br> n. 4000-Distrito Industrial 01<br>Nova Odessa- SP Brasil<br>Caixa Postal 91 |
| Ronald Weaver<br>Avstar<br>1365 Park Lane South<br>Jupiter, Fl 33458 | Linda Boyle<br>TW Telecom, Inc.<br>10475 Park Meadows Dr. #400<br>Littleton, CO 80124 | Susan B. Hersh<br>12770 Coit Rd. Ste. 1100<br>Dallas, TX 75251 |
| William G. Burd/Krystina N. Jiron<br>Atkinson & Brownell, PA<br>2 South Biscayne Blvd., Suite 3750<br> Miami, FL 33131 | David W. Parham,<br>Elliot Schuler & A. Swick<br>Baker & McKenzie LLP<br>2001 Ross Ave., Suite 2300<br>Dallas, TX 75201 | Timothy S. McFadden<br>LOCKE LORD BISSELL& LIDDELL LLP<br>111 South Wacker Drive<br>Chicago, IL 60606<br>Counsel for the Insurers |
| Billy G. Leonard, Jr.<br>Attorney at Law<br>1650 W. Virginia Street, Suite 211<br>McKinney, Texas 75069 | Kevin H. Good<br>Conner & Winters LLP<br>1700 Pacific Avenue<br>Suite 2250<br>Dallas, Texas 75201 | |