```
 1
                 FOR THE NORTHERN DISTRICT OF TEXAS
 2                          DALLAS DIVISION

 3
       IN RE:                         Case No. 08-04190-rfn
 4
       Touch Tell, Inc.               Chapter 7
 5
        V.                            Date: 3/24/2009
 6

 7     Rehmatullah                    TIME: 10:25 A.M.

 8
                        VOLUME 1 OF VOLUME 1
 9       HEARING BEFORE THE HONORABLE RUSSELL F. NELMS,
                  UNITED STATES BANKRUPTCY JUDGE
10

11     A P P E A R A N C E S:

12          Charles R. Chesnutt, III
            16633 Dallas Parkway, Suite 600
13          Addison, TX 75001
            972-735-0759
14          972-767-4600 (fax)
            pleadings@chapter7-11.com
15
                Representing Touch Tell, Inc.
16              Touch Tell Communications, Inc

17     Nathan Matthew Johnson
       Howard Marc Spector, P.C.
18     12770 Coit Road, Suite 1100
       Dallas, TX 75251
19     (214)365-5379
       (214)237-3380 (fax)
20     nathanmj@sbcglobal.net

21              Representing Pyarali Rehmatullah

22

23

24

25
```

1     THE COURT: All right. Well, I'm
2 going to, first of all, take up the issue of the
3 Debtor's Cross-Motion for Summary Judgment, and
4 the Court's going to deny the Debtor's Cross-
5 Motion for Summary Judgment. If you look at
6 Section 727(a)(3), the reference there is the
7 Debtor's failure to keep or preserve any recorded
8 information. It doesn't even refer to the
9 recorded information of the Debtor, so it's a
10 broad phrase there that says that if there's any
11 information out there, whether it pertains
12 directly to the Debtor or to a Debtor's holding
13 onto corporation that could explain the Debtor's
14 financial condition, then a failure to keep or
15 maintain that can give rise to nondischarge under
16 Section 727(a)(3), so I don't think that it is
17 limited just to the Debtor's documents or
18 recorded information.
19     Likewise, Section 727(a)(5) talks about
20 any loss of assets or deficiency of assets to
21 meet the Debtor's liability, and there again, it
22 doesn't talk about -- it doesn't limit itself
23 to a loss of the Debtor's assets, it just talks
24 about any loss of assets. And so, in the context
25 of a Debtor who owns and operates a small

```
 1    corporation such as this where the Debtor is the
 2    sole owner, he's the sole employee, that the
 3    corporation only operates through the Debtor
 4    himself, (a)(5) is broad enough to embrace that.
 5              And so, therefore, I believe that the --
 6    I just don't agree with the Debtor's theory on
 7    that, and because I don't agree with the Debtor's
 8    theory on that, I'm going to deny the Debtor's
 9    Motion for Cross-motion for Summary Judgment.
10              I'm going to move on to the Plaintiff's
11    Motion for Summary Judgment.  Plaintiff's always
12    bear a higher burden.  Maybe it's not a higher
13    burden but maybe just a harder burden when it
14    comes to Motion for Summary Judgment than
15    Defendants do because the Defendants can just
16    kind of sit back and rely upon an absence of
17    evidence and the existence of a genuine issue of
18    material fact and Plaintiffs don't really have
19    that luxury, so at the outset it's a little bit
20    more difficult for a Plaintiff to move for
21    Summary Judgment.
22              I'm going to address the Section
23    727(a)(5) argument first because I think that
24    there's a genuine issue of material fact as a
25    Section 727(a)(5).
```

```
 1                    As we've discussed here today, the loss
 2          of assets and deficiency of assets -- I mean, the
 3          most substantial liability that the Debtor has is
 4          the liability he has to Touch Tell, and the Court
 5          determined that that liability was some $361,000.
 6                    In his affidavit, the Debtor has said,
 7          "Well, I have  --  part of that loss is explained
 8          via some accounts receivable that I've never
 9          collected on, granted, they weren't included in
10          my Schedules, I didn't put them there because I
11          just thought that the people that I owed it to
12          had written it off."  Not a great reason, by the
13          way, for not putting it in your Schedules, but at
14          least it's an explanation.  And in addition to
15          that, as the Court mentioned on the Record in its
16          discussion with Mr. Chestnutt today, there is the
17          question of the lack of credit that Debtor
18          received for some returned cards.
