```
 1
                    FOR THE NORTHERN DISTRICT OF TEXAS
 2                             DALLAS DIVISION

 3
        IN RE:                          Case No. 08-36705-bjh11
 4
        Superior Parts, Inc.            Chapter 11
 5
         V.                             Date: 2/26/2009
 6

 7      (DEBTOR)                        TIME:  1:40 P.M.

 8
                           VOLUME 1 OF VOLUME 1
 9         HEARING BEFORE THE HONORABLE BARBARA J. HOUSER,
                     UNITED STATES BANKRUPTCY JUDGE
10

11      A P P E A R A N C E S:

12

13        Stephen A. Roberts
          Strasburger & Price, LLP
14        600 Congress Ave., Ste. 1600
          Austin, TX 78701
15        (512)499-3600
          (512)499-3660 (fax)
16
                  -AND-
17
          Duane J. Brescia
18        Strasburger & Price LLP
          600 Congress Ave., Ste. 1600
19        Austin, TX 78701
          (512)499-3600
20
          (telephonically present)
21                   representing Superior Air Parts, Inc.
                                   621 S. Royal Lane,
22                                 Suite 100
                                   Coppell, TX 75019-3805
23                                      (Debtor)

24

25
```

```
 1              Deirdre B. Ruckman
                Gardere,Wynne & Sewell
 2              1601 Elm St., Suite 3000
                Dallas, TX 75201
 3              214-999-4250
                214-999-3250 (fax)
 4              druckman@gardere.com

 5                 -AND-

 6              William B. Freeman
                Pillsbury Winthrop LLP
 7              725 S. Figueroa St.
                Ste. 2800
 8              Los Angeles, CA 90017-5406
                        representing Textron, Inc.,
 9                              Avco Corporation
                                (Creditors)
10

11            Shari L. Heyen
              Greenberg Traurig, LLP
12            1000 Louisiana
              Suite 1800
13            Houston, TX  77002
              713-374-3500
14            713-374-3505

15                   representing Illinois Insurance
                     Company
16

17            Elliot Schuler
              Baker McKenzie
18            2001 Ross Avenue
              Dallas, TX  75201
19
                     representing Creditors' Committee
20

21            Larry K. Hercules
              1400 Preston Road, Suite 280
22            Plano, Texas 75093
                     representing Zanzi
23

24            Phelan, Robin E -
              Haynes & Boone
25            901 Main St # 3100, Dallas, TX
              (214) 651-5612
```

```
 1                      representing Teledyne Continental
                        Motors
 2

 3
              Kevin Goode
 4            Conner & Winters, LLP
              Carillon Towers East
 5            13601 Preston Rd., Ste. 940E
              Dallas, TX  75240
 6            214-446-1003
                        representing Aviation Parts Supply,
 7                      Inc.
                        511 E. John Carpenter Freeway
 8                      Suite 440
                        Irving, TX 75062
 9                               (Creditor)

10
              LOCKE LORD BISSELL & LIDDELL LLP
11            Mr. Liddell
              2200 Ross Avenue, Suite 2200
12            Dallas, Texas 75201-6776
              Telephone: 214-740-8000
13            Fax: 214-740-8800
                        representing Lloyd's of London
14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                THE COURT: Be seated, please.  All
 2    right.  We have Superior Air Parts this
 3    afternoon.
 4                Mr. Roberts, I'll take appearances from
 5    counsel, please.
 6                MR. ROBERTS:  Steve Roberts and Duane
 7    Breshia for Superior Air Parts.
 8                THE COURT:  Ms. Ruckman.
 9                MS. RUCKMAN:  Thank you, Your Honor.
10    Dee Ruckman for Textron, Inc. and Avco
11    Corporation.
12                MS. HEYEN:  Good afternoon, Your Honor.
13    Sherry Heyen for Illinois National Insurance
14    Company.
15                MR. LIDDELL: Good afternoon, Your Honor,
16    Mr. Liddell on behalf of Lloyd's London.
17                MR. SCHULER:  Good afternoon, Your
18    Honor.  L.H. Schuler on behalf of the Creditors'
19    Committee.
20                THE COURT:  Mr. Hercules.
21                MR. HERCULES:  Good afternoon, Your
22    Honor.  Larry Hercules for Zanzi.
23                MR. GOODE:   Your Honor, good
24    afternoon.  Kevin Goode, Aviation Parts Supply.
25                THE COURT:  Mr. Phalen.
```

```
 1                  MR. PHALEN:  My name is Phalen.  I
 2       represent Teledyne Continental motors.
 3                  THE COURT:  All right.  We had a request
 4       for a phone appearance so let me add  --
 5                  (Court calling phone participants.)
