Stephen Roberts
Texas Bar No. 17019200
Robert P. Franke
Texas Bar No. 07371200
Duane J. Brescia
Texas Bar No. 240252650
**STRASBURGER & PRICE, LLP**
600 Congress, Suite 1600
Austin, Texas 78701
(512) 499-3600 / (512) 499-3660 Fax

*ATTORNEYS FOR DEBTOR SUPERIOR AIR PARTS, INC.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 08-36705 |
| | § | |
| SUPERIOR AIR PARTS, INC., | § | Chapter 11 |
| | § | |
| Debtor. | § | |
| | § | |

**DEBTOR'S MOTION FOR AUTHORITY TO SETTLE ACCOUNTS RECEIVABLE**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, DALLAS, TX 75242, BEFORE THE CLOSE OF BUSINESS ON OR BEFORE TWENTY (20) DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

TO:  THE HONORABLE BARBARA J. HOUSER
UNITED STATES BANKRUPTCY JUDGE:

Superior Air Parts, Inc. ("Superior" or "Debtor"), as debtor and debtor-in-possession, files its Motion for Authority to Settle Accounts Receivable ("Motion") as follows:

## I. SUMMARY OF RELIEF REQUESTED

1.    In this Motion, the Debtor seeks an order from the Court authorizing it to settle accounts receivable under pre-approved guidelines without the need to file separate motions to compromise controversy under Bankruptcy Rule 9019 for each account.  At the beginning of this case, the Debtor was on a fast track to sell all assets under an approved bidding procedure.  In February 2009, the Debtor conducted an auction of its assets, but the end result was that the Debtor did not receive any offer that was acceptable to the Debtor and the Committee.  In response to the auction process, several of the Debtor's customers used this opportunity to avoid payment and otherwise have become seriously delinquent.  Now that the Debtor is intending to operate in the ordinary course of business while a plan of reorganization is formulated, it is imperative to shorten its aged receivables and reach compromise with certain creditors where appropriate. Given the significant number of outstanding customer receivables, and the fact that many of them are very small in dollar amount, it would not be practical to reach a formal settlement and file 9019 motions for every account.  Therefore, the Debtor seeks an order permitting it to confidentially settle accounts receivable on a case by case basis, after notice and consent from the Official Committee of Unsecured Creditors ("Committee").  The relief requested is permitted under 11 U.S.C. §§363 and 105.

## II.  BACKGROUND

2. In the ordinary course of Debtor's business, the Debtor typically does not have a significant problem collecting accounts receivable and the vast majority of its customers pay under the standard terms.  However, due the impending sale and the uncertainty of ownership, many of the Debtor's customers took the opportunity to stop or delay payment on several outstanding shipments.  As a result, the Debtor has experienced an increase in the aging of its receivables.

3. Although this trend is certainly concerning to the Debtor and the Committee, the Debtor believes that the majority of these customers will become current once the continued operations of the Debtor are made known and the Debtor continues to actively and aggressively pursue payment.  This Motion is filed to obtain pre-approved guidelines by which the Debtor's credit management team can compromise and settle outstanding receivables if it will benefit the estate in both the short and long term.

## III. ARGUMENT AND AUTHORITIES

4. The Debtor seeks authority to compromise certain accounts receivable, as necessary, under the following guidelines:

> (a) the Debtor will use its best efforts to collect outstanding accounts receivable in the full amount of the invoices.  For certain claims, it may be necessary and beneficial to use collection efforts or legal action to pursue those claims.  The Debtor reserves the right to pursue all legal avenues in this regard;
>
> (b) In certain instances however, and in the business judgment of the Debtor, some claims can be compromised for less than full value. If the Debtor determines that it would be in the best interest of the estate to compromise some of its receivables (which it does in the ordinary course of business), because (i) future sales with certain crucial creditors would increase cash flow, (ii) it would otherwise increase the value of the business as a going concern or (iii) for any other valid

business reason, then the Debtor may compromise such a claim for a confidential amount;

(c)   Prior to entering into a binding compromise with an account debtor, the Debtor must provide notice and adequate disclosure to the Committee and obtain its consent.  If consent is withheld, the Debtor may not settle without a court order after notice and hearing.

