**Morton A. Rudberg**
**Texas Bar No. 17368000**
**6440 N. Central Expwy. Suite 516**
**Dallas, Texas 75206**
**Telephone (214) 696-2900**
**Facsimile 214) 696-2984**

**Michelle E. Shriro**
**State Bar No. 18310900**
**SINGER & LEVICK, P.C.**
**16200 Addison Road, Suite 140**
**Addison, Texas  75001**
**Telephone (972) 380-5533**
**Facsimile (972) 380-5748**
**COUNSEL FOR ROXANNE CHERRY, ET AL AND TOBY DESCH**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | **Chapter 11** |
| | § | |
| **SUPERIOR AIR PARTS, INC.** | § | **Case No. 08-36705-BJH-11** |
| | § | **Hearing Date: April 27, 2009** |
| Debtor | § | **Time: 9:00 am** |

### REPLY TO DEBTOR'S RESPONSE TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Roxanne Cherry, et al and Toby Desch (the "Cherry/Desch Plaintiffs" as defined below) and files this their Reply To Debtor's Response To Motion for Relief from the Automatic Stay (the "Motion"), and support thereof would show the Court as follows:

### I. Jurisdiction

1.    The Court has jurisdiction over the subject matter of the Motion pursuant to 11 U.S.C. §§103, 361, 362 and 363 and pursuant to 28 U.S.C. §§1334(b) and 157(b).

### II. Background

2. On December 31, 2008, Superior Air Parts, Inc. ("Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code. Debtor remains in possession of its property.

3. Movants each have various causes of action. Plaintiffs, Roxanne Cherry, Administrator of the Estate of Christopher Desch, Deceased and Toby Desch (the "Cherry/Desch Plaintiffs"), filed two different lawsuits. The first lawsuit is pending in the Circuit Court of the City of Richmond, Virginia and is styled as follows: Case No. CL08004429-00, *Roxanne Cherry, Administrator of the Estate of Christopher Desch, Deceased v. Lycoming Engines, A Division of Avco Corporation f/d/a Textron Lycoming Reciprocating Engine Division and Avco Corporation and Textron, Inc. and Teledyne Continental Motors, Inc. and Dominion Aviation Services, Inc. and Superior Air Parts, Inc.* The second lawsuit was filed in the Court of Common Pleas of Philadelphia County, Pennsylvania and was removed to the United States District Court for the Eastern District of Pennsylvania and is styled as follows: Cause No. 01765 (December Term, 2008), *Roxanne Cherry, Administrator of the Estate of Christopher Desch, Deceased and Toby Desch v. Lycoming Engines, A Division of Avco Corporation f/d/a Textron Lycoming Reciprocating Engine Division and Avco Corporation and Textron, Inc. and The Manufacturer of Magneto Clamp Lycoming Part No. 66M19385 and Interface Solutions, Inc. and Superior Air Parts* (collectively these two lawsuits are referred to herein as the "Cherry/Desch Lawsuits").

4. The Cherry/Desch Lawsuits arise from the December 10, 2006 crash of a Piper PA-32R-300 aircraft that killed prominent oncologist Christopher Desch, M.D. Dr. Desch is survived by his wife Roxeanne Cherry and their son Toby Desch. The Desches originally filed their lawsuit in Richmond County, VA on September 22, 2008 against several defendants

including Superior Air Parts, Teledyne Continental Motors, Lycoming Engines, and Dominion Aviation Services. At the time the Cherry/Desch Plaintiffs received Superior's suggestion of bankruptcy, the parties had begun discovery and a motion to transfer venue had been filed by Dominion Aviation. The Cherry/Desch Plaintiffs filed a second lawsuit in the Pennsylvania Court of Common Pleas of Philadelphia County on December 9, 2008 against several defendants including Superior Air Parts, Lycoming Engines, Interface Solutions, and the manufacturer of a certain gasket whose identity had been concealed from the plaintiffs. At the time the Cherry/Desch Plaintiffs received the Suggestion of Bankruptcy, a motion to remand was pending before the court.

5. The Cherry/Desch Plaintiffs filed their Motion For Relief From Stay (the "Stay Motion") to proceed with the Cherry/Desch Lawsuits. The Cherry/Desch Plaintiffs seek recovery only from applicable insurance, if any, and waives any deficiency or other claims against the bankruptcy estate property.

6. At the time of accident upon which the Cherry/Desch claims are based upon, the Debtor had liability insurance in place. The Company Insurance Policy (the "Policy") covers the Debtor for the period from August 1, 2006 to July 31, 2007. The accident which gave rise to the claims of the Cherry/Desch Plaintiffs occurred on December 10, 2006, which is within the period covered by the Policy.

7. The Debtor filed a response to the Stay Motion and agreed to relief from stay in connection with the portion of the Stay Motion dealing with litigation instituted by Henry Bailey, Jr., Carol Bailey et. al and Janet Innis et. al (the "Bailey/Innis Plaintiffs"). The Court has entered an agreed order granting the Bailey/Innis Plaintiffs relief from the automatic stay. The

remaining portion of the Stay Motion dealing with the Cherry/Desch Plaintiffs is set for hearing on April 27, 2009.

