Vickie L. Driver
State Bar No. 24026886
Christina W. Stephenson
State Bar No. 24049535
PRONSKE & PATEL, P.C.
1700 Pacific Ave., Suite 2260
Dallas, Texas 75201
(214) 658-6500 - Telephone
(214) 658-6509 – Telecopier
Email: vdriver@pronskepatel.com
Email: cstephenson@pronskepatel.com

**COUNSEL FOR MOVANTS**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **SUPERIOR AIR PARTS, INC.** | § | **CASE NO. 08-36705-BJH-11** |
| | § | |
| Debtor. | § | Chapter 11 |

### MOTION FOR RELIEF FROM THE AUTOMATIC STAY

**THE DEBTOR SHALL FILE A RESPONSE TO THIS MOTION FOR RELIEF FROM THE AUTOMATIC STAY WITHIN 12 DAYS FROM THE SERVICE OF THIS MOTION (UNDER BANKRUPTCY RULE 9006(E) SERVICE BY MAIL IS COMPLETE UPON MAILING; UNDER BANKRUPTCY RULE 9006(F), 3 DAYS ARE ADDED TO THE PERIOD FOR FILING A RESPONSE WHEN NOTICE OF THE PERIOD FOR FILING A RESPONSE IS SERVED BY MAIL) WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, ROOM 1254, DALLAS, TEXAS 75242. THE DEBTOR'S RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED. IF THE DEBTOR DOES NOT FILE A RESPONSE AS REQUIRED, THE ALLEGATIONS IN THIS MOTION FOR RELIEF FROM THE AUTOMATIC STAY SHALL BE DEEMED ADMITTED, UNLESS GOOD CAUSE IS SHOWN WHY THESE ALLEGATIONS SHOULD NOT BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.**

**ABSENT COMPELLING CIRCUMSTANCES, EVIDENCE PRESENTED AT PRELIMINARY HEARINGS IN THE DALLAS DIVISION ON MOTIONS FOR RELIEF FROM THE AUTOMATIC STAY WILL BE BY**

**AFFIDAVIT ONLY. THE PARTY REQUESTING THE HEARING MUST SERVE EVIDENTIARY AFFIDAVITS AT LEAST SEVEN DAYS IN ADVANCE OF SUCH A HEARING; THE RESPONDING PARTY MUST SERVE EVIDENTIARY AFFIDAVITS AT LEAST FORTY-EIGHT HOURS IN ADVANCE OF SUCH HEARING; THE PARTY REQUESTING THE HEARING IS RESPONSIBLE FOR MAKING SURE ALL OTHER HEARING PARTICIPANTS KNOWN TO SUCH PARTY ARE AWARE OF LOCAL RULE 4001.1. FAILURE OF AN ATTORNEY TO ATTEND A SCHEDULED AND NOTICED PRELIMINARY HEARING MAY BE GROUNDS FOR DEFAULT RELIEF REGARDLESS OF THE PRESENCE OR ABSENCE OF AFFIDAVITS.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Movants, (the "Whitefield and Hughes Plaintiffs," the "Reser Plaintiffs," the "Kirkwood Plaintiffs" and the "Zadow Plaintiff," as defined below), file this their Motion for Relief from the Automatic Stay (the "Motion") pursuant to 11 U.S.C. § 362 and in support thereof would respectfully show the Court as follows:

## I.    JURISDICTION AND VENUE

1. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334(b).

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), and (G).

3. Venue of this matter properly lies in the Northern District of Texas pursuant to 28 U.S.C. § 1409(a).

4. The relief requested herein may be granted in accordance with the provisions of 11 U.S.C. §§ 105(a) and 362 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 4001(a) of the Federal Rules of Bankruptcy Procedure.

## II.    BACKGROUND

5. Debtor Superior Air Parts, Inc. ("Debtor") commenced this bankruptcy case by filing a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11

U.S.C. § 101 et seq. on or about December 31, 2008 (the "Petition Date"). Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, Debtor is a debtor in possession and is authorized to operate and manage its business.

### *Whitefield & Hughes v. Superior Air Parts, et al.*

6. On November 4, 2006, Justin Whitefield, Branden Hughes and one other person were killed when the aircraft in which they were flying crashed near Danville, Arkansas. The aircraft was a Piper PA-32-300, and its FAA Registration Number was N15852. The crash was caused by an in-flight failure of the subject aircraft's engine, which was the result of, among other things, the separation of one or more of the engine's cylinders, connecting rods and/or the failure of one or more related parts. Prior to the crash, the engine was overhauled and outfitted with the Debtor's parts and components, including the connecting rod bolts and related equipment.

