David W. Parham
State Bar No. 15459500
Elliot D. Schuler
State Bar No. 24033046
R. Adam Swick
State Bar No. 24051794
Baker & McKenzie
2300 Trammel Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 978-3000
Facsimile: (214) 978-3099

**ATTORNEYS FOR THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **Case No. 08-36705-BJH-11** |
| **SUPERIOR AIR PARTS, INC.** | § | |
| | § | **Hearing Date:  June 24, 2009** |
| DEBTOR-IN POSSESSION. | § | **Hearing Time:  3:00 p.m.** |
| | § | |

### APPLICATION OF BAKER MCKENZIE LLP, COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS ,FOR INTERIM ALLOWANCE OF ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF JANUARY 29, 2009 THROUGH MAY 15, 2009

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, DALLAS, TEXAS 75242, BEFORE THE DATE WHICH IS TWENTY (20) DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN.  IF A RESPONSE IS FILED, A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE**

1

**UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING
THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

Pursuant to 11 U.S.C. §§ 328, 330 and 331, Rule 2016 of the Federal Rules of Bankruptcy Procedure, the Retention Order (as defined below), and the Local Rules for the United States Bankruptcy Court for the Northern District of Texas, the law firm of Baker & McKenzie LLP ("B&M"), counsel for the Official Committee of Unsecured Creditors (the "Committee"), hereby applies (the "Application") for an order allowing it the following compensation and reimbursement on an interim basis: (i) $218,937.50 for the reasonable and necessary services B&M has rendered to the Committee during the period from January 29, 2009 through May 15, 2009 (the "Application Period"); and (ii) reimbursement for the actual and necessary expenses incurred in the amount of $2,505.68 for the Application Period. In support of this Application, B&M respectfully states as follows:

## I.
## JURISDICTION

1.      This Court exercises jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.
## BACKGROUND

2.      This case was commenced by the filing of a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division on December 31, 2008 (the "Petition Date"). Since the Petition Date, the Debtor has continued to operate their businesses as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2

DALDMS/661642.2

3.      On or about January 29, 2009, the United States Trustee certified and appointed

the Committee in accordance with Section 1102(a)(1) of the Bankruptcy Code. The members of

the Committee,  as amended, include (1) AVStar Aircraft Accessories, Inc., represented by

Ronald J. Weaver , (2) Eck Industries, Inc., represented by Phil Eck, (3) KSPG Automotive

Brazil LTDA, represented by Werner Wilhelm Albus and Valeria de Freitas Mesquita, (4)

Hartford Aircraft Products represented by Jim Griffin, (5) Seal Science, Inc., represented by

Piyush Kakar, and (6) Zanzi, S.P.A.,  represented by Stefano Gazzola.

4.      On or about January 29, 2009, the Committee interviewed and voted to retain

B&M as its legal counsel to represent it and advise the Committee on matters arising in the case.

5.      By this Court's Order dated April 7, 2009, the Committee was authorized to retain

B&M, under 11 U.S.C. § 328(a), as counsel effective as of January 29, 2009 (the "Retention

Order").

6.      The Retention Order authorizes the Debtors to compensate B&M in accordance

with the procedures set forth in sections 330 and 1103(a) of the Bankruptcy Code.

7.      As disclosed in the Declaration of David W. Parham filed in support of the

Application to Employ and Retain Baker & McKenzie as Counsel (the "Affidavit") filed on or

about February 4, 2009, B&M does not hold or represent any interest adverse to the estate with

respect to the matters for which B&M is employed.

8.      B&M may have in the past represented, may currently represent, and likely in the

future will represent, parties-in-interest in connection with matters unrelated to this Case.  In the

Affidavit, B&M disclosed its connections to parties-in-interest.  B&M will update the Affidavit,

as necessary, if B&M becomes aware of material new information.

9.     B&M performed the services for which it is seeking compensation on behalf of the Committee.

10.    Except as provided herein or in the application to retain B&M, B&M has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with this Case.

## III.
## REASONABLE AND NECESSARY SERVICES RENDERED BY BAKER & MCKENZIE — GENERALLY

11.    This is the first application for interim compensation that B&M has filed with the Bankruptcy Court in the Case, and it covers fees and expenses from January 29, 2009 through May 15, 2009.

12.    B&M has acted as the Committee's general counsel on all matters.  Since its employment, B&M has provided the following professional services to the Committee:

(a)    Advise the Committee with respect to its statutory powers and duties;

(b)    Advise the Committee and consult with the Debtor concerning the administration of the Debtor's estate;

(c)    Assist the Committee in its investigation of the acts, conduct, assets, liabilities and financial condition of the Debtor, the operation of the Debtor's business and the desirability of the continuance of such business and any other matters relevant to the case or to the formulation of a plan(s) of reorganization or liquidation;

(d)    Advise the Committee regarding the formulation of a plan(s) of reorganization for the Debtor;

(e)    Prepare and defend, on the Committee's behalf, any and all necessary and appropriate motions and legal papers;

4

(f)     Investigate potential claims against insiders;

(g)     Represent the Committee in all matters before this Court; and

(h)     Perform any and all other and further legal services as may be necessary and appropriate to protect all unsecured creditors.

