STEPHEN A. ROBERTS
STATE BAR NO. 01701920
ROBERT P. FRANKE
STATE BAR NO. 07371200
DUANE J. BRESCIA
STATE BAR NO. 24025265
STRASBURGER & PRICE, LLP
600 CONGRESS AVE., SUITE 1600
AUSTIN, TEXAS 78701-2974
(512) 499-3600
(512) 499-3660 FAX

ATTORNEYS FOR DEBTOR SUPERIOR AIR PARTS, INC.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § | Case No. 08-36705 |
| SUPERIOR AIR PARTS, INC., | § § | Chapter 11 |
| Debtor. | § § § § | Preliminary Hearing: June 2, 2009<br>Time: 1:30pm |

## DEBTOR'S RESPONSE TO THE MOTION FOR RELIEF FROM THE STAY
## FILED BY WHITEFIELD/HUGHES, RESER, KIRKWOOD AND ZADOW PLAINTIFFS

TO:   THE HONORABLE COURT:

Superior Air Parts, Inc., Debtor and Debtor-in-Possession ("Debtor") responds to the Motion for Relief from the Automatic Stay filed by Clyda Whitefield and Mark Hughes, et al (Whitefield/Hughes) and Chris Reser, et al (Reser) and Cheryl Kirkwood, et al (Kirkwood) and Elizabeth Luyster (Zadow Plaintiff) ("collectively Movants") to allow them to continue prosecuting their pending causes of action and exercise their respective rights and remedies as to the causes of action and in support would respectfully show:

1

**I.**

**JURISDICTION**

1.      On December 31, 2008, (the "Petition Date"), Debtor field a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court").  The Debtor continues to operate its business and manage its properties and assets as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.  An unsecured creditors committee has been appointed in the case.

2.      The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.  This Motion involves a core proceeding pursuant to 28 U.S.C. § 157(b).

3.      Venue is proper with the Bankruptcy Court pursuant to 28 U.S.C. § 1408.

**II.**
**BACKGROUND**

4.      The Debtor is a Texas corporation with its offices and operating facilities located in Coppell, Dallas County, Texas.  It is one of the largest suppliers of parts under Federal Aviation Administration's ("FAA") Parts Manufacturer Approval ("PMA") regulations for piston engines.  It provides Superior-brand parts for engines created by two primary original equipment manufacturers ("OEMs"), the Continental division of Teledyne, Inc. and the Lycoming division of Textron, Inc.  Its customers are companies that perform maintenance and overhaul work in the general aviation industry.  The Debtor is also an OEM for the (i) 180-horsepower Vantage Engine and (ii) Superior or owner-built XP-360 Engine for various aircraft companies.

2

5. On December 30, 2008, the Debtor entered into an asset purchase agreement ("APA") with Avco Corporation ("Avco"), a wholly-owned subsidiary of Textron, Inc, wherein Avco agreed to buy substantially all of the Debtor's assets, subject to adjustments for inventory reductions. One of the conditions of the purchase agreement was that the purchase be consummated through a Chapter 11 bankruptcy proceeding. This Chapter 11 case was filed to liquidate the assets of the Debtor and to obtain the highest and best price for creditors, either through the APA with Avco, or a public auction.

6. The Bankruptcy Court approved Superior's Expedited Motion to Approve Bid Procedures for Sale of Substantially All of Debtor's Assets Free and Clear of Liens (Docket No. 43). Under the bid procedures, the auction of the Superior's assets was held beginning on February 24, 2009 and continued on February 26, 2009. At the conclusion of the auction, the Debtor rejected both the offers of two Qualified Bidders because neither was in the best interest of the Debtor, its estate and its creditors.

7. On May 15, 2009 the Debtor filed its Disclosure Statement and Plan of Reorganization.

### III.
### LEGAL STANDARD

8. Section 362(a)(1) of the Bankruptcy Code provides in relevant part as follows:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302 or 303 of this title . . . operates as a stay, applicable to all entities, of-
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before

3

the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

9. The legislative history of section 362 of the Code indicates that Congress intended for the scope of the automatic stay to be broad to effectuate its purpose:

> The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

H.R. Rep. No. 595, 95th Cong., 1st Sess. 340 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 49 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5840-41, 5963.

10. The automatic stay is intended to give the debtor a "breathing spell" after the commencement of a chapter 11 case, shielding debtors from creditor harassment and a multitude of litigation in a variety of forums at a time when the debtor's personnel should be focusing on restructuring. *See, e.g., S.I. Acquisition, Inc. v. Eastway Delivery Service, Inc. (In re S.I. Acquisition, Inc.)*, 817 F.2d 1142, 1146 (5th Cir. 1987). The automatic stay broadly extends to all matters which may have an effect on a debtor's estate, enabling bankruptcy courts to ensure that debtors have the opportunity to rehabilitate and reorganize their operations. *See, e.g. Manville Corp. v. Equity Security Holders Comm. (In re Johns-Manville Corp.)*, 801 F.2d 60, 62, 63-64 (2d Cir. 1986).

