**Michelle E. Shriro**
**State Bar No. 18310900**
**SINGER & LEVICK, P.C.**
**16200 Addison Road, Suite 140**
**Addison, TX 75001**
**Telephone (972) 380-5533**
**Facsimile (972) 380-5748**
**COUNSEL FOR MICHAEL HENDERSON**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Chapter 11** |
| | § | |
| **SUPERIOR AIR PARTS, INC.** | § | **Case No. 08-36705-BJH-11** |
| | § | |
| | § | **Hearing Date: June 16, 2009** |
| **Debtor** | § | **Time: 1:15 p.m.** |

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

**THE DEBTOR SHALL FILE A RESPONSE TO THIS MOTION FOR RELIEF FROM THE AUTOMATIC STAY WITHIN 12 DAYS FROM THE SERVICE OF THIS MOTION (UNDER BANKRUPTCY RULE 9006(E) SERVICE BY MAIL IS COMPLETE UPON MAILING; UNDER BANKRUPTCY RULE 9006(F), 3 DAYS ARE ADDED TO THE PERIOD FOR FILING A RESPONSE WHEN NOTICE OF THE PERIOD FOR FILING A RESPONSE IS SERVED BY MAIL) WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, ROOM 1254, DALLAS, TEXAS 75242.  THE DEBTOR'S RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.  IF THE DEBTOR DOES NOT FILE A RESPONSE AS REQUIRED, THE ALLEGATIONS IN THIS MOTION FOR RELIEF FROM THE AUTOMATIC STAY SHALL BE DEEMED ADMITTED, UNLESS GOOD CAUSE IS SHOWN WHY THESE ALLEGATIONS SHOULD NOT BE DEEMED ADMITTED AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.**

**ABSENT COMPELLING CIRCUMSTANCES, EVIDENCE PRESENTED AT PRELIMINARY HEARINGS IN THE DALLAS DIVISION ON MOTIONS FOR RELIEF FROM THE AUTOMATIC STAY WILL BE BY AFFIDAVIT ONLY.  THE PARTY REQUESTING THE HEARING MUST SERVE EVIDENTIARY AFFIDAVITS AT LEAST SEVEN DAYS IN ADVANCE OF SUCH HEARING; THE RESPONDING PARTY MUST SERVE EVIDENTIARY AFFIDAVITS AT LEAST FORTY-EIGHT HOURS IN ADVANCE OF SUCH HEARING; THE PARTY REQUESTING THE HEARING IS REPONSIBLE FOR MAKING SURE ALL OTHER HEARING PARTICIPANTS KNOWN TO SUCH PARTY ARE AWARE OF LOCAL RULE 4001.  FAILURE OF AN ATTORNEY TO ATTEND A SCHEDULED**

**AND NOTICED PRELIMINARY HEARING MAY BE GROUNDS FOR DEFAULT RELIEF REGARDLESS OF THE PRESENCE OR ABSENCE OF AFFIDAVITS.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Michael Henderson ("Movant") and files this his Motion for Relief from the Automatic Stay ("The Motion"), and support thereof would show the Court as follows:

### I. Jurisdiction

1. The Court has jurisdiction over the subject matter of the Motion pursuant to 11 U.S.C. §§103, 361, 362, and 363 and pursuant to 28 U.S.C. §§1334(b) and 157(b).

### II. Background

2. On December 31, 2008, Superior Air Parts, Inc. ("Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code. Debtor remains in possession of its property.

3. Movant has various tort claims (negligence, breach of warranty, and strict liability) against the Debtor arising out of an aircraft crash of May 23, 2007, which caused serious injury to Movant. A lawsuit was filed on April 2, 2009 in *Michael Henderson v. Aerodyne Corporation, et al* in the Circuit Court for the County of Loudoun, Virginia, CL-55031. Exh. A. The 2007 mishap was caused, in whole or in part, by a defective exhaust valve guide manufactured by Superior Air Parts, Inc. Exh. A, at ¶¶11-12.

4. The claims against Superior Air Parts, Inc. arise out of the same basic operative facts being litigated in *Michael Henderson v. Aerodyne, Corp., et al* in Loudoun County Circuit Court against other parties involved in the sale, distribution, and installation of the defective valve guide.

5. Movant's claim against Debtor was previously identified in the Asset Purchase Agreement in Schedule 6.7, which was filed with this Court (Document 11-1 Exhibit A). Exhibit B hereto.

6. Judicial economy will be served if all facts and liabilities relating to the injuries caused to the Movant by the May 23, 2007 mishap are litigated in a single forum and that the Complaint in *Michael Henderson v. Aerodyne Corp. et al* be amended to add Debtor as a defendant.

### III. Relief Requested

7. Pursuant to 11 U.S.C. Sec. 362(d)(1), good cause exists to grant Movant relief from stay to proceed with his claims against Debtor in *Michael Henderson v. Aerodyne Corp., et al* to final judgment in the non-bankruptcy forum for the reason that these claims are covered by insurance. Movant seeks recovery only from applicable insurance and waives any deficiency or other claims against the bankruptcy estate property.

8. Accordingly, Movant is entitled to relief from the automatic stay to allow him to exercise any of his rights and remedies as to his tort claims against the Debtor arising out of the May 23, 2007 mishap.

WHEREFORE, PREMISES CONSIDERED, Michael Henderson respectfully requests that this Court order relief from the stay and for such other and further relief as he may show himself justly entitled.

Respectfully submitted,

By    /s/Michelle E. Shriro
      Michelle E. Shriro
      State Bar No. 18310900

16200 Addison Road, Suite 140
Addison, TX 75001-5350
Telephone (972) 380-5533
Facsimile (972) 380-5748
mshriro@singerlevick.com

ATTORNEY FOR MICHAEL HENDERSON

**CERTIFICATE OF CONFERENCE**

I hereby certify that I spoke to Robert Franke on May 22, 2009 and he is opposed to the motion.

/s/Michelle E. Shriro
Michelle E. Shriro

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document will be electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District and to all others listed on the attached service list via first class mail, postage prepaid on this 22nd day of May, 2009.

/s/Michelle E. Shriro
Michelle E. Shriro