IN THE DISTRICT COURT OF PONTOTOC COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| CLYDA WHITEFIELD, as Personal Representative of the ESTATE OF JUSTIN WHITEFIELD, deceased,<br><br>- and -<br><br>MARK HUGHES, AMY HUGHES, and BRANDT HENSON, a minor (through AMBER HENSON, his Next Friend), as Next of Kin of BRANDEN HUGHES, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>ROBERT R. CANTRELL, KEVIN G. CANTRELL, PALO ENERGY, LLC, ADA RANCH, LLC, CANTRELL BROTHERS RANCH, LLC, OKLAHOMA INDEPENDENT OF STROUD, LLC, GRAYSON INVESTMENTS, LLC, ROBERT R. CANTRELL, LLC, JEFF COLE, SEMINOLE AIR SERVICES, INC. DIVCO, INC., SUPERIOR AIR PARTS, INC., TEXTRON LYCOMING RECIPROCATING ENGINES DIVISION OF AVCO CORPORATION, AVCO CORPORATION, TEXTRON, INC., NORTHWEST AERO SERVICES THE WRIGHT PLACE, INC., and AIRCRAFT SPECIALTIES SERVICES, INC<br><br>Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Case No. C-2008-864 |



## **THIRD AMENDED COMPLAINT**

COME NOW, Plaintiff Clyda Whitefield, as Personal Representative of the Estate of Justin Whitefield, deceased, and Plaintiffs Mark Hughes, Amy Hughes, and Brandt Henson, a minor (through Amber Henson, his Next Friend), as Next of Kin of Branden Hughes, deceased, by their attorneys Kreindler & Kreindler LLP, Braden, Varner & Aldous, P.C., and Lisa Lance, Attorney at Law, and file this Complaint for damages against defendants Robert R. Cantrell, Kevin G. Cantrell, Palo Energy, LLC, Ada Ranch, LLC, Cantrell Brothers Ranch, LLC, Oklahoma Independent of Stroud, LLC, Grayson Investments, LLC, Robert R. Cantrell, LLC, Jeff Cole, Seminole Air Services, Inc., Divco, Inc., Superior Air Parts, Inc., Textron Lycoming Reciprocating Engines Division of AVCO Corporation, AVCO Corporation, Textron, Inc., Northwest Aero Services The Wright Place, Inc., and Aircraft Specialties Services, Inc. and allege as follows:

### PARTIES

1.  Plaintiff Clyda Whitefield is, and at all relevant times was, a citizen and resident of Oklahoma. She brings this lawsuit for the use and benefit of all beneficiaries of decedent Justin Whitefield, who are also citizens and residents of Oklahoma. Plaintiff Clyda Whitefield is the surviving spouse of decedent Justin Whitefield, and has been designated Personal Representative of the Estate of Justin Whitefield. The other beneficiaries of the Estate of Justin Whitefield are: Derby Whitefield and Kennedy Whitefield, who are the surviving natural minor children of Justin Whitefield and plaintiff Clyda Whitefield; Vickie Lynn Coy, who is the surviving mother of Justin Whitefield; and Bill Allen Whitefield, who is the surviving father of Justin Whitefield.

2.  Plaintiffs Mark Hughes, Amy Hughes, and Brandt Henson (through Amber Henson) are, and at all relevant times were, citizens and residents of Texas. Plaintiffs Mark Hughes and Amy

Hughes are the surviving natural parents of decedent Branden Hughes. Plaintiff Brandt Henson is the surviving minor child of Branden Hughes, and Amy Hughes is his mother and Next Friend. No personal representative has been appointed for the Estate of Branden Hughes.

3. Defendants Robert R. Cantrell and Kevin G. Cantrell (collectively herein "the Cantrell defendants") are individuals who are citizens and residents of Oklahoma.

4. Defendants Palo Energy, LLC, Ada Ranch, LLC, Cantrell Brothers Ranch, LLC, Oklahoma Independent of Stroud, LLC, Grayson Investments, LLC and Robert R. Cantrell, LLC (Collectively herein "the LLC defendants") are limited liability companies and, on information and belief, each is organized and registered in Oklahoma and each has its principal place of business in Oklahoma. Defendant Seminole Air Services, Inc. is an Oklahoma corporation with its principal place of business in Oklahoma.

5. Plaintiffs are informed and believe and thereon allege that Robert R. Cantrell and Kevin G. Cantrell are joint venturers with one another and are agents, alter egos, and/or joint venturers of the LLC defendants.

