IN THE DISTRICT COURT OF PONTOTOC COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| CHRIS RESER, as Father and Guardian of <br> LOGAN SCOTT RESER, a Minor and <br> TAYLOR SHALOM RESER, a Minor, and <br> CHRIS RESER, as Personal Representative of the <br> Estate of JENNIFER PARTON, Deceased, and on <br> behalf of the Legal Heirs of the <br> Estate of Jennifer Parton <br><br> Plaintiffs, <br><br> vs. <br><br> MARK HUGHES and AMY HUGHES, <br> Individually and as Personal <br> Representatives of the ESTATE OF <br> BRANDON HUGHES, ROBERT R. <br> CANTRELL, KEVIN G. CANTRELL, <br> PAOLO ENERGY, LLC, <br> ADA RANCH, LLC, CANTRELL <br> BROTHERS RANCH, LLC, <br> OKLAHOMA INDEPENDENT OF <br> STROUD, LLC, GRAYSON <br> INVESTMENTS, LLC, ROBERT R. <br> CANTRELL, LLC, JEFF COLE, <br> SEMINOLE AIR SERVICES, INC., DIVCO, INC., <br> SUPERIOR AIR PARTS, INC., <br> TEXTRON LYCOMING <br> RECIPROCATING ENGINES <br> DIVISION OF AVCO CORPORATION, <br> AVCO CORPORATION, TEXTRON, INC., <br> NORTHWEST AERO SERVICES THE <br> WRIGHT PLACE, INC., and AIRCRAFT <br> SPECIALTIES SERVICES, INC. <br> CLYDA WHITEFIELD, Individually and as <br> Personal Representative of the ESTATE OF <br> JUSTIN WHITEFIELD, Deceased JEREMY RICH <br> and LARRY GOOD d/b/ GOOD AVIATION, INC. <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § <br><br> C-08-812 <br><br>  |

### PETITION

COMES NOW, Plaintiffs, and for their cause of action against the Defendants, allege and state as follows:



1. That Jennifer Parton was a resident in the State of Oklahoma at the time of her death; that all legal heirs of Jennifer Parton are residents in the State of Oklahoma; that the Defendants, Robert R. Cantrell and Kevin G. Cantrell, are individuals who are citizens in the State of Oklahoma;

2. That the Defendants Paolo Energy, LLC, Ada Ranch, LLC, Cantrell Brothers Ranch, LLC, Oklahoma Independent of Stroud, LLC, Grayson Investments, LLC, Robert R. Cantrell, LLC are limited liability company's, and on information and belief, each is organized and registered in the State of Oklahoma, and each has a principal place of business in Oklahoma; that the Plaintiffs are informed and believe that Robert R. Cantrell and Kevin G. Cantrell are joint venturers with one another and are agents, alter egos, and/or joint venturers of the LLC Defendants.

3. Defendant Jeff Cole is an individual who is a citizen and resident of the State of Texas.

4. Defendant Divco, Inc., is an Oklahoma corporation with its principal place of business in Tulsa, Oklahoma.

5. Defendant Seminole Air Services, Inc., is an Oklahoma corporation with its principal place of business in Seminole, Oklahoma.

5. Defendant Superior Air Parts, Inc., is a Texas corporation with its principal place of business in Coppell, Texas.

6. Defendants AVCO Corporation and Textron, Inc., are Delaware corporations with their principal places of business in Rhode Island. Defendant Textron Lycoming Reciprocating Engines Division of AVCO Corporation is a division of AVCO Corporation.

7. Defendant Northwest Aero Services The Wright Place, Inc., is an Oklahoma corporation with its principal place of business in Enid, Oklahoma.

Exhibit B   Page 3 of 6

8. Defendant Aircraft Specialities Services, Inc., is an Oklahoma corporation with its principal place of business in Tulsa, Oklahoma.

9. Defendant Larry Good, d/b/a Good Aviation Inc., is a business with its principal place of business in the State of Oklahoma.

10. Defendant Jeremy Rich is an individual who is a citizen and resident of the State of Oklahoma.

11. That this Court has jurisdiction over the Defendants that are citizens of and/or have their principal place of business in Oklahoma; that his Court also has jurisdiction over all of the Defendants that are not citizens of the State of Oklahoma because each has sufficient minimum contacts with the State of Oklahoma, both generally and with regard to this specific matter, that the exercise of jurisdiction over them will not offend traditional notions of fair play and substantial justice.

12. Plaintiffs further allege that on or about November 4, 2006, Jennifer Parton was a passenger in an aircraft that was owned by Justin Whitefield and Jeremy Rich, that at the time of the accident, it is the Plaintiffs belief that the aircraft was being operated by Brandon Hughes, Deceased; that Jennifer Parton was killed as a result of a crash that occurred in Danville, Arkansas on November 4, 2006; that the accident was caused as a result of negligence of the owners and operators, persons who had provided services for the aircraft in question, as well as the in-flight failure of the subject aircraft's engine.

