**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CALIFORNIA TURBINE SERVICE, INC., See Attachment A

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CHERYL KIRKWOOD, See Attachment A



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

AUG 1 3 2007

John A. Clarke Executive Officer/Clerk

By

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California for the County of Los Angeles
Northern District, Michael D. Antonovich Antelope Valley Courthouse
42011 4th Street West, Lancaster, California 93534

| | |
|---|---|
| **CASE NUMBER:** *(Número del Caso):* | MC018415 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Stuart R. Fraenkel (CA SBN 173991), KREINDLER & KREINDLER LLP
707 Wilshire Boulevard, Suite 4100, Los Angeles, CA 90017, tel: (213) 622-6469

| DATE: *(Fecha)* | AUG 1 3 2007 | Clerk, by *(Secretario)* | S. Ward | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]

1. [✓] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

    under: [ ] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
           [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
           [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

---

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**



**EXHIBIT**

'C'

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

## ATTACHMENT A

CHERYL KIRKWOOD, INDIVIDUALLY, AND AS GUARDIAN AD LITEM OF CORY MANNING, A MINOR, AS SUCCESSOR IN INTEREST AND AS A PERSONAL REPRESENTATIVE OF THE ESTATE OF RICKY MANNING; AND TAYLOR MANNING, INDIVIDUALLY, AS SUCCESSOR IN INTEREST AND AS A PERSONAL REPRESENTATIVE OF THE ESTATE OF RICKY MANNING;

Plaintiffs,

-VS-

CALIFORNIA TURBINE SERVICE, INC., EXTEX, LTD., HELIPOWER SERVICE, INC., HELIPOWER SERVICE, LLC, SAN JOAQUIN ROTOR AND WING REPAIR, SAN JOAQUIN HELICOPTERS, INC., ROLLS-ROYCE CORPORATION, (formerly Allison Engine Co.), a wholly owned subsidiary of Rolls-Royce PLC, and DOES 1 through 50, inclusive,

Defendants.

1  STUART R. FRAENKEL (State Bar #173991)
   DAN NELSON
2  **KREINDLER & KREINDLER LLP**
   707 Wilshire Boulevard, Suite 4100
3  Los Angeles, CA 90017
   (213) 622-6469 Office Phone
4  (213) 622-6019 Facsimile
                    -and-
5  ROBERT F. HEDRICK
   **HEDRICK SMITH PLLC**
6  800 Fifth Avenue, Suite 4000
   Seattle, Washington 98104-3179
7  (206) 464-1166
   (206) 464-1811 facsimile
8
   Attorneys for Plaintiffs
9

10

11              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                 **FOR THE COUNTY OF LOS ANGELES**

13                        **NORTHERN DISTRICT**

14
   CHERYL KIRKWOOD, INDIVIDUALLY,        CASE NO.    MC018415
15 AND AS GUARDIAN AD LITEM OF
   CORY MANNING, A MINOR, AS            **COMPLAINT FOR DAMAGES FOR**
16 SUCCESSOR IN INTEREST AND AS A       **WRONGFUL DEATH**
   PERSONAL REPRESENTATIVE OF THE
17 ESTATE OF RICKY MANNING; AND
   TAYLOR MANNING, INDIVIDUALLY,        **JURY TRIAL DEMANDED**
18 AS SUCCESSOR IN INTEREST AND AS
   A PERSONAL REPRESENTATIVE OF
19 THE ESTATE OF RICKY MANNING;

20              Plaintiffs,

21          -VS-

22 CALIFORNIA TURBINE SERVICE, INC.,
   EXTEX, LTD., HELIPOWER SERVICE,
23 INC., HELIPOWER SERVICE, LLC, SAN
   JOAQUIN ROTOR AND WING REPAIR,
24 SAN JOAQUIN HELICOPTERS, INC.,
   ROLLS-ROYCE CORPORATION,
25 (formerly Allison Engine Co.), a wholly
   owned subsidiary of Rolls-Royce PLC, and
26 DOES 1 through 50, inclusive,

