UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
ELIZABETH LUYSTER, as Executor and
Administrator of the Estates of ALFRED     :     No. 06 CV 4166
W. ZADOW and DONNA M. ZADOW,
deceased,                                  :     Judge McKenna

                    Plaintiff,             :     **AMENDED COMPLAINT**

                                           :

          - against -                      :

TEXTRON, INC.; AVCO CORPORATION
(Textron Lycoming Division); LYCOMING      :     JURY TRIAL
ENGINES, SUPERIOR AIR PARTS, INC., KS
BEARINGS, Inc.                             :     DEMANDED

                                           :

                    Defendants.
----------------------------------------x

          Plaintiff ELIZABETH LUYSTER, by and through her attorneys

KREINDLER & KREINDLER LLP and WINKLER, KURTZ & WINKLER LLP,

respectfully alleges the following:


                         **JURISDICTION AND VENUE**

          1.    Jurisdiction is based on diversity of citizenship, 28

U.S.C. § 1332, in that plaintiff ELIZABETH LUYSTER, a citizen and

resident of New York, was appointed Executor and Administrator of

the Estates of ALFRED W. ZADOW and DONNA M. ZADOW, deceased, by the

State of New York, and brings the instant lawsuit in this capacity

on behalf of said Estates and all surviving next of kin and family

members of ALFRED W. ZADOW and DONNA M. ZADOW; defendant TEXTRON,

INC. is incorporated in Delaware and registered to do business in

New York; defendant AVCO CORPORATION (Textron Lycoming Division) is

a wholly-owned subsidiary of TEXTRON, INC. and is incorporated in

Delaware and registered to do business in New York; defendant

EXHIBIT

"D"

LYCOMING ENGINES is an unincorporated division of defendant AVCO CORPORATION and conducts substantial business in New York; defendant SUPERIOR AIR PARTS, INC., is incorporated in Texas and conducts substantial business in New York; KS Bearings, Inc., is incorporated in Delaware with its principal place of business in South Carolina and conducts substantial business in New York, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## GENERAL ALLEGATIONS

2.     On May 24, 2005, decedent ALFRED W. ZADOW was piloting a Cessna R182 aircraft, registration number N756PN ("subject aircraft"), on a planned flight from Malone, New York to Islip, New York (the "subject flight") when at approximately 11:19 A.M. pilot-decedent ALFRED W. ZADOW reported "an oil pressure problem" to New York Approach Control and that "the [Lycoming] engine is seizing;" soon thereafter ALFRED W. ZADOW told New York Approach Control that "we've lost all [engine] power." The subject aircraft subsequently crashed in New Fairfield, Connecticut, resulting in severe personal injuries to and the death of ALFRED W. ZADOW and his spouse-passenger DONNA M. ZADOW, to include mental and physical pain and suffering and pre-impact fear and terror.

3.     Defendants TEXTRON, INC., AVCO CORPORATION and LYCOMING ENGINES are engaged in the business of designing, manufacturing, assembling, issuing instructions, manuals and warnings, testing, inspecting, servicing, distributing and selling the subject-

aircraft's O-540 series engine ("subject engine") and component parts, including the engine's crankshaft, connecting rods, and oil pump.

4.      Defendant SUPERIOR AIR PARTS, INC. is engaged in the business of distributing FAA approved replacement and component parts for Lycoming aircraft engines, including, but not limited to, connecting rod bearings, as installed in the subject engine.

5.      KS BEARINGS, INC., is engaged in the business of designing, manufacturing, selling, and otherwise introducing into the stream of commerce the connecting rod bearings ("bearings") as installed in the subject engine.

## FIRST CLAIM FOR WRONGFUL DEATH AND SURVIVAL DAMAGES AGAINST DEFENDANTS BASED ON NEGLIGENCE

6.      Plaintiff hereby incorporates by reference paragraphs 1 through 3 above.

7.      On May 24, 2005, defendants owed decedents ALFRED W. ZADOW and DONNA M. ZADOW a duty to exercise reasonable care in the design, manufacture, assembly, inspection, testing, distribution, sale, servicing, maintenance, overhaul and/or repair of the subject engine and its component parts, including the subject engine's crankshaft, connecting rods, connecting rod bearings, and oil pump, and the duty to use reasonable care in the development, production and distribution of instructions and warnings for the safe use of the subject aircraft and engine, including, but not limited to operation and maintenance manuals in accordance with the manufacturer's requirements, standards of performance in the

- 3 -

industry and standards promulgated by the United States Government, and to do so in a reasonable and prudent manner so as not to allow the subject aircraft and subject engine to be unairworthy and/or otherwise unsafe so as to pose the risk of injury and death to ALFRED W. ZADOW and DONNA M. ZADOW, and defendants owed said decedents a duty of care to warn of any condition regarding the subject aircraft and subject engine, and its component parts, that could and did render the subject aircraft unsafe.

