Stephen Roberts
Texas Bar No. 17019200
Robert P. Franke
Texas Bar No. 07371200
Duane J. Brescia
Texas Bar No. 240252650
**STRASBURGER & PRICE, LLP**
600 Congress, Suite 1600
Austin, Texas 78701
(512) 499-3600 / (512) 499-3660 Fax

*ATTORNEYS FOR DEBTOR SUPERIOR AIR PARTS, INC.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 08-36705 |
| | § | |
| SUPERIOR AIR PARTS, INC., | § | Chapter 11 |
| | § | |
| Debtor. | § | |
| | § | |

FIRST INTERIM APPLICATION OF STRASBURGER & PRICE, LLP
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR
THE PERIOD DECEMBER 31, 2008 THROUGH APRIL 30, 2009

*NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, DALLAS, TX 75242, BEFORE THE CLOSE OF BUSINESS ON OR BEFORE TWENTY (20) DAYS FROM THE DATE OF SERVICE HEREOF.*

*ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.*
*IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.*

TO: THE HONORABLE BARBARA J. HOUSER
UNITED STATES BANKRUPTCY JUDGE:

Strasburger & Price, LLP ("Applicant"), approved counsel for Debtor, hereby files its First Interim Application for Compensation and Reimbursement of Expenses, as follows:

### Fees and Expenses Requested

1. By this Application, Applicant seeks approval and allowance of fees $399,369.00 and expenses of $81,928.07 for a total of $481,297.07, authorization to apply the $6,876.68 retainer, and payment of $474,420.39 in outstanding fees and expenses.

### Employment and Prior Compensation

2. The Order approving Applicant as counsel for debtor (Dkt. #122) was entered on February 20, 2009, effective December 31, 2008.

3. This is Applicant's first interim fee application.

### Status of the Case

4. On December 31, 2008 (the "Petition Date"), Superior Air Parts, Inc. ("Debtor" or "Superior") filed its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. The Debtor is managing its affairs as debtor-in-possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

5. Superior Air Parts, Inc. ("Superior") is a Texas corporation with its offices and operating facilities located in Coppell, Dallas County, Texas. It was founded in 1967 in order to supply the United States Air Force and commercial customers with replacement parts for piston powered aircraft engines. Superior is one of the largest suppliers of parts under Federal Aviation Administration's ("FAA") Parts Manufacturer

Approval ("PMA") regulations for piston engines. It provides Superior-brand parts for engines created by two primary original equipment manufacturers ("OEMs"), the Continental division of Teledyne, Inc. and the Lycoming division of Textron Inc. Its customers are companies that perform maintenance and overhaul work in the general aviation industry. Superior is also an OEM for the 180-horsepower Vantage Engine and owner-built XM-360 engines for various aircraft companies. In addition, Superior is a distributor of over 2,000 general parts purchased from other manufacturers to compliment its own product line.

6. Just prior to the commencement of this case, Superior entered into an asset purchase agreement with Avco Corporation ("Avco"), an affiliate of Textron Corporation, which contemplated a sale of substantially all of the Debtor's assets to Avco or the highest bidder in a Chapter 11 auction process.

7. Upon filing, Superior stopped assembling cylinders and engines, eliminated its sales and marketing staff, reduced its employees from 25 to 15, and virtually ceased acquiring parts from its vendors in anticipation of the sale of its assets to Avco Corporation.

8. The auction process was approved by this court and the auction was conducted on February 25, 2009. The two bidders were Avco and TCM, an affiliate of Teledyne Industries, Inc.. A sale to either of these purchasers raised anti-trust concerns with the United States Department of Justice and several state attorneys general. The parties were unable to reach an agreement on how to address these concerns and so the Debtor chose to decline their bids.

9. Since that time, Superior has continued to operate and sell parts and has continued its efforts to sell the company. While the Debtor has been in contact with several parties who have expressed an interest, no parties have come forward with a firm purchase offer, which has put the debtor in the position of filing a plan to sell the company through an auction process or liquidation.

10. On May 15, 2009, the Debtor filed its Disclosure Statement and Plan of Reorganization, intending to sell the company's assets through a bidding process or orderly and controlled liquidation.  Negotiations with potential purchasers continue.

