STEPHEN A. ROBERTS
STATE BAR NO. 01701920
ROBERT P. FRANKE
STATE BAR NO. 07371200
DUANE J. BRESCIA
STATE BAR NO. 24025265
STRASBURGER & PRICE, LLP
600 CONGRESS AVE., SUITE 1600
AUSTIN, TEXAS 78701-2974
(512) 499-3600
(512) 499-3660 FAX

ATTORNEYS FOR DEBTOR SUPERIOR AIR PARTS, INC.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | **Case No. 08-36705** |
| | § | |
| **SUPERIOR AIR PARTS, INC.,** | § | **Chapter 11** |
| | § | |
| **Debtor.** | § | **Preliminary Hearing: June 16, 2009** |
| | § | **Time: 1:15pm** |
| | § | |

## DEBTOR'S RESPONSE TO THE MOTION FOR RELIEF FROM THE STAY
## FILED BY MICHAEL HENDERSON

TO:   THE HONORABLE COURT:

Superior Air Parts, Inc., Debtor and Debtor-in-Possession ("Debtor") responds to

the Motion for Relief from the Automatic Stay filed by Michael Henderson ("Movant") to

allow him to continue prosecuting his pending causes of action and exercise his

respective rights and remedies as to the causes of action and in support would

respectfully show:

1

**I.**

## JURISDICTION

1.      On December 31, 2008, (the "Petition Date"), Debtor field a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court").  The Debtor continues to operate its business and manage its properties and assets as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.  An unsecured creditors committee has been appointed in the case.

2.      The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.  This Motion involves a core proceeding pursuant to 28 U.S.C. § 157(b).

3.      Venue is proper with the Bankruptcy Court pursuant to 28 U.S.C. § 1408.

**II.**
## BACKGROUND

4.      The Debtor is a Texas corporation with its offices and operating facilities located in Coppell, Dallas County, Texas.  It is one of the largest suppliers of parts under Federal Aviation Administration's ("FAA") Parts Manufacturer Approval ("PMA") regulations for piston engines.  It provides Superior-brand parts for engines created by two primary original equipment manufacturers ("OEMs"), the Continental division of Teledyne, Inc. and the Lycoming division of Textron, Inc.  Its customers are companies that perform maintenance and overhaul work in the general aviation industry.  The Debtor is also an OEM for the (i) 180-horsepower Vantage Engine and (ii) Superior or owner-built XP-360 Engine for various aircraft companies.

2

5.      On December 30, 2008, the Debtor entered into an asset purchase agreement ("APA") with Avco Corporation ("Avco"), a wholly-owned subsidiary of Textron, Inc, wherein Avco agreed to buy substantially all of the Debtor's assets, subject to adjustments for inventory reductions. One of the conditions of the purchase agreement was that the purchase be consummated through a Chapter 11 bankruptcy proceeding.  This Chapter 11 case was filed to liquidate the assets of the Debtor and to obtain the highest and best price for creditors, either through the APA with Avco, or a public auction.

6.      The Bankruptcy Court approved Superior's Expedited Motion to Approve Bid Procedures for Sale of Substantially All of Debtor's Assets Free and Clear of Liens (Docket No. 43).  Under the bid procedures, the auction of the Superior's assets was held beginning on February 24, 2009 and continued on February 26, 2009.  At the conclusion of the auction, the Debtor rejected both the offers of two Qualified Bidders because neither was in the best interest of the Debtor, its estate and its creditors.

7.      On May 15, 2009 the Debtor filed its Disclosure Statement and Plan of Reorganization.

### III.
### LEGAL STANDARD

8.      Section 362(a)(1) of the Bankruptcy Code provides in relevant part as follows:

> (a)      Except as provided in subsection (b) of this section, a petition filed under section 301, 302 or 303 of this title . . . operates as a stay, applicable to all entities, of-
>
> (1)      the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before

the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

9.      The legislative history of section 362 of the Code indicates that Congress intended for the scope of the automatic stay to be broad to effectuate its purpose:

> The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws.  It gives the debtor a breathing spell from his creditors.  It stops all collection efforts, all harassment, and all foreclosure actions.  It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

H.R. Rep. No. 595, 95th Cong., 1st Sess. 340 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 49 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5840-41, 5963.

