Billy G. Leonard, Jr.
Texas Bar No. 12208100
Attorney at Law
1650 W. Virginia Street, Suite 211
McKinney, Texas 75069-7703
Telephone  (469) 742-0855
Fax  (469) 442-0135

and

Kevin H. Good
Texas Bar No. 08139300
Conner & Winters LLP
1700 Pacific Avenue
Suite 2250
Dallas, Texas 75201
Telephone  (214)217-8070
Fax  (214) 217-8861

**Attorneys for Aviation Parts Supply, Inc**.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **SUPERIOR AIR PARTS, INC.** | § | **CASE NO. 08-36705-BJH-11** |
| | § | |
| | § | |
| **DEBTOR** | § | |

## AVIATION PARTS SUPPLY, INC.'S PRELIMINARY OBJECTION TO AMENDED DISCLOSURE STATEMENT OF SUPERIOR AIR PARTS, INC.

Aviation Parts Supply, Inc. ("APS"), a creditor and party in interest, by and through undersigned counsel, files this, its Preliminary Objection to Amended Disclosure Statement of Superior Air Parts, Inc., and would show the Court as follows:

## AVIATION PARTS SUPPLY, INC.

1.      APS is a Texas corporation organized on August 25, 2008 for the primary purpose of acquiring Superior Air Parts, Inc.  Prior to the filing of this case, APS had numerous contacts with the Debtor and in early December 2008 made a definite offer to purchase the Debtor (a) without a requirement that the Debtor file Chapter 11, (b) without any damage or losses being imposed on the Debtor's creditors and (c) with a substantial payment to the 100% shareholder of the Debtor.

## PROCEDURAL BACKGROUND

2.      On or about December 31, 2008, Superior Air Parts, Inc. ("Superior" or "Debtor") commenced this bankruptcy proceeding.

3.      The period of exclusivity under Section 1121(b) of the Bankruptcy Code for the Debtor to file a plan was initially to expire on April 20, 2009.  The Debtor filed a motion to extend exclusivity for an additional fifteen (15) days, and a hearing was held on May 7, 2009, at which the Debtor's motion was granted.

4.      On Tuesday, June 23, 2009, the Amended Disclosure Statement of Superior Air Parts, Inc. (hereinafter, the "Amended Disclosure Statement") was filed. Pursuant to a motion to shorten notice and expedite hearing, a hearing to consider approval of the Amended Disclosure Statement has been set for 4:00 p.m. on July 6, 2009.

## OBJECTION

5.       In light of the shortened notice period and the expedited setting for the hearing, APS has undertaken an initial review of the Amended Disclosure Statement, and in the interest of expediency and producing a Disclosure Statement that provides adequate information sufficient to allow creditors to make an informed decision on

whether to accept the Amended Plan of Reorganization, APS files this Preliminary

Objection to the Amended Disclosure Statement.  APS will have additional objections

and expressly reserves the right to file such additional objections and to supplement

and amend this Preliminary Objection.

6.      The Amended Disclosure Statement does not contain adequate

information regarding the future business operations of the Reorganized Debtor.  There

is no meaningful discussion of the feasibility of the Amended Plan.  There are no

projections, financial information or detailed discussion regarding future operations or

business plan of the Reorganized Debtor, its profitability and/or its ability to meet the

obligations it is assuming under the Amended Plan.  Indeed, from what is disclosed, the

Debtor appears to have offered prima facie evidence that the Amended Plan is not

feasible:

> Brantly intends to retain Kent Abercrombie, the current President of the Debtor,
> to continue as President and for Superior to resume sales of piece parts, cylinder
> assemblies and Vantage engines.

Amended Disclosure Statement, page 12.


This is the same business model that yielded the following financial results:

> Superior's Financial Performance Since 2005.

> Since 2005, Superior has experienced EBITDA loss and a total net loss each
> year. A breakdown of Debtor's performance is as follows:

|      | Gross Sales | EBITDA | Net Income |
|------|-------------|--------|------------|
| 2005 | $25,714.775 (sic) | ($2,443,665) | ($5,171,469) |
| 2006 | $31,348,956 of Thielert AG transaction and treatment of outstanding loans and interest) | ($2,879,352) | ($451,364) (Result |

| 2007 | $31,140,083 | ($4,209,928) | ($5,635,053) |
| 2008 | $23,007,415 | ($3,576,304) | ($5,071,081) |

Amended Disclosure Statement, page 4 and 5.


Absent the disclosure of a new business plan, new projections and verifiable assumptions, the Amended Plan does not appear to be confirmable.

