# TRUST AGREEMENT AND DECLARATION OF TRUST

This Trust Agreement and Declaration of Trust ("Agreement") is made and entered into as of the ____ day of _____, 2009 ("Effective Date"), by and among Superior Air Parts Inc., debtor and debtor-in-possession in the bankruptcy case, Case No. 08-36705 (the "Debtor" or "Superior") and (the "Trustee").

WHEREAS, Superior filed a bankruptcy petition under Chapter 11 of the United States Code (the "Bankruptcy Code") on December 31, 2008 ("Petition Date") commencing the case of *In re Superior Air Parts Inc.*, Case No. 08-36705 ("Bankruptcy Case"), in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division ("Bankruptcy Court").

WHEREAS, on or about January 29, 2009, the United States Trustee's Office formed the Official Committee of Unsecured Creditors (the "Committee");

WHEREAS, the Bankruptcy Court entered an order confirming the Plan of Reorganization (the "Plan") proposed by the Debtor and the Committee on _____, 2009 in the Bankruptcy Case;

WHEREAS, the Plan provides for (i) the transfer of the Trust Assets (as defined in the Plan, together with all other assets as may become part of the trust estate, the "Trust Assets"), into a newly created grantor trust, (ii) the management, safekeeping and orderly liquidation of the Trust Assets by the Trustee with direction from the Trust Advisors, (iii) the distribution to the Trust's creditors and beneficiaries of the net proceeds from the sale, lease or other disposition of all or part of the Trust Assets, and (iv) the ultimate distribution of any remaining proceeds (or if such assets cannot be sold, the distribution thereof) to the creditors and beneficiaries of the Trust in accordance with the Plan upon termination of the Trust;

NOW, THEREFORE, in order to effectuate and comply with the terms and conditions of the Plan, the parties hereto agree as follows:

1. **Creation of the Trust.**

    1.1 Appointment of the Trustee. In accordance with the provisions of the Plan, _____ is hereby named as the Trustee to hold, manage, and distribute the Trust Assets for the benefit of the Trust beneficiaries pursuant to the terms of this Agreement and the Plan.

    1.2 Acceptance by the Trustee. The Trustee is willing and does hereby accept the appointment to serve as trustee and hereby agrees to administer the Trust Assets pursuant to the terms of this Agreement and the Plan.

    1.3 Name of the Trust. The Trust established hereby shall bear the name "Superior Creditors' Trust." In connection with the exercise of his powers as trustee, the Trustee may use such name or such variation thereon as he sees fit, or may use his own name, as Trustee, or otherwise.

1.4    <u>Trust Advisors</u>.  An oversight committee (the "<u>Trust Advisors</u>") operating by majority vote, shall have the power, subject to the terms of the Plan and this Agreement, to direct the activities of the Trustee or to remove and replace the Trustee.  In particular, and not by way of limitation, the Trust Advisors shall have the power to (a) review and approve payment of all professional fees and expenses prior to payment by the Trustee; (b) review and approve any settlements proposed by the Trustee involving litigation claims which seek recovery in excess of $_____.  The Trust Advisors shall initially consist of _____ members, but may operate with as few as _____ members.  The initial Trust Advisors will be appointed by the Committee.  In the event that the Trust Advisors become unable or unwilling to continue service, then the Trustee shall appoint any replacements for such members, subject to the consent of the remaining members.  The Trust Advisors shall serve without compensation however reasonable expenses may be reimbursed by the Trustee at his sole discretion.

1.5    <u>Beneficiaries of the Trust</u>.  The beneficiaries of the Trust shall be the holders of Allowed Claims who shall receive a beneficial interest in the Trust in accordance with their treatment under the terms of the Plan and this Agreement, but only to the extent provided in the Plan.

1.6    <u>Transfer of the Trust Assets to the Trust</u>.  In accordance with the provisions of the Plan, right, title and interest in and to the Trust Assets are hereby vested in the Trust and preserved for the benefit of the Trust beneficiaries.  From and after the Effective Date of this Agreement, the Trust Assets shall be administered by the Trustee on behalf of the Trust beneficiaries.  Prior to or contemporaneously with the execution of this Agreement, the Debtor shall have executed and delivered to, or to the order of, the Trustee any and all documents and other instruments as may be necessary or useful to conform title to the Trust Assets, including the Debtor's books and records relating to the Trust Assets.

