Billy G. Leonard, Jr.
Texas Bar No. 12208100
Attorney at Law
1650 W. Virginia Street, Suite 211
McKinney, Texas 75069-7703
Telephone (469) 742-0855
Fax (469) 442-0135

and

Kevin H. Good
Texas Bar No. 08139300
Conner & Winters LLP
1700 Pacific Avenue
Suite 2250
Dallas, Texas 75201
Telephone (214)217-8070
Fax (214) 217-8861

**Attorneys for Aviation Parts Supply, Inc**.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § § § | |
| **SUPERIOR AIR PARTS, INC.** | § § § § | CASE NO. 08-36705-BJH-11 |
| **DEBTOR** | § | |

**OBJECTION OF AVIATION PARTS SUPPLY, INC. TO DEBTOR'S AMENDED MOTION TO APPROVE BID PROCEDURES FOR SALE OF EQUITY PURSUANT TO <u>PLAN OF REORGANIZATION</u>**

Aviation Parts Supply, Inc. ("APS"), a creditor and/or party in interest, by and through undersigned counsel, files this its Objection to Debtor's Motion to Approve Bid Procedures for Sale of Equity Pursuant to Plan of Reorganization ("Objection") and would show the Court as follows:

1. On June 23, 2009 Debtor filed its Motion to Approve Bid Procedures for Sale of Equity or Assets Pursuant to Plan of Reorganization (the "Original Motion"), and on July 10, 2009, Debtor filed its Amended Motion to Approve Bid Procedures for Sale of Equity Pursuant to Plan of Reorganization ("Amended Motion") amending Debtor's Original Motion.

2. A hearing to approve the Amended Motion is set for hearing on July 14, 2009 at 1:30 p.m. where the Debtor intends to seek entry of an order which, among other things, approves the Bid Procedures attached as an exhibit to the Amended Motion.

3. APS has concerns regarding certain of the terms and procedures set forth in the Amended Motion and the proposed Bid Procedures. Without waiver of additional comments and/or objections, APS objects to the following:

● Section A of the Bid Procedures provide that Brantly, the Stalking Horse Bidder, "is a Qualified Bidder for all purposes herein". *See*, Bid Procedures, at page 3. In order to be a Qualified Bidder under the Bid Procedures, a bidder must meet certain requirements specified in the Bid Procedures. One such requirement is found in Section B(vii) and requires that a bidder must accompany its bid with evidence demonstrating the bidder's financial ability to close and that its "Plan is financially feasible and not likely to be followed by a need for further financial reorganization". *See*, Bid Procedures, at page 5. APS objects to the provision deeming Brantly a Qualified Bidder to the extent that approval of such Bid Procedures in any way alleviates the Debtor and/or Brantly from presenting evidence and/or obtaining a finding that its plan is feasible and not likely to be followed by a need for further financial reorganization. APS doesn't believe that the Debtor intends for such provision to diminish or eliminate the Bankruptcy Code requirements for confirmation of a plan;

however, the Bid Procedures and order approving the Bid Procedures should be revised to make it clear that deeming Brantly a Qualified Bidder only has significance as it relates to the Bid Procedures and does not in any way have any evidentiary significance or other impact in connection with the feasibility standards for confirmation of a plan of reorganization. Determinations of the feasibility of a plan should be made in a plan confirmation process and not in a bid procedures process.

● Thielert AG ("TAG"), the 100% owner and a creditor of the Debtor, should not be given greater rights under the Bid Procedures than any other creditor of the Debtor. By way of example, and without limitation, the Bid Procedures provide that TAG (a) is entitled to receive notice of any bid, (b) TAG is entitled to, along with the Debtor and the Committee, make a determination whether the bidder's offer and plan is feasible and not likely to be followed by a need for further financial reorganization, (c) TAG, together with the Debtor and the Committee, is entitled to review all bids and participate in the determination of which bids are Qualified Bids and determine which Qualified Bid represents the highest and best offer, and (d) TAG has a veto right on any proposal to buy the stock of Superior. There is no explanation why TAG should be given these rights under the Bid Process. The Bid Procedures provide these same rights to the Committee which represents the interests of unsecured creditors. Accordingly, there is no reason why TAG should have greater rights than any other creditor. Moreover, the Debtor is a participant in the Bid Procedures and can represent the interests of all creditors and parties in interest of the estate, including TAG.

● The Bid Procedures, particularly the requirements for a Minimum Overbid, appear to preclude the possibility of making a bid that includes less cash than the Stalking Horse Bid but that might otherwise be a higher and better offer. Specifically, it appears from the proposed bid procedures that in order to be deemed to be a "Qualified

Bidder" a prospective bidder must make a cash only bid.  However, in determining which Qualified Bidder is the winning bidder, factors to be considered include the amount and nature of the consideration, the proposed assumption of liabilities, purchase-price adjustments, the impact of the transaction on any actual or potential litigation, and the net economic effect of a bid.  The Bid Procedures should not preclude a bid that contains non-cash consideration but that might otherwise be a higher and better offer.

      4.     APS reserves the right to make additional objections to the proposed Bid Procedures.

      WHEREFORE, PREMISES CONSIDERED, APS files this its objection to the Amended Motion and seeks an order of the Court denying the proposed Bid Procedures and for such other and further relief as may be just and equitable.

DATE: July 13, 2009

Respectfully submitted,

By: /s/ Billy G. Leonard, Jr.
    BILLY G. LEONARD, JR.
    Texas State Bar No. 12208100
    1650 W. Virginia Street, Suite 211
    (469) 742-0855
    (469) 442-0135 (Facsimile)

and

    Kevin H. Good
    Texas Bar No. 08139300
    Conner & Winters LLP
    1700 Pacific Avenue
    Suite 2250
    Dallas, Texas 75201
    Telephone  (214)217-8070
    Fax  (214) 217-8861

**Attorneys for Aviation Parts Supply, Inc**.

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on the 13th day of July, 2009, a true and correct copy of the foregoing served on those persons receiving electronic notification from the Court's electronic filing system and via e-mail to Mr. Stephen Roberts, counsel for the Debtor and Mr. Dave Parham, counsel for the Unsecured Creditors' Committee.

/s/ Billy G. Leonard, Jr.
BILLY G. LEONARD, JR.