U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described**.

Signed July 23, 2009

United States Bankruptcy Judge

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Chapter 11 |
| SUPERIOR AIR PARTS, INC. | § | |
| | § | Case No. 08-36705 |
| Debtor. | § | |

### ORDER APPROVING BID PROCEDURES FOR
### SALE OF EQUITY PURSUANT TO PLAN OF REORGANIZATION

The matter having come before this Court on Debtor's Amended Motion to Approve Bid Procedures for Sale of Equity Pursuant to Plan of Reorganization (the "Motion")[1]; the Court finds that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; the Court finds that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); the Court finds that the relief requested in the Motion is in the best interests of the Debtor, its estate, and the creditors thereof; the Court finds that, under the

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion or the Bid Procedures.

circumstances, proper and adequate notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary; and the Court finds that, upon the record herein, the Debtor has shown good, sufficient, and sound business purpose and justification for the relief requested in the Motion; therefore, cause exists to grant the Motion; accordingly,

**IT IS HEREBY ORDERED THAT:**

1. The Bid Procedures attached as *Exhibit A* hereto are approved in their entirety and shall be binding on all parties as if fully set forth herein.

2. Each person or entity who submits a Qualified Bid shall be deemed to have read and understood the terms and conditions of the Bid Procedures and shall comply with and be bound by such Bid Procedures.

3. The Debtor is hereby authorized and empowered to take all such actions as may be necessary to implement the terms and requirements of this Order and solicit Qualified Bids, and conduct the Bid Selection Process.

4. Approval of the Buyer shall be sought at the Confirmation Hearing on Debtor's Plan, which will be held on **August 26, 2009 at 1:15 p.m**.  Objections to Confirmation of the Plan and the proposed Sale must be: (i) in writing; (ii) comply with the Bankruptcy Rules; (iii) be filed with the Clerk of this Court on or before **August 20, 2009 at 5:00 p.m**.; and (iv) served upon the parties listed in the bid procedures and in accordance with Bankruptcy Rule 2002.

5. No later than three (3) business days after entry of this Order, the Debtor shall serve by first-class mail, postage prepaid, a Notice of Sale upon all creditors listed on the most recent mailing matrix, all parties requesting notice and all parties-in-interest

in this case. This notice shall be deemed to be sufficient notice for all Bankruptcy Code purposes.

6. Service of the Notice of Sale and the Bid Procedures in the manner set forth in the Motion shall constitute proper, timely, adequate, and sufficient notice of the Bid Procedure as required pursuant to Bankruptcy Rules 2002 and no other or further notice shall be required with respect thereto.

7. Brantly International, Inc., or its affiliate ("Brantly"), is approved as the stalking horse for the Bid Procedures. The Debtor is authorized to accept the Brantly Deposit, as defined in the Bid Procedures, and place same into a segregated debtor-in-possession account free of any and all claims of all parties other than Brantly. The Expense Reimbursement of $350,000 payable to Brantly, as defined in the Bid Procedures, is approved.

8. Notwithstanding any Bankruptcy Rule to the contrary, this Order is a final order, effective immediately, and the period in which an appeal must be filed shall commence upon entry hereof.

9. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

10. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order.

### END OF ORDER ###

Submitted and prepared by:
Order submitted by:
/s/ Stephen A. Roberts
Stephen A. Roberts
Strasburger & Price, LLP
600 Congress Avenue, Suite 1600
Austin Texas, 78701
Tel. (512) 499-3600 / Fax (512) 499-3660
Stephen.roberts@strasburger.com,

**ATTORNEYS FOR DEBTOR SUPERIOR AIR PARTS, INC.**

**ORDER APPROVING BID PROCEDURES FOR SALE OF EQUITY PURSUANT TO AMENDED PLAN OF REORGANIZATION - Page 3 of 3**
**622072.5/SPA/20354/0102/072309**

**Exhibit A**

**Bid Procedures**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Chapter 11 |
| **SUPERIOR AIR PARTS, INC.** | § | |
| | § | Case No. 08-36705 |
| Debtor. | § | |

## BID PROCEDURES

These procedures (the "**Bid Procedures**") describe the process by which Superior Air Parts, Inc., ("**Superior**" or "**Debtor**"), debtor and debtor-in-possession in the above-captioned chapter 11 case ("**Case**"), has been authorized to conduct a sale ("**Sale**") of all ownership interests in the Debtor (the "**Superior Stock**").  These Bid Procedures were approved by order (the "**Bid Procedures Order**")[1] of the United States Bankruptcy Court for the Northern District of Texas (the "**Bankruptcy Court**"), on July 23, 2009.

