Rosa R. Orenstein
Nathan M. Nichols
**SULLIVAN & HOLSTON**
4131 North Central Expressway, Suite 980
Dallas, Texas 75204
Telephone: 214-528-9560
Facsimile: 214-528-9581

**ATTORNEYS FOR AIRSURE LTD., L.L.C.**

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 08-36705 |
| **SUPERIOR AIR PARTS, INC.,** | § | |
| | § | Chapter 11 |
| Debtor. | § | |

**AIRSURE LTD., L.L.C.'S LIMITED OBJECTION TO CONFIRMATION
OF THE THIRD AMENDED PLAN OF REORGANIZATION
OF SUPERIOR AIR PARTS, INC.
AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

TO THE HONORABLE BARBARA J. HOUSER, U.S. BANKRUPTCY JUDGE:

COMES NOW AirSure Ltd., L.L.C. ("AirSure"), a secured creditor, and files this its Limited Objection to Confirmation of the Third Amended Plan of Reorganization of Superior Air Parts, Inc. and the Official Committee of Unsecured Creditors ("Objection"), and would respectfully show the Court as follows:

**Jurisdiction**

1. This Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §1334. This is a core proceeding within the meaning of 28 U.S.C. §157 (b)(2)(A) and (L).

### Background

2.  On December 31, 2008, Superior Air Parts, Inc. ("Debtor") filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code. The Debtor continues to operate its business and manage its property as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

3.  AirSure provided a number of services to the Debtor, including procuring several insurance policies for the Debtor for which AirSure is owed brokerage fees. At the time of the bankruptcy filing, the Debtor owed AirSure $62,500.00 for unpaid brokerage fees pursuant to the Services of Broker/Agent Agreement between the Debtor and AirSure. On April 29, 2009, AirSure filed its Proof of Claim in the amount of $62,500.00.

4.  On May 15, 2009, the Debtor filed its Plan of Reorganization, setting forth how it intended to emerge from bankruptcy protection. On June 23, 2009, the Debtor and the Official Committee of Unsecured Creditors ("Committee") jointly filed an Amended Plan of Reorganization. On July 9, 2009, the Debtor and the Committee filed a Second Amended Plan of Reorganization and then filed their Third Amended Plan of Reorganization on July 23, 2009 (hereinafter referred to as the "Plan").

### Limited Objection to Confirmation

5.  AirSure objects to the confirmation of the Plan to the extent that it provides for disparate treatment of similarly situated creditors. §1129(b)(1) of the Bankruptcy Code requires that the Plan be "fair and equitable" and that it must not "discriminate unfairly" with respect to each class of claims or interests. "A plan discriminates unfairly if it singles out the holder of some claim for particular treatment." *In re Tucson Self-Storage, Inc.*, 166 B.R. 892, 898 (9th Cir. BAP 1994).

**AIRSURE LTD., L.L.C.'S LIMITED OBJECTION TO CONFIRMATION OF THE THIRD AMENDED PLAN OF REORGANIZATION OF SUPERIOR AIR PARTS, INC. AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Page 2

6.     The Plan (pp. 3 & 21) provides that the Reorganized Debtor will assume some of the Debtor's obligations under its liability insurance policies by paying defense costs up to the deductible limit as provided in the policies.  The Plan is therefore singling out the holders of these claims for unpaid defense costs to receive full satisfaction of their allowed **unsecured** claims up to the deductible limits under the policies without assuming those policies under § 365.

7.     AirSure, a similarly situated **unsecured** creditor, is the broker or producer of three of the insurance polices listed in Exhibit 1 to the Plan, which are policies for which the Reorganized Debtor is assuming the obligation to pay defense costs.  Although the Plan provides for the assumption of the defense costs under these policies, the Plan does not provide for the assumption of the Debtor's obligation to pay the brokerage fees owed to AirSure for the procurement of such policies.

8.     Accordingly, AirSure will receive considerably less than the insurance companies under the pro rata payoff to general unsecured creditors (most likely less than 50% of its claim).  *See* Third Amended Disclosure Statement, Page 16.  The Plan provides no explanation for such unfair disparate treatment between these similarly situated creditors, and the Court should not confirm the Plan to the extent that it provides for such treatment of these claims.

    WHEREFORE, AirSure prays that the Court deny confirmation of the Plan to the extent that it unfairly discriminates between similarly situated creditors as set forth herein, and for such other and further relief to which AirSure may be entitled.

**AIRSURE LTD., L.L.C.'S LIMITED OBJECTION TO CONFIRMATION OF THE THIRD AMENDED PLAN OF REORGANIZATION OF SUPERIOR AIR PARTS, INC. AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Page 3

Respectfully Submitted,

**SULLIVAN & HOLSTON**

By:  /s/ Rosa R. Orenstein
Rosa R. Orenstein, Esq.
State Bar No. 17153200
Nathan M. Nichols
State Bar No. 24060336
4131 N. Central Expressway, Suite 980
Dallas, Texas 75204
Telephone:  (214) 528-9560
Facsimile:  (214) 528-9581
ATTORNEYS FOR AIRSURE LTD., L.L.C.

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing Limited Objection to Confirmation of the Third Amended Plan of Reorganization of Superior Air Parts, Inc. and the Official Committee of Unsecured Creditors was served on the persons identified below via electronic mail and also served via the Court's ECF system to those parties entitled to receive such notice and U.S. first class mail on the parties not served via ECF included in the attached service list on this the 20th day of August , 2009.

| | |
|---|---|
| Stephen A. Roberts<br>Strasburger & Price, LLP<br>600 Congress Ave., Suite 1600<br>Austin, TX 78701<br>Email: Stephen.roberts@strasburger.com | Chester B. Salomon<br>Becker, Glynn, Melamed & Muffly LLP<br>299 Park Avenue<br>New York, NY 10171<br>Email: CSalomon@beckerglynn.com |
| Dave Parham<br>Baker & McKenzie LLP<br>2001 Ross Ave., Suite 2300<br>Dallas, TX 75201<br>Email: david.w.parham@bakernet.com | Matthew S. Okin<br>Okin, Adams & Kilmer LLP<br>1113 Vine St., Suite 201<br>Houston, TX 77002<br>Email: mokin@oakllp.com |
| Mary Frances Durham, United States Trustee<br>U.S. Department of Justice<br>Office of the United States Trustee<br>1100 Commerce St., Room 976<br>Dallas, TX 75242<br>Email: maryfrances.durham@usdoj.gov | |

/s/ Rosa R. Orenstein
Rosa R. Orenstein

**AIRSURE LTD., L.L.C.'S LIMITED OBJECTION TO CONFIRMATION OF THE THIRD AMENDED PLAN OF REORGANIZATION OF SUPERIOR AIR PARTS, INC. AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**