Chester B. Salomon
CS-2319
BECKER, GLYNN, MELAMED & MUFFLY LLP
299 Park Avenue
New York, New York 10171
tel.: 212-888-3033
fax: 212-888-0255
Attorneys for Thielert A.G. and
Dr. Achim Ahrendt, Insolvency Administrator

IN THE UNITED STATES COURT FOR THE
NORTHERN DISTRICT OF TEXAS DALLAS DIVISON

| | | |
|---|---|---|
| In  re: | : | Case No. 08-36705 (BJH) |
| | : | |
| SUPERIOR AIR PARTS, INC., | : | Chapter 11 |
| | : | |
| Debtor. | : | |

TO THE HONORABLE BARBARA J. HOUSER,
UNITED STATES BANKRUPTCY JUDGE:

**MOTION OF THIELERT A.G. AND ITS INSOLVENCY ADMINISTRATOR
FOR PROVISIONAL ALLOWANCE OF CLAIM FOR VOTING PURPOSES
PURSUANT TO BANKRUPTCY RULE 3018(a)**

Thielert A.G. ("TAG") and its Insolvency Administrator, Dr. Achim Ahrendt, by
their undersigned counsel, move this Court pursuant to Rule 3018(a) of the Rules of
Bankruptcy Procedure for provisional allowance of their claim and interest and allowance
of their ballot voting in favor of the Third Amended Plan of Reorganization of Superior
Air Parts, Inc. and the Official Committee of Unsecured Creditors (the "Committee"),
dated July 17, 2009 (the "Joint Plan"), and in support thereof respectfully state:

1.  TAG is one of the largest creditors and sole shareholder of the Debtor.  TAG
has supported and voted in favor of the Joint Plan as a member of  Class 9.

*120826v1*

2.  TAG filed a proof of claim in this case in the amount of $10,146,611.11 as a secured creditor.  After an adversary proceeding was commenced by the Debtor and after a hearing on the Debtor's motion for summary judgment, TAG's security interest was invalidated because of failure to maintain perfection of previously filed UCC financing statements.  Therefore, TAG has an unsecured claim that had not been objected to by the Debtor or the Committee and is allowed as a Class 9 creditor under the Joint Plan.  TAG timely cast a ballot voting in favor of the Joint Plan.

3.  As stated in the Disclosure Statement approved by this court (at Page 7), in 2006 TAG "acquired 100% of the ownership interests of Superior and purchased the $10 million debts of Superior lender [PNC Bank] and subordinated lenders, which were secured by substantially all of the Debtor's assets."

4.  On or about August 4, 2009 Aviation Parts Supply, Inc. ("APS"), an alleged creditor that arrogated the function and authority of the Committee, filed an Adversary Proceeding 09-03249 against TAG and an affiliate seeking to equitably subordinate their respective claims.  Both such claims had been dealt with on consent under the Joint Plan.  APS was apparently motivated to undermine the Joint Plan, to upset an asset sale that is the Joint Plan's centerpiece, and to substitute APS' own inadequate plan for the Joint Plan.  TAG has opposed the proposed disclosure statement submitted by APS that also is scheduled to be heard on August 26, 2009.

5.  Not until after the Debtor filed its summary of ballots on August 21, 2009 did TAG realize that its vote may not be counted as an acceptance of the Joint Plan because of the Adversary Proceeding commenced by APS.

6.  The grounds set forth in the APS complaint in its Adversary proceeding are patently insufficient and thus the complaint should be dismissed.  APS has failed to state a claim for relief against TAG and it is not deserving of the standing that it seeks to bring the Adversary Proceeding.

7.  Bankruptcy Rule 3018 addresses acceptance or rejection of a plan of reorganization.  The last sentence of Rule 3018(a) states, "[n]otwithstanding objection to a claim or interest, the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan."

8.  In light of APS' motives and the lack of substance of its adversary proceeding complaint, TAG and Dr. Ahrendt respectfully submit that cause has been shown for the court to temporarily allow TAG's claim as an unsecured claim in the amount of $10,146,611.11 that may vote as a Class 9 creditor under the Joint Plan.

WHEREFORE, TAG and Dr. Ahrendt pray that, pursuant to Rule 3018(a) of the Rules of Bankruptcy Procedure, TAG's claim be allowed in the amount of $10,146,611.11, that its equity interest be allowed, that its ballot be counted as an

*120826v1*

-3-

acceptance of the Joint Plan, and that TAG and Dr. Ahrendt be granted such other and
further relief as is just.

Dated:  New York, New York
        August 24, 2009

                                    BECKER, GLYNN, MELAMED & MUFFLY LLP


                                    By:    /s/ Chester B. Salomon
                                           Chester B. Salomon, of counsel (CS-2319)
                                    299 Park Avenue
                                     New York, NY 10171
                                    Tel: (212) 888 - 3033
                                    Fax: (212) 888- 0255
                                    csalomon@beckerglynn.com

*120826v1*

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that a true and correct copy of the foregoing document was transmitted via electronic mail to parties listed below August 24, 2009

Stephen A. Roberts
Duane J. Brescia
Strasburger & Price LLP
600 Congress, Ste. 1600
Austin, TX 98701
Stephen.roberts@sdtrasburger.com
Duane.brescia@strasburger.com

Billy G. Leonard, Jr.
Attorney at Law
1650 W. Virginia Street, Suite 211
McKinney, TX 75069
bleonard@billyleonardlaw.com

Matthew Okin
Okin Adams & Kilmer LLP
1113 Vine Street, Suite 201
Houston, TX 77002
mokin@oakllp.com

Tom Tong
Tong & Sung, P.C.
3050 Post Oak Blvd., Suite 1720
Houston, Texas 77056
tomtong@tonglawfirm.com

David W. Parham
Elliot D. Schuler
Baker & McKenzie LLP
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
David.w.parham@bakernet.com
Elliot.d.schuler@bakernet.com

*120826v1*