Kevin H. Good
Texas Bar No. 08139300
Conner & Winters LLP
1700 Pacific Avenue
Suite 2250
Dallas, Texas 75201
Telephone (214) 217-8070
Fax (214) 217-8861

and

Billy G. Leonard, Jr.
Texas Bar No. 12208100
Attorney at Law
1650 W. Virginia Street, Suite 211
McKinney, Texas 75069-7703
Telephone (469) 742-0855
Fax (469) 442-0135

*Attorneys for Aviation Parts Supply, Inc*.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SUPERIOR AIR PARTS, INC., | § | CASE NO. 08-36705-BJH-11 |
| | § | |
| | § | |
| DEBTOR | § | |

**AVIATION PARTS SUPPLY, INC.'S AND J. MICHAEL BEAN'S OBJECTION TO THE
NOTICE OF DEPOSITION SUBPOENA DUCES TECUM OF J. MICHAEL BEAN**

Aviation Parts Supply, Inc. ("APS"), a creditor and party in interest, by and through undersigned counsel, files this Objection to the Notice of Deposition Subpoena Duces Tecum of J. Michael Bean, and would show the Court as follows:

I.

**Summary of Objection**

The Official Committee of Unsecured Creditors' ("Committee") subpoena duces tecum, served contemporaneously with and attached to the Deposition of J. Michael Bean, is objectionable in a multitude of ways, and, as such, no documents will be produced at the deposition. More particularly, the entirety of the subpoena duces tecum is untimely, as it violates Rule 7034 in that it does not provide the deponent sufficient time to respond. It is also objectionable because it seeks documents outside the scope of the hearings set to occur on August 26, 2009. The subpoena duces tecum also seeks documents protected by the attorney client and work product privileges, and that are not in the possession of the deponent in his individual capacity. It also seeks documents from a law firm – Maloney, Bean, Horn & Hull, P.C. – over which the deponent, individually or as a representative of Aviation Parts Supply, Inc., has no control.

II.

**Arguments and Authorities**

**A.    Subpoena Duces Tecum Is Untimely, Burdensome And Harassing**

Rule 7034 of the Federal Rules of Bankruptcy Procedure, which incorporates by specific reference, the provisions of Rule 34 of the Federal Rules of Civil Procedure, provides that a responding party to a document request may take up to thirty days to respond to the request. FED. R. BANKR. P. 7034; FED. R. CIV. P. 34. Rules 7034 and 34 must be observed, even when submitting a subpoena duces tecum pursuant to Rule 45. *Joiner v. Choicepoint Svcs, Inc.*, No. 1:05CV321, 2006 WL 2669370, at 6

(W.D.N.C.)(not designated for publication)(stating "A subpoena duces tecum served on a party under Rule 45 is valid, though party opponents retain their 30-day response time under Rule 34 to produce the documents requested in the subpoena.").

The deposition notice herein, along with the subpoena duces tecum, were served on the deponent on the afternoon of Friday, August 21, 2009, and, together, require the attendance of the deponent and his production of a great many documents on the morning of Tuesday, August 25, 2009, allowing him but one business day to respond to the notice and subpoena duces tecum. The deponent has arranged his schedule and will appear for his deposition.

Given the timing of its service upon the deponent, the Committee's subpoena duces tecum necessarily denies the deponent his thirty-day response time under Rule 34. As such, the subpoena duces tecum is untimely, burdensome and harassing and there is no good cause for its being served at this late hour, as the Committee has known about the hearings for an ample period of time, which are set for August 26, 2009.

**B.    Subpoena Duces Tecum Is Overly Broad, Beyond Scope Of Permissible Discovery, And Not Reasonably Calculated To Lead To The Discovery Of Admissible Evidence**

Rule 7026 of the Federal Rules of Bankruptcy Procedure, which expressly adopts the provisions of Rule 26 of the Federal Rules of Civil Procedure, controls the scope of discovery. FED. R. BANKR. P. 7026; FED. R. CIV. P. 26. Though Rule 26 does not require the discovery sought to be admissible, it does require that it be relevant and reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26.

