Billy G. Leonard, Jr.
Texas Bar No. 12208100
Attorney at Law
1650 W. Virginia Street, Suite 211
McKinney, Texas 75069-7703
Telephone  (469) 742-0855
Fax  (469) 442-0135

and

Kevin H. Good
Texas Bar No. 08139300
Conner & Winters LLP
1700 Pacific Avenue
Suite 2250
Dallas, Texas 75201
Telephone  (214) 217-8070
Fax  (214) 217-8861

*Attorneys for Aviation Parts Supply, Inc*.

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| SUPERIOR AIR PARTS, INC., § | CASE NO. 08-36705-BJH-11 |
| § | |
| § | |
| DEBTOR § | |

### AVIATION PARTS SUPPLY, INC.'S RESPONSE AND OBJECTION TO THE MOTION OF THIELERT A.G. AND ITS INSOLVENCY ADMINISTRATOR FOR PROVISIONAL ALLOWANCE OF CLAIM FOR VOTING PURPOSES PURSUANT TO <u>BANKRUPTCY RULE 3018(a)</u>

Aviation Parts Supply, Inc. ("APS"), a creditor and party in interest, by and through undersigned counsel, files this Response and Objection to the Motion of Thielert A.G. and its Insolvency Administrator for Provisional Allowance of Claim for Voting Purposes Pursuant to Bankruptcy Rule 3018(a) ("Objection") as follows:

## **BACKGROUND**

1.  On or about February 11, 2009, Thielert A.G. ("TAG") filed a proof of claim in this Bankruptcy Proceeding alleging that it was a secured creditor with a claim in the amount of $10,146,611.11. Subsequently, the Debtor filed an Adversary Proceeding to avoid the lien of TAG, asserting that TAG's lien was unperfected and, thus, avoidable under 11 U.S.C. § 544. On June 22, 2009, a hearing on the Debtor's Motion for Summary Judgment seeking to avoid TAG's lien was held, and the Court granted the motion.

2.  On or about August 4, 2009, Aviation Parts Supply, Inc. ("APS") filed a complaint against TAG seeking, among other things, equitable subordination and/or recharacterization of TAG's claim and objecting to TAG's proof of claim, thereby commencing Adversary Proceed No. 09-03249 (the "TAG Litigation"). Counsel for TAG received a notice of commencement of the TAG Litigation through the courts electronic filing system on August 4, 2009. Additionally, a copy of the complaint was served on August 5, 2009 via first class mail on counsel for TAG, and a copy of the summons and complaint was served via federal express on counsel for TAG on August 17, 2009.

3.  TAG is the 100% equity owner of the Debtor, and is, therefore, an insider of the Debtor.

4.  The Debtor's Third Amended Plan of Reorganization ("Debtor's Plan"), set for confirmation on August 26, 2009, classifies TAG's claim in Class 9. TAG is the only holder of a claim in Class 9 of the Debtor's Plan. Additionally, the equity interests of TAG are classified under Class 10 and are to be cancelled under the Debtor's Plan.

5.  The deadline for casting ballots accepting or rejecting Debtor's Plan was August 20, 2009.

6. TAG filed its Motion for Provisional Allowance of Claim for Voting Purposes Pursuant to Bankruptcy Rule 3018(a) (the "Motion") on August 24, 2009.

## ARGUMENT

7. TAG's Motion is vague. The Motion, in its title, indicates that TAG is seeking "provisional allowance of claim for voting purposes" but in the body of the Motion, it appears that TAG is seeking provisional allowance of its (i) claim, (ii) its interest, and (iii) and allowance of its ballot.

8. With respect to allowance of its interest, the Debtor's Plan provides that the equity interests of TAG, which are classified under Class 10, are to be cancelled and extinguished on the Effective Date of the plan. *See*, Debtor's Plan, Section 4.2(j). Further, in accordance with Section 1126(g) of the Bankruptcy Code, the Debtor's Plan provides that Class 10 has been deemed to reject the plan and, accordingly, is not entitled to vote for or against the plan. Therefore, provisional allowance of TAG's equity interests for voting purposes is inappropriate and unnecessary as TAG is deemed to have rejected the Debtor's Plan.

