David W. Parham
State Bar No. 15459500
Elliot D. Schuler
State Bar No. 24033046
R. Adam Swick
State Bar No. 24051794
Baker & McKenzie
2300 Trammel Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 978-3000
Facsimile: (214) 978-3099

ATTORNEYS FOR THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 08-36705-BJH-11 |
| | § | |
| SUPERIOR AIR PARTS, INC., et al., | § | Jointly Administered |
| | § | |
| DEBTOR-IN POSSESSION. | § | CHAPTER 11 |

**MOTION OF OFFICIAL COMMITTEE OF UNSECURED
CREDITORS PURSUANT TO 11 U.S.C. § 1126(a) & (e) FOR AN
ORDER ENFORCING THE SETTLEMENT AGREEMENT,
DETERMINING THAT THE VOTE OF THIELERT AIRCRAFT
ENGINE TO REJECT THE PLAN WILL NOT BE COUNTED
<u>AND, DEEMING THIELERT AIRCRAFT ENGINE TO ACCEPT THE PLAN</u>**

TO THE HONORABLE BARBARA J. HOUSER,
UNITED STATES BANKRUPTCY JUDGE:

NOW COMES the Official Committee of Unsecured Creditors (the "<u>Committee</u>"), by and through its counsel of record, and files this Motion Pursuant to 11 U.S.C. § 1126(a) & (e) for an Order Enforcing the Settlement Agreement, Determining that the Vote of Thielert Aircraft Engines GmbH ("<u>TAE</u>") to Reject the Plan will not be Counted, and Deeming TAE to Accept the Plan (the "<u>Motion</u>"), and respectfully states as follows:

**Jurisdiction and Venue**

1. The Court exercises subject matter jurisdiction with regard to the Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

**Procedural and Factual Background**

3. This case was commenced by the filing of a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division on December 31, 2008 (the "Petition Date"). Since the Petition Date, the Debtor has continued to operate its business as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4. On or about January 29, 2009, the United States Trustee certified and appointed the Committee in accordance with Section 1102(a)(1) of the Bankruptcy Code. The members of the Committee, as amended, include (1) AVStar Aircraft Accessories, Inc., represented by Ronald J. Weaver, (2) Eck Industries, Inc., represented by Phil Eck, (3) KSPG Automotive Brazil LTDA, represented by Werner Wilhelm Albus and Valeria de Freitas Mesquita, (4) Hartford Aircraft Products represented by Jim Griffin, (5) Seal Science, Inc., represented by Piyush Kakar, and (6) Zanzi, S.P.A., represented by Stefano Gazzola.

5. On February 17, 2009, TAE filed a proof of claim [Claim No. 70] in the amount of $18,208,260.17 for a general unsecured claim.

6. Prior to and after TAE filed its claim, the Debtor and the Committee were investigating potential causes of action against TAE and began discussing a possible settlement with TAE in the best interests of creditors.

7. On or about June 23, 2009, the Debtor and the Committee proposed the First Amended Chapter 11 Plan [Docket No. 322] (the "Plan") and the Court entered an Order Approving Debtor's Third Amended Disclosure Statement and Setting Deadlines [Docket No. 325]. Objections were filed to the Plan and a confirmation hearing is currently set for August 26, 2009 at 1:15 p.m.

8. On July 16, 2009, TAE, the Debtor, and the Committee entered into a Rule 11 Agreement (the "Settlement Agreement"), attached as **Exhibit A**, whereby the Debtor agreed to pay TAE $500,000 in full satisfaction of its claim. This promise to pay was made in exchange for TAE's promise to accept a Debtor and Committee supported plan of reorganization and as settlement of the Debtor's claims against TAE. Further, the Settlement Agreement was entered into at a time when the Debtor was seeking approval of a disclosure statement and it was contemplated by the parties that the Settlement Agreement would be reflected in the Debtor's plan of reorganization.

9. The Settlement Agreement's terms are, in fact, reflected in the Plan. Creditors have voted overwhelmingly to accept the Plan and approve the Settlement Agreement. In view of the Settlement Agreement and the treatment of TAE's claim, the Debtor's plan classified TAE's claim in its own class.

10. On August 4, 2009, Aviation Parts Supply, Inc. ("Aviation Parts"), a creditor who filed a competing plan in this case, filed a complaint against TAE [Docket No. 338] and joined with the complaint an objection to TAE's claim. Consequently, TAE was not a holder of a claim or interest entitled to vote pursuant to 11 U.S.C. §§ 502 and 1126(a).

11. Only hours before the voting deadline, in direct violation of the Settlement Agreement, TAE voted to reject the plan. TAE has not, however, objected to the Plan, asked that its claim be temporarily allowed for voting purposes, or taken any other action.

12. Subsequently, the Committee filed an objection to TAE's claim for the reason TAE has not returned a voidable transfer. The Committee's and Aviation Parts' objections to TAE's claim would be disposed of should the Plan be confirmed.