19                    You put those two things together, and
20          they could very well explain the deficiency of
21          assets to meet the Debtor's liabilities, at least
22          its principal liability to Touch Tell.  So, as to
23          that issue, I find a genuine issue of material
24          fact that I don't think it's appropriate to enter
25          Summary Judgment on that.
```

```
 1                    Then we get to Section 727(a)(3).  And
 2          there the allegation is that Debtor failed to
 3          keep or preserve any recorded information in
 4          which the Debtor's financial condition might be
 5          ascertained.
 6                    I have two problems with granting
 7          Summary Judgment on this particular count.  One
 8          of those is that I think that last phrase in
 9          (a)(3) makes it difficult to ever grant a Motion
10          for Summary Judgment on this because it says,
11          "Unless such act or failure was justified under
12          all the circumstances, the case."  And that seems
13          to the Court to give the Debtor at least the
14          opportunity in the context of a 727(a)(3) action,
15          to come into this Court and to explain to the
16          Court how its failure to keep and preserve
17          records might have been justified under the case.
18                    And in ruling on a Motion for Summary
19          Judgment, I don't think that I can just grant the
20          favorable inferences to the moving party on that.
21          I think that I have to  --  the favorable
22          inference has to be granted the exact opposite
23          way, to the nonmoving party, in this case, the
24          Debtor.
25                    The other problem that I have with
```

```
 1        Section 727(a)(3), at least in terms of granting
 2        the Motion for Summary Judgment is that there are
 3        a lot of records out there that explain what
 4        happened to a lot of this money, so there are
 5        lots of cancelled checks out there that were
 6        admitted into evidece.  Those cancelled checks
 7        routinely have references to invoices.  Those
 8        invoices show up in Touch Tell's own ledger, so
 9        we can correlate those.  So, we kind of know what
10        assets the Debtor received, and there are
11        documents out there that substantiate what assets
12        the Debtor received.
13             Likewise, there are at least some
14        documents out there that explain what happened
15        with some of these assets.  Among those are
16        evidence that was introduced at trial that
17        indicate that Touch Tell took back a number of
18        these cards and submitted them for creditors to
19        the entities that had issued those cards to Touch
20        Tell and that Touch Tell got a very insignificant
21        credit for it.
22             And in addition, we have
23        Mr. Rehmatullah's Affidavit in which he says he
24        has some invoices for some things that he didn't
25        get paid back for, for some cards that he sold on
```

```
 1        credit and he was never paid for.  And then he
 2        says, "And then there's another transaction where
 3        I don't have any invoice on it but I certainly
 4        get on the Stand and testify to it and explain
 5        it."
 6              I'm leaving open this whole issue of
 7        whether or not the Court's determined that the
 8        damage to Touch Tell was $361,000, and
 9        Mr. Chestnutt has argued today that -- not
10        completely irrelevant, but basically the Debtor's
11        obligation is to come in and document and explain
12        what happened to $800,000 worth of credit of
13        phone cards, even if that doesn't necessarily
14        represent the exact damage to Touch Tell.
15              I'm not either dismissing or adopting
16        that for today's purposes.  I'm just going to
17        have to give more thought to that particular
18        argument, but in light of the fact that I've
19        denied the Motion for Summary Judgment of the
20        Plaintiff, then we'll just reserve that to
21        another day.
22              So, the Motion for Summary Judgment is
23        denied, and the Cross-Motion for Summary Judgment
24        is denied.  I do find that there are genuine
25        issues of material facts on both sides of the
```

```
 1    case here, and, oh, I guess, Mr. Chestnutt, since
 2    you started this whole thing off and kicked it
 3    all off, I'll ask you to take your initail stab,
 4    if you would, at preparing an Order dealing with
 5    both the Motion and the Cross-Motion and
 6    circulate it to Mr. Johnson for his approval as
 7    to form.
 8              Thank you.
 9              MR. CHESTNUTT:  Thank you, Your Honor.
10              MR. JOHNSON:  Thank you, Your Honor.
11              THE COURT:  Be adjourned.
12              COURT CLERK:  All rise.
13
14              (END OF PROCEEDINGS)
15
16                     CERTIFICATE
17         I certify that the foregoing is a
18    correct transcript from the electronic sound
19    recording of the proceedings in the above-
20    entitled matter.
21
22
23    _____
24    Darla M. Chavez, Transcriber
25         Dated:_____
```