 6                  THE COURT:  Well, having been told twice
 7       that the pass code that I've been given isn't
 8       right, I'm going to not try it again, so  --
 9                  MR. ROBERTS:  Your Honor, are you trying
10       to bring in Mr. Chester SalomOn?
11                  THE COURT:  Yes.
12                  MR. ROBERTS:  He had sent a letter with
13       his phone number.  We've sent out a notice
14       advising parties we're not going with the
15       hearing.
16                  THE COURT:  All right. So, he's --
17                  MR. ROBERTS:  Your Honor, this morning
18       Superior Air Parts concluded the Auction of its
19       assets pursuant to the Order Approving Debtor's
20       Expedited Motion to Approve Bid Procedures for
21       Sale of all of Debtor's Assets Free and Clear of
22       Liens.  After considering the terms and
23       conditions of the offers of the two qualified
24       bidders, the Debtor has decided to exercise its
25       rights pursuant to the approved idding
```

```
 1    procedures, reject the offers submitted as being
 2    contrary to the best interest of the Debtor, the
 3    estate, and the creditors.  Essentially, we're in
 4    a position where we would be in breach of certain
 5    representations and warranties of the terms that
 6    were offered, and that's -- we would be in a
 7    position of having locked up the assets of the
 8    estate indefinitely while the parties -- if we
 9    had chosen a bid, would determine whether they
10    could or would close in light of a antitrust
11    investigation that just got started, so we
12    decided that was best for the estate after
13    consulting with the Creditors' Committee.
14             THE COURT:  All right.  So, Mr. Roberts,
15    where does that leave us?  Where are you
16    intending to head with this case at this point,
17    if you know?
18             MR. ROBERTS:  Well, we've had these
19    conversations.  We have other interested buyers.
20    We have buyers for different parts of this
21    business.  I think the antitrust is something
22    that's come up and made us rethink how to break
23    up the business potentially.
24             We have $1.8 million in cash.  We have
25    operating expenses of about 200,000 a month, a
```

```
 1          $400,000 insurance premium due quarterly.  We
 2          have inventory at 8.36 million dollars.  We have
 3          a accounts receivable of several million, I don't
 4          know what, so the Debtor's in a position where we
 5          can formulate --
 6                    THE COURT:  Step back and think about
 7          this a bit further.
 8                    MR. ROBERTS:  Yes.  And there are no
 9          affected secured creditors.  We have a letter
10          consenting to the use of cash collateral by the
11          unperfected secured creditor.
12                    THE COURT:  Fair enough.  Mr. Phalen.
13                    MR. PHALEN:  Your Honor, I think
14          Ms. Ruckman and I just want to make sure that the
15          order reflects that our clients are -- that the
16          deposits are returned to our clients.
17                    MR. ROBERTS:  Your Honor, we would like
18          to submit an agreed order.  The deposits are in
19          my firm's account.  Both parties are entitled to
20          their deposits.
21                    One thing.  On the deposit from Textron
22          that was made, 350,000, under the original
23          bidding procedures approved by the Court, we were
24          entitled to use some of that cash to give notice
25          to hundreds of thousands of people, so when we're
```

```
 1            -- we're going to ask to be able to pay them
 2       back, so they will get the full 350.  I believe
 3       it was about $75,000.
 4            MS. RUCKMAN:  That's correct, Your
 5       Honor.  It's my understanding that the Debtor has
 6       sufficient funds, as Mr. Roberts stated, so they
 7       can return the full 350,000 now.
 8            THE COURT:  Very well.
 9            MS. RUCKMAN:  Thank you.
10            THE COURT:  Then if you'd include those
11       provisions in the order.  Does anyone else wish
12       to be heard in connection with this matter?
13            MS. HEYEN:  Yes, Your Honor.  Sherry
14       Hein for Illinois National Insurance Co.  Just to
15       apprise the Court, we filed a Motion for Adequate
16       Protection last night, and I think we'll just go
17       ahead and withdraw that as moot given that
18       there's no sale that will be pending, and we will
19       withdraw that without prejudice for refiling for
20       a later date.
21            THE COURT: Very well.  Good.  We are in
22       recess.
23
24            (END OF PROCEEDINGS)
25
```

```
 1
 2
 3                      CERTIFICATE
 4        I certify that the foregoing is a
 5   correct transcript from the electronic sound
 6   recording of the proceedings in the above-
 7   entitled matter.
 8
 9
10        _____
11   Darla M. Chavez, Transcriber
12        Dated:_____
13   **Note:  Any spellings not available to
14   transcriber are indicated with (phonetically
15   spelled)
16   **Note:  Areas not understood by transcriber are
17   marked by (unintelligible at* and then the number
18   corresponding to digital recording)
19
20
21
22
23
24
25
```