5.   The relief requested herein can be granted by courts under 11 U.S.C. § 105 and Bankruptcy Rule 9019.  Compromises are favored in bankruptcy, and the decision of the bankruptcy judge to approve or disapprove the compromise of the parties rests in the sound discretion of the bankruptcy judge.  See *Marandas v. Bishop (In re Sassalos)*, 160 B.R. 646, 653 (D. Ore. 1993).  Rule 9019 states in relevant part:

> (b) *Authority to Compromise or Settle Controversies within Classes.*  After a hearing on such notice as the court may direct, the court make fix a class or classes of controversies and authorize the trustee to compromise or settle controversies within such class or classes without further hearing or notice.[1]

This rule permits settlement of controversies without subsequent court approval.  See *Elder v. Uecker (In re Elder)*, 325 B.R. 292, 300 (N.D. Cal. 2005)(plan administrator can compromise controversies without going back to court).  The appropriate standard is that the settlement be "fair and equitable" and in the best interest of the estate.  See *Conn. Gen. Life Ins. Co. v. United Cos. Fin. Corp. (In re Foster Mtg. Corp.)*, 68 F.3d 914, 917 (5th Cir. 1995); *Depoister v. Mary M. Holloway Found.*, 36 F.3d 582, 586 (7th Cir. 1994).[2]

---

[1] See also, Bankrutpcy Rule 2002(a)(3)(which permits the court to limit or eliminate notice of compromises for cause shown); Bankrutpcy Rule 2002(i) (court can also order notices of compromise be limited to U.S. Trustee and any appointed committee).

[2] A more elaborate standard has been adopted in most circuits when an actual 9010(a) motion is considered, which was first enunciated by the Supreme Court in *Protective Comm. for Independent Stockholders of TMT Trailer Ferry Inc. v. Anderson*, 390 U.S. 414, 424 (1968)(court should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties in collecting on any judgment, and all other factors relevant to a full and fair assessment of the

6. The Debtor asserts that the best interests of the estate will be served by compromising some receivables under these conditions. Any concern that receivables will be compromised too much will be alleviated by requiring the Committee's consent after adequate disclosure. Furthermore, keeping the settlements confidential will help increase collections because notice of certain settlements might encourage all customers to withhold payment until a certain threshold is reached. Not all claims will be compromised, but rather, only certain claims where the benefit to the estate will meet or exceed the compromised claim. In many instances, the time, effort and cost to collect full value on small claims will exceed the incremental recovery and the cost of proceeding with a motion to compromise controversy under Bankruptcy Rule 9019 may exceed the value of any compromise to the estate

WHEREFORE, the Debtor request that the Court enter an order authorizing the debtor to compromise certain accounts receivable under the procedures defined above and granting such other and further relief as this Court may deem just and proper.

---

wisdom of the proposed compromise); *Will v. Northwestern Univ. (In re Nutraquest, Inc.)*, 434 F.3d 639, 644-45 (3d Cir. 2006).

        Respectfully submitted,

        */s/ Duane J. Brescia*
        Stephen A. Roberts (SBN 17019200)
        Robert P. Franke (SBN 07371200)
        Duane J. Brescia (SBN 24025265)
        **STRASBURGER & PRICE, LLP**
        600 Congress, Suite 1600
        Austin, Texas 78701
        Tel. (512) 499-3600  /  Fax (512) 499-3643
        stephen.roberts@strasburger.com
        bob.franke@strasburger.com
        duane.brescia@strasburger.com
        **BANKRUPTCY ATTORNEYS FOR DEBTOR**
        **SUPERIOR AIR PARTS, INC.**

## CERTIFICATE OF CONFERENCE

Undersigned counsel certifies that he conferred with counsel for the Committee and the Committee supports this motion.

        */s/ Duane J. Brescia*
        Duane J. Brescia

## CERTIFICATE OF SERVICE

The undersigned certifies that true and correct copies of the foregoing pleading were forwarded to the parties listed on the attached service list via first class U.S. Mail, postage prepaid, on the 15th day of April, 2009.