8. In its Response, the Debtor indicates that the insurance carrier is taking the position that it does not have to provide a defense because the Debtor has not assumed responsibility for payment of various items including deductibles, self insured retentions, reimbursement obligations and other fees and expenses as required under the terms of the policy. Due to the insurance carrier's position, the Debtor believes it cannot agree to the relief sought.

9. The position of the insurance carrier has no basis under applicable bankruptcy case law. Five courts have considered this issue and have held that the insurance carrier has no right to deny a defense to a debtor for its failure to pay the various reimbursement items. In the <u>American Safety Indemnity</u> case, the insurance company argued that it did not have an obligation to defend a claim under the policy until the Debtor paid a $25,000 self insured retention amount per claim. <u>American Safety Indemnity Company v. Official Committee of Unsecured Creditors,</u> 2006 WL 2850612 (E.D. N.Y. 2006). The District Court rejected the insurance carrier's position and determined that "[o]rdering the bankruptcy estate to pay the self insured retention in advance would be inconsistent with bankruptcy law, by giving one unsecured creditor of the bankruptcy estate priority over the others." <u>American Safety</u>, 2006 WL 2850612. See also <u>In re Ames Department Stores, Inc.</u>, 1995 WL 311764 (S. D. N.Y 1995)(Court rejected insurance carrier's position that it was not responsible for defense and payment of claim when the debtor had not paid a $50,000 deductible). See also <u>In re Amatex Corporation,</u> 107 B.R. 856 (E.D. Pa. 1989); <u>In re Grace Industries, Inc.</u>, 341 B.R. 399 (Bankr. E.D. 2006)(failure of the debtor to pay obligations under the policy does not relieve the insurance carrier of its obligations.)

10. The Policy itself also contains relevant language, which clearly states that the bankruptcy of the insured has no impact on the obligations of the insurers under the Policy. See Company Insurance Policy, Page 16, Paragraph 6. This language is very significant because it is helpful in distinguishing one of the few decisions which concludes that a self insured retention must be satisfied prior to an insurance company having an obligation to pay under the terms of a policy. In <u>Pak-Mor Manufacturing Co. v. Royal Surplus Lines Insurance Co.</u>, 2005 WL 3487723 (W.D. Tex. 2005). In the Pak-Mor case, the court relied on very specific language which conditioned the insurance companies' obligations on payment of a self insured retention. Although the Policy does contain a deductible, the Policy does not contain the specific language facing the court in <u>Pak-Mor</u>.

11. In this case, cause exists for relief from the automatic stay. The Cherry/Desch Plaintiffs are only seeking relief from the automatic stay to pursue any applicable insurance proceeds. Since the Cherry/Desch Plaintiffs are not going to pursue their claims in the bankruptcy case, the bankruptcy estate will not be harmed in any way by the granting of relief. Pursuant to the case law cited herein, the insurance company has no basis for denial of a defense to the Debtor. Accordingly, the estate is not at risk for any defense costs. See <u>In re OES Environmental, Inc.</u>, 319 B.R. 266 (Bankr. M.D. Fla. 2004)(Relief from the automatic stay is appropriate because the insurance company had a duty to defend although the self insured retention was not satisfied by a debtor).

12. Accordingly, Movants are entitled to relief from the automatic stay to allow them to exercise any of their rights and remedies as to the above described causes of action.

WHEREFORE, PREMISES CONSIDERED, Roxanne Cherry, et al and Toby Desch respectfully request that this Court order relief from the stay and for such other and further relief as they may show themselves justly entitled.

        Respectfully submitted,

        Morton A. Rudberg
        Texas Bar No. 17368000
        6440 N. Central Expwy. Suite 516
        Dallas, Texas 75206
        Tel. (214) 696-2900
        Fax  (214) 696-2984

        — and —

        SINGER & LEVICK, P.C.

        By    /s/Michelle E. Shriro
            Michelle E. Shriro
            State Bar No. 18310900

        16200 Addison Road, Suite 140
        Addison, TX 75001-5350
        Tel. (972) 380-5533
        Fax (972) 380-5748
        mshriro@singerlevick.com

        ATTORNEYS FOR HENRY W. BAILEY, JR. AND CAROLE BAILEY, ET AL AND JANET L. INNIS ET AL AND ROXANNE CHERRY, ET AL AND TOBY DESCH

## CERTIFICATE OF CONFERENCE

I hereby certify that, Morton A. Rudberg, the attorney for the above Movants advised the undersigned counsel that he spoke on numerous occasions to Bob Franke, attorney for Debtor regarding the filing of this motion and he stated that Mr. Franke advised that he was awaiting information from the Debtor regarding the insurance policies regarding the causes of action.  To date, Mr. Rudberg has not received a return call in order to resolve this matter.

/s/ Michelle E. Shriro
Michelle E. Shriro

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document will be sent via email by the undersigned counsel to the party listed below and will be electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District on this 24th day of April 2009.

/s/Michelle E. Shriro
Michelle E. Shriro

Robert.frank@strasburger.com