7. Clyda Whitefield (as personal representative of the Estate of Justin Whitefield), Mark Hughes, Amy Hughes and Brandt Hughes (through Amber Henson, his Next Friend, as Next of Kin of Branden Hughes) (collectively, the "Whitefield and Hughes Plaintiffs") filed suit against the Debtor, among other Defendants, in the District Court of Pontotoc County, State of Oklahoma, Case No. CJ-2008-864 on August 18, 2008. The Whitefield and Hughes Plaintiffs' causes of action against the Debtor include negligence, strict products liability, and breach of warranty. As of the Petition Date, discovery in the case had not yet been conducted.

### *Reser v. Superior Air Parts, et al.*

8. On November 4, 2006, Jennifer Parton was a passenger in an aircraft that was owned by Justin Whitefield and Jeremy Rich, and believed to be operated by Brandon Hughes. Jennifer Parton was killed when the aircraft in which they were flying crashed near Danville,

Arkansas. The crash was caused by an in-flight failure of the subject aircraft's engine. Prior to the crash, the engine was overhauled and outfitted with the Debtor's parts and components.

9. Chris Reser (as Father and Guardian of Logan Scott Reser, a minor, and Taylor Shalom Reser, a minor; as personal representative of the Estate of Jennifer Parton; and on behalf of the Legal Heirs of the Estate of Jennifer Parton) (the "Reser Plaintiffs") filed suit against the Debtor, among other Defendants, in the District Court of Pontotoc County, State of Oklahoma, Case No. CJ-2008-812 on November 3, 2008. The Reser Plaintiffs' causes of action against the Debtor include negligence, products liability, and breach of warranty. As of the Petition Date, discovery in the case had not yet been conducted.

### *Kirkwood v. Superior Air Parts, et al.*

10. On August 10, 2005, Ricky Manning as killed when the Bell OH-58A helicopter he was piloting crashed. The investigation of the crash revealed that the power turbine output shaft to pinion gear coupling had fractured. Metallurgical examination of the broken coupling by the National Transportation Safety Board showed evidence of fatigue. Debtor, by itself and through several subcontractors, was responsible for the design and manufacture of the failed coupling.

11. Cheryl Kirkwood (individually and as guardian ad litem of Cory Manning, a minor, as successor in interest and as personal representative of the Estate of Ricky Manning) and Taylor Manning (individually, as successor in interest and as a personal representative of the Estate of Ricky Manning) (the "Kirkwood Plaintiffs") filed suit against the Debtor, among other Defendants, in the Superior Court of the State of California for the County of Los Angeles, Northern District, Case No. MC018515 on September 12, 2007. The Kirkwood Plaintiffs'

causes of action against the Debtor include negligence, products liability and breach of warranty. As of the Petition Date, discovery was underway in the case.

### *Zadow v. Superior Air Parts, et al.*

12.   On May 24, 2005, Alfred W. Zadow was piloting a Cessna R182 aircraft, registration number N756PN ("subject aircraft"), on a planned flight from Malone, New York to Islip, New York when Alfred W. Zadow reported "an oil pressure problem" to New York Approach Control and that "the engine is seizing." Soon thereafter Mr. Zadow told New York Approach Control that "we've lost all power." The subject aircraft subsequently crashed in New Fairfield, Connecticut, resulting in severe personal injuries to and the death of Alfred W. Zadow and his spouse-passenger Donna M. Zadow. The Debtor supplied replacement and component parts for Lycoming aircraft engines, including but not limited to, connecting rod bearings, as installed in the subject aircraft's engine.

13.   Elizabeth Luyster (as Executor and Administrator of the Estates of Alfred W. Zadow and Donna M. Zadow) (the "Zadow Plaintiff") filed suit against the Debtor, among other Defendants, in the United States District Court, Southern District of New York, Case No. 06 CV 4166 on March 30, 2007. The Zadow Plaintiff's causes of action against the Debtor include negligence, strict liability and breach of warranty. As of the Petition Date, discovery was underway in the case.

### III.   ARGUMENT AND AUTHORITIES

#### A.   Introduction

14.   The fundamental purpose of the automatic stay is to give the debtor a breathing spell and time to work constructively with its creditors to propose a plan of reorganization. *United States Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd. (In re Timbers of Inwood Forest Assocs., Ltd.)*, 808 F.2d 363, 370 (5th Cir. 1987) (citing H.R. Rep. No. 595, 95th

Cong., 2d Sess. 174, reprinted in 1978 U.S. Code Cong. & Ad. News 5963, 6135). However, relief from this stay is permitted by the provisions of 11 U.S.C. §362(d).