13.     In accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the U.S. Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (the "UST Guidelines"), B&M submits herewith, as **Exhibit "A"** through **Exhibit "G"**, the invoices that show the detailed itemization and description of the services that B&M rendered during the Application Period (the "Fee Statements").

14.     The Fee Statements included in the Application Period (a) identify the individuals that rendered services; (b) describe each activity or service that each individual performed; and (c) state the number of hours (in increments of one-tenth of an hour) spent by each individual providing the services.

15.     Due to the nature of B&M's employment as counsel during the Application Period, the Fee Statements are separated into 7 categories:  (1) Committee Representation; (2) Employment and Fee Applications; (3) Potential Sales; (4) Claims Analysis; (5) Plan Issues;  (6) Committee Communications and (7) Antitrust Issues.

16.     The professional services rendered by B&M to the Committee in this Chapter 11 case required an expenditure of substantial time and effort.  From January 29, 2009, through and including May 15, 2009, B&M's attorneys and paraprofessionals expended 522.1 hours rendering legal services to the Committee.

5

17.     Simultaneously herewith, B&M submitted, as **Exhibit "H"**, its Summary of this Application (the "Summary").   The Summary identifies each of the B&M attorneys, paraprofessionals and clerks who performed services on behalf of the Committee and their respective hourly billing rates, the number of hours spent and the fees billed during the Application Period.   The Summary sets forth all of the time for which compensation is sought for services performed by B&M's attorneys and paraprofessionals during the Application Period, and the same is included in the following table:

| Name, Position, Year Employed at Position, Year of | Location | Bill Hours | Rate | Bill Amount |
|---|---|---|---|---|
| Wendi J. Wheeler, Paralegal | Dallas | 2.4 | 155 | $          372.00 |
| David W. Parham, Partner, 2002, 1981 | Dallas | 121.3 | 555 | 67,321.50 |
| Elliot D. Schuler, Associate 2003, 2001 | Dallas | 317.8 | 410 | 130,298.00 |
| Mari L. Adams, Paralegal | Dallas | 16 | 140 | 2,240.00 |
| Randall A. Swick, Associate, 2006, 2006 | Dallas | 14.4 | 305 | 4,392.00 |
| Sandy Dixon, Paralegal | Dallas | 39.2 | 205 | 8,036.00 |
| David J. Laing, Partner, 2001, 1988 | Washington, D.C. | 7.8 | 610 | 4,758.00 |
| John J. Fedele, Associate, 2008, 2003 | Washington, D.C. | 3.2 | 475 | 1,520.00 |
| **GRAND TOTALS** | | **522.1** | **419.34** | $       **218,937.50** |

6

18.    Recognizing the costs of legal services, B&M endeavored to provide a continuity of service to the Committee with respect to the professionals performing services in order to avoid duplication of time and effort.

19.    In accordance with Bankruptcy Rule 2016, B&M herewith provides project-specific descriptions of the services performed by B&M as follows:

(i)    *Committee Representation*

20.    During the Application Period, B&M professionals spent 120.1 hours, representing $46,830.00 in fees, on general matters, relating to work, which was not appropriate in any other category.

(ii)    *Employment and Fee Applications*

21.    During the Application Period, B&M spent 24.9 hours, representing $9,136.50 in fees, on preparing B&M and other professionals employment and fee applications.

(iii)    *Potential sales*

22.    During the Application Period, B&M spent 83.5 hours, representing $36,716.50 in fees, in connection with potential sales of the Debtors assets under section 363 of the Bankruptcy Code, including but not limited to due diligence, review of sale documents, negotiations with buyers and counterparties, drafting necessary sale pleadings and orders, and attending auctions and hearings.

(iv)    *Claims Analysis*

23.    During the Application Period, B&M professionals spent 117.1 hours, representing $44,433.00 in fees, performed in connection with evaluating the claims made against the estate as well as any potential objections and/or causes of action to equitably subordinate or recharacterize certain claims.

7

(v)    *Plan Issues*

24.    During the Application Period, B&M professionals spent 65.2 hours, representing $31,055.00 in fees, negotiating and reviewing the terms of proposed plans of reorganization.

(vi)    *Committee Communications*

25.    During the Application Period, the B&M spent 87 hours, representing $38,734.50 in fees preparing for and participating in various Committee meetings.

*(vii)    Antitrust Issues*

26.    During the Application Period, B&M professionals spent 24.3 hours, representing $12,032.00 in fees, in connection with the investigation of potential antitrust issues related to the sale of assets to certain entities and negotiations with same and related governmental entities.