11. The party seeking to lift or modify the automatic stay bears the initial burden to show cause why the stay should be lifted. In fact, "[i}f the Movant fails to make an initial showing of cause . . . the court should deny relief without requiring any showing from the debtor that it is entitled to continued protection." *See Sonnax Industries v. Tri Component Products Corp. (In re Sonnax Industries),* 907 F.2d 1280,

4

1285 (2d Cir. 1990); *Mooney v. Gill,* 310 B.R. 543, 547 (N.D. Tex. 2002); *In re Gramercy Court, Ltd.*, 2007 WL 2126493, at *5 (Bankr. S.D. Tex. July 19, 2007)

12. The Second Circuit, in *In re Sonnax Industries*, established a number of factors to be considered in deciding whether to modify the automatic stay to permit litigation to continue in another forum including:

(1) whether the debtor's insurer has assumed full responsibility for defending the litigation;
(2) the interests of judicial economy and the expeditious and economical resolution of litigation; and
(3) the impact of the stay on the parties and the balance of the harms;

See *In re Sonnax Industries*, 907 F.2d at 1286.

## IV.
## DEBTOR'S RESPONSE

13. Although the Movants state in their motion that they seek recovery only from applicable insurance, and waive any deficiency or other claims against the Debtor's bankruptcy estate property, they also state that they reserve any rights that they may have against the Debtor to the extent necessary to preserve their claims against the insurance policies.

14. The underlying policies for the Movants' claims provide for deductibles, self insured retentions, reimbursement obligations, fees and expenses and related costs that the insurance carrier has stated in its proof of claim filed in this case are the responsibility of the Debtor. The lead insurance carrier for the syndicate that issued the policies has expressed the opinion through counsel that the Debtor's failure to assume responsibility for the payment of those items is a condition precedent of the carriers' obligation to continue to provide a defense on behalf of the Debtor in the litigation initiated by the Movants. Consequently there are no assurances by the insurance

5

carriers that issued the applicable polices subject of the claims of the Movants and that they will assume, or have assumed, financial responsibility for defending the Debtor in those lawsuits.

15. The Debtor has provided for the treatment of the obligations to insurance carriers in its Plan of Reorganization. At a minimum the stay should remain in place until a decision is made regarding the confirmation of the plan.

16. If the insurance carriers will not confirm to the Debtor that it will assume the financial responsibility for defending the litigation and indemnifying the Debtor for amounts in excess of deductibles, despite the existence of the alleged reimbursement obligations, fees and deductibles, prior to the plan confirmation the Debtor may have no alternative but to file appropriate actions for a declaratory judgment to establish that such a duty and obligation exists despite its bankruptcy filing. Without the agreement of the underlying carrier or a declaration that the carrier has that responsibility, if this stay is lifted the Debtor and the bankruptcy estate will be faced with incurring unnecessary legal expense and costs of litigation associated with providing a defense. The termination of the stay to allow the prosecute of the Movants' actions would unduly burden the resources of the Debtor's estate and hamper its efforts to confirm its plan of reorganization.

WHEREFORE, the Superior Air Parts, Inc. requests the Court deny Movants' Motion and grant the Debtor such other and further relief as is just.

2771865.1/SP/20354/0102/052209

Dated: May 22, 2009.

        Respectfully submitted,

        /s/ Robert P. Franke__
        Stephen A. Roberts (SBN 17019200)
        Duane J. Brescia (SBN 24025265)
        **STRASBURGER & PRICE, LLP**
        600 Congress, Suite 1600
        Austin, Texas 78701
        Tel. (512) 499-3600  /  Fax (512) 499-3643
        stephen.roberts@strasburger.com
        duane.brescia@strasburger.com

        Robert P. Franke
        STATE BAR NO. 07371200
        **STRASBURGER & PRICE, L.L.P.**
        901 Main Street, Suite 4300
        Dallas, TX 75202
        214-651-4300 – Telephone
        214-651-4330 – Facsimile
        robert.franke@strasburger.com

        **ATTORNEYS FOR DEBTOR SUPERIOR AIR PARTS, INC.**

## CERTIFICATE OF SERVICE

       The undersigned certifies that true and correct copies of the foregoing pleading were served on the parties listed below and on the attached service list by filing the Response via the Court's electronic noticing system (ECF) to the parties receiving notice via ECF or first class U.S. Mail, postage prepaid, on the 22 day of May, 2009.