6. Defendant Jeff Cole is an individual who is a citizen and resident of Texas.

7. Defendant Divco, Inc. ("Divco") is an Oklahoma corporation with its principal place of business in Tulsa, Oklahoma.

8. Defendant Superior Air Parts, Inc. ("Superior") is a Texas corporation with its principal place of business in Coppell, Texas.

9. Defendants AVCO Corporation and Textrron, Inc. are Delaware corporations with their principal places of business in Rhode Island. Defendant Textron Lycoming Reciprocating

Engines Division of AVCO Corporation is a division of AVCO Corporation. (These defendants will collectively be referred to herein as "Lycoming").

10. Defendant Northwest Aero Services The Wright Place, Inc. ("Northwest") is an Oklahoma corporation with its principal place of business in Enid, Oklahoma.

11. Defendant Aircraft Specialties Services, Inc. ("ASSI") is an Oklahoma corporation with its principal place of business in Tulsa, Oklahoma.

### JURISDICTION AND VENUE

12. The amount in controversy in this civil action exceeds the requisite minimum jurisdictional limits of this Court, exclusive of interest and costs.

13. Venue is proper in Garvin County, Oklahoma.

14. This Court has personal jurisdiction over all defendants that are citizens of and/or have their principal places of business in Oklahoma. This Court also has personal jurisdiction over all defendants that are not citizens of and/or do not have their principal places of business in Oklahoma because each has sufficient minimum contacts with the State of Oklahoma, both generally and with regard to this specific matter, that the exercise of jurisdiction over them will not offend traditional notions of fair play and substantial justice.

### BACKGROUND FACTS

15. On November 4, 2006, Justin Whitefield, Branden Hughes and one other person were killed when the aircraft in which they were flying crashed near Danville, Arkansas. The aircraft was a Piper PA-32-300, and its FAA Registration Number was N15852 (hereinafter "the subject aircraft"). The crash was caused by an in-flight failure of the subject aircraft's engine

- 4 -

(hereinafter "the subject engine"), which was the result of, among other things, the separation of one or more of the engine's connecting rods and/or the failure of one or more related parts.

16. Justin Whitefield and a partner purchased the subject aircraft from the Cantrell defendants on or about November 1, 2006. The crash occurred during Justin Whitefield's first flight aboard the aircraft.

17. The subject engine was manufactured by Lycoming. Prior to the subject crash, the engine was overhauled and outfitted with Lycoming and/or Superior parts and components, including the connecting rods and related equipment.

18. Prior to the subject crash, the subject engine was repaired, tested and/or inspected by Divco, Northwest, ASSI, Jeff Cole and Seminole Air Services, Inc.

## CAUSES OF ACTION AGAINST THE CANTRELL DEFENDANTS AND THE LLC DEFENDANTS

19. Plaintiffs hereby incorporate each and every allegation contained in paragraphs 1 through 18 above.

20. The Cantrell defendants were co-owners of the subject aircraft from December 2004 through November 1, 2006. Plaintiffs are informed and believe and thereon allege that from December 2004 through November 1, 2006, the subject aircraft was operated by the Cantrell defendants, the LLC defendants, and/or others, including their respective agents, representatives, joint venturers and/or employees, and on behalf of and/or in furtherance of the commercial interests of the Cantrell defendants and/or the LLC defendants.

21. Plaintiffs are further informed and believe and thereon allege that during the period from December 2004 through November 1, 2006, the subject aircraft was under the direction and control of the Cantrell defendants and/or the LLC defendants and that all,

- 5 -

individually and/or collectively, had a duty to ensure that the subject aircraft was airworthy and safe for flight and that it was adequately maintained, inspected, repaired, overhauled, and serviced prior to or contemporaneously with the sale of the subject aircraft to Justin Whitefield and his partner.

22.  Further, on or before the November 1, 2006 sale of the subject aircraft, the Cantrell defendants and/or the LLC defendants, individually and/or collectively, had a duty to warn, inform and/or disclose to Justin Whitefield and his partner all relevant information regarding the care, maintenance, inspection, repair and servicing of the aircraft.

23.  Plaintiffs are further informed and believe and thereon allege that contemporaneously with the November 1, 2006 sale of the subject aircraft, the Cantrell defendants expressly and/or impliedly warranted that the aircraft was airworthy and free from defects, was in a condition safe for flight, and that it was safe and fit for the ordinary purpose for which it was intended.