13. That the subject engine was manufactured by Lycoming, and prior to the crash was overhauled and outfitted with Lycoming and/or Superior parts and components; that prior to the crash, the subject engine was repaired, tested and/or inspected by Divco, Northwest, ASSI, Jeff Cole, Seminole Air Services, Inc., and Larry Good d/b/a Good Aviation, Inc..

14. That the Cantrell Defendants were co-owners of the subject aircraft from December 1004 through November 1, 2006; that the aircraft was operated by the Cantrell Defendants and the LLC Defendants, and others including their respective agents, representatives, joint venturers and/or employees, and on behalf of and/or in furtherance of the commercial interest of the Cantrell Defendants and/or the LLC Defendants; that during the time that the Cantrell Defendants and Cantrell LLC were owners of the aircraft, these Defendants had a duty to insure that the subject aircraft was airworthy and safe for flight and that it was adequately maintained, inspected, repaired, overhauled, and serviced prior to or contemporaneously with the sale of the subject aircraft.

15. The Cantrell Defendants and/or LLC Defendants, had a duty to warn, inform disclose to subsequent purchasers all relevant information regarding the care, maintenance, inspection, repair and servicing of the aircraft; that the Cantrell Defendants and LLC Defendants impliedly warranted that the aircraft was airworthy and free from defects, was in a condition safe for flight, and fit for the ordinary purpose for which it was intended; that the Cantrell Defendants and/or LLC Defendants breached their duties as enumerated above;

16. Defendant Seminole Air Services, Inc., performed an inspection of the aircraft prior to the crash; that Seminole Air Services, Inc., negligently performed the inspection in question.

17. Defendant Jeff Cole is an aircraft mechanic who operates in Texas; that he performed an inspection of the subject aircraft prior to its sale; that the Defendant Jeff Cole was negligent in his inspection;

18. Defendants Divco, Northwest, ASSI and Larry Good d/b/a Good Aviation, Inc. participated in the overhaul of the subject engine and otherwise repaired, tested, inspected, maintained and serviced the subject engine; that each of the Defendants were negligent in their

4

operations and failed to perform their operations in a good and workman like manner;

19. Defendant Larry Good d/b/a Good Aviation, Inc. has had a history of supplying unserviceable aircraft parts in the overhaul of engines; that these actions, give rise to the application of punitive damages against the Defendant Larry Good d/b/a Good Aviation, Inc.;

20. Defendants Lycoming and Superior owed Plaintiffs a duty to exercise reasonable care in the designing, manufacturing, assembling, inspection, testing, distributing, marketing, selling, servicing, maintaining, repairing and providing manuals, replacements parts and components, and certifying as airworthy, the subject engine and component and replacement parts; that Defendants Lycoming and Superior failed to properly design, manufacture, assemble, inspect and test the aircraft engine in question; that in addition, Defendants Lycoming and Superior, having learned of the business practices of Larry Good d/b/a Good Aviation, Inc., failed to inform perspective users of their products, that there was a substantial risk of injury associated with any aircraft that had work performed on it by Larry Good d/b/a Good Aviation, Inc..

21. Defendants Lycoming and Superior are liable to the Plaintiffs under the theories of both negligence, products liability and breach of warranty;

22. Defendants Jeremy Rich and the Estate of Justin Whitefield failed to perform a proper inspection of the aircraft in question upon purchase; failed to do a review of the log books concerning the aircraft to determine the work that had been done on the aircraft prior to its purchase; that these Defendants were negligent;

23 Defendant, Estate of Brandon Hughes, was negligent in his operation of the aircraft in question.

5

24. That the actions of each of these Defendants listed herein, proximately caused the accident in question, which resulted in the wrongful death of Jennifer Parton.

25. That the Plaintiffs pray for damages arising out of the wrongful death of Jennifer Parton; for damages to the heirs of Jennifer Parton all in the excess of the sum of $10,000.00; for punitive damages against the Defendant Larry Good d/b/a Good Aviation, Inc. for a sum in excess of $10,000.00.

WHEREFORE, premises considered, Plaintiffs pray for judgment against these Defendants for a sum of actual damages for the Estate, and for the heirs for a sum in excess of $10,000.00; for punitive damages against the Defendant Larry Good d/b/a Good Aviation, Inc. for a sum in excess of $10,000.00; for court costs incurred herein; and for such other relief deemed just and proper by this Court.

Respectfully submitted,

Micky Walsh, OBA #9327
Beeler, Walsh & Walsh, P.L.L.C.
4508 N. Classen Boulevard
Oklahoma City, Oklahoma 73118
(405) 843-7600 - Telephone
(405) 606-7050 - Facsimile

*Counsel for Plaintiffs*

**ATTORNEY LIEN CLAIMED**

6