27              Defendants.

28

                        - 1 -

207201.1        **COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH**

1    Plaintiffs CHERYL KIRKWOOD, INDIVIDUALLY, AND AS GUARDIAN AD
2    LITEM OF CORY MANNING, A MINOR, AS SUCCESSOR IN INTEREST AND AS
3    A PERSONAL REPRESENTATIVE OF THE ESTATE OF RICKY MANNING; and
4    TAYLOR MANNING, INDIVIDUALLY, AS SUCCESSOR IN INTEREST AND AS
5    A PERSONAL REPRESENTATIVE OF THE ESTATE OF RICKY MANNING sue
6    defendants CALIFORNIA TURBINE SERVICE, INC., EXTEX, LTD, HELIPOWER
7    SERVICE, INC., HELIPOWER SERVICE, LLC, SAN JOAQUIN ROTOR AND
8    WING REPAIR, SAN JOAQUIN HELICOPTERS, INC, and ROLLS-ROYCE
9    CORPORATION for damages for wrongful death and property damages, and
10    respectfully alleges in support thereof as follows:

11

12                        **GENERAL ALLEGATIONS**

13    1.    Plaintiff Cheryl Kirkwood is an heir,  Successor in Interest, and a Personal
14    Representative of the ESTATE of Ricky Manning, deceased.  Cory Manning is a minor
15    child of Plaintiff Cheryl Kirkwood and decedent Ricky Manning. Plaintiffs are citizens
16    and residents of the State of Washington.

17

18    2.    Plaintiff Cheryl Kirkwood, as an heir,  Successor in Interest and a Personal
19    Representative of the ESTATE of Ricky Manning, deceased, hereby asserts a claim for
20    wrongful death, pursuant to California Code of Civil Procedure Section 377.60, *et seq.*
21    or any other law the court deems to apply.

22

23    3.    Plaintiff Taylor Manning is a child of Plaintiff Cheryl Kirkwood and decedent
24    Ricky Manning who has reached majority as of the date of this filing. Plaintiff Taylor
25    Manning hereby asserts claims for the death of her father, Ricky Manning, pursuant to
26    California Code of Civil Procedure Section 377.60, *et seq.* or any other law the court
27    deems to apply.

28

                                    - 2 -

1   4.   Plaintiffs Cheryl Kirkwood and Taylor Manning, as successors in interest and as

2   Personal Representatives of the Estate of Ricky Manning, and Cheryl Kirkwood, on

3   behalf of Cory Manning, minor, hereby asserts a survivors claim on behalf of Ricky

4   Manning, deceased, pursuant to California Code of Civil Procedure, Sections 377.10,

5   377.20 and 377.30 *et seq.* and succeeds to causes of action that might have been brought

6   by decedent.  Plaintiff will execute and file a declaration under penalty of perjury

7   required by California Code of Civil Procedure, Section 377.32.

8

9   5.   Plaintiffs are informed and believe and thereon allege that at all times herein

10   mentioned, defendants CALIFORNIA TURBINE SERVICE, INC. (hereinafter

11   "CALIFORNIA TURBINE") and DOES 1-10, inclusive, and each of them, were

12   California corporations and were authorized to, and were doing business in, the State of

13   California.  Plaintiff is further informed and believes and thereon alleges that at all times

14   herein mentioned, defendants CALIFORNIA TURBINE and DOES 1-10, inclusive,

15   were engaged in the business of inspecting, servicing, repairing, overhauling, certifying,

16   testing and/or maintaining various aircraft, including the subject helicopter, an OH-58A+

17   Helicopter, N177SJ.

18

19   6.   Plaintiffs are informed and believe and thereon allege that at all times herein

20   mentioned, defendants EXTEX, LTD.(hereinafter "EXTEX") and DOES 11-20,

21   inclusive, and each of them, were Ohio corporations and were authorized to, and were

22   doing business in, the State of California.  Plaintiffs are further informed and believe and

23   thereon allege that at all times herein mentioned, defendants EXTEX and DOES 11-20,

24   inclusive, were engaged in the business of manufacturing and marketing aftermarket

25   aircraft engine parts, including but not limited to, the power turbine to pinion gear

26   coupling on the subject helicopter engine at the time of the crash.