8.    Upon information and belief, at all relevant times stated herein, the said crash, injuries, death and resultant damages were proximately caused by the negligence of defendants, by and through their officers, agents, employees, servants and others under their employ and control, in that defendants breached their aforesaid duties, carelessly failed to properly design, manufacture, assemble, inspect, service, overhaul, repair, alter, modify, test, certify and maintain the subject engine and its component parts, including the subject engine's crankshaft, connecting rods, connecting rod bearings, and oil pump, and failed to detect, correct and warn or caution about dangerous and unsafe conditions causing said aircraft and engine to be unairworthy and/or otherwise unsafe on and prior to May 24, 2005.

9.    As a result and proximate cause of the foregoing, plaintiff's decedents ALFRED W. ZADOW and DONNA M. ZADOW, and said Estates, and all those beneficially interested in the claims for the wrongful deaths of plaintiff's decedents ALFRED W. ZADOW and DONNA M. ZADOW, have sustained damages and are entitled to recover

- 4 -

all fair and just compensatory damages allowed under law, including damages, loss of future earnings of the decedent; loss of support, future contributions and pecuniary benefits, loss of services, loss of inheritance or prospective accumulations, parental care, attention, advice, maintenance, counsel, intellectual and moral training, guidance and education; and decedents' survivors were caused to incur funeral and burial expenses; loss of personal property and other damages, and are entitled to be compensated therefor.

## SECOND CLAIM FOR WRONGFUL DEATH AND SURVIVAL DAMAGES AGAINST DEFENDANTS BASED ON STRICT LIABILITY

10.   Plaintiff hereby incorporates by reference paragraphs 1 through 9 above.

11.   On May 24, 2005, the subject aircraft, engine and component parts were being operated and used for the purpose and in the manner for which they were designed, manufactured, assembled, tested, inspected, serviced, distributed, sold and intended to be used, and in a manner foreseeable to defendants and for which adequate and safe instructions, manuals and warnings were required to be issued.

12.   On May 24, 2005, the subject engine and its component parts, including the subject engine's crankshaft, connecting rods, connecting rod bearings, and oil pump, were unreasonably dangerous and unsafe by reason of defendants' defective design, manufacture, assembly, testing, inspection, service, distribution and sale of

- 5 -

the subject engine and its component parts, and inadequate and unsafe instructions, manuals and warnings.

13. The defects in the design, manufacture, assembly, instructions, manuals and warnings, testing, inspection, service, distribution and sale of the subject aircraft, engine and component parts, including the subject engine's crankshaft, connecting rods, connecting rod bearings, and oil pump, caused the subject aircraft to crash and caused ALFRED W. ZADOW and DONNA M. ZADOW to suffer serious and fatal injuries.

14. As a result and proximate cause of the defective conditions of the subject aircraft, engine and component parts, including the subject engine's crankshaft, connecting rods, and oil pump, and inadequate and defective manuals, instructions and warnings, plaintiff's decedents ALFRED W. ZADOW and DONNA M. ZADOW, and said Estates, and all those beneficially interested in the claims for the wrongful deaths of plaintiff's decedents ALFRED W. ZADOW and DONNA M. ZADOW, have sustained damages and are entitled to recover all fair and just compensatory damages allowed under law, including damages, loss of future earnings of the decedent; loss of support, future contributions and pecuniary benefits, loss of services, loss of inheritance or prospective accumulations, parental care, attention, advice, maintenance, counsel, intellectual and moral training, guidance and education; and decedents' survivors were caused to incur funeral and burial expenses; loss of personal property and other damages, and are entitled to be compensated therefor.

- 6 -

## THIRD CLAIM FOR WRONGFUL DEATH AND SURVIVAL DAMAGES
## AGAINST DEFENDANTS BASED ON BREACH OF WARRANTY

15. Plaintiff hereby incorporates by reference paragraphs 1 through 14 above.

16. Prior to May 24, 2005, defendants expressly and/or implicitly warranted and represented that the subject aircraft, engine and component parts, including the subject engine's crankshaft, connecting rods, and oil pump, were airworthy, of merchantable quality, fit and safe for the purposes for which they were designed, manufactured, assembled, tested, serviced, distributed, sold, intended, used, and that the instructions, manuals and warnings which had been issued were adequate and safe, and further that the subject aircraft and engine and their component parts, including the subject engine's crankshaft, connecting rods, and oil pump, were free from defects.