11. Also, there is a controversy in this case among various parties as to the proper treatment of the claims of the parent and affiliate of the Debtor, who have combined claims of over $26 million, which is the subject of negotiations with the Unsecured Creditors' Committee.

## Operations

12. The Debtor is currently operating the company at a loss, but has sufficient cash reserves to meet its ongoing obligations under the Bankruptcy Code.  The Debtor's property consists primarily of cash, inventory, accounts receivable, equipment, machinery, and tooling.  As of the date of this Application, the Debtor had a cash balance of $3,862,480[1], gross accounts receivable of $5,150,426[2], and adjusted inventory balance of $7,628,389.  The value of the equipment, machinery, and tooling, at cost, less accumulated depreciation is $620,811.00.  The Debtor also owns

---

[1] Debtor has an insurance payment scheduled for wire transfer the week of June 1, 2009, which will reduce this balance.

[2] This balance includes the account receivable from Thielert AE in the amount of $3,342,674 which has filed a proof of claim in this case for over $18 million.  Excluding the Thielert AE, the gross account receivable balance is $1,807,752.

Intellectual Property related to its PMAs, Type Certificates and Supplemental Type Certificates of undetermined value.

13. The amount of operating disbursements during the Application Period were $1,739,661.00. The amount of professional fees and expenses incurred by Baker & McKenzie, counsel for the Committee, and its advisors, Lain Faulkner, total $221,443.18 and $72,178.72, respectively.

**Narrative Description of Services Provided, By Category**

14. The services provided by Applicant have been itemized by category. Miscellaneous items are included in the "Case Administration" category.

a. General Case Administration: The services provided in this category include preparation and filing of the bankruptcy petition, schedules, and statement of financial affairs, creation of a due diligence extranet for potential purchasers, fielding general inquiries from creditors, communication and reports to the United States Trustee, monthly operating reports, preparation and maintenance of the master creditor matrix. It also included coordination of FAA required notice to over 250,000 registered engine owners in connection with the proposed auction and sale to Avco, creation and maintenance of a client extranet, and preparation for hearings.

The total hours of services provided by Applicant during the Application Period in this category were 118.10 hours for a total of $23,372.00 in fees billed.

b. Asset Analysis and Recovery: The services provided in this category include efforts to identify, locate and confirm ownership of assets, including the tooling listed on the Debtor's schedules, and the settling of accounts receivable.

The total hours of services provided by Applicant during the Application Period in this category were 28.8 hours for a total of $10,060.00 in fees billed.

c. Asset Disposition: The services provided in this category relate to the "first-day" motions and the proposed auction and sale of substantially all of the Debtor's assets, including negotiations with Avco, marketing to potential purchasers, responding to objections to the proposed auction and asset sale, and attending the auction and related court hearings. As part of the proposed sale, the Debtor was required to verify the location and ownership of the tooling identified on Debtor's schedules. The status of the tooling was also an issue at the February 25, 2009 auction. This process involved numerous communications with various parts suppliers, review of related documentation and negotiation with such suppliers to determine whether the casting used to make parts was owned either by the Debtor or the supplier. The tooling

identification process has largely been completed and will be of great benefit to potential future purchasers. The FAA required Debtor to mail notice of the proposed sale and auction to over 250,000 registered engine owners. In addition to service upon the FAA-identified engine owners and the master mailing matrix, the Debtor provided notice all suppliers and customers with whom Debtor had conducted business at any time in the preceding five years.

The total hours of services provided by Applicant during the Application Period in this category were 444.00 hours for a total of $183,831.00 in fees billed.

d. <u>Relief from Stay Proceedings</u>: At the time the bankruptcy case was filed, there were numerous personal injury and wrongful death claims and lawsuits on file against the Debtor. These claims and lawsuits were disclosed in Debtor's schedules and statement of financial affairs. Although the Debtor believes that each of these claims and lawsuits, and the expenses associated therewith, including local counsel and expert witness fees, are covered by insurance, there have been no assurances made by the insurance carriers that issued the applicable polices that the insurers will assume, or have assumed, financial responsibility for defending the lawsuits.