10.     The automatic stay is intended to give the debtor a "breathing spell" after the commencement of a chapter 11 case, shielding debtors from creditor harassment and a multitude of litigation in a variety of forums at a time when the debtor's personnel should be focusing on restructuring.  *See, e.g., S.I. Acquisition, Inc. v. Eastway Delivery Service, Inc. (In re S.I. Acquisition, Inc.)*, 817 F.2d 1142, 1146 (5th Cir. 1987).  The automatic stay broadly extends to all matters which may have an effect on a debtor's estate, enabling bankruptcy courts to ensure that debtors have the opportunity to rehabilitate and reorganize their operations.  *See, e.g. Manville Corp. v. Equity Security Holders Comm. (In re Johns-Manville Corp.)*, 801 F.2d 60, 62, 63-64 (2d Cir. 1986).

11.     The party seeking to lift or modify the automatic stay bears the initial burden to show cause why the stay should be lifted. In fact, "[i}f the Movant fails to make an initial showing of cause . . . the court should deny relief without requiring any showing from the debtor that it is entitled to continued protection."  *See Sonnax Industries v. Tri Component Products Corp. (In re Sonnax Industries),* 907 F.2d 1280,

**4**

1285 (2d Cir. 1990); *Mooney v. Gill,* 310 B.R. 543, 547 (N.D. Tex. 2002); *In re Gramercy Court, Ltd.*, 2007 WL 2126493, at *5 (Bankr. S.D. Tex. July 19, 2007)

12.     The Second Circuit, in *In re Sonnax Industries*, established a number of factors to be considered in deciding whether to modify the automatic stay to permit litigation to continue in another forum including:

> (1)     whether the debtor's insurer has assumed full responsibility for defending the litigation;
> (2)     the interests of judicial economy and the expeditious and economical resolution of litigation; and
> (3)     the impact of the stay on the parties and the balance of the harms;

*See In re Sonnax Industries*, 907 F.2d at 1286.

## IV.
## DEBTOR'S RESPONSE

13.     Although the Movant states in his motion that he seeks recovery only from applicable insurance, and waive any deficiency or other claims against the Debtor's bankruptcy estate property, there are no assurances that the Debtor's insurers have assumed full responsibility to defend the litigation and that the Debtor and its bankruptcy estate will not be negatively impacted.

14.     The underlying policy for the Movant's claim provides for a deductible, self insured retention, reimbursement obligation, fees and expenses and related costs that the insurance carrier has stated in its proof of claim filed in this case are the responsibility of the Debtor.  The lead insurance carrier for the syndicate that issued the policies has expressed the opinion through counsel that the Debtor's failure to assume responsibility for the payment of those items is a condition precedent of the carriers' obligation to continue to provide a defense on behalf of the Debtor in the litigation initiated by the Movant.  Consequently there are no assurances by the insurance

**5**

carriers that issued the applicable polices subject of the claim of the Movant and that

they will assume, or have assumed, financial responsibility for defending the Debtor in

Movant's lawsuit.

15.    The Debtor has provided for the treatment of the obligations to insurance

carriers in its Plan of Reorganization.  At a minimum the stay should remain in place

until the Court rules on the confirmation of the plan.

16.    If the insurance carriers will not confirm to the Debtor that it will assume

the financial responsibility for defending the litigation and indemnifying the Debtor for

amounts in excess of deductibles, despite the existence of the alleged reimbursement

obligations, fees and deductibles, prior to the plan confirmation the Debtor may have no

alternative but to file appropriate actions for a declaratory judgment to establish that

such a duty and obligation exists despite its bankruptcy filing.  Without the agreement of

the underlying carrier or a declaration that the carrier has that responsibility, if this stay

is lifted the Debtor and the bankruptcy estate will be faced with incurring unnecessary

legal expense and costs of litigation associated with providing a defense.  The

termination of the stay to allow the  prosecute of the Movant's action would unduly

burden the resources of the Debtor's estate and hamper its efforts to confirm its plan of

reorganization.

WHEREFORE, the Superior Air Parts, Inc. requests the Court deny Movant's

Motion and grant the Debtor such other and further relief as is just.

2786601.1/SP/20354/0102/060309

Dated: June 3, 2009.

Respectfully submitted,

/s/ Robert P. Franke__
Stephen A. Roberts (SBN 17019200)
Duane J. Brescia (SBN 24025265)
**STRASBURGER & PRICE, LLP**
600 Congress, Suite 1600
Austin, Texas 78701
Tel. (512) 499-3600  /  Fax (512) 499-3643
stephen.roberts@strasburger.com
duane.brescia@strasburger.com


Robert P. Franke
STATE BAR NO. 07371200
**STRASBURGER & PRICE, L.L.P.**
901 Main Street, Suite 4300
Dallas, TX 75202
214-651-4300 – Telephone
214-651-4330 – Facsimile
robert.franke@strasburger.com

**ATTORNEYS FOR DEBTOR SUPERIOR AIR
PARTS, INC.**


## CERTIFICATE OF SERVICE

The undersigned certifies that true and correct copies of the foregoing pleading were served on the parties listed below and on the attached service list by filing the Response via the Court's electronic noticing system (ECF) to the parties receiving notice via ECF or first class U.S. Mail, postage prepaid, on the 3rd day of June, 2009.