7.       Under the much cited case of *In re Metrocraft Publishing Services, Inc.*, 39 B.R. 567 (Bankr. N.D. GA. 1984), the Court listed 19 factors as a starting point for consideration of the adequacy of a disclosure statement.  Two of those factors relevant to Superior's Amended Disclosure Statement are the "anticipated future of the company" and "financial information, data, valuations or projections relevant to the creditors' decision to accept or reject the Chapter 11 plan".  *Id.*, at 568.  Not only is this type of information important for the creditor in making a decision regarding whether to vote for the plan, but it is critical to an analysis of whether the plan is feasible.  Pursuant to Section 1129(a)(11) of the Bankruptcy Code, the Court must find that the plan is feasible and that confirmation of the plan is not likely to be followed by liquidation or the need for future reorganization.

8.       Apparently the Debtor is taking the position that its Plan is a plan of liquidation and not a plan of reorganization.  The Amended Disclosure Statement alleges, in Article IX on page 33 of 45, that "[b]ecause the Plan is essentially a liquidation plan…the Plan is feasible by its nature".  A review of the Amended Disclosure Statement and Plan of Reorganization reveals that it is not a plan of liquidation but is a reorganization plan.  By way of example and not limitation:

● The Disclosure Statement indicates that Brantly will become the owner of the Debtor and will resume sales of piece parts, cylinder assemblies and Vantage Engines. *Amended Disclosure Statement,* at p 12.

● Throughout the Amended Disclosure Statement and Amended Plan, reference is made to the "Reorganized Debtor".

— The "Reorganized Debtor" will assume all outstanding purchase orders. *Id.*, at page 13.

— The "Reorganized Debtor" will assume the Debtor's obligations under its liability insurance policies. *Id.*

— The "Reorganized Debtor" will honor all warranty claims arising after the Effective Date. *Id.*

● Under the Means for Implementation of Plan provisions of the Amended Disclosure Statement and the Amended Plan, existing ownership interests in the Debtor are to be cancelled, and upon the Effective Date, new ownership interests in the Reorganized Debtor will be issued to Brantly. *Id.* at page 21. *See also*, Amended Plan at page 18.

● Under Vesting of Assets, the Amended Disclosure Statement and Amended Plan provide that the property of the Debtor will vest in the Reorganized Debtor. Amended Disclosure Statement, at page 24. *See also*, Amended Plan at page 22.

● In the Debtor's Motion to Approve Bid Procedures for Sale of Equity or Assets Pursuant to Plan of Reorganization at page 3, the Debtor states "[t]he Plan

provides in general for the reorganization of Superior and the issuance of new shares in

the Reorganized Debtor to Brantly International, Inc."

9.    Importantly, the Debtor's proposed Bid Procedures requires any bidder to

comply with the following requirement:

> (iv) Ability to Close: Each Bid must be accompanied by evidence reasonably satisfactory to the Debtor, TAG, and the Committee demonstrating the Bidder's financial ability to close an asset purchase or stock purchase, as the case may be, **and in the event of a stock purchase demonstrate the Plan is financially feasible and not likely to be followed by a need for further financial reorganization.** (emphasis added).

Bid Procedures, page 7.

No such demonstration is contained in the Amended Disclosure Statement and

without same, the creditors have insufficient information from which to decide whether

to vote for the Amended Plan or not.

10.    Based on the foregoing and an overall review of the Amended Disclosure

Statement and Amended Plan of Reorganization, the Debtor's plan is a plan of

reorganization and not of liquidation.  Accordingly, APS asserts that information

regarding future operations, future business plan, financial projections and related

information is necessary to be included in the Disclosure Statement in order for the

Disclosure Statement to contain adequate information and meet the disclosure

requirements of Section 1125 of the Bankruptcy Code.  The Debtor's Amended

Disclosure Statement does not contain adequate information in this regard, and

accordingly, cannot be approved.

11.    APS reserves the right to file additional objections to the Amended

Disclosure Statement and to further amend and supplement this Preliminary Objection.

WHEREFORE, PREMISES CONSIDERED, APS files this, its Preliminary

Objection to the Amended Disclosure Statement of Superior Air Parts, Inc. and requests

an order of the Court denying approval of the Amended Disclosure Statement and for

such other and further relief as may be just and equitable.

DATE: June 25, 2009

                                        Respectfully submitted,


By: /s/Billy G. Leonard, Jr.
    BILLY G. LEONARD, JR.
    Texas State Bar No. 12208100
    1650 W. Virginia Street, Suite 211
    McKinney, Texas 75069
    (469) 742-0855
    (469) 442-0135 (Facsimile)

and

    Kevin H. Good
    Texas Bar No. 08139300
    Conner & Winters LLP
    1700 Pacific Avenue
    Suite 2250
    Dallas, Texas 75201
    Telephone  (214)217-8070
    Fax  (214) 217-8861

**Attorneys for Aviation Parts Supply, Inc.**


## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on the 25th day of June, 2009, a true and correct copy of the foregoing was served to those persons receiving electronic notification from the Court's electronic filing system and via e-mail to Mr. Stephen Roberts, counsel for the Debtor and Mr. Dave Parham, counsel for the Unsecured Creditors' Committee.

                         /s/Billy G. Leonard, Jr
                         Billy G. Leonard, Jr.