1.7    <u>Funding of the Trust</u>.  The activities of the Trust will be funded by the Trust Assets and/or the proceeds of the disposition thereof.

1.8    <u>Resolution of the Causes of Action</u>.  Subject to the terms of the Plan, the Trustee shall pursue, in his discretion, on behalf of the Trust as the designated representative of the Debtor, to either judgment, order, compromise or settlement, the causes of action transferred to the Trust pursuant to the Plan, resolution of which shall be affected in a manner reasonably calculated under the then existing circumstances to maximize the proceeds of the causes of action within the period necessary to fund timely the payments contemplated under the Plan.

1.9    <u>Reserves</u>.  Prior to any distribution of cash or proceeds, the Trustee shall establish adequate reserves for the operation of the Trust and Disputed Claims that may become Allowed Claims after the Effective Date.

1.10    <u>Interim Distribution</u>.  If and when, in the opinion of the Trustee, there are sufficient cash and proceeds to justify an interim distribution to creditors holding Allowed Claims, he may make such interim distributions to Holders of such Allowed Claims as he deems appropriate in his sole and absolute discretion; provided that the Trustee shall maintain an amount deemed necessary by the Trustee to be a sufficient reserve as required in this Section.

**TRUST AGREEMENT AND DECLARATION OF TRUST** – Page 2

1.11    Unclaimed Distributions.  Any proceeds or other cash held for the benefit of any Holder of an Allowed Claim, if unclaimed by the distributee within ___ months after the distribution, shall be redeposited into the fund and made available for other Allowed Claims, and all liability and obligations of the Debtor and the Trust to such distributee with respect thereto shall thereupon cease.

2.    **Beneficial Interest of the Trust beneficiaries.**

2.1    Interests Beneficial Only.  The Trust beneficiaries shall have a beneficial interest in the Trust Assets only to the extent specified under the Plan.  The Trust beneficiaries' proportionate beneficial interest in the Trust Assets shall be transferable, except that a transferor of a beneficial interest must transfer its entire interest.  The beneficial interests held by the Trust beneficiaries hereunder shall not entitle any Trust beneficiary to any title or direct ownership interest in or to any of the Trust Assets as such, or to any right to call for a partition or division of the same, or to require an accounting except as specially required by the terms hereof.

2.2    Evidence of Beneficial Interest.  Ownership of a beneficial interest in the Trust Assets hereunder shall not be evidenced by any certificate, security, or receipt or in any other form or manner whatsoever.

2.3    Relationship Creates No Partnership or the Like.  The only relationship created by this Agreement is the trustee-beneficiary relationship between the Trustee and the Trust beneficiaries.  No other relationship or liability is created.  This Agreement is not intended to create and shall not be interpreted as creating an association, partnership or joint venture of any kind.

2.4    Effect of Death, Incapacity or Bankruptcy.  The death, incapacity or bankruptcy of any of the Trust beneficiaries during the terms of this Trust shall not operate to terminate the Trust, nor shall it entitle the representatives or creditors of the deceased to an accounting, or to take any action in the Bankruptcy Court or elsewhere for the distribution of the Trust Assets or for a partition thereof, nor shall it otherwise affect the rights and obligations of any of the other Trust beneficiaries under the Trust.