The Bankruptcy Court shall conduct a Confirmation Hearing, which has been set for hearing on **August 26, 2009 at 1:15 p.m**., to approve the Sale under Debtor's Plan, as may be amended, to a Qualified Bidder (defined below) that the Debtor determined, in its reasonable discretion, and with consultation with Thielert AG ("**TAG**") and the Official Committee of Unsecured Creditors ("**Committee**"), to have made the highest and/or best offer for the Superior Stock.

Additional terms and conditions of the Bid Procedures are found within the Debtor's Third Amended Plan of Reorganization Dated July 16, 2009 (the "**Plan**"), as may be amended from time to time.  A complete description of the Debtor's assets can be found in the Debtor's Disclosure Statement, a copy of which can be obtained along with the Plan, by visiting http://www.strasburger.com/_client/SAP-Plan-Documents/ or contacting, Ms. Angela J. Dunn, PLS, Legal Administrative Assistant, Strasburger & Price, LLP at angela.dunn@strasburger.com or 512-499-3643.

The Plan provides, in general, for the reorganization of Superior and the issuance of new shares in the Reorganized Debtor to Brantly[2], and the continuation of the Debtor's business.  As stated in the Plan and Disclosure Statement, the Debtor will offer its stock for sale.  Any party who desires to make a higher and better offer for the Superior Stock may do so under these Bid Procedures, and if selected, be substituted for the current stalking horse bidder, Brantly, in the Plan.

---

[1] All capitalized terms not defined herein shall be given the meaning ascribed to them in the Bid Procedure Order.

[2] The interested Buyer of the Superior Stock is Weifang Freesky Aviation Technology Co., Ltd.  Weifang Freesky Aviation Technology Co., Ltd., along with Weifang Tianxiang Aviation Technology Co., Ltd., Qingdao Haili, and Brantly International, Inc., are commonly known as the "Brantly Group."  For ease of identification this Bid Procedure will use the term "Brantly."

### A. Stalking Horse Bidder.

Brantly will serve as the stalking-horse bidder under these Bid Procedures. Brantly's Bid is described in full in the Plan, which generally requires the issuance of the new Superior Stock for a purchase price of $7.0 million (the Cash Contribution, as defined by the Plan), subject to working capital adjustments and conditions as noted in the Plan (the "**Stalking Horse Bid**"). In addition to the Cash Contribution, the Plan provides for the assumption of certain of the Debtor's liabilities and the release or settlement of certain other claims. The Stalking Horse Bid is a Qualified Bid for all purposes herein.

Brantly shall wire a deposit of $700,000 (the "**Brantly Deposit**") no later than 5:00 p.m. on the next business day immediately following entry of the Bid Procedures Order.

Upon the receipt of the Brantly Deposit by the Debtor, the Brantly Deposit shall be nonrefundable if Brantly withdraws its offer for any reason. If Brantly is not the Successful Bidder, as defined below, and the Debtor proceeds to confirmation with another Bidder, then Brantly's deposit shall be refundable in accordance with *Section H* below.

### B. Qualified Bids.

To be a Qualified Bid, an offer, solicitation or proposal (a "**Bid**") must:

(i) Submit one or more Bids in writing to be received by the parties listed below at the below addresses no later than **AUGUST 12, 2009, AT 12:00 P.M. (CDT)** (the "**BID DEADLINE**").

**DEBTOR**
Attn: Mr. Kent Abercrombie
Superior Air Parts, Inc.
621 South Royal Lane, Suite 100
Coppell, Texas 75019
Fax: (972) 829-4600
kabercrombie@superiorairparts.com

**DEBTOR'S COUNSEL**
Attn: Stephen A. Roberts
Strasburger & Price LLP
600 Congress, Suite 1600
Austin, Texas 78701
Fax: (512) 536-5723
stephen.roberts@strasburger.com

**TAG'S COUNSEL**
Attn: Chester B. Salomon
Becker, Glynn, Melamed & Muffly LLP
299 Park Avenue
New York, New York 10171
Fax: (212) 888-0255
CSalomon@beckerglynn.com

**COMMITTEE'S COUNSEL**
Attn: David Parham
Baker & McKenzie LLP
2001 Ross Ave., Suite 2300
Dallas, Texas 75201
Fax: (214) 978-3099
David.W.Parham @bakernet.com

**BRANTLY'S COUNSEL**
Attn: Mr. Matthew S. Okin
Okin, Adams & Kilmer LLP
1113 Vine Street, Suite 201
Houston, TX  77002
Fax:   (888) 865-2118
mokin@oakllp.com

(ii)    Offer.  A Bid must (a) identify the entity or entities bidding, (b) state the proposed purchase price and the value of any other consideration to be paid.  A bid must be a "firm offer" and not contain any contingencies to the validity, effectiveness, or binding nature, including, without limitation, contingencies for financing, due diligence, or inspection.   The bid must be for cash and other consideration as set forth in subpart (ix) below.