The Committee's subpoena duces tecum is overly broad, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks documents that are irrelevant and not calculated to lead to the discovery of evidence that would be admissible at the hearings. These objections specifically apply to requests 1, 2, 3, 8, 9, 10, 11, 12 and 13 within the subpoena duces tecum. On the basis of this objection, the deponent will not be producing any documents in response to these requests.

**C.    Subpoena Duces Tecum Seeks Documents That Are Protected By Attorney-Client And/Or Work Product Privileges**

Requests 4 through 7 seek documents protected by the attorney-client and work product privileges, in that these requests seek the production from deponent, an attorney, or his firm that would consist of communications between deponent and/or his firm and his or its client, Superior Air Parts, Inc., communications which specifically concern matters of litigation and the defense of suits filed against Superior. Such items would include correspondence and reports to Superior's insurers and Superior itself relating to Superior's defenses in any given action, along with the deponent's or his firm's requested courses of action in such matters, which are clearly protected subjects. These items would also include spreadsheets and billing-related documents that contain protected information as well.

Based on the foregoing, these requests are objectionable, and, thus, no documents will be produced at the deposition in response to them.

**D.    Subpoena Duces Tecum Seeks Documents Not Under Control Of Deponent**

The subpoena duces tecum seeks documents from "J. Michael Bean, Aviation Parts Supply, Inc." This can only be read to indicate that the Committee desires to

depose Mr. Bean in his individual capacity or in his capacity with Aviation Parts Supply, Inc. Thus, unless Mr. Bean, in his individual capacity or in his capacity with Aviation Parts Supply, Inc. maintains possessory control over the documents requested, he has no ability, and, therefore, could have no obligation, to produce them.

Requests 4 through 7 in the subpoena duces tecum seek documents that are not within the deponent's possessory control, either as an individual or in his capacity with Aviation Parts Supply, Inc. Simply stated, Mr. Bean cannot, as an individual or as the representative of Aviation Parts Supply, Inc., take possessory control of the documents sought in these requests, even if he desired to do so. Thus, on this additional basis, no documents will be produced in response to these requests.

### III.

### Certificate of Conference

Counsel for Aviation Parts Supply, Inc. and J. Michael Bean telephoned counsel for the Committee on Friday, August 21, 2009, and followed up with an E-Mail message seeking to resolve this objection. No response was received to either.

### IV.

### Relief Sought

Wherefore, Premises Considered, APS and J. Michael Bean respectfully move the Court that the above Objection be sustained, and for such other and further relief to which they would show itself justly entitled.

Respectfully Submitted:

/s/ Kevin H. Good
Kevin H. Good
Texas Bar No. 08139300
Conner & Winters LLP
1700 Pacific Avenue, Suite 2250
Dallas, Texas 75201
Telephone  (214) 217-8070
Fax  (214) 217-8861

and

Billy G. Leonard, Jr.
Texas Bar No. 12208100
Attorney at Law
1650 W. Virginia Street, Suite 211
McKinney, Texas 75069-7703
Telephone  (469) 742-0855
Fax  (469) 442-0135

***Attorneys for Aviation Parts Supply, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of August, 2009, a true and correct copy of the foregoing document was served to the following:

Via email to Matthew S. Okin, Esq., counsel for Brantly, Stephen A. Roberts, Esq., counsel for Debtor, David Parham, Esq., counsel for the Official Unsecured Creditors' Committee, and Chester Salomon, Esq., counsel for TAG, and via Facsimile to Matthew S. Okin, Esq., counsel for Brantly, Stephen A. Roberts, Esq., counsel for Debtor, David Parham, Esq., counsel for the Official Unsecured Creditors' Committee, and Chester Salomon, Esq., counsel for TAG, and to those persons receiving notice through the court's electronic filing system, and on August 25, 2009 by first class U.S. Mail to the attached service list, postage prepaid.

/s/ Kevin H. Good
Kevin H. Good