9. TAG asserts in its Motion that it wasn't until after the Debtor filed its ballot summary on August 21, 2009 did TAG realize that its vote regarding the Debtor's Plan may not be counted. Section 1126(a) of the Bankruptcy Code provides that the holder of an allowed claim under Section 502 may vote to accept or reject a plan. Section 502(a) of the Bankruptcy Code provides that a claim is deemed allowed unless an objection to the claim is filed. Once an objection is filed, the claim is not an allowed claim. APS filed an objection to TAG's claim as part of its complaint in the TAG Litigation. Accordingly, TAG knew or should have known as early as August 4, 2009 that it would not be entitled to vote its claim when counsel for TAG received electronic

**RESPONSE AND OBJECTION TO THE MOTION OF THIELERT A.G. AND ITS INSOLVENCY ADMINISTRATOR FOR PROVISIONAL ALLOWANCE OF CLAIM FOR VOTING PURPOSES PURSUANT TO BANKRUPTCY RULE 3018(a)**- Page- 3 of 6

notification of the commencement of the TAG Litigation. As stated earlier, the complaint commencing the TAG Litigation was mailed to counsel for TAG on August 5, and the summons and complaint were federal expressed to TAG on August 17. Accordingly, TAG could, and should, have filed its Motion prior to the deadline for voting.

10. TAG's Motion sets forth no legitimate basis for provisional allowance of its claim. TAG merely alleges that the TAG Litigation should be dismissed and that the complaint doesn't state a cause of action. TAG does not address any of the allegations in the complaint nor give any reason why the complaint should be dismissed. If TAG believes that the complaint should be dismissed, the appropriate mechanism for that is to file a motion to dismiss in the TAG Litigation Adversary Proceeding; not a motion to estimate claim for voting purposes.

11. Moreover, it is unclear why TAG is seeking "provisional" allowance of its claim for voting purposes. It states that it wants its ballot counted as an acceptance of the Debtor's Plan. Section 1129(a)(10) of the Bankruptcy Code provides that if a class of claims is impaired under a plan, then at least one class of impaired claims must accept the plan, "without including any acceptance of the plan by any insider". 11 U.S.C. § 1129(a)(10). TAG's Class 9 claim is impaired under the plan, however, it is undisputed that TAG is an insider of the Debtor. As an insider, its vote is not taken into consideration in determining whether an impaired class has accepted the plan. Accordingly, denying TAG's Motion does not harm, prejudice or disenfranchise TAE.

12. Based on the foregoing, APS opposes and objects to the Motion. The provisional allowance of TAG's equity interest is prohibited by the provisions of the Debtor's Plan and the Bankruptcy Code, and provisional allowance of it Class 9 unsecured claim and ballot is not justified, inappropriate and unnecessary.

13. APS reserves the right to raise additional objections to the relief requested in the Motion.

WHEREFORE PREMISES CONSIDERED, APS files this its Response and Objection to the Motion of Thielert AG and its Insolvency Administrator for Provisional Allowance of Claim for Voting Purposes Pursuant to Bankruptcy Rule 3018(a) and requests an order of the Court denying the Motion and for such other and further relief as may be just and equitable.

DATED: August 25, 2009.

    Respectfully submitted,

By: /s/Billy G. Leonard, Jr.
    Billy G. Leonard, Jr.
    Texas State Bar No. 12208100
    1650 W. Virginia Street, Suite 211
    McKinney, Texas 75069
    (469) 742-0855
    (469) 442-0135 (Facsimile)

and

    Kevin H. Good
    Texas Bar No. 08139300
    Conner & Winters, LLP
    1700 Pacific Avenue, Suite 2250
    Dallas, Texas 75201
    (214) 217-8070
    (214) 217-8861 (Facsimile)

**Attorneys for Aviation Parts Supply, Inc.**

## CERTIFICATE OF SERVICE

   The undersigned counsel certifies that on the 25th day of August, 2009, a true and correct copy of the foregoing was served to those persons receiving electronic notification from the Court's electronic filing system and via e-mail to Stephen Roberts, Esq., counsel for the Debtor, Dave Parham, Esq., counsel for the Unsecured Creditors' Committee, and Chester Salomon, Esq., counsel for Thielert AG.

            /s/Billy G. Leonard, Jr
            Billy G. Leonard, Jr.