### Relief Requested

13. TAE entered into a valid and enforceable Settlement Agreement subject to court approval. The Court should enforce the Settlement Agreement and deem Class 8 of the Plan, in which TAE is the sole creditor, an accepting class. Alternatively, TAE was not and is not a holder of an allowed claim. Thus, the Committee respectfully requests that this Court not count TAE's vote pursuant to section 1126(a) & (e) of the Bankruptcy Code. And since the Plan deals with TAE's claim in a single-creditor class, the Committee requests that this Court deem TAE as accepting the plan in accordance with the Settlement Agreement.

### Argument

**A.    This Court should Enforce the Settlement and Deem TAE to Accept the Plan**

14. Over a month ago, TAE, the Debtor, and the Committee entered into a valid and enforceable Settlement Agreement. Pursuant to the Settlement Agreement, TAE agreed to vote to accept the Plan.

15. The Settlement Agreement was not a "solicitation" within the meaning of section 1125(b) of the Bankruptcy Code. A settlement agreement that provides a plan will be drafted to incorporate a settlement and a party will vote for the plan is not a "solicitation" within the meaning of § 1125(b)." *In re Heritage Org., LLC*, 376 B.R. 783, 789 (Bankr. N.D. Tex. 2007).

Almost a month before the Settlement Agreement, on June 23, 2009, the Debtor filed the First Amended Disclosure Statement [Docket No. 241], which disclosed the buyer, seller, treatment of claims, and the fundamental economics of the case. Thus, no argument can validly be made that the Settlement Agreement was an impermissible postpetition lock-up agreement.

16. Also, the Debtor and the Committee relied on TAE's represenatations. On July 9, 2009, the Debtor filed the Second Amended Disclosure Statement [Docket No. 279], which provided that if TAE did not accept the proposed settlement, then the Debtor or the Committee would file an adversary proceeding to recharacterize or subordinate TAE's claims and, if unsuccessful, TAE would be treated as a general unsecured creditor. On July 16, 2009, the Settlement Agreement was executed by TAE. The next day the Debtor filed the Third Amended Disclosure Statement that did not contain the lawsuit option but instead incorporated the terms of the Settlement Agreement.

17. Thus, TAE should be estopped from rejecting the plan, the Settlement Agreement shold be enforced, and TAE should be deemed to have accepted the Plan.

**B.    TAE's Vote to Reject the Plan should not be Counted**

18. Section 1126(a) of the Bankruptcy Code provides that only "[t]he holder of a claim or interest allowed under section 502 of this title may accept or reject a plan." Thus, if a creditor's claim is objected to they no longer hold claims "deemed allowed" under section 502 and thus cannot vote. *See In re Physicians Specialty Hosp. of El Paso, LP*, No. 07-30633, 2008 Bankr. LEXIS 2885, at *2 (Bankr. W.D. Tex. July 1, 2008); *Sunrise Energy Co. v. Maxus Gas Mktg. (In re Sunpascific Energy Mgmt., Inc.)*, 216 B.R. 776, (Bankr. N.D. Tex. 1997) ("Sunrise could have objected to the Maxus claim on the grounds of the receipt of a preference....Maxus would have thereby been precluded from casting a ballot regarding the Sunrise plan."). A

creditor that cannot vote because someone objected to its claim is not without remedy. *In re Dynamic Tooling Sys., Inc.*, 349 B.R. 847, (Bankr. D. Kan. 2006). At any time in the case, the creditor can seek estimation of its claim for voting purposes. *Id.*; *In re Physicians Specialty Hosp. of El Paso, LP*, 2008 Bankr. LEXIS 2885, at *2. TAE has not availed itself of that remedy.

19. Considering that TAE was not a holder of an allowed claim, TAE's vote to reject the plan should not be counted. *See In re New Towne Dev., LLC*, No. 09-10029, 2009 Bankr. LEXIS 2187, at *7 n.16 (Bankr. M.D. La. August 14, 2009) (the ballots of a creditor whose claim was objected to "were appropriately not counted.").

20. In addition to not being allowed to file a countable ballot under section 1126(a), TAE made its vote to reject the Plan in bad faith. Section 1126(e) of the Bankruptcy Code provides in pertinent part that "[o]n request of a party in interest, and after notice and a hearing, the court may designate any entity whose acceptance or rejection of such plan was not in good faith...." Section 1126(e) "is permissive in nature, and a bankruptcy judge has discretion in designating votes." *In re Heritage Org., LLC*, 376 B.R. 783, 794 (Bankr. N.D. Tex. 2007).

21. "Good faith—and its converse, bad faith—are not defined in the Bankruptcy Code. Thus, the courts have developed the meaning of good (and bad) faith on the basis of the facts of each particular case." *In re Save our Springs (S.O.S.) Alliance, Inc.*, 388 B.R. 202, 230 (Bankr. W.D. Tex. 2008). The good faith requirement was designated to eliminate those 'obstructive tactics and holdup techniques' employed by some creditors to secure an unfair advantage through acceptance or rejection of a plan." *In re Landing Assocs., Ltd.*, 157 B.R. 791, 802 (Bankr. W.D. Tex. 1993) (citing *Young v. Higbee Co.*, 324 U.S. 204, 210-211 (1945)).