        */s/ Duane J. Brescia*
        Duane J. Brescia

| | | |
|---|---|---|
| Theilert Aircraft Engines<br>Nieritzstr 14 D-01097<br>Dresden Germany | Mahle Engine Components<br>60428 Marine Road<br>Atlantic IA 50022-8291 | KS-Pistoes<br>Rodovia Arnald, Julio Mauberg<br>4000 Disrito Industrial No<br>Nova Odessa SP Brasil CAIZA Postal<br>91 CEP 13460-000 |
| Airsure Limited<br>15301 Spectrum Drive, #500<br>Addison, TX  75001 | ECK Industries, Inc.<br>1602 North 8th Street<br>Manitowoc, WI 54221-0967 | Mahle Engine Components<br>14161 Manchester Road<br>Manchester, MO 63011 |
| Crane Cams<br>530 Fentress Blvd<br>Daytona Beach, FL  32114 | Corley Gasket Co.<br>6555 Hunnicut Road<br>Dallas TX  75227 | Saturn Fasteners Inc.<br>425 S. Varney St.<br>Burbank, CA  91502 |
| Champion Aerospace, Inc.<br>1230 Old Norris Road<br>Liberty, SC 29654-0686 | Ohio Gasket & Shim<br>976 Evans Ave.<br>Akron, OH 44305 | Gerhardt Gear<br>133 East Santa Anita<br>Burbank CA  91502-1926 |
| Automatic Screw Machine<br>709 2nd Avenue SE<br>Decatur, AL 35601 | Helio Precision Products<br>601 North Skokie Highway<br>Lake Bluff, IL  60044 | Knappe & Koester Inc.<br>18 Bradco Street<br>Keen, NH 3431 |
| Garlock-Metallic Gasket Div<br>250 Portwall St., Ste. 300<br>Houston, TX  77029 | AOPA Pilot<br>PO Box 973<br>Frederick, MD  21701 | Mahle Engine Components<br>17226 Industrial HWY<br>Caldwell, OH  43724-9779 |
| Genesee Stamping & Fabricating<br>1470 Avenue T<br>Grand Prairie, TX  75050-1222 | Seal Science<br>17131 Daimler<br>Irvine, CA  92614-5508 | Internal Revenue Service<br>Special Procedures - Insolvency<br>P.O. Box 21126<br>Philadelphia, PA 19114 |
| Deirdre B. Ruckman/AVCO<br>Gardere Wynne Sewell LLP<br>1601 Elm Street, Ste. 3000<br>Dallas, TX  75201 | David Childs, Ph.D.<br>Dallas County Tax Assessor/Collector<br>500 Elm Street, Records Building<br>Dallas, TX 75202 | Thielert AG<br>Albert-Einstein-Ring 11<br>D-22761, Hamburg Germany |
| Betsy Price, Tax Assessor Collector<br>100 E. Weatherford<br>PO Box 961018<br>Fort Worth, TX 76196 | Hartford Aircraft Products<br>94 Old Poquonock Road<br>Bloomfield, CT 06002 | Ace Grinding & Machine Company<br>2020 Winner Street<br>Walled Lake, MI 48390 |
| Lynden International<br>1800 International Blvd. #800<br>Seattle, WA 98188 | Combustion Technologies, Inc.<br>1804 Slatesville Road<br>Chatham, VA 24531 | Ruhrtaler Gesenkschmiede<br>F.W. Wengler GMBH & Co. KG, Feld<br>Witten, Germany 58456 |