15. On April 30, 2009, the Debtor filed a Motion to Extend Exclusivity Period (Docket No. 194), requesting a 15 day extension of the period, to May 15, 2009. Therefore, Movants submit that the Debtor has had adequate time to work with its creditors to propose a plan of reorganization, and thus the fundamental purpose of the automatic stay would not be served by denying the relief requested in this motion.

### B. Relief From the Stay Is Warranted Under Section 362(d)(1) of the Bankruptcy Code.

16. Section 362(d)(1) of the Bankruptcy Code provides that the court shall grant relief from the automatic stay for cause. 11 U.S.C. § 362(d)(1). The Bankruptcy Code itself does not define what constitutes cause for purposes of relief from the automatic stay. Accordingly, the Sixth Circuit employs a "totality of the circumstances" test under which bankruptcy courts "must determine whether discretionary relief is appropriate on a case-by-case basis." *In re Trident*, 52 F.3d 127, 131 (6th Cir.1995). Cause "is a broad and flexible concept which permits a bankruptcy court, as a court of equity, to respond to inherently fact-sensitive situations." *In re Indian Rivers Estates, Inc*., 293 B.R. 429, 433 (Bankr. N.D. Ohio 2003) (Speer, J.).

17. Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movants' relief from stay to proceed with pursuit of rights and remedies related to their claims in a non-bankruptcy forum. Movants' claims are covered by the Debtor's insurance policy. Movants seek recovery primarily from applicable insurance and waive any deficiency or other claims against the bankruptcy estate.[1]

---

[1] Though Movants waive any deficiency or other claims against the bankruptcy estate, Movants reserve any rights they may have against Superior Air Parts, Inc. to the extent necessary to preserve their claims against the insurance policies.

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY – Page 6**

18.     Requiring the Movants to forego prosecution of their claims until such time as the stay is no longer in effect would effectively deny them an opportunity to be heard. "The mere filing of a bankruptcy petition cannot, in and of itself, erase a plaintiff's claim, their opportunity to litigate, or the fact that a debtor may be liable to the plaintiff in some amount." *In re Bock Laundry Machine Co.*, 37 B.R. 564, 567 (Bankr. N.D. Ohio 1984).

19.     Suspension of Movants' ability to pursue their rights and remedies in a non-bankruptcy forum would work a substantial hardship on their opportunity to adequately prosecute their claims.  Because of the Debtor's insurer's obligation to defend under the insurance policy, the Debtor will not be unduly burdened with litigation.  Courts have regarded the opportunity to litigate the issue of liability as a significant right which cannot be easily set aside, despite the existence of a bankruptcy proceeding.  *See, In re Continental Airlines, Inc.*, 61 B.R. 758 (S.D. Tex. 1986); *Matter of Holtkamp*, 669 F.2d 505 (7th Cir. 1982); *Elliot v. Hardison*, 25 B.R. 305 (D.C.E.D. Va. 1982); *In re Honosky*, 6 B.R. 667 (Bankr. S.D. W.Va. 1980); and *In re Bock Laundry Machine Co.*, 37 B.R. 564 (Bankr. N.D. Ohio 1984). Therefore, Movants request relief from the automatic stay in order to pursue all rights and remedies related to their above described causes of action.

**WHEREFORE, PREMISES CONSIDERED**, Movants respectfully request that the Court enter an Order granting Movants relief from the automatic stay in order to pursue their state law rights and for such other and further relief to which Movants may show themselves justly entitled.

Dated: May 13, 2009                                     Respectfully submitted,

                                                  By:    /s/ _Vickie L. Driver_____
Vickie L. Driver
Texas Bar No. 24026886
Christina W. Stephenson
Texas Bar No. 24049535
PRONSKE & PATEL, P.C.
1700 Pacific Avenue, Suite 2260
Dallas, Texas 75201
Telephone: 214.658.6500
Facsimile: 214.658.6509
Email: vdriver@pronskepatel.com
Email: cstephenson@pronskepatel.com

**COUNSEL FOR MOVANTS**

**CERTIFICATE OF CONFERENCE**

I, the undersigned, hereby certify that, on May 12, 2009 I conferred with counsel for Debtor regarding the relief requested in the foregoing motion. Counsel for Debtor indicated that Debtor is opposed to the relief sought in this motion at this time.

/s/    Vickie L. Driver_____
Vickie L. Driver

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that, on May 13, 2009 I caused to be served the foregoing pleading upon the parties on the Master Service List attached hereto via electronic transmission and/or United States mail, first class delivery.

/s/ __Vickie L. Driver_____
Vickie L. Driver