27.    In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given:  (a) the complexity of the Case; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

## IV.
## ACTUAL AND NECESSARY EXPENSES

28.    It is B&M's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client.  It is also B&M's policy to charge its clients only the amount actually incurred by B&M in connection with such items.  Examples of such expenses are postage, overnight mail, courier delivery, transportation, overtime expenses, computer assisted legal research, photocopying, outgoing facsimile transmissions, airfare, meals

8

DALDMS/661642.2

and lodging.  With respect to airfare expenses, all travel, by all individuals, is billed at the coach

class rate.

29.     In order to ensure the compliance with all applicable deadlines in this Case, B&M

utilizes the services of overtime secretaries.  B&M charges fees for these services pursuant to the

prepetition engagement letter between B&M and the Committee (the "Engagement Letter"),

which permits B&M to bill the Committee for overtime secretarial charges that arise out of

business necessity.

30.     B&M charges: (a) $0.10 per page for standard duplication; and (b) $1.00 per page

for outgoing telecopier transmissions (plus any applicable long distance charges).  B&M does

not charge its clients for incoming telecopier transmissions.  B&M has negotiated a discounted

rate for Lexis Nexis computer assisted legal research, and B&M passes on only the actual cost to

the client.  Computer assisted legal research is used whenever the researcher determines that

using Lexis Nexis is more cost effective than using traditional (non-computer assisted legal

research) techniques.

31.     A statement of expenses by type, as well as a detailed itemization and description

of the disbursements made by B&M on the Committee's behalf during the Application Period is

attached as **Exhibit "I"**.  All of these disbursements comprise the requested sum for B&M's out-

of-pocket expenses and total $2,505.68 for the Application Period.

**REPRESENTATIONS**

32.     Although every effort has been made to include all fees and expenses incurred in

the Application Period, some fees and expenses might not be included in this Application due to

delays caused by accounting and processing during the Application Period.  B&M reserves the

right to make further application to this Court for allowance of such fees and expenses not

9

included herein.  Subsequent fee applications will be filed in accordance with the Bankruptcy

Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

## SUMMARY

33.   B&M requests interim approval of its fees and expenses incurred during the

Application Period in the total amount of $221,443.18 consisting of (a) $218,937.50 incurred by

the Committee for reasonable and necessary professional services rendered by B&M, and

(b) $2,505.68 for actual and necessary costs and expenses.

WHEREFORE, B&M requests that it be allowed interim payment and reimbursement for

its fees and expenses incurred during the Application Period and that such fees and expenses be

paid as administrative expenses of the estates.

DATED:   May 22, 2009
         Dallas, Texas

                                      Respectfully submitted,

                                      **BAKER & McKENZIE LLP**

                                      By: /s/ Elliot D. Schuler
                                            David W. Parham
                                            State Bar No. 15459500
                                          Elliot D. Schuler
                                          State Bar No. 24033046
                                          R. Adam Swick
                                          State Bar No. 24051794
                                    2300 Trammell Crow Center
                                      2001 Ross Avenue
                                      Dallas, Texas 75201
                                      Telephone: (214) 978-3000
                                      Facsimile: (214) 978-3099

                                      **ATTORNEYS FOR THE OFFICIAL**
                                      **COMMITTEE OF UNSECURED CREDITORS**

10

## CERTIFICATE OF SERVICE

On this the 21st day of May 2009, the undersigned attorney hereby certifies that he caused a true and correct copy of the foregoing Application to be served upon the persons or entities through the Court's ECF system and via United States mail, first-class postage pre-paid and properly addressed upon those identified below and those indicated as not receiving electronic notice on the ECF Receipt.  Copies of the Exhibits may be reviewed through Pacer or by requesting them from Baker & McKenzie LLP.

| | |
|---|---|
| Stephen Roberts<br>STRASBURGER & PRICE, LLP<br>600 Congress Avenue, Suite 1600<br>Austin,Texas 78701 | Mary Frances Durham<br>Trial Attorney for the Office of the United<br>States Trustee<br>1100 Commerce Street, Room 976<br>Dallas, TX  75242 |
| Charles B. Dedmon<br>5706 Hagen Court<br>Dallas, Texas 75252 | Ronald J. Weaver<br>AVStar Aircraft Accessories, Inc.<br>1365 Park Lane South<br>Jupiter, Florida 33458 |
| Phil Eck<br>Eck Industries<br>1602 North 8th Street<br>Manitowoc, Wisconsin 54221-0967 | Werner Wilhelm Albus<br>Valeria de Freitas Mesquita<br>Rodovia Arnaldo Julio Mauerbrut, n. 4000-<br>Distrito Industrial 01<br>Nova Odessa – SP Brasil<br>Caixa Postal 91 |

/s/ Elliot D. Schuler
Elliot D. Schuler

11

DALDMS/661642.2