Vickie L. Driver
Pronske & Patel, P.C.
1700 Pacific Ave., Suite 2260
Dallas, Texas 75201

        */s/ Robert P. Franke*
        Robert P. Franke

2771865.1/SP/20354/0102/052209

| | | |
|---|---|---|
| Superior Air Parts, Inc.<br>621 S. Royal Lane, Suite 100<br>Coppell, TX 75019-3805 | Mary Frances Durham<br>Office of the US Trustee<br>1100 Commerce Street, Rm 976<br>Dallas, Texas 75242-1496 | Mahle Engine Components USA<br>60428 Marne Road<br>Atlantic, IA 50022-8291 |
| KS-Pistoes<br>Rodovia Arnald, Julio Mauerberg<br>4000 Districto Industrial<br>Nova Odessa-SP Brasil<br>CAIXA Postal 91, CEP 13460-000 | ECK Industries, Inc.<br>1602 North 8th Street<br>Manitowoc, WI 54221-0967 | Airsure Limited<br>15301 Spectrum Drive, #500<br>Addison, TX 75001 |
| Helio Precision Products<br>601 North Skokie Highway<br>Lake Bluff, IL 60044 | Hartford Aircraft Products<br>94 Old Poquonock Road<br>Bloomfield, CT 06002 | Crane Cams<br>530 Fentress Blvd.<br>Daytona Beach, FL 32114 |
| Ace Grinding & Machine Company<br>2020 Winner Street<br>Walled Lake, MI 48390 | Genesee Stamping & Fabricating<br>1470 Avenue T<br>Grand Prairie, TX 75050-1222 | Corley Gasket Co.<br>6555 Hunnicut Road<br>Dallas, Texas 75227 |
| Lynden International<br>1800 International Blvd, #800<br>Seattle, WA 98188 | Saturn Fasteners, Inc.<br>425 S. Varney St.<br>Burbank, CA 91502 | Automatic Screw Machine<br>709 2nd Avenue SE<br>Decatur, AL 35601 |
| AOPA Pilot<br>P.O. Box 973<br>Frederick, MD 21701 | Combustion Technologies, Inc.<br>1804 Slatesville Road<br>Chatham, VA 24531 | Champion Aerospace, Inc.<br>1230 Old Norris Road<br>Liberty, SC 29657-0686 |
| Ruhrtaler Gesenkschmiede<br>F.W. Wengler GMBH & Co., KG<br>Felderstrasse 1<br>Witten, Germany 58456 | Ohio Gasket & Shim<br>976 Evans Ave.<br>Akron, OH 44305 | Gerhardt Gear<br>133 East Santa Anita<br>Burbank, CA 91502-1926 |
| Knappe & Koester Inc.<br>18 Bradco Street<br>Keen, NH 03431 | Deirdre B. Ruckman<br>Gardere Wynne Sewell LLP<br>1601 Elm Street, Suite 3000<br>Dallas, Texas 75201 | Anita F. McMahon<br>1646 Belmont Ave.<br>Baton Rouge, LA 70808 |
| Michael L. Jones<br>Henry & Jones, P.C.<br>2902 Carlisle St., Suite 150<br>Dallas, Texas 75204 | Chester B. Salomon<br>Stevens & Lee, P.C.<br>485 Madison Ave., 20th Floor<br>New York, NY 10022 | Gordon J. Toering<br>Warner Norcross & Judd, L.L.P.<br>900 Fifth Third Center<br>111 Lyon Street, NW<br>Grand Rapids, MI 49503 |

2771865.1/SP/20354/0102/052209

| | | |
|---|---|---|
| Theilert Aircraft Engines<br>Nieritzstrasse 14 D-01097<br>Dresden Germany | Garlock-Metallic Gasket Div<br>250 Portwall St., Ste. 300<br>Houston, Texas 77029 | Betsy Price, Tax Assessor Collector<br>100 E. Weatherford<br>PO Box 961018<br>Fort Worth, TX 76196 |
| Seal Science<br>17131 Daimler<br>Irvine, CA 92614-5508 | David Childs, Ph.D.<br>Dallas County Tax Assessor/Collector<br>500 Elm St, Records Building<br>Dallas, Texas 75202 | Mahle Engine Components<br>14161 Manchester Road<br>Manchester, MO 63011 |
| Mahle Engine Components<br>17226 Industrial Hwy<br>Caldwell, OH 43724-9779 | Internal Revenue Service<br>Special Procedures – Insolvency<br>P.O. Box 21126<br>Philadelphia, PA 19114 | City of Coppell/Coppell ISD<br>Mary McGuffey, Tax Assessor Collector<br>P.O. Box 9478<br>Coppell, TX 75019 |
| Laurie A. Spindler<br>Linebarger Goggan Blair & Sampson<br>2323 Bryan St., Suite 1600<br>Dallas, Texas 75201 | James T. Jacks, Howard A. Borg<br>U.S. Attorney's Office<br>Burnett Plaza, Suite 1700<br>801 Cherry Street, Unit 4<br>Fort Worth, TX 76102-6882 | Neil J. Orleans<br>Goins, Underkofler, Crawford & Langdon<br>1201 Elm Street, Suite 4800<br>Dallas, Texas 75270 |

2771865.1/SP/20354/0102/052209