24.  The Cantrell defendants and/or the LLC defendants breached their duties, individually and/or collectively, in that they failed to ensure that the subject aircraft, including its engine, was adequately maintained, repaired, inspected, overhauled and serviced prior to the sale of the subject aircraft to Justin Whitefield and his partner. Such breach(s) directly resulted in the in-flight engine failure, including the separation of the engine's connecting rod(s), that killed Justin Whitefield and Branden Hughes.

25.  Collectively and/or individually, each also breached their duties in that they failed to warn, inform and/or disclose to Justin Whitefield and his partner that the subject aircraft, including its engine, had not been adequately maintained, repaired, inspected, overhauled and

serviced. Further, the Cantrell defendants breached their express and/or implied warranties to Justin Whitefield and his partner in that on November 1, 2006, the date of the sale, the aircraft, including its engine, was not airworthy, was not free from defects, was not in a condition safe for flight and was not safe and fit for the ordinary purpose for which it was intended.

26.     As a direct and proximate result of the foregoing breaches of duties and warranties by the Cantrell defendants and the LLC defendants, Justin Whitefield and Branden Hughes were killed and plaintiffs suffered damages as set forth below.

### CAUSE OF ACTION AGAINST SEMINOLE AIR SERVICES, INC.

27.     Plaintiffs hereby incorporate each and every allegation contained in paragraphs 1 through 26 above.

28.     Seminole Air Services, Inc. ("SAS") is an aircraft maintenance facility operating out of the Seminole Airport in Seminole, Oklahoma. Plaintiffs are informed and believe and thereon allege that SAS performed the last annual inspection of the aircraft prior to the subject crash.

29.     SAS owed all foreseeable users and operators of the subject aircraft, including Justin Whitefield and Branden Hughes, a duty to perform the inspection thoroughly, adequately, and in a good and workmanlike manner. SAS breached its duty, however, in that it failed to adhere to the necessary and required standards in performing its inspection. Specifically, SAS failed to adequately and properly inspect the subject aircraft's engine and failed to discover that the engine contained dangerous defects that ultimately caused it to fail in flight.

30.     As a direct and proximate result of SAS's breach of its duty, Justin Whitefield and Branden Hughes were killed, and plaintiffs suffered damages as set forth below.

## CAUSE OF ACTION AGAINST JEFF COLE

31. Plaintiffs hereby incorporate each and every allegation contained in paragraphs 1 through 30 above.

32. Jeff Cole is an aircraft mechanic who operates out of Carrolton, Texas. Plaintiffs are informed and believe and thereon allege that Jeff Cole performed an inspection of the subject aircraft immediately prior to its sale to Justin Whitefield and his partner. Plaintiffs are further informed and believe and thereon allege that the pre-purchase inspection was arranged by and purchased by the Cantrell defendants.

33. Jeff Cole owed all foreseeable users and operators of the subject aircraft, including Justin Whitefield and Branden Hughes, a duty to perform the inspection thoroughly, adequately, and in a good and workmanlike manner. Jeff Cole breached his duty, however, in that he failed to adhere to the necessary and required standards in performing his inspection. Specifically, Jeff Cole failed to adequately and properly inspect the subject aircraft's engine and failed to discover that the engine contained dangerous defects that ultimately caused it to fail in flight.

34. As a direct and proximate result of Jeff Cole's breach of his duty, Justin Whitefield and Branden Hughes were killed, and plaintiffs suffered damages as set forth below.

## CAUSE OF ACTION AGAINST DIVCO, NORTHWEST AND ASSI

35. Plaintiffs hereby incorporate each and every allegation contained in paragraphs 1 through 34 above.

36. Prior to the subject crash, Divco, Northwest and ASSI participated in the overhaul

of the subject engine and/or otherwise repaired, tested, inspected, maintained and serviced the subject engine. Each of these defendants, collectively and individually, had a duty to ensure the overhaul and other repairs, testing, inspections, maintenance and services were performed with reasonable care and in a good and workmanlike manner, to ensure that the subject engine was airworthy and safe for flight upon the completion of their respective services, and to ensure that all parts and components used in the overhaul and/or other repairs were safe, serviceable and fit for the purposes for which they were intended.

37.   Divco, Northwest and ASSI breached their duties in that they did not properly overhaul, repair, test, inspect and or otherwise service the subject engine. Specifically, each of these defendants, collectively and/or individually, installed faulty, unairworthy, unserviceable and/or unauthorized parts and/or components into the subject engine during the overhaul and repairs / maintenance that each conducted. Additionally, each of these defendants, collectively and/or individually, failed to use reasonable care during the overhaul, repair, testing, inspection maintenance and servicing of the subject engine, including failing to use proper procedures, techniques and methods for such services, failing to perform such services in a good and workmanlike manner and failing to ensure that the subject engine was airworthy and fit and safe for flight when their respective services were completed. These breaches directly led to the in-flight failure of one or more of the subject engine's connecting rods and/or related component parts, which caused the subject crash.