27

28

- 3 -

207201.1   **COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH**

1    7.     Plaintiffs are informed and believe and thereon allege that at all times herein

2   mentioned, defendants HELIPOWER SERVICE, INC.(hereinafter "HELIPOWER,

3   INC.") and DOES 21-25, inclusive, and each of them, were California corporations and

4   were authorized to, and were doing business in, the State of California.  Plaintiffs are

5   further informed and believe and thereon allege that at all times herein mentioned,

6   defendants HELIPOWER, INC. and DOES 21-25, inclusive, were engaged in the

7   business of inspecting, servicing, repairing, overhauling, certifying, testing and/or

8   maintaining the subject helicopter and its component parts and systems, including, but

9   not limited to, the subject helicopter engine turbine assembly.

10

11    8.     Plaintiffs are informed and believe and thereon allege that at all times herein

12   mentioned, defendants HELIPOWER SERVICE, LLC (hereinafter "HELIPOWER,

13   LLC") and DOES 26-30, inclusive, and each of them, were Delaware limited liability

14   companies and were authorized to, and were doing business in, the State of California.

15   Plaintiffs are further informed and believe and thereon allege that at all times herein

16   mentioned, defendants HELIPOWER, LLC and DOES 26-30, inclusive, were engaged

17   in the business of inspecting, servicing, repairing, overhauling, certifying, testing and/or

18   maintaining the subject helicopter and its component parts and systems, including but not

19   limited to, the subject helicopter engine turbine assembly.

20

21    9.     Plaintiffs are informed and believe and thereon allege that at all times herein

22   mentioned, defendants  SAN JOAQUIN ROTOR AND WING REPAIR (hereinafter

23   "SAN JOAQUIN ROTOR"), and DOES 31-35, inclusive, and each of them, were

24   California Corporations and were authorized to, and were doing business, in the State of

25   California.  Plaintiffs are further informed and believe and thereon allege that at all times

26   herein mentioned, defendants SAN JOAQUIN and DOES 31-35, inclusive, were

27   engaged in the business of owning, operating, inspecting, servicing, repairing,

28

- 4 -

1    overhauling, certifying, testing and/or maintaining the subject aircraft and its component

2    parts and systems.

3

4    10.    Plaintiffs are informed and believe and thereon allege that at all times herein

5    mentioned, defendants  SAN JOAQUIN HELICOPTERS, INC. (hereinafter "SAN

6    JOAQUIN, INC.") and DOES 36-40, inclusive, and each of them, were California

7    Corporations and were authorized to, and were doing business, in the State of California.

8    Plaintiffs are further informed and believe and thereon allege that at all times herein

9    mentioned, defendants SAN JOAQUIN, INC. and DOES 36-40, inclusive, were engaged

10    in the business of owning, operating, inspecting, servicing, repairing, overhauling,

11    certifying, testing and/or maintaining the subject aircraft and its component parts and

12    systems.

13

14    11.    Plaintiffs are informed and believe and thereon allege that at all times herein

15    mentioned, defendants ROLLS-ROYCE CORPORATION (hereinafter "ROLLS-

16    ROYCE"), and DOES 41-45, inclusive, and each of them, were Delaware corporations

17    and were authorized to, and were doing business, in the State of California.  Plaintiffs are

18    further informed and believe and thereon allege that at all times herein mentioned,

19    defendants ROLLS-ROYCE and DOES 41-45, inclusive, were engaged in the business

20    of manufacturing gas turbine engines, including the Allison T63-A720 (Commercial

21    Version 250-C20C, Serial Number CAE406008) four-stage turbine engine in service on

22    the subject accident aircraft at the time of the subject crash.

23

24    12.    Plaintiffs are informed and believe and thereon allege that at all times herein

25    mentioned, defendants DOES 45-50, inclusive, and each of them, are individuals and

26    business organizations, the precise nature of which is not presently known to plaintiffs,

27    and said defendants were authorized to and were doing business in, the County of Los

28    Angeles, State of California.  Once the exact business nature of said defendants is

- 5 -

1    ascertained by plaintiffs, the complaint will be amended to allege said defendants'

2    correct business status and capacity. Plaintiffs are further informed and believe and

3    thereon allege that at all times herein mentioned, defendants DOES 45-50, inclusive,

4    were involved in the cause or contributed to the subject accident and/or injuries to the

5    plaintiff.