17. Defendants breached said express and implied warranties in that on May 24, 2005 the subject aircraft, engine and component parts, including the subject engine's crankshaft, connecting rods, connecting rod bearings, and oil pump, were not airworthy, of merchantable quality, fit and safe for the purposes for which they were designed, manufactured, assembled, tested, serviced, distributed, sold, intended, used, and the instructions, manuals and warnings which had been issued were not adequate and safe, but were defective.

18. As a result and proximate cause of said breaches of warranty by defendants, plaintiff's decedents ALFRED W. ZADOW and

- 7 -

DONNA M. ZADOW, and said Estates, and all those beneficially interested in the claims for the wrongful deaths of plaintiff's decedents ALFRED W. ZADOW and DONNA M. ZADOW, have sustained damages and are entitled to recover all fair and just compensatory damages allowed under law, including damages, loss of future earnings of the decedent; loss of support, future contributions and pecuniary benefits, loss of services, loss of inheritance or prospective accumulations, parental care, attention, advice, maintenance, counsel, intellectual and moral training, guidance and education; and decedents' survivors were caused to incur funeral and burial expenses; loss of personal property and other damages, and are entitled to be compensated therefor.

## FOURTH CLAIM AGAINST DEFENDANTS
## FOR PUNITIVE DAMAGES

19.    Plaintiff hereby incorporates by reference paragraphs 1 through 18 above.

20.    Upon information and belief, prior to May 24, 2005, defendants, and each of them, had actual knowledge and were in possession of evidence establishing that the subject-engine and its component parts, including the subject-engine's crankshaft, connecting rods, and oil pump, were unreasonably dangerous and unsafe by reason of defendants' defective design, manufacture, and assembly. A continued series of "patch work" service bulletins, airworthiness directives, and notices issued by defendants and the Federal Aviation Administration, between July 15, 1996 and May 18, 2006, establish that defendants had actual knowledge of critical

defects related to the subject-engine, including faulty and improperly designed, manufactured and/or forged crankshafts, connecting rods, connecting rod bearings, cylinder assemblies, and/or oil pumps and associated assemblies, and that such defects could result in "total engine power loss" and "in-flight engine failure."

21.   Notwithstanding this actual knowledge of critical defects related to the subject-engine, defendants continued to manufacture the subject-engines and make representations, both express and implied, that the subject-engines were safe and airworthy.

22.   The crash of the subject aircraft and the resultant injuries and deaths to the decedents were caused by the reckless, wanton and/or wilful misconduct of defendants, and each of them, including their officers, agents, servants and/or employees as set forth herein, whose actions and omissions were outrageous and/or gross and said defendants acted with reckless disregard for the safety of the plaintiff's decedents.

23.   As a result of the foregoing, plaintiff is entitled to punitive damages because defendants downplayed, understated and/or otherwise disregarded its knowledge of the serious risks and dangers associated with the use of defendants subject-engine, and such actions and omissions were outrageous and gross and said defendants acted with reckless disregard for the safety of both the public at large and plaintiff's decedents.

WHEREFORE, plaintiff ELIZABETH LUYSTER, as Executor and Administrator of the Estates of ALFRED W. ZADOW and DONNA M. ZADOW, and on behalf of all heirs and next of kin of ALFRED W. ZADOW and DONNA M. ZADOW, deceased, demands judgment against defendants, and each of them, for compensatory damages in an amount to be proven at trial, including costs of reasonable attorney's fees, interest and costs, and for such other further relief that this Court deems just, proper and equitable.

## JURY DEMAND

24.   Plaintiff respectfully demands a trial by jury.

Dated: New York, New York
       March 30, 2007

Respectfully submitted,

KREINDLER & KREINDLER LLP

BY: <u>Marc S. Moller</u>
Marc S. Moller, Esq. (MM0143)
Michael R. Sherwin, Esq.
Orla M. Brady
100 Park Avenue
New York, New York  10007
Phone (212) 687-8181
Facsimile (212) 972-9432

- and -

Richard D. Winkler, Esq.
WINKLER, KURTZ & WINKLER LLP
310 Hallock Ave.
Port Jefferson Station,
New York 11776
Phone (631) 928-8000
Facsimile (631) 928-8578

- 10 -