Some of the underlying insurance policies provide for deductibles, self insured retentions, reimbursement obligations, fees and expenses and related costs that the insurance carriers have stated are the responsibility of the Debtor. Further, the insurance carriers have expressed the opinion that the Debtor's failure to assume responsibility for the payment of those items is a condition of the carrier's obligation to continue to provide a defense on behalf of the Debtor. Several claimants filed Motions for Relief from Stay, to which the Debtor objected. Orders were entered maintaining the stay if it would benefit the estate by preserving insurance costs or lifting the stay if it reduced claims or did not harm the estate.

The numbers of hours of services provided by Applicant during the Application Period in this category were 41.8 for a total of $19,863.00.

e. <u>Meetings and Communications with Creditors</u>: The services provided in this category include preparing for and attending the §341 creditors' meeting and creditors' committee meetings in addition to providing information to, communicating with, and negotiating with the creditors' committee.

The hours of services provided by Applicant during the Application Period in this category were 25.00 hours for a total of $11,784.00 in fees billed.

f. <u>Fee/Employment Applications</u>: The services provided in this category include the preparation of the application to employ Applicant, communications with Daniel Schenk and preparation of the application to employ Capital Financial Partners ("CFP") as investment advisors, preparation of the motion to assume the agreement with CFP, and preparation of an application to employ KPMG as tax consultants to the Debtor, which is in the process of being prepared.

The number of hours of services provided by Applicant during the Application Period in this category were 17.40 for a total of $7,771.00.

g.   Fee/Employment Objections:  The services provided in this category include the review of the Lain Faulkner application.

The hours of services provided by Applicant during the Application Period in this category were .5 hours for a total of $217.50 in fees billed.

h.   Avoidance Action Analysis:  The services provided in this category pertain to the efforts to avoid Thielert AG's $10 million lien, including the filing of an adversary proceeding and motion for summary judgment.

The number of hours of services provided by Applicant during the Application Period in this category were 20.6 for a total of $8,546.00 in fees billed.

i.   Assumption/Rejection of Leases:  The services provided in this category during the Application period include the review of all executory contracts and leases and determination of whether to assume or reject same, analysis of potential rejection claims, the preparation, filing, and attending the hearing on Debtor's motion to reject executory contracts, discussions with Debtor, the Committee, and Debtor's landlord, Texas Dugan Limited Partnership, regarding rejection of Debtor's non-residential real property lease, and preparation of motion requesting extension of time to reject lease.

The numbers of hours of services provided by Applicant during the Application Period in this category were 19.0 for a total of $7,207.00.

j.   Other Contested Matters:  The services provided in this category include analysis of accounts receivable issues and preparation of motion for authority to pay certain accounts receivable.

The hours of services provided by Applicant during the Application Period in this category were 5.60 hours for a total of $2,262.00 in fees billed.

k.   Travel:  The hours of travel time during the Application Period were 25.2 hours for a total of $11,726.00 in fees billed.  Half of this time was working travel. Accordingly, half of this time is being charged at 100% and half is being charged at 50%.  The total fees billed in the amount of $11,726.00 have been reduced by $2,931.50, for a total amount requested in this category of $8,794.50.

l.   Business Operations:  The services provided in this category include resolving issues related to operating in chapter 11, including ongoing discussions with Mr. Abercrombie regarding continued sales under the APA, customer returns, insurance cancellation and coverage issues, tort claims, premium finance issues, AIG letter of credit issue, and other operational issues.

The hours of services provided by Applicant during the Application Period in this category were 59.3 hours for a total of $24,325.00 in fees billed.

m.  <u>Tax Issues</u>:  The hours of service in this category include analysis of tax issues involving NOLs and preservation of NOLs,

The hours of services provided by Applicant during the Application Period in this category were 2.8 hours for a total of $1,463.00 in fees billed.

n.  <u>Claims Administration/Objections</u>:  The services provided in this category include specific claim issues including analysis of validity and priority of claims filed, determination of basis for objections to claims, preparation of objections to certain claims, analysis of warranty claims and warranty holder claims, claims resulting from the rejection of certain executory contracts, analysis and resolution of reclamation claims, analysis and resolution of 503(b)(9) claims, analysis and reconciliation of open purchase orders, analysis of insured claims and potential exposure on personal injury claims, discussions regarding allegations in threatened lawsuit by the Committee against the insider creditors, and preparation of a working claims analysis to track the status of claims and objections.