Michelle E. Shriro
Singer & Levick, P.C.
16200 Addison Road, Suite 140
Addison, TX 75001


/s/ Robert P. Franke
Robert P. Franke

7

Superior Air Parts, Inc.
621 S. Royal Lane, Suite 100
Coppell, TX 75019-3805

Mary Frances Durham
Office of the US Trustee
1100 Commerce Street, Rm 976
Dallas, Texas 75242-1496

Mahle Engine Components USA
60428 Marne Road
Atlantic, IA 50022-8291

KS-Pistoes
Rodovia Arnald, Julio Mauerberg
4000 Districto Industrial
Nova Odessa-SP Brasil
CAIXA Postal 91, CEP 13460-000

ECK Industries, Inc.
1602 North 8th Street
Manitowoc, WI 54221-0967

Airsure Limited
15301 Spectrum Drive, #500
Addison, TX 75001

Helio Precision Products
601 North Skokie Highway
Lake Bluff, IL 60044

Hartford Aircraft Products
94 Old Poquonock Road
Bloomfield, CT 06002

Crane Cams
530 Fentress Blvd.
Daytona Beach, FL 32114

Ace Grinding & Machine Company
2020 Winner Street
Walled Lake, MI 48390

Genesee Stamping & Fabricating
1470 Avenue T
Grand Prairie, TX 75050-1222

Corley Gasket Co.
6555 Hunnicut Road
Dallas, Texas 75227

Lynden International
1800 International Blvd, #800
Seattle, WA 98188

Saturn Fasteners, Inc.
425 S. Varney St.
Burbank, CA 91502

Automatic Screw Machine
709 2nd Avenue SE
Decatur, AL 35601

AOPA Pilot
P.O. Box 973
Frederick, MD 21701

Combustion Technologies, Inc.
1804 Slatesville Road
Chatham, VA 24531

Champion Aerospace, Inc.
1230 Old Norris Road
Liberty, SC 29657-0686

Ruhrtaler Gesenkschmiede
F.W. Wengler GMBH & Co., KG
Felderstrasse 1
Witten, Germany 58456

Ohio Gasket & Shim
976 Evans Ave.
Akron, OH 44305

Gerhardt Gear
133 East Santa Anita
Burbank, CA 91502-1926

Knappe & Koester Inc.
18 Bradco Street
Keen, NH 03431

Deirdre B. Ruckman
Gardere Wynne Sewell LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201

Anita F. McMahon
1646 Belmont Ave.
Baton Rouge, LA 70808

Michael L. Jones
Henry & Jones, P.C.
2902 Carlisle St., Suite 150
Dallas, Texas 75204

Chester B. Salomon
Stevens & Lee, P.C.
485 Madison Ave., 20th Floor
New York, NY 10022

Gordon J. Toering
Warner Norcross & Judd, L.L.P.
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, MI 49503

2786601.1/SP/20354/0102/060309

Theilert Aircraft Engines
Nieritzstrasse 14 D-01097
Dresden Germany

Garlock-Metallic Gasket Div
250 Portwall St., Ste. 300
Houston, Texas 77029

Betsy Price, Tax Assessor Collector
100 E. Weatherford
PO Box 961018
Fort Worth, TX 76196


Seal Science
17131 Daimler
Irvine, CA 92614-5508

David Childs, Ph.D.
Dallas County Tax Assessor/Collector
500 Elm St, Records Building
Dallas, Texas 75202

Mahle Engine Components
14161 Manchester Road
Manchester, MO 63011


Mahle Engine Components
17226 Industrial Hwy
Caldwell, OH 43724-9779

Internal Revenue Service
Special Procedures – Insolvency
P.O. Box 21126
Philadelphia, PA 19114

City of Coppell/Coppell ISD
Mary McGuffey, Tax Assessor Collector
P.O. Box 9478
Coppell, TX 75019


Laurie A. Spindler
Linebarger Goggan Blair & Sampson
2323 Bryan St., Suite 1600
Dallas, Texas 75201

James T. Jacks, Howard A. Borg
U.S. Attorney's Office
Burnett Plaza, Suite 1700
801 Cherry Street, Unit 4
Fort Worth, TX 76102-6882

Neil J. Orleans
Goins, Underkofler, Crawford & Langdon
1201 Elm Street, Suite 4800
Dallas, Texas 75270


**2786601.1/SP/20354/0102/060309**