3.    **Rights, Powers and Duties of Trustee.**

3.1    **Powers of Trustee**.  Except as otherwise provided in the Plan, the Trustee shall have all of the following rights and powers to:

    (a)    Receive and hold, to have exclusive possession and control thereof as permissible under applicable law, to maintain and to administer the Trust Assets;

    (b)    Employ, retain or replace professional Persons, including attorneys, accountants, appraisers, investment advisors, expert witnesses, insurance adjustors, or other Persons whose services may be necessary or advisable, in the judgment of the Trustee, to advise or assist him in the discharge of the duties of the Trustee, or otherwise in the exercise of any powers vested in the Trustee and, subject to the provisions of the Trust, to pay to such

**TRUST AGREEMENT AND DECLARATION OF TRUST – Page** 3
DALDMS/661944.2
616969.1/SPA/20354/0102/070909

professionals reasonable compensation with such to be paid out of the Trust Assets (in this regard, the Trustee may employ professionals employed by the Committee);

(c) Collect, compromise, settle or discharge any cause of action transferred to the Trust under the Plan and held by the Trust and pursue, in his discretion, on behalf of the Trust as the designated representative of the Debtor, and to defend any counterclaims, cross-actions or other offsets;

(d) Distribute the cash and proceeds from the sale, liquidation, settlement, prosecution or other distribution of the Trust Assets;

(e) Seek a determination from the Bankruptcy Court of the Allowed Amount of any Claim or Interest against the Trust, including filing objections thereto and pursuing any contest or adversary proceedings with regard thereto and entering into any compromise or settlement thereof, and to execute any contract, including, without limitation, any release in connection with any such compromise or settlement.

(f) Maintain possession of the originals of any and all instruments and documents pertaining to the Trust Assets and any liabilities of the Trust;

(g) Pay all reasonable expenses incurred in connection with the administration of the Trust;

(h) Calculate and make distribution to holders of Allowed Claims all as set forth in the Plan;

(i) Sue and be sued, including filing and defending contested matters and adversary proceedings in the Bankruptcy Court and actions or other proceedings in any other court or before any administrative agency and to pursue or defend any appeal from any judgment or order therefrom, including, without limitation, pursuing claims of the Trust, filing suit or adversary proceedings or contested matters in connection therewith and defending any counterclaims, cross-actions or other offsets in connection therewith and entering into any compromise, settlement, release, discharge or dismissal of any of the claims;

(j) Release, convey or assign any right, title or interest in or about the Trust Assets;

(k) Enter into contracts binding upon the Trust (but not the Trustee) which are reasonably incident to the administration of the Trust and which the Trustee, in the exercise of his best judgment, believes to be in the best interests of the Trust;

(l) Enter into real or personal property leases (for the leasing of office space and space for the storage of records) which are reasonably incidental to the

administration of the Trust and which, in the judgment of the Trustee, will be advantageous to the Trust and will assist the Trustee in the performance of his duties under the Trust Agreement;

(m) Abandon and charge off as worthless, in whole or in part, those actions which in the judgment of the Trustee, are in whole or in part uncollectible;

(n) Pay taxes and excises lawfully owing by or chargeable against the Trust or property in the possession or control of the Trustee and to take any action necessary or advisable to obtain the prompt determination of any such tax liability;

(o) Procure and pay premiums on policies of insurance to protect the Trust, or the Trust Assets, against liability for personal injuries or property damage or against loss or damage by reason of fire, windstorm, collision, theft, embezzlement, breach of fiduciary duty or other hazards against which insurance is normally carried in connection with the activities or on properties such as those with respect to which the Trustee procures such insurance;

(p) Allocate items, receipts or disbursements either to corpus or income (or partially to corpus and partially to income) of the Trust as the Trustee, in the exercise of his best judgment and discretion, deems to be proper, without thereby doing violence to clearly established and generally recognized principles of accounting;

(q) Deal with any governmental regulatory authority in obtaining such approvals or exemptions as may, in the opinion of the Trustee, be necessary or desirable with respect to the administration of the Trust;

(r) Borrow funds from any Person, subject to reasonable commercial terms as agreed upon by the Trustee and prospective lender, with the advice and counsel of the Trust Advisors;

(s) Open any bank accounts which may be necessary to operate the Trust and distribute cash to the Trust beneficiaries;

(t) Exercise every power granted to a trustee under the Bankruptcy Code, including the rights and benefits afforded by §§ 108 and 546 of the Bankruptcy Code, which may increase the enumerated powers of the Trustee otherwise granted herein, and engage in any and all other activities, not in violation of any other terms of the Plan and Trust Agreement, which, in the judgment of the Trustee, are necessary or appropriate for the proper liquidation, management, investment and distribution of the assets of the Trust in accordance with the provisions of the Trust Agreement, to effectuate the provisions of the Plan, and to perform such other tasks as the Bankruptcy Court may direct.