(iii)    Minimum Overbid.  The aggregate proposed purchase price for the stock of the Reorganized Debtor must exceed the sum of (a) $7.0 million (the "Cash Consideration", as defined by the Plan), in cash, subject to no greater working capital adjustments to the purchase price than in the Stalking Horse Bid; plus (b) $150,000.00 (initial overbid amount), plus (c) $350,000 (the "Expense Reimbursement", as defined in *Part F* below.

(iv)    Back Up Bids Less Than Minimum Overbid.  An otherwise Qualified Bid may be for less than the Minimum Overbid, but such Bid may only be considered for selection as a Back-up Bid, in case the Successful Bid, as defined below, cannot be closed.

(v)    Good-Faith Deposit:  Each Bid must be accompanied by a deposit (the "**Good Faith Deposit**") in the form of cash or in any other form of immediately available U.S. funds, in an amount equal to 10% of the Cash Contribution of any Bid.  The Good Faith Deposit shall be deposited in a segregated interest bearing "Debtor-in-Possession" account of Debtor at J.P. Morgan Chase (the "**Deposit Account**").   Wire instructions will be made available to such account upon request.

(vi)    Irrevocable:  Each Bid shall be irrevocable until five (5) business days after the consummation or closing of the Sale approved by this Court in a final, non-appealable order.

(vii)    Ability to Close:  Each Bid must be accompanied by evidence reasonably satisfactory to the Debtor, TAG, and the Committee demonstrating the Bidder's financial ability to close a stock purchase and demonstrate the Plan is financially feasible and not likely to be followed by a need for further financial reorganization.

(viii)    No Fees Payable to Qualified Bidder:  A Bid may not request or entitle the Qualified Bidder to any fee, expense reimbursement, or similar type of payment.

Further, by submitting a Bid, a Bidder shall be deemed to waive its right to pursue a substantial contribution claim under section 503 of the Bankruptcy Code or in any way related to the submission of its Bid or the Bid Procedures.

(ix)    <u>Same or Better Terms as the Plan - Documentation</u>.  The Bid must be in the form of the Plan, redlined to reflect any changes to the Plan that the Bidder proposes.  ***Proposed modifications cannot materially decrease or alter the payment to any Class of Claims or constitute such material modifications such that the Debtor would be required to provide additional disclosures or to solicit additional voting from creditors within the meaning of 11 U.S.C. § 1127(a) and (c), <u>unless</u> a Class of Creditors, defined under the Plan, consents to different or less favorable treatment.***

(x)    <u>Additional Conditions</u>.  Prior to submitting a Qualified Bid, Bidders are urged to check with the Court's docket or Debtor's counsel to determine if any Additional Conditions exist or if the Plan has been modified.

Any Bid submitted in accordance with the foregoing procedures may be deemed a "**Qualified Bid**."  Each Bidder submitting a Qualified Bid shall be deemed a "**Qualified Bidder**."

**C.    Access to Information.**

Any entity that desires to submit a Qualified Bid for the Superior Stock shall be permitted to conduct and complete reasonable due diligence prior to the Bid Deadline as set forth herein.  Each entity seeking to submit a Bid shall be, upon execution of a confidentiality agreement in the form provided by the Debtor, provided due-diligence materials containing information about the Superior Assets.

**D.    Selection of the Winning Bid.**

Following expiration of the Bid Deadline, the Debtor, the Committee and TAG will review all Bids and determine which Bids are Qualified Bids and determine which Qualified Bid represents the highest and/or best offer (the "**Bid Selection Process**").

1.    <u>Bid Assessment Criteria</u>.  The determination of which Qualified Bid(s) constitutes the winning bid shall take into account any factor that the Debtor, TAG and the Committee reasonably deem relevant to the value of the Qualified Bid to the estate, including, among other things, the following, which may govern, but not control:  (i) the amount and nature of the consideration; (ii) the proposed assumption of any liabilities; (iii) the ability of the Qualified Bidder to close the proposed transaction; (iv) the proposed closing date and the likelihood, extent, and impact of any potential delay in closing; (v) any purchase-price adjustments; (vi) the impact of the contemplated transaction on any actual or potential litigation; (vii) the net economic effect of the proposed transaction; and (viii) the net after-tax consideration to be received by the Debtor (collectively, the "**Bid Assessment Criteria**").