Here, the Debtor and Committee relied on TAE's agreement. Only at the eleventh hour did TAE reject the plan in an apparent attempt to sabotage the Plan.

22. Considering that TAE could not vote under section 1126(a) and that TAE's vote was made in bad faith under section 1126(e), this Court should not count TAE's vote to reject the plan.

C. **TAE should be Deemed to Accept the Plan**

23. When no vote is received from a single-creditor class, that class is "deemed" to have accepted the plan. *In re Link*, No. 02-20961, 2003 Bankr. LEXIS 2286, at *8 (Bankr. N.D. Tex. Nov. 10, 2003); *In re Ruti-Sweetwater, Inc.*, 836 F.2d 1263, 1266-1267 (10th Cir. 1989). Although TAE's vote is not counted, as opposed to TAE simply not filing a vote, the result in this case should be the same. As a single-creditor class, if TAE's vote is not counted, then no creditor will have voted for or against the Plan.

24. What makes matters especially egregious in this case, is that TAE signed an agreement just over a month ago to accept the Plan. Despite not being a holder of an allowed claim, TAE could have filed a motion requesting this Court for an order to estimate its claim for voting purposes, but did not do so. Further, TAE did not object to the Plan. In essence, TAE is much like the creditor in *In re Ruti-Sweetwater, Inc.*, a case cited favorably by this Court, that sat idly by, did not participate in any manner contrary to his representation to accept the plan, and thereafter, subsequent to the adoption of the plan, raise a challenge to the plan for the first time. 836 F.2d 1263 at 1266 (cited by *In re Link*, No. 02-20961, 2003 Bankr. LEXIS 2286, at *8). Allowing TAE to reject the plan would, in the words of the *In re Ruti-Sweetwater* court, "effectively place all reorganization plans at risk in terms of reliance and finality." 836 F.2d 1263 at 1266-1267.

25. TAE did not comply with the Settlement Agreement for whatever ulterior motive it has. The fact of the matter is that TAE should not be allowed to now, at the eleventh hour, reject the Plan after a significant amount of the estate's time and money was spent in reliance on TAE's agreement to support the Plan, particularly under the circumstances of this case.

WHEREFORE, the Committee respectfully requests that this Court enter an order (1) enforcing the Settlement Agreement by deeming TAE to accept the Plan; (2) not counting TAE's vote to reject the Plan; (3) deeming TAE's vote as accepting the Plan as a creditor who did not file an objection in a single-creditor class; and (4) for such other further relief as this Court deems just.

DATED:  August 25, 2009
        Dallas, Texas

Respectfully submitted,

**BAKER & McKENZIE**

By: /s/ David W. Parham
David W. Parham
State Bar No. 15459500
Elliot D. Schuler
State Bar No. 24033046
R. Adam Swick
State Bar No. 24051794
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 978-3000
Facsimile: (214) 978-3099

**ATTORNEYS FOR THE OFFICIAL
COMMITTEE OF UNSECURED
CREDITORS**

DALDMS/666271.1

8

## CERTIFICATE OF CONFERENCE

The undersigned attorney hereby certifies that he attempted without success to contact counsel for TAE by telephone prior to filing the Motion on August 25, 2009.

/s/ David W. Parham
David W. Parham

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he caused a true and correct copy of the foregoing to be served upon the persons or entities identified below via electronic mail, and on all other parties via the Court's ECF filing system on August 25, 2009.

| | |
|---|---|
| **Duane J. Brescia**<br>**Stephen A. Roberts**<br>Strasburger & Price LLP<br>600 Congress Ave., Ste. 1600<br>Austin, TX 78701<br>Email: duane.brescia@strasburger.com<br>Email: stephen.roberts@strasburger.com | **Kevin H. Good**<br>Conner & Winters, LLP<br>1700 Pacific Avenue, Suite 2250<br>Dallas, TX 75201<br>Email: kgood@cwlaw.com<br><br>**Billy G. Leonard, Jr.**<br>Attorney at Law<br>1650 W. Virginia Street, Suite 211<br>McKinney, TX 75069<br>Email: bleonard@billyleonardlaw.com |
| **Cynthia W. Cole**<br>Beirne, Maynard & Parsons, L.L.P.<br>1700 Pacific Ave.<br>Suite 4400<br>Dallas, Texas 75201<br>ccole@bmpllp.com | **Chester B. Salomon**<br>Becker, Glynn, Melamed & Muffly LLP<br>299 Park Avenue<br>New York, NY 10171<br>Email: csalomon@beckerglynn.com |
| **Matthew Okin**<br>Okin Adams & Kilmer LLP<br>1113 Vine Street, Suite 201<br>Houston, TX 77002<br>Email: mokin@oakllp.com | **Tom Tong**<br>Tong & Sung, P.C.<br>3050 Post Oak Blvd., Suite 1720<br>Houston, Texas 77056<br>Email: tomtong@tonglawfirm.com |

/s/ David W. Parham
David W. Parham