| | | |
|---|---|---|
| Chester Salomon<br>Stevens & Lee<br>485 Madison Ave., 20th Floor<br>New York, NY 10022 | City of Coppell/Coppell ISD<br>Mary McGuffey, Tax Assessor Collector<br>PO Box 9478<br>Coppell, TX 75019 | Kent Abercrombie<br>Superior Air Parts, Inc.<br>621 S. Royal Lane, Suite 100<br>Coppell, TX 75019-3805 |
| Neil J. Orleans<br>Goins, Underkolfer, et al, LLP<br>1201 Elm Street, Ste. 4800<br>Dallas, TX 75270 | Howard A. Borg/James T. Jacks<br>Ass't US Atty for FAA<br>Burnett Plaza, Suite 1700<br>801 Cherry Street, Unit 4<br>Fort Worth, Texas 76102-6882 | Laurie A. Spindler<br>Linebarger Goggan et al, LLP<br>2323 Bryan Street Suite 1600<br>Dallas, TX 75201 |
| Jeffrey N. Thom, Q.C.<br>Miller Thomson LLP<br>3000, 700 - 9th Avenue SW<br>Calgary, AB   T2P 3V4 | Gordon J. Toering<br>**WARNER NORCROSS & JUDD LLP**<br>900 Fifth Third Center<br>111 Lyon Street, NW<br>Grand Rapids, Michigan 49503 | Anita F. McMahon<br>1646 Belmont Ave.<br>Baton Rouge, LA 70808 |
| Michael L. Jones<br>Henry & Jones, LLP<br>2902 Carlisle Street, Ste. 150<br>Dallas, TX 75204 | LARRY K. HERCULES<br>ATTORNEY AT LAW<br>1400 Preston Road, Suite 280<br>Plano, Texas 75093 | Gregory B. Gill, Jr.<br>Gill & Gill, S.C.<br>128 North Durkee St.<br>Appleton, WI 54911 |
| Laura Boyle<br>TW Telecom, Inc.<br>10475 Park Meadows, Dr. #400<br>Littleton, CO 80124 | Melissa S. Hayward<br>LOCKE LORD BISSELL& LIDDELL LLP<br>2200 Ross Avenue, Suite 2200<br>Dallas, Texas 75201<br>Counsel for the Insurers | Vincent Slusher/J. Seth Moore<br>Beirne Maynard & Parsons, LLP<br>1700 Pacific Ave., Ste. 4400<br>Dallas, TX 75201<br>Attys for Theilert Aircraft Engines GMBH |
| Mary Frances Durham<br>U.S. Department of Justice<br>Office of the United States Trustee<br>1100 Commerce Street, Room 976<br>Dallas, TX 75242 | Stefano Gazzola<br>Zanzi, S.p.A.<br>Corso Vercelli, 159<br>10015 Ivrea, Italy | Piyush Kakar<br>Seal Science Inc.<br>17131 Daimler<br>Irvine, CA 92614 |
| Jim Griffin<br>Hartford Aircraft Products<br>94 Old Poquonock Road<br>Bloomfield, CT 06002 | Phil Eck<br>Eck Industries, Inc.<br>1602 North 8th Street<br>Manitowoc, WI 54221-0967 | Werner Wilhelm Albus<br>Valeria de Freitas Mesquita<br>KSPG Automotive Brazil LTDA<br>Rodovia Arnaldo Julio Mauerbert,<br> n. 4000-Distrito Industrial 01<br>Nova Odessa- SP Brasil<br>Caixa Postal 91 |
| Ronald Weaver<br>Avstar<br>1365 Park Lane South<br>Jupiter, Fl 33458 | Linda Boyle<br>TW Telecom, Inc.<br>10475 Park Meadows Dr. #400<br>Littleton, CO 80124 | Susan B. Hersh<br>12770 Coit Rd. Ste. 1100<br>Dallas, TX 75251 |
| William G. Burd/Krystina N. Jiron<br>Atkinson & Brownell, PA<br>2 South Biscayne Blvd., Suite 3750<br> Miami, FL 33131 | David W. Parham,<br>Elliot Schuler & A. Swick<br>Baker & McKenzie LLP<br>2001 Ross Ave., Suite 2300<br>Dallas, TX 75201 | Timothy S. McFadden<br>LOCKE LORD BISSELL& LIDDELL LLP<br>111 South Wacker Drive<br>Chicago, IL 60606<br>Counsel for the Insurers |
| Billy G. Leonard, Jr.<br>Attorney at Law<br>1650 W. Virginia Street, Suite 211<br>McKinney, Texas 75069 | Kevin H. Good<br>Conner & Winters LLP<br>1700 Pacific Avenue<br>Suite 2250<br>Dallas, Texas 75201 | |