38.   As a direct and proximate result of the negligence of Divco, Northwest and ASSI, Justin Whitefield and Branden Hughes were killed, and plaintiffs suffered damages as set forth below.

## CAUSES OF ACTION AGAINST LYCOMING AND SUPERIOR

39. Plaintiffs hereby incorporate each and every allegation contained in paragraphs 1 through 38 above.

### Negligence

40. Plaintiffs are informed and believe and thereon allege that at all times relevant hereto, prior to November 4, 2006, defendants Lycoming and Superior, by themselves and/or through their officers, agents, employees, servants, joint venturers and/or representatives, owed plaintiffs a duty to exercise reasonable care in the designing, manufacturing, assembling, inspecting, testing, distributing, marketing, selling, servicing, maintaining, repairing and providing manuals, replacement parts and components, and certifying as airworthy, the subject engine and component and replacement parts, and had a duty to provide consumers with defect-free products.

41. Plaintiffs are informed and believe and thereon allege that at all times relevant hereto, prior to November 4, 2006, defendants Lycoming and/or Superior, by themselves and/or through their officers, agents, employees, servants, joint venturers and/or representatives, designed, manufactured, assembled, inspected, tested, approved the installation of component parts and replacement parts, and wrote, issued and/or approved instructions, operations and warnings for the subject engine and its component parts and replacement parts, and distributed, marketed, sold, placed said products into the stream of commerce, and performed, participated in, consulted and/or supervised the service, maintenance and repair of the subject engine and/or its component parts and replacement parts.

42. Plaintiffs are informed and believe and thereon allege that at all times relevant

- 10 -

hereto, the subject crash was caused or contributed to by the acts or omissions of defendants Lycoming and/or Superior, by themselves and/or through their officers, agents, employees, servants, joint venturers and/or representatives, in that they carelessly, recklessly and/or negligently designed, manufactured, assembled, inspected, tested, distributed, marketed, and sold the subject engine and its component parts, including replacement parts used in the overhaul and/or maintenance of the subject engine, and carelessly, recklessly and/or negligently approved the installation of component parts and/or replacement parts, issued instructions and warnings, and performed, participated in, consulted and/or supervised in the service, maintenance and repair of the subject engine and/or its component parts and replacement parts.

43. As a direct and proximate result of the negligence of Lycoming and Superior, Justin Whitefield and Branden Hughes were killed, and plaintiffs suffered damages as set forth below.

### Strict Products Liability

44. Plaintiffs hereby incorporate each and every allegation contained in paragraphs 1 through 43 above.

45. Plaintiffs are informed and believe and thereon allege that at all times relevant hereto, prior to November 4, 2006, the subject engine and its component and replacement parts were being used for the purposes for which they were designed, manufactured, assembled, inspected, tested, distributed, marketed, sold and intended to be used, and were being used in a manner reasonably foreseeable to defendants Lycoming and Superior.

46. Plaintiffs are informed and believe and thereon allege that at all times relevant

hereto, on November 4, 2006, the subject engine and its component and replacement parts, including their instructions and warnings, were defective and unreasonably dangerous and unsafe by reason of the defective design, manufacture, assembly, inspection, testing, approving the installation of component / replacement parts, warnings and instructions, sale and distribution of the subject engine and its component and replacement parts by defendants Lycoming and/or Superior, by themselves and/or through their officers, agents, employees, servants, joint venturers and/or representatives.

47.     Plaintiffs are informed and believe and thereon alleges that at all times relevant hereto, the subject crash was caused by said defects in the design, manufacture, assembly, inspection, and testing of the subject engine and its component and replacement parts, and in approving the installation of component and replacement parts, and in their failure to provide adequate warnings and instructions.

48.     As a direct and proximate result of the acts and/or omissions of Lycoming and/or Superior, for which they are strictly liable, Justin Whitefield and Branden Hughes were killed, and plaintiffs suffered damages as set forth below.