6

7    13.    The full extent of the facts linking the fictitiously designated DOE defendants

8    with the causes of action herein alleged are unknown to the plaintiffs, or their true names

9    and/or capacities, whether they are individual, plural, corporate, partnership, associate or

10    otherwise. Defendants DOES 1 through 50, inclusive, are unknown to plaintiffs.

11    Plaintiffs therefore sue said defendants by such fictitious names. Plaintiffs are informed

12    and believe and thereon allege that each of the defendants designated herein as a DOE is

13    careless, negligent, wanton, reckless, tortious and unlawfully responsible in some

14    manner for the events and happenings hereinafter referred to and carelessly, negligently,

15    wantonly, recklessly, tortiously, wrongfully and unlawfully caused or contributed to the

16    cause of the injuries and damages thereby to plaintiffs as herein alleged. Plaintiffs will

17    seek leave of court to amend this complaint to show said defendants' true names and/or

18    capacities after the same has been ascertained.

19

20    14.    Plaintiffs are informed and believe and thereon allege that at all times relevant

21    hereto, the defendants, and each of them, were the agents, servants, employees and joint

22    venturers of the other remaining defendants, and were at all times herein mentioned,

23    acting within the course, scope and purpose of said agency, employment and joint

24    venture.

25

26    15.    On or about August 10, 2005, plaintiffs' decedent was the pilot of a an OH-58A+

27    Helicopter, registration number N177SJ., which was equipped with an Allison T63-A720

28    engine, on an aerial application flight near Lancaster, California. During the flight,

- 6 -

1  through no fault of plaintiffs' decedent, the helicopter's engine failed, resulting in the

2  crash of the helicopter and the death of plaintiffs' decedent.

3

4  16.    That by reason of all of the foregoing, and as a result of the careless, negligent,

5  wanton, reckless and unlawful acts and omissions of the defendants, and each of them,

6  as stated herein, and as a direct consequence and result of the crash and the matters

7  herein alleged plaintiffs have sustained economic and non-economic damages, funeral

8  and burial expenses, property damage and all other damages available by law.

9

10  17.    Immediately prior to his death and as a direct consequence and result of the

11  matters herein alleged, plaintiffs' decedent suffered pre-impact fear and terror, physical

12  injury, pain and suffering, fear of burning, property damage and was injured in a

13  personal and pecuniary manner.

14

15  18.    As a direct consequence and result of the crash of the subject airplane, Decedent's

16  personal property was lost and destroyed.

17

18                              **FIRST CAUSE OF ACTION**
                                **AGAINST DEFENDANTS**
19                              **CALIFORNIA TURBINE AND DOES 1-10,**
                    **HELIPOWER, INC., HELIPOWER, LLC AND DOES 21-30,**
20      **SAN JOAQUIN ROTOR, SAN JOAQUIN, INC. AND DOES 31-40**
                                    **FOR NEGLIGENCE**
21

22  19.    Plaintiffs hereby incorporates each and every allegation contained in paragraphs 1

    through 18.
23

24

25  20.    Plaintiffs are informed and believe and thereon allege that at all times relevant

26  hereto, defendants CALIFORNIA TURBINE and DOES 1-10, HELIPOWER, INC.,

    HELIPOWER, LLC AND DOES 21-30, SAN JOAQUIN ROTOR, SAN JOAQUIN,
27

28  INC. and DOES 31-40, owed decedent  a duty to exercise reasonable care in the

                                      - 7 -

1  inspecting, servicing, repairing, overhauling, certifying, testing, warning and/or

2  maintaining of the subject helicopter, an OH-58A+ Helicopter, N177SJ.

3

4  21.    Plaintiffs are informed and believe and thereon allege that at all times relevant

5  hereto, prior to August 10, 2005, defendants inspected, serviced, repaired, overhauled,

6  certified, tested, maintained, and/or supervised the service, maintenance and repair of the

7  subject helicopter and/or its component parts.

8

9  22.    Plaintiffs are informed and believe and thereon allege that at all times relevant

10  hereto, said crash, death and resulting damages were caused or contributed to by the acts

11  or omissions of defendants, by and through their officers, agents, employees and

12  servants, in that they carelessly, wantonly,  recklessly and negligently inspected,

13  serviced, repaired, overhauled, certified, tested, warned or failed to warn, maintained,

14  and/or negligently supervised the service, maintenance and repair of the subject

15  helicopter and/or its component parts.