The hours of services provided by Applicant during the Application Period in this category were 153.4 hours for a total of $51,584.00 in fees billed.

o.  <u>Strategic Planning, Disclosure Statement and Bankruptcy Plan</u>:  The services provided in this category include communications with potential buyers, development of the strategic plan for the disclosure statement and plan, mapping out issues and structure of liquidation plan, discussion of plan alternatives, including selling company in parcels or stock and analysis of financial information to support same, review of pro forma for stand alone piece parts business and analysis of tax and potential post-confirmation liability issues, preparation and filing of motion to extend exclusivity, negotiation of possible settlement with TAG, evaluation of causes of action plead by Committee, efforts to reach consensual plan, communications with potential new buyer, and preparation and filing of disclosure statement and plan on May 15, 2009.

The numbers of hours of services provided by Applicant during the Application Period in this category were 82.10 for a total of $38,289.00 in fees billed.

## Billing Summary

| Name | Attorney Specialty | Number of Hours Worked | Hourly Rate[3] | TOTAL |
|---|---|---|---|---|
| Stephen A. Roberts | Bankruptcy | 286.80 | $495.00 | $141,966.00 |
| Stephen A. Roberts | Bankruptcy | 108.00 | $485.00 | $52,380.00 |
| Duane J. Brescia | Bankruptcy | 144.40 | $435.00 | $62,814.00 |
| Duane J. Brescia | Bankruptcy | 9.90 | $425.00 | $4,207.50 |
| Duane J. Brescia | Bankruptcy | 38.40 | $415.00 | $15,936.00 |
| Bob Franke | Bankruptcy | 87.30 | $475.00 | $41,467.50 |
| Spencer Stevens | Corporate | 46.20 | $375.00 | $17,325.00 |
| Robert Tyler | Litigation | 22.20 | $430.00 | $9,546.00 |
| Alison Semrau | Litigation | 19.00 | $275.00 | $5,225.00 |
| Robert M. O'Boyle | Litigation | 1.80 | $500.00 | $900.00 |
| Robert M. O'Boyle | Litigation | 9.20 | $445.00 | $4,094.00 |
| Jadd Masso | Litigation | 1.80 | $310.00 | $558.00 |
| William A. Harrison | Litigation | 1.70 | $400.00 | $680.00 |
| Farley Katz | Tax | 1.40 | $550.00 | $770.00 |
| John E. Rogers | Corporate | .40 | $550.00 | $220.00 |
| Edward Valdespino | Litigation | .40 | $400.00 | $160.00 |
| Debra Biehle | Litigation | .30 | $400.00 | $120.00 |
| Donna Krupa | Paralegal | 190.90 | $195.00 | $37,225.50 |
| Angelyn Tomes | Case Clerk | 55.10 | $100.00 | $5,510.00 |
| Marshall Jones | Case Clerk | 18.40 | $65.00 | $1,196.00 |
| **Sub-Total** | | **1,043.60** | | **$402,300.50** |
| **Less deduction for non-working travel** | | | | **-2,931.50** |
| **TOTAL** | | | | **$399,369.00** |

15.   Copies of the fee statements for the application period are attached as *Exhibit A*.

## Paraprofessionals

16.   Donna Krupa served as the chief paralegal on this case. Ms Krupa holds a Bachelor's degree from the University of Illinois – Urbana and has over twenty-two years experience in bankruptcy and litigation. Ms. Krupa has assisted in numerous complex Chapter 11 cases, enabling Applicant to reduce its blended hourly rate

---

[3] Any change in hourly rates reflected were made in accordance with Strasburger & Price, LLP's policy of periodic adjustment of billing rates.

**FIRST INTERIM APPLICATION OF STRASBURGER & PRICE, LLP FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD DECEMBER 31, 2008 THROUGH APRIL 30, 2009 -Page 9 of 14**
600740.1/SPA/20354/0102/052909

performing services where other firms are required to use professionals at higher billing rates.