       3.2       <u>Representative of Estates</u>.  The Trustee is appointed as the representative of the Estate pursuant to section 1123(b)(3) of the Bankruptcy Code to pursue the causes of action transferred to the Trust pursuant to the Plan and shall be the only entity authorized to pursue the causes of action transferred to the Trust.  Unless the Trustee consents, or unless otherwise ordered by the Bankruptcy Court, no other party shall have the right or obligation to pursue any such actions.

       3.3       <u>Payment of Trust Fees and Expenses</u>.  The Trustee may establish reserves and accounts at banks and other financial institutions, in a clearly specified fiduciary capacity, into which cash and property may be deposited and checks drawn or withdrawals made to pay or distribute such amounts as permitted or required for fees, expenses and other liabilities of the trust, pursuant to the Plan and this Agreement.  Such funds shall not be subject to any claim by any entity except as provided under the Plan.  All reasonable fees and expenses of the Trust and its agents, professionals and employees incurred in connection with (i) the objection to, and settlement, liquidation and payment of claims and interest against the Debtor; (ii) the liquidation or disposition of the Trust Assets; or (iii) administering the Trust and completion of the Plan shall, subject to the review and approval of the Trustee, be paid.

       3.4       <u>Compensation of Trustee and Persons Employed by the Trust</u>.  The Trustee shall be paid $_____ per month for the first _____ months of the existence of the Trust.  Thereafter, he shall be paid $_____ per month for the next _____ months of the existence of the Trust.  Thereafter, he shall be paid $_____ per month for the next _____ months of the existence of the Trust.  In addition to the foregoing, the Trustee will receive a distribution fee of _____% of the first $_____ distributed to Trust beneficiaries, plus _____% of any amounts distributed to the Trust beneficiaries in excess of $_____.  The distribution fee is payable to the Trustee when distributed with any disputes being resolved by the Bankruptcy Court.  All Persons or entities employed by the Trustee shall be entitled to reasonable compensation from the Trust and such compensation shall be subject to the review and approval of the Trustee.  The Trustee shall submit all invoices for his services and for the services of any professional he retains to the Trust Advisors at least _____ days prior to paying for those services.  If any member of the Trust Advisors objects to payment of any invoice within the _____ day period, payment shall not be made on the disputed portion until the objection is resolved or on a vote by a majority of the Trust Advisors.  Any unresolved disputes shall be decided by the Bankruptcy Court.  ==[THIS SECTION TO BE DISCUSSED BETWEEN THE TRUSTEE AND THE COMMITTEE]==

       3.5       <u>Authorization</u>.  All Classes of Creditors that vote to accept the Plan, or who are otherwise deemed to have accepted the Plan, hereby authorize the Trustee to act on behalf and in place of such Creditor to the extent provided herein and in any document and instrument delivered hereunder or in connection herewith and to take such other action as may be incidental thereto, including, without limitation, the exercise of any discretion in connection with any determination or decision required for the administration of the Plan and the granting of any waiver, consent, amendment, suspension, supplementation, extension, renewal or other modification with respect to any and all provisions of the Plan on a conditional or unconditional basis.

       3.6       <u>Exculpation</u>.  The Trustee shall be entitled to rely upon advice and opinions of counsel concerning legal matters, the authenticity of affidavits, letters, telegrams, cablegrams

**TRUST AGREEMENT AND DECLARATION OF TRUST** – Page 6

and other methods of communication in general use and usually accepted by businessmen as genuine and what they purport to be, and upon the Plan and any schedule, certificate, statement, report, notice or other writing which it believes to be genuine or to have been presented by a proper entity.  Except for its or their own gross negligence or intentional misconduct, neither the Trustee, nor any of his employees or agents, shall (a) be responsible for any recitals, representations or warranties contained in, or for the execution, validity, genuineness, effectiveness or enforceability of the Plan, (b) be under any duty to inquire into or pass upon any matter or to make any inquiry concerning the validity of any representation or warranty of the Debtor or the performance by the Debtor of its obligations or (c) in any event, be liable as such for any action taken or omitted by it or them.  Each creditor agrees and acknowledges that the Trustee makes no representations or warranties with respect to the legality, validity, sufficiency or enforceability of the Plan.