2. <u>Selection of the Successful Bid</u>. Following expiration of the Bid Deadline, the Debtor, with consultation with TAG and the Committee shall:

(a) immediately review each Qualified Bid on the basis of the financial and contractual terms and the factors relevant to the Bid Selection Process, including those factors affecting the speed and certainty of consummating the Sale,

(b) identify the highest, best, and/or otherwise financially superior offer for the Superior Stock (the "**Successful Bid**") and the entity submitting such Successful Bid (the "**Successful Bidder**"), which highest, best, and/or otherwise financially superior offer will provide the greatest amount of net value to the Debtor,

(c) identify the next highest or otherwise best offer after the Successful Bid (the "**Back-Up Bid**") and advise the entity submitting such Back-up Bid, provided, however, that no Qualified Bidder is required to be a Back-Up Bidder, and

(d) announce to all Qualified Bidders via written notice not later than **August 13, 2009 at 12:00 p.m. (CDT)** the results of the Bid Selection Process.

3. <u>Final Bid by Brantly</u>. If Brantly is not the Successful Bid, it shall have until **August 14, 2009 at 12:00 a.m. (CDT)** to make a Final Bid. Any Final Bid by Brantly must be in excess of at least $100,000 over the previously selected Successful Bid. The Debtor, TAG and the Committee shall immediately consider the merits of Brantly Final Bid according to the Bid Assessment Criteria.

4. <u>Notice of Successful Bid and Back Up Bid</u>. The Debtor shall file with the Court a Notice of Final Results of the Bid Selection Process ("**Notice**") and announce to all Qualified Bidders the results via written notice not later than **August 14, 2009 at 5:00 p.m. (CDT)**. The Notice shall be served upon the Debtor's Limited Service list and placed on the Debtor's link for information. The Notice shall contain the name of the Successful Bidder and the Back-up Bidder, if any, and the purchase price for each Bid.

Any party seeking to determine the winning bid after the Notice deadline may do so by contacting the Court's online docketing system (PACER) or by visiting http://www.strasburger.com/_client/SAP-Plan-Documents/ or contacting, Ms. Angela J. Dunn, PLS, Legal Administrative Assistant, Strasburger & Price, LLP at angela.dunn@strasburger.com or 512-499-3643.

5. <u>Right to Reject</u>. The Debtor reserves the right to reject, at any time before the Confirmation Hearing, any Bid or Qualified Bid that the Debtor determines is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code or these Bid Procedures, or (iii) contrary to the best interests of the Debtor, its estate, and the creditors thereof.

6. <u>Veto</u>. TAG or the Unsecured Creditors' Committee may veto any proposal to buy the Superior Stock if in the exercise of their reasonable discretion they do not

believe the deal is materially and financially superior to the Brantly offer reflected in the Plan.

IF THE DEBTOR DOES NOT RECEIVE A QUALIFIED BID BY THE BID DEADLINE, THE DEBTOR WILL PROCEED AT CONFIRMATION TO ASK THE BANKRUPTCY COURT TO APPROVE THE SALE OF THE SUPERIOR STOCK TO BRANTLY ACCORDING TO THE STALKING HORSE BID AND THE TERMS OF THE PLAN.

### E.     Sale to Be Approved in Confirmation Order.

The Debtor will seek approval of the Successful Bid(s) and Successful Back-Up Bid(s) at the Confirmation Hearing on Debtor's Plan, to be held before the Honorable Barbara J. Houser, 1100 Commerce Street, 14th Floor, Dallas, Texas 75242 on **August 26, 2009 at 1:15 p.m. (CDT)**. Any Qualified Bidder whose Qualified Bid is finally approved by the Bankruptcy Court and authorized to be consummated by the Debtor shall be referred to herein as a "**Buyer**." The Order Confirming Debtor's Plan shall be the order approving the sale and all related relief. All Objections to the Sale(s) shall be filed as an objection to Confirmation of the Debtor's Plan

### F.     Brantly Expense Reimbursement

If Brantly is not approved by the Bankruptcy Court by reason of the acceptance of an overbid for the equity in or assets of the Debtor in an alternative transaction and such alternative transaction closes or becomes effective, (i) the Debtor shall arrange for the immediate return of the Brantly Deposit without further order of the Court and (ii) Brantly will be entitled to receive a reimbursement of attorneys fees and expenses incurred by Brantly in connection with this Bankruptcy Case up to Three Hundred Fifty Thousand Dollars ($350,000.00) (the "**Expense Reimbursement**"). Such Expense Reimbursement shall be paid by the Debtor in cash payable within five Business Days after Brantly submits an itemization of such expenses to the Debtor and the Committee unless either the Committee or the Debtor objects in which case only the undisputed portion will be timely paid and Brantly may seek court approval for the payment of any disputed portion.