### Breach of Warranty

49.     Plaintiffs hereby incorporate each and every allegation contained in paragraphs 1 through 48 above.

50.     Plaintiffs are informed and believe and thereon allege that at all times relevant hereto, prior to November 4, 2006, defendants Lycoming and/or Superior, by themselves and/or through their officers, agents, employees, servants, joint venturers and/or representatives, expressly and/or implicitly warranted and represented that the subject engine and its component

- 12 -

and replacement parts were airworthy, of merchantable quality, fit and safe for the purposes for which they were designed, manufactured, assembled, inspected, tested, marketed, distributed, sold, serviced, repaired, maintained, intended to be used, and defendants further warranted that the subject engine and its component and replacement parts were free from all defects.

51. Plaintiffs are informed and believe and thereon allege that at all times relevant hereto, defendants Lycoming and/or Superior, by themselves and/or through their officers, agents, employees, servants, joint venturers and/or representatives, breached said warranties in that the subject engine and its component and replacement parts were not airworthy, of merchantable quality or fit and safe for the purposes for which they were designed, manufactured, assembled, inspected, tested, marketed, distributed, sold, serviced, repaired, maintained, intended to be used, and were not free from all defects.

52. Plaintiffs are informed and believe and thereon allege that at all times relevant hereto, the subject crash was caused by said breaches of warranties by defendants Lycoming and/or Superior, by themselves and/or through their officers, agents, employees, servants, joint venturers and/or representatives.

53. As a direct and proximate result of the acts and/or omissions of Lycoming and/or Superior that constitute breach of warranty, Justin Whitefield and Branden Hughes were killed, and plaintiffs suffered damages as set forth below.

### DAMAGES

54. The beneficiaries of Justin Whitefield, including Clyda Whitefield, as decedent's surviving spouse, Derby Whitefield and Kennedy Whitefield, as decedent's surviving minor children, and Vickie Lynn Coy and Bill Allen Whitefield, as decedent's surviving parents, seek

to recover wrongful death damages, including but not limited to damages for loss of care, maintenance, support, services, advice, counsel, reasonable contributions of a pecuniary value, and probable accumulations to the estate, as well as damages for loss of love, comfort, companionship, consortium, support, and society they each would have received had Justin Whitefield lived. Justin Whitefield's beneficiaries are also entitled to recover for the emotional pain, torment, and mental suffering they each experienced because of the death of Justin Whitefield. These losses, in reasonable probability, will continue into the future. The Estate of Justin Whitefield is also entitled to recover for Justin Whitefield's conscious pain and suffering and mental anguish suffered before his wrongful death, and for funeral and burial expenses incurred therefrom.

55.    The beneficiaries of Branden Hughes, including Mark Hughes and Amy Hughes, as decedent's surviving parents, and Brandt Henson, as decedent's surviving minor child, seek to recover wrongful death damages, including but not limited to damages for loss of care, maintenance, support, services, advice, counsel, reasonable contributions of a pecuniary value, and probable accumulations to the estate, as well as damages for loss of love, comfort, companionship, consortium, support, and society they each would have received had Branden Hughes lived. Branden Hughes' beneficiaries are also entitled to recover for the emotional pain, torment, and mental suffering they each experienced because of the death of Branden Hughes. These losses, in reasonable probability, will continue into the future. The Estate of Branden Hughes is also entitled to recover for Branden Hughes' conscious pain and suffering and mental anguish suffered before his wrongful death, and for funeral and burial expenses incurred therefrom.

### DEMAND FOR JUDGMENT

WHEREFORE, plaintiffs expressly reserve the right to amend this complaint up to and including the time of trial to include all theories of recovery and items of damages not yet ascertained, and demand judgment against the defendants listed herein for the damages described above and in the full amounts allowed by law, specifically including, but not limited to:

a. For general damages as set forth herein in a sum in excess of the jurisdiction of this Court and according to proof;

b. pre-judgment interest;

c. post-judgment interest;

d. costs and expenses; and

e. all such other relief, whether at law or in equity, to which Plaintiffs may show themselves justly entitled.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand that this case be tried by jury.


Dated: January ____, 2009

                Respectfully submitted,

                LISA LANCE, ESQ. (OK Bar # 16603)
                **ATTORNEY AT LAW**
                P.O. Box 595
                Pauls Valley, Oklahoma 73075
                (405) 238-5353

224693
v1

WILLIAM O. ANGELLEY, ESQ.
**KREINDLER & KREINDLER**
707 Wilshire Blvd
Los Angeles, California 90017
(213) 943-6089

ROBERT R. VARNER, JR.
**BRADEN, VARNER & ALDOUS, P.C.**
703 McKinney Avenue, Suite 400
Dallas, Texas 75202
(214) 740-0212

Attorneys for Plaintiffs

224693
v1