16

17  23.    As a direct and proximate result of the acts and omissions of defendants, plaintiffs

18  have sustained the injuries and damages alleged herein in an amount according to proof

19  at time of trial.

20                            **SECOND CAUSE OF ACTION**
21                             **AGAINST DEFENDANTS**
                            **EXTEX, LTD. AND DOES 11-20**
22                               **FOR NEGLIGENCE**

23  24.    Plaintiffs hereby incorporates each and every allegation contained in paragraphs 1

24  through 18.

25

26  25.    Plaintiffs are informed and believes and thereon alleges that at all times relevant

27  hereto, defendants EXTEX and DOES 11-20, owed decedent  a duty to exercise

28  reasonable care in the design, manufacture, testing, warning and distribution of

- 8 -

1   aftermarket aircraft engine parts, including but not limited to, the power turbine to pinion

2   gear coupling on the subject helicopter engine, its component parts and manuals, at the

3   time of the crash.

4

5   26.     Plaintiffs are informed and believe and thereon allege that at all times relevant

6   hereto, prior to August 10, 2005, defendants, manufactured aftermarket aircraft engine

7   parts, including but not limited to, the power turbine to pinion gear coupling on the

8   subject helicopter engine, its component parts and manuals, at the time of the crash.

9

10   27.     Plaintiffs are informed and believe and thereon allege that at all times relevant

11   hereto, said crash, death and resulting damages were caused or contributed to by the acts

12   or omissions of defendants, by and through their officers, agents, employees and

13   servants, in that they carelessly, wantonly,  recklessly and negligently designed,

14   manufactured, tested, warned or failed to warn, and distributed the subject aftermarket

15   aircraft engine parts, including but not limited to, the power turbine to pinion gear

16   coupling on the subject helicopter engine, its component parts and manuals, at the time

17   of the crash.

18

19   28.     As a direct and proximate result of the acts and omissions of defendants, plaintiffs

20   have sustained the injuries and damages alleged herein in an amount according to proof

21   at time of trial.

22                            **THIRD CAUSE OF ACTION**
23                            **AGAINST DEFENDANTS**
                           **ROLLS-ROYCE AND DOES 41-45**
24                            **FOR NEGLIGENCE**

25   29.     Plaintiffs hereby incorporate each and every allegation contained in paragraphs 1

26   through 18.

27

28

- 9 -

1    30.    Plaintiffs are informed and believe and thereon allege that at all times relevant

2    hereto, defendants ROLLS-ROYCE and DOES 41-45, owed decedent a duty to exercise

3    reasonable care in the design, manufacture, testing, warning, and distribution of Allison

4    T63-A720 (Commercial Version 250-C20C, Serial Number CAE406008) four-stage

5    turbine engine, and its component parts, including the manuals and service bulletins, in

6    service on the subject accident aircraft at the time of the subject crash.

7

8    31.    Plaintiffs are informed and believe and thereon allege that at all times relevant

9    hereto, prior to August 10, 2005, defendants designed, manufactured, tested and

10    distributed the Allison T63-A720 (Commercial Version 250-C20C, Serial Number

11    CAE406008) four-stage turbine engine, and its component parts, including the manuals

12    and service bulletins, in service on the subject accident aircraft at the time of the subject

13    crash.

14

15    32.    Plaintiffs is informed and believes and thereon alleges that at all times relevant

16    hereto, said crash, death and resulting damages were caused or contributed to by the acts

17    or omissions of defendants, by and through its officers, agents, employees and servants,

18    in that they carelessly, wantonly, recklessly and negligently designed, manufactured,

19    tested, warned or failed to warn and distributed the Allison T63-A720 (Commercial

20    Version 250-C20C, Serial Number CAE406008) four-stage turbine engine, and its

21    component parts, including the manuals and service bulletins, in service on the subject

22    accident aircraft at the time of the subject crash.

23

24    33.    As a direct and proximate result of the acts and omissions of defendants, plaintiffs

25    have sustained the injuries and damages alleged herein in an amount according to proof

26    at time of trial.