17. Angelyn Tomes and Marshall Jones served as case clerks, assisting Applicant with essential tasks that would otherwise have been performed by Ms. Krupa at a higher hourly rate. Ms. Tomes has worked as a case clerk at Strasburger & Price, LLP for nine years, and has assisted in numerous bankruptcy cases. Mr. Jones has a Bachelor's degree from Duke University and has over two years experience at Strasburger & Price, LLP assisting with case management.

## Preparation of Application

18. With the exception of 8.0 hours for a total of $3,960 spent by Mr. Roberts on the preparation of this fee application included in the fee amount requested, the actual time spent will be reflected and charged in a future fee application. Applicant estimates it will spend 25.5 hours for a total of $5,872.50 on the preparation of the fee statements and this Application.

## Factors Supporting Allowance of Compensation

19. Section 330(a)(3)(A) of the Bankruptcy Code sets forth the criteria for the evaluation of professional fees. The § 330(a)(3)(A) factors are subsumed within the more extensive factors set forth in *In re First Colonial Corp. of America,* 544 F.2d 1291 (5th Cir.), *cert. denied,* 431 U.S. 904 (1977) *First Colonial* factors. The following analysis of the *First Colonial* factors supports the reasonableness of the requested fees and expenses:

a. **Time and labor required:** *Exhibit A* to this Application contains copies of Strasburger & Price, LLP's Monthly invoices. All time records are recorded in the firm's computerized billing system contemporaneously with the rendition of the services, and those daily records are reviewed periodically. *Exhibit A* sets forth in detail all the time

for which compensation is sought, as well as the specific services performed by each of the professionals in connection with the services.

      b.    **The size of the fee is commensurate with the novelty and difficulty of the questions presented in the case:**  The complexity of this case, which in other respects would be considered relatively small, stems from the fact that Debtor's business is heavily regulated by the FAA.  There are numerous guidelines, rules, regulations, and restrictions on the debtor's business.  This required a more detailed investigation and analysis by Applicant to understand these aspects.  Moreover, as the sales process was being conducted and due diligence performed by numerous interested purchasers, more time, effort and analysis was required to communicate the nature of the Debtor's business.  Applicant believes that the amount of the fees is reasonable in light of the complexity of the legal issues and problems present in this case.

      c.    **The skill requisite to perform the legal services properly:**  This case required a high level of skill and experience for the professionals involved, given the technical nature of Debtor's business and the regulation by the FAA involved.  Applicant has made a substantial investment in technology and electronic document organization which enabled it to use attorneys with the required expertise across the Firm's offices by putting the necessary information at their fingertips.

      d.    **Preclusion of other employment due to the acceptance of this case:**  This case did not preclude Applicant from accepting other cases, however, it did take up substantial amount of attorney and paralegal time which otherwise could have been diverted to other cases.

      e.    **The Customary fee:**  The hourly rates of Applicants are consistent or less than the reasonable and customary rates charged by professionals of comparable experience and ability in matters of similar scope, complexity, and significance.

      f.    **Whether the fee is fixed or contingent:**  Fixed.

      g.    **The amount of time involved and the results obtained:**  The amount of time involved was commensurate with the tasks required.  Applicant has achieved significant results in a very short time in the case.  It has been less than 6 months since the filing of this case.  In that time, Applicant has negotiated the asset purchase agreement with Avco and executed the bidding and auction process associated therewith.  While this process did not result in a sale that closed, that circumstance was primarily due to potential anti-trust concerns of governmental authorities regarding the sale to the two most likely and able bidders, Textron and Teledyne.  Since that time, Applicant has worked closely with the Committee in this case and discussed the potential sale of assets with numerous interested bidders.  Applicant filed the Debtor's plan of reorganization and disclosure statement on May 15, 2009 and since it calls for a bidding process and an orderly liquidation of assets, it is by its nature feasible.  The time and expenses incurred in this case, given the technical nature of the industry and heavy regulation involved, are reasonable for a case of this type.