3.7    Liability of Trustee/Trust Advisors.  No recourse shall ever be had, directly or indirectly, against the Trustee by legal or equitable proceedings or by virtue of any statute or otherwise, or by virtue of any deed of trust, mortgage, pledge or note, or by virtue of any promises, contract, instrument, undertaking, obligation, covenant or agreement whatsoever executed by the Trustee for any purposes authorized, it being expressly understood and agreed that all such liabilities, covenants and agreements of the Trustee, whether in writing or otherwise, shall be enforceable only against and be satisfied only by the Trust, and every undertaking, contract, covenant or agreement entered into in writing by the Trustee may provide expressly against the personal liability of the Trustee.  The Trustee shall not be liable for any act he may do or admit to do as the Trustee hereunder while acting in good faith.  The Trustee shall not be liable in any event except for his own gross negligence or willful fraud or misconduct.  The Trustee shall be indemnified and held harmless by the Trust for any and all loss by reason of his acts or contracts for the Trust except for loss arising out of the Trustee's own gross negligence or willful fraud or misconduct.  This provision does not eliminate the Trustee's responsibilities and obligations regarding the filing of federal tax returns and the payment of any taxes that are due.  The members of the Trust Advisors shall not be liable for any act done or omitted to be done as a member of the Trust Advisors while acting in good faith.  The members of the Trust Advisors shall not be liable in any event except for gross negligence or willful fraud or misconduct.

3.8    No Personal Obligation for Trust Liabilities.  Persons dealing with the Trustee, or seeking to assert claims against the Debtor, shall look only to the Trust Assets to satisfy any liability incurred by the Trustee or the Debtor, to such person in carrying out the terms of this Trust, and the Trustee shall not have any personal, individual obligation to satisfy any such liability.

3.9    No Liability for Acts of Predecessors.  No successor trustee shall be in any way responsible for the acts or omissions of any trustee in office prior to the date on which he becomes a trustee, unless a successor trustee expressly assumes such responsibility.

3.10    Delegation of Powers.  The Trustee shall be entitled to delegate such authority to his employees and agents as he shall reasonably deem necessary to perform his responsibilities under the Plan and this Agreement.

3.11   Resignation, Death or Removal.  The Trustee or any successor trustee may resign upon _____ days written notice.  In that event, or in the event of the death of the Trustee or a successor trustee, the Trust Advisors will appoint a substitute or successor Trustee to perform the duties, functions and obligations and to exercise the rights and authority of the Trustee as described in the Plan.

3.12   Investment of Funds.  All proceeds and other cash (except for amounts which the Trustee determines, in his sole discretion, are needed for immediate payments and distributions) shall be invested and reinvested by the Trust in United States Treasury Bills or in certificates of deposits, demand deposit or interest-bearing accounts of banking institutions acceptable under the Bankruptcy Code, or such other investments as shall be prudent and appropriate under the circumstances, in such amounts and upon such terms as a reasonable and prudent fiduciary would select and with a view toward sufficient liquidity to make the distributions contemplated by the Plan.  All interest earned on such proceeds and other cash shall be retained by the Trust and distributed in accordance with the Plan.

3.13   Tax Treatment.  The Trust shall be treated as a grantor trust in accordance with the provisions of the Internal Revenue Code.  The Trust beneficiaries will be treated as the grantors of the Trust Assets to the Trust and deemed the owners of such Trust.  Any valuation of the Trust Assets by the Trust beneficiaries shall be consistent with the valuation of Trust Assets used by the Trust.