### G.     Closing.

The Debtor and the Buyer shall use commercially reasonable efforts to consummate the Bankruptcy Court-approved transaction, including the payment of the purchase price in readily available funds, by the Closing Date, as defined in the Plan. In connection with the Closing, the Buyer's Good Faith Deposit shall be applied by the Debtor against the cash portion of the purchase price to be paid by the Buyer at Closing.

### H.     Deposits.

All Good Faith Deposits received by the Debtor shall be maintained in a segregated account and be subject to the jurisdiction of the Bankruptcy Court. Within

seven (7) business days after conclusion of the Bid Selection Process, the Debtor shall return the Good Faith Deposit to all remaining Bidders other than the Successful Bidder and the Successful Back-Up Bidder, if any, without further order of the Bankruptcy Court.

### I.     Buyer Default.

If any Buyer fails to close after approval of the Successful Bid and Back-Up Bid, if any, by the Bankruptcy Court at the Confirmation Hearing, such Buyers' Good Faith Deposit shall be forfeited to and retained irrevocably by the Debtor, and the Debtor specifically reserves the right to seek all appropriate additional damages from any such Buyer.

### J.     Jurisdiction of Bankruptcy Court.

All Qualified Bidders are deemed to have submitted to the exclusive jurisdiction of the Bankruptcy Court with respect to all matters relating to the sale and the transactions contemplated thereby.

### K.     No Break Up Fee.

No Qualified Bid shall contain a "break up fee" of any kind. Any bid containing a break-up fee will be rejected as a Non-Qualifying Bid.

### L.     Costs and Expenses of Bid.

Each Bidder (whether or not a Qualified Bidder) shall bear its own costs and expenses (including any legal or other professionals' fees and expenses) incurred. The costs and expenses incurred by the Debtor will be borne by the Debtor and its estate.

To the extent any Qualified Bidder submits a bid asserting the payment of fees, broker's fees, or commissions in connection with a sale of Superior Stock to such Qualified Bidder, then such bid must identify such as a term of its Bid, so that the Debtor, TAG and the Committee can evaluate whether such Bid is in fact the highest and best offer.

No bidder shall be entitled to any fee, expense reimbursement, or similar type of payment, except as otherwise provided by Court Order. Further, by submitting a Bid, a bidder shall be deemed to waive its right to pursue a substantial contribution claim under section 503 of the Bankruptcy Code or in any way related to the submission of its Bid or the Bid Procedures.

### M.     As-Is, Where-As Sale.

Any sale shall be on an "as is, where is" basis and without representations or warranties of any kind, nature, or description by the Debtor, its agents, or estate, except as otherwise agreed in writing. Each Qualified Bidder (as defined below) shall be deemed to acknowledge and represent that it has had an opportunity to conduct any

and all due diligence prior to making its offer, that it has relied solely on its own independent review, investigation, and/or inspection of any documents and/or the Superior Assets in making its Bid, and that it did not rely on any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Superior Stock , or the completeness of any information provided in connection therewith, except as expressly stated in these Bid Procedure or, as to any Successful Bidder, the terms of the Sale shall be set forth in the Confirmation Order.

### N.    Reservation of Rights; Deadline Extensions.

In its reasonable business judgment, the Debtor reserves the right to (i) impose, at or prior to the Bid Selection Process and after consultation with TAG and the Committee, additional terms and conditions on the Sale of the Superior Stock consistent with the Bid Procedures Order; (ii) extend the deadlines set forth in the Bid Procedures, provided Confirmation will not be extended past August 31, 2009; or (iii) reject all Qualified Bids if no Bid is, in the Debtor's reasonable business judgment, for fair and adequate consideration.

# CERTIFICATE OF NOTICE

```
District/off: 0539-3           User: bsimpson              Page 1 of 1                  Date Rcvd: Jul 23, 2009
Case: 08-36705                 Form ID: pdf012             Total Noticed: 1

The following entities were noticed by first class mail on Jul 25, 2009.
aty          +Robert P. Franke,   Strasburger & Price, LLP,   600 Congress Ave., Ste. 1600,
               Austin, TX 78701-2974
The following entities were noticed by electronic transmission.
NONE.                                                                                            TOTAL: 0
             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

**Date: Jul 25, 2009**                    **Signature:**    _Joseph Speetjens_