27    ///

28    ///

- 10 -

207201.1    **COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH**

### FOURTH CAUSE OF ACTION
### AGAINST DEFENDANTS
### EXTEX AND DOES 11-20
### FOR STRICT PRODUCT LIABILITY

34.    Plaintiffs hereby incorporate each and every allegation contained in paragraphs 1 through 18 and 25 through 28.

35.    Plaintiffs are informed and believe and thereon allege that at all times relevant hereto, prior to August 10, 2005, defendants EXTEX and DOES 11-20, designed, manufactured, assembled, inspected, tested and distributed the subject helicopter's power turbine to pinion gear coupling on the subject helicopter engine, its component parts and manuals, at the time of the crash, and certified the subject parts as airworthy and distributed, marketed, sold, placed the subject aircraft engine in the stream of commerce.

36.    Plaintiffs are informed and believe and thereon allege that at all times relevant hereto, on August 10, 2005, the subject helicopter and its component parts were being operated and used for the purposes and in the manner for which they were designed, manufactured, assembled, inspected, tested, distributed, marketed, sold and intended to be used and in a manner reasonably foreseeable to defendants.

37.    Plaintiffs are informed and believe and thereon allege that at all times relevant hereto, on August 10, 2005, the subject helicopter and its component parts, were defective and unreasonably dangerous and unsafe by reason of defendants' defective design, manufacture, assembly, inspection, testing, approving the installation of component parts, warnings and instructions, and sale of the subject helicopter's power turbine to pinion gear coupling and its component parts, manuals and service bulletins.

- 11 -

1  38.    Plaintiffs are informed and believes and thereon alleges that at all times relevant

2  hereto, the crash of the subject helicopter, death and resulting damages were caused by

3  said defects in the design, manufacture, assembly, inspection, testing of the subject

4  helicopter and its component parts, and in approving the installation of component parts,

5  warnings and instructions, and sale of the subject helicopter and its component parts by

6  defendants, and each of them.

7

8  39.    As a direct and proximate result of the acts and omissions of defendants, plaintiffs

9  have sustained the injuries and damages alleged herein in an amount according to proof

10  at time of trial.

11
12  **FIFTH CAUSE OF ACTION**
**AGAINST DEFENDANTS**
**ROLLS-ROYCE AND DOES 41-45**
13  **FOR STRICT PRODUCT LIABILITY**

14
15  40.    Plaintiff hereby incorporates each and every allegation contained in paragraphs 1
through 18 and 30 through 33.
16

17
18  41.    Plaintiffs are informed and believe and thereon allege that at all times relevant
hereto, prior to August 10, 2005, defendants ROLLS-ROYCE and DOES 41-45,
19
designed, manufactured, assembled, inspected, tested and distributed the subject
20
helicopter's engine and component parts, manuals and service bulletins, and certified the
21
subject parts as airworthy and distributed, marketed, sold, placed the subject aircraft
22
engine in the stream of commerce.
23

24
25  42.    Plaintiffs are informed and believe and thereon allege that at all times relevant
hereto, on August 10, 2005, the subject helicopter and its component parts were being
26
operated and used for the purposes and in the manner for which they were designed,
27

28
- 12 -

1   manufactured, assembled, inspected, tested, distributed, marketed, sold and intended to

2   be used and in a manner reasonably foreseeable to defendants.

3

4   43.    Plaintiffs are informed and believe and thereon allege that at all times relevant

5   hereto, on August 10, 2005, the subject helicopter and its component parts, were

6   defective and unreasonably dangerous and unsafe by reason of defendants' defective

7   design, manufacture, assembly, inspection, testing, approving the installation of

8   component parts, warnings and instructions, and sale of the subject helicopter's engine

9   and its component parts, manuals and service bulletins.

10

11   44.    Plaintiffs are informed and believes and thereon alleges that at all times relevant

12   hereto, the crash of the subject helicopter, death and resulting damages were caused by

13   said defects in the design, manufacture, assembly, inspection, testing of the subject

14   helicopter and its component parts, and in approving the installation of component parts,

15   warnings and instructions, and sale of the subject helicopter and its component parts by

16   defendants, and each of them.

17

18   45.    As a direct and proximate result of the acts and omissions of defendants, plaintiffs

19   have sustained the injuries and damages alleged herein in an amount according to proof

20   at time of trial.