**FIRST INTERIM APPLICATION OF STRASBURGER & PRICE, LLP FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD DECEMBER 31, 2008 THROUGH APRIL 30, 2009 -Page 11 of 14**

h. **The experience, reputation, and ability of the professionals who performed services in the case:** Applicant has a prominent and long-standing reputation handling chapter 11 bankruptcy cases in Texas. Lead bankruptcy counsel, Stephen A. Roberts, has 26 years experience in the insolvency practice and has represented numerous debtors in publicly held and privately held companies, creditors committees, secured and unsecured creditors, and acquirers. Mr. Roberts has represented parties in a substantial number of bankruptcy cases in the real estate industry since the real estate downturn in Texas in the 1980s. Mr. Roberts also has considerable experience in non-bankruptcy litigation and in other areas of business law. Mr. Roberts has been certified as a specialist in Business Bankruptcy Law by the Texas Board of Legal Specialization since 1992. He has been selected by his peers as a Texas "Superlawyer" every year since 2003 when the selection program started.

Duane Brescia, who was the bankruptcy attorney most involved in this case other than Mr. Roberts, has more than 11 years experience assisting clients in insolvency, corporate reorganization and commercial litigation-related matters. He has served as lead counsel in several single asset and other real estate chapter 11 bankruptcies, as well as representing creditors' committees, secured and unsecured creditors, and stakeholders in insolvent situations.

The other professionals who performed services in this case are listed above in descending order of the time they worked on the case. Their individual credentials can be viewed at www.strasburger.com.

i. **The undesirability of the cases:** This case was by no means undesirable, but it did involved complex issues not customary in cases of this size due to the regulation of the FAA.

j. **Awards in Similar Cases:** The compensation requested in this case is comparable to the compensation allowed in other cases of the size and complexity of this case.

WHEREFORE, Applicant requests (i) approval and allowance of professional fees in the amount of $399,369.00 and expenses in the amount of $81,928.07 for the time period December 31, 2008 through April 30, 2009 for a total of $481,297.07; (ii) approval to apply the $6,876.68 retainer to outstanding amounts; (iii) that after application of the retainer, the Debtor be authorized and ordered to pay Applicant remaining fees and expenses in the amount of **$474,420.39**; and, (iv) for such other and further relief to which Applicant may show itself to be justly entitled.

**FIRST INTERIM APPLICATION OF STRASBURGER & PRICE, LLP FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD DECEMBER 31, 2008 THROUGH APRIL 30, 2009 -Page 12 of 14**
600740.1/SPA/20354/0102/052909

        Respectfully submitted,

        */s/ Stephen A. Roberts*
        Stephen A. Roberts (SBN 17019200)
        Robert P. Franke (SBN 07371200)
        Duane J. Brescia (SBN 24025265)
        **STRASBURGER & PRICE, LLP**
        600 Congress, Suite 1600
        Austin, Texas 78701
        Tel. (512) 499-3600
        Fax (512) 499-3660
        stephen.roberts@strasburger.com
        bob.franke@strasburger.com
        duane.brescia@strasburger.com

        **BANKRUPTCY ATTORNEYS FOR DEBTOR SUPERIOR AIR PARTS, INC.**

## CERTIFICATION BY PROFESSIONAL

By my signature below, I, Stephen A. Roberts, do hereby certify (i) that I have read the foregoing Application, (ii) to the best of my knowledge, information and belief, formed after reasonable inquiry, the compensation and expense reimbursement sought is in conformity with the Guidelines for Compensation and Expense Reimbursement of Professionals, and (iii) the compensation and expense reimbursement requested are billed at rates, in accordance with practices, no less favorable than those customarily employed by Applicant and generally accepted by the Applicant's clients.

        */s/ Stephen A. Roberts*
        Stephen A. Roberts

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been forwarded by United States first class mail to the parties listed below, and without Exhibit A to all parties listed on the attached Service List on this the 29th day of May, 2009. The fee statements are available upon request.