3.14   Termination.  The Trust shall terminate upon the earliest to occur of:  (a) the fulfillment of the Trust purpose by the prosecution or other resolution of all of the Transferred Causes of Action and the collection and disposition of the other Trust Assets, and the distribution of funds to creditors or (b) the term of five (5) years from the Effective Date.  The Trustee may apply to the Bankruptcy Court to terminate the Trust prior to the expiration of the five (5) year term in the event all activities of the Trust are completed.  The Trustee may, with the consent of the Bankruptcy Court, extend the term of the Trust if the conclusion of the causes of action transferred to the Trust pursuant to the Plan, the collection and disposition of the other Trust Assets and distribution of funds to creditors therefrom has not been completed, or if other circumstances require such extension.

3.15   Reporting Duties. The Trustee shall file quarterly reports with the Bankruptcy Court regarding the administration of property subject to the Trust, distributions made by the Trust, and other matters concerning the Trusts Assets.

3.16   Bond Requirements

_____

4.   **Construction of this Instrument.**

4.1   Applicable Law.  The Trust created herein shall be construed, regulated and administered under the laws of the State of Texas and the United States of America. The Trustee agrees and consents that the Bankruptcy Court shall retain jurisdiction to enforce this Agreement in order to effectuate the provisions of the Plan.

**TRUST AGREEMENT AND DECLARATION OF TRUST** – Page 8

4.2     Amendment of Trust Agreement.  Except for non-material modifications as solely determined by the Trustee and the Trust Advisors, this Agreement may not be amended, modified, terminated, revoked or altered unless ordered by the Bankruptcy Court.

4.3     Interpretation and Capitalized Terms.  The enumeration and headings contained in this Agreement are for convenience of reference only and are not intended to have any substantive significance in interpreting the same.  Unless the context otherwise requires, whenever used in this Agreement the singular shall include the plural and the plural shall include the singular.  Capitalized terms herein are ascribed the meanings assigned to them in the Plan unless otherwise specifically defined herein.

4.4     Severability.  If any provision of this Agreement shall for any reason be held invalid or unenforceable by any court, governmental agency or arbitrator of competent jurisdiction, such invalidity or unenforceability shall not affect any other provision hereof, but this Agreement shall be construed as if such invalid or unenforceable provision had never been contained herein.

4.5     Entire Agreement.  This Agreement (including the recitals) constitutes the entire agreement by and among the parties and there are no representations, warranties, covenants or obligations except as set forth herein.  This Agreement, together with the Plan, supersedes all prior and contemporaneous agreements, understandings, negotiations and discussions, written or oral, of the parties hereto, relating to any transaction contemplated hereunder.  Except as otherwise specifically provided herein and in the Plan, nothing in this Agreement is intended or shall be construed to confer upon or to give any person other than the parties hereto and the Trust beneficiaries any rights or remedies against the Trust, the Trustee or the Trust Assets. To the extent the terms of this Agreement conflict with the Plan, the terms of the Plan shall govern.

4.6     Notices.  Any notice or other communication by the Trustee to any of the Trust beneficiaries shall be deemed to have been sufficiently given, for all purposes, when hand delivered or mailed by first class mail, postage prepaid, and addressed to such Beneficiary at its address as shown in the records of the Trustee which records shall be initially based upon records provided by the Debtor.  Any notice or other communication which may be or is required to be given, served or sent to the Trustee shall be in writing and shall be mailed by registered or certified mail, return receipt requested, postage prepaid, or transmitted by hand delivery, addressed to the Trustee at his address set forth on the signature page hereof.  The Trustee or a Trust beneficiary may designate by notice in writing a new address to which any distribution notice, demand, request, or communication shall be mailed or delivered in the manner described above and such change shall be effective from and after receipt by the Trustee.

4.7     Counterparts.  This Agreement may be executed in any number of counterparts and by the different parties hereto on separate counterparts, each of which so executed and delivered shall be an original document, but all of which counterparts shall together constitute one and the same instrument.

IN WITNESS WHEREOF, the undersigned have caused this instrument to be executed as of the day and year first above written.

**TRUST AGREEMENT AND DECLARATION OF TRUST** – **Page** 9

**SUPERIOR AIR PARTS, INC.**

By: _____

**TRUSTEE:**

By: _____