21

22   46.    To the extent that defendants CALIFORNIA TURBINE SERVICE, INC.,

23   HELIPOWER SERVICE, INC., HELIPOWER SERVICE, LLC, SAN JOAQUIN

24   ROTOR, SAN JOAQUIN HELICOPTERS, INC, are considered manufacturers and/or

25   suppliers of the subject products and component parts, they are also strictly liable.

26   ///

27   ///

28

- 13 -

1
2

### EIGHTH CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
### FOR BREACH OF WARRANTY

3
4
5

47.     Plaintiff hereby incorporates each and every allegation contained in paragraphs 1
through 46.

6
7
8
9
10
11
12
13

48.     Plaintiffs are informed and believe and thereon allege that at all times relevant
hereto, prior to August 10, 2005, defendants, and each of them, expressly and/or
impliedly warranted and represented that the subject helicopter and its component parts,
were airworthy, of merchantable quality, fit and safe for the purposes for which they
were designed, manufactured, assembled, inspected, tested, marketed, distributed, sold,
serviced, repaired, maintained, intended and used and defendants further warranted that
the subject aircraft, manuals and its component parts were free from all defects.

14
15
16
17
18
19
20

49.     Plaintiffs are informed and believe and thereon allege that at all times relevant
hereto, defendants and each of them, breached said warranties in that the subject
helicopter and its component parts were not airworthy, of merchantable quality or fit and
safe for the purposes for which they were designed, manufactured, assembled, inspected,
tested, marketed, distributed, sold, serviced, repaired, maintained, intended and used and
further were not free from all defects.

21
22
23
24

50.     Plaintiffs' decedent was in privity with defendants directly, by way of his status as
an employee of the purchaser of the above products and services, as a third-party
beneficiary, or as otherwise recognized by law.

25
26
27
28

51.     Plaintiffs are informed and believe and thereon allege that at all times relevant
hereto, the crash of the subject aircraft, injuries and resulting damages were caused by
said breaches of warranties by defendants, and each of them.

- 14 -

**COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH**

52.     As a direct and proximate result of the acts and omissions of defendants, plaintiffs have sustained the injuries and damages alleged herein in an amount according to proof at time of trial.

WHEREFORE, plaintiffs expressly reserve their right to amend the complaint up to and including the time of trial to include all theories of recovery and items of damages not yet ascertained, demand judgments against defendants, and each of them as follows:

1.     For general damages, special damages, and property damages, according to proof;

2.     For funeral and burial expenses, according to proof;

3.     For prejudgment interest according to proof and for reasonable attorneys' fees incurred herein according to proof and to the extent authorized by law;

4      For costs of suit incurred herein; and

5      For such other and further relief as the Court may deem just and proper.

Dated: August 7, 2007

Respectfully submitted,
KREINDLER & KREINDLER LLP

By:
STUART R. FRAENKEL (State Bar #173991)
707 Wilshire Boulevard, Suite 4100
Los Angeles, CA 90017
(213) 622-6469 Office Phone
(213) 622-6019 Facsimile

-and-

ROBERT F. HEDRICK
HEDRICK SMITH PLLC
800 Fifth Avenue, Suite 4000
Seattle, Washington 98104-3179
(206) 464-1166
(206) 464-1811 facsimile

Attorneys for Plaintiffs

- 15 -

207201.1     **COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH**

1

## DEMAND FOR JURY TRIAL

2          Plaintiffs respectfully request that a jury be empaneled to decide all factual issues

3   of this case.

4
Dated: August 7, 2007
5

6                                          Respectfully submitted,
                                           **KREINDLER & KREINDLER LLP**
7

8                                          By: _____
                                           STUART R. FRAENKEL (State Bar #173991)
9                                          707 Wilshire Boulevard, Suite 4100
                                           Los Angeles, CA 90017
10                                         (213) 622-6469 Office Phone
                                           (213) 622-6019 Facsimile
11
                                           -and-
12
                                           ROBERT F. HEDRICK
13                                         **HEDRICK SMITH PLLC**
                                           800 Fifth Avenue, Suite 4000
14                                         Seattle, Washington 98104-3179
                                           (206) 464-1166
15                                         (206) 464-1811 facsimile

16                                         Attorneys for Plaintiffs

17

18

19

20

21

22

23

24

25

26

27

28
                                       - 16 -