**U.S.TRUSTEE:**

Mary Frances Durham
U.S. Department of Justice
Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, TX 75242

**OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS:**

David W. Parham,
Elliot Schuler & A. Swick
Baker & McKenzie LLP
2001 Ross Ave., Suite 2300
Dallas, TX 75201

                                          */s/ Stephen A. Roberts*
                                          Stephen A. Roberts

| | | |
|---|---|---|
| Theilert Aircraft Engines<br>Nieritzstr 14 D-01097<br>Dresden Germany | Mahle Engine Components<br>60428 Marine Road<br>Atlantic IA 50022-8291 | KS-Pistoes<br>Rodovia Arnald, Julio Mauberg<br>4000 Disrito Industrial No<br>Nova Odessa SP Brasil CAIZA Postal 91 CEP 13460-000 |
| Airsure Limited<br>Dallas Office<br>5700 Granite Parkway, #550<br>Plano, TX 75024-6647 | ECK Industries, Inc.<br>1602 North 8th Street<br>Manitowoc, WI 54221-0967 | Mahle Engine Components<br>14161 Manchester Road<br>Manchester, MO 63011 |
| Crane Cams<br>530 Fentress Blvd<br>Daytona Beach, FL 32114 | Corley Gasket Co.<br>6555 Hunnicut Road<br>Dallas TX 75227 | Saturn Fasteners Inc.<br>425 S. Varney St.<br>Burbank, CA 91502 |
| Champion Aerospace, Inc.<br>1230 Old Norris Road<br>Liberty, SC 29654-0686 | Ohio Gasket & Shim<br>976 Evans Ave.<br>Akron, OH 44305 | Gerhardt Gear<br>133 East Santa Anita<br>Burbank CA 91502-1926 |
| Automatic Screw Machine<br>709 2nd Avenue SE<br>Decatur, AL 35601 | Helio Precision Products<br>601 North Skokie Highway<br>Lake Bluff, IL 60044 | Knappe & Koester Inc.<br>18 Bradco Street<br>Keen, NH 3431 |
| Garlock-Metallic Gasket Div<br>250 Portwall St., Ste. 300<br>Houston, TX 77029 | AOPA Pilot<br>PO Box 973<br>Frederick, MD 21701 | Mahle Engine Components<br>17226 Industrial HWY<br>Caldwell, OH 43724-9779 |
| Genesee Stamping & Fabricating<br>1470 Avenue T<br>Grand Prairie, TX 75050-1222 | Seal Science<br>17131 Daimler<br>Irvine, CA 92614-5508 | Internal Revenue Service<br>Special Procedures - Insolvency<br>P.O. Box 21126<br>Philadelphia, PA 19114 |
| Deirdre B. Ruckman/AVCO<br>Gardere Wynne Sewell LLP<br>1601 Elm Street, Ste. 3000<br>Dallas, TX 75201 | David Childs, Ph.D.<br>Dallas County Tax Assessor/Collector<br>500 Elm Street, Records Building<br>Dallas, TX 75202 | Thielert AG<br>Albert-Einstein-Ring 11<br>D-22761, Hamburg Germany |
| Betsy Price, Tax Assessor Collector<br>100 E. Weatherford<br>PO Box 961018<br>Fort Worth, TX 76196 | Hartford Aircraft Products<br>94 Old Poquonock Road<br>Bloomfield, CT 06002 | Ace Grinding & Machine Company<br>2020 Winner Street<br>Walled Lake, MI 48390 |
| Lynden International<br>1800 International Blvd. #800<br>Seattle, WA 98188 | Combustion Technologies, Inc.<br>1804 Slatesville Road<br>Chatham, VA 24531 | Ruhrtaler Gesenkschmiede<br>F.W. Wengler GMBH & Co. KG, Feld<br>Witten, Germany 58456 |

| | | |
|---|---|---|
| Chester Salomon<br>Becker, Glynn, Melamed & Muffly LLP<br>299 Park Avenue<br>New York, NY 10171 | City of Coppell/Coppell ISD<br>Mary McGuffey, Tax Assessor Collector<br>PO Box 9478<br>Coppell, TX 75019 | Kent Abercrombie<br>Superior Air Parts, Inc.<br>621 S. Royal Lane, Suite 100<br>Coppell, TX 75019-3805 |
| Neil J. Orleans<br>Goins, Underkolfer, et al, LLP<br>1201 Elm Street, Ste. 4800<br>Dallas, TX 75270 | Howard A. Borg/James T. Jacks<br>Ass't US Atty for FAA<br>Burnett Plaza, Suite 1700<br>801 Cherry Street, Unit 4<br>Fort Worth, Texas 76102-6882 | Laurie A. Spindler<br>Linebarger Goggan et al, LLP<br>2323 Bryan Street Suite 1600<br>Dallas, TX 75201 |
| Jeffrey N. Thom, Q.C.<br>Miller Thomson LLP<br>3000, 700 - 9th Avenue SW<br>Calgary, AB T2P 3V4 | Gordon J. Toering<br>**WARNER NORCROSS & JUDD LLP**<br>900 Fifth Third Center<br>111 Lyon Street, NW<br>Grand Rapids, Michigan 49503 | Anita F. McMahon<br>1646 Belmont Ave.<br>Baton Rouge, LA 70808 |
| Michael L. Jones<br>Henry & Jones, LLP<br>2902 Carlisle Street, Ste. 150<br>Dallas, TX 75204 | LARRY K. HERCULES<br>ATTORNEY AT LAW<br>1400 Preston Road, Suite 280<br>Plano, Texas 75093 | Gregory B. Gill, Jr.<br>Gill & Gill, S.C.<br>128 North Durkee St.<br>Appleton, WI 54911 |
| Laura Boyle<br>TW Telecom, Inc.<br>10475 Park Meadows, Dr. #400<br>Littleton, CO 80124 | Melissa S. Hayward<br>LOCKE LORD BISSELL& LIDDELL LLP<br>2200 Ross Avenue, Suite 2200<br>Dallas, Texas 75201<br>Counsel for the Insurers | Vincent Slusher/J. Seth Moore<br>Beirne Maynard & Parsons, LLP<br>1700 Pacific Ave., Ste. 4400<br>Dallas, TX 75201<br>Attys for Theilert Aircraft Engines GMBH |
| Mary Frances Durham<br>U.S. Department of Justice<br>Office of the United States Trustee<br>1100 Commerce Street, Room 976<br>Dallas, TX 75242 | Stefano Gazzola<br>Zanzi, S.p.A.<br>Corso Vercelli, 159<br>10015 Ivrea, Italy | Piyush Kakar<br>Seal Science Inc.<br>17131 Daimler<br>Irvine, CA 92614 |
| Jim Griffin<br>Hartford Aircraft Products<br>14 Old Poquonock Road<br>Bloomfield, CT 06002 | Phil Eck<br>Eck Industries, Inc.<br>1602 North 8th Street<br>Manitowoc, WI 54221-0967 | Werner Wilhelm Albus<br>Valeria de Freitas Mesquita<br>KSPG Automotive Brazil LTDA<br>Rodovia Arnaldo Julio Mauerbert,<br>n. 4000-Distrito Industrial 01<br>Nova Odessa- SP Brasil<br>Caixa Postal 91 |
| Ronald Weaver<br>Avstar<br>1365 Park Lane South<br>Jupiter, Fl 33458 | Linda Boyle<br>TW Telecom, Inc.<br>10475 Park Meadows Dr. #400<br>Littleton, CO 80124 | Susan B. Hersh<br>12770 Coit Rd. Ste. 1100<br>Dallas, TX 75251 |
| William G. Burd/Krystina N. Jiron<br>Atkinson & Brownell, PA<br>1 South Biscayne Blvd., Suite 3750<br>Miami, FL 33131 | David W. Parham,<br>Elliot Schuler & A. Swick<br>Baker & McKenzie LLP<br>2001 Ross Ave., Suite 2300<br>Dallas, TX 75201 | Timothy S. McFadden<br>LOCKE LORD BISSELL& LIDDELL LLP<br>111 South Wacker Drive<br>Chicago, IL 60606<br>Counsel for the Insurers |
| Billy G. Leonard, Jr.<br>Attorney at Law<br>1650 W. Virginia Street, Suite 211<br>McKinney, Texas 75069 | Kevin H. Good<br>Conner & Winters LLP<br>1700 Pacific Avenue<br>Suite 2250<br>Dallas, Texas 75201 | Rosa R. Orenstein<br>LOOPER, REED & McGRAW, P.C.<br>4100 Thanksgiving Tower<br>1601 Elm Street<br>Dallas, TX 75201 |

Kenneth A. Hill
QUILLING, SELANDER, CUMMISKEY
& LOWNDS, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201