U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described**.

Signed August 27, 2009                                      **United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE: | § § § Chapter 11 § |
| SUPERIOR AIR PARTS, INC., | § Case No. 08-36705 § |
| Debtor. | § § |

**ORDER CONFIRMING THIRD AMENDED PLAN OF REORGANIZATION FILE BY THE DEBTOR AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS DATED JULY 23, 2009 (DOCKET NO. 322)**

Superior Air Parts, Inc., as debtor-in-possession and the Official Committee of Unsecured Creditors (the "Debtor" and the "Committee"), filed their Third Amended Disclosure Statement ("Disclosure Statement") and their Third Amended Plan of Reorganization on July 23, 2009 (the "Plan"); and the court having approved the Disclosure Statement on July 23, 2009 ("Disclosure Order"); and the Court having entered an order setting a hearing on August 26, 2009 at 1:15 p.m. to consider confirmation of the Plan (the "Confirmation Hearing"); and it appearing that the Plan, the

Disclosure Statement, and a notice of the Confirmation Hearing were duly transmitted to all creditors, equity holders, and parties-in-interest pursuant to the Bankruptcy Code and this Court's instruction; and it appearing that ballots were duly transmitted to all holders of Claims entitled to vote on the Plan; and upon the certification filed by Strasburger & Price, LLP, counsel to the Debtors, of the Ballot Tally, from which it appears that all Classes which are Impaired under the Plan have voted to accept the Plan, are deemed to have accepted the Plan, or are not entitled to vote; and on the record of the Confirmation Hearing; and good and sufficient notice of the Confirmation Hearing having been given to all creditors and parties-in-interest; and after due deliberation, and for good cause shown, the Court hereby enters the following:

## I.
## **FINDINGS OF FACTS**

1. On December 31, 2008 (the "Filing Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Northern District of Texas ("Bankruptcy Court").

2. Confirmation of the Plan, and related matters, is a core proceeding within the meaning of 28 U.S.C. §157, over which the Court has jurisdiction to enter a final order. The venue of the Debtor's chapter 11 case is proper in this District.

3. All parties-in-interest, including all creditors and equity holders, required to receive notice of the Confirmation Hearing have received due, proper and adequate notice thereof, and no other or further notice of the Confirmation Hearing is required. All such

parties-in-interest had the opportunity to appear and be heard at the Confirmation Hearing.

4. The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying 11 U.S.C. §1129(a)(1).

5. The classification of Claims and Equity Interests under the Plan complies with Section 1122 of the Bankruptcy Code. The Plan provides for the same treatment for each Claim of a particular class unless the holder of a particular Claim agrees to different treatment.

6. The proponent of the Plan has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying 11 U.S.C. §1129(a)(2). The Debtor and the Committee are proper Proponents of the Plan.

7. The procedures by which the ballots were distributed and tabulated were fair, properly conducted, and complied with the Court's Disclosure Order. Solicitation of acceptances of the Plan by the Proponents complied with the applicable provisions of the Bankruptcy Code and was made and done in good faith.

8. The Plan has been proposed in good faith and not by any means forbidden by law, thereby satisfying 11 U.S.C. §1129(a)(3).

9. All payments made or promised to be made by the Debtor for services or for costs and expenses in, or in connection with the Plan and incident to this case, have been fully disclosed to the Court and are reasonable, thereby satisfying 11 U.S.C. §1129(a)(4).

10. The Proponents of the Plan have disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the Plan, as a director, officer or voting trustee of the Debtor, an affiliate of the Debtor participating in a joint plan with the Debtor, or a successor to the Debtor, under the Plan, except as required by the Plan, thereby satisfying 11 U.S.C. §1129(a)(5).

11. The Plan does not provide for any rate changes requiring the approval of any governmental regulatory commission within the purview of § 1129(a)(6) of the Bankruptcy Code.

12. With respect to each impaired class of Claims or Interests, each holder of such class (i) has accepted the Plan, or (ii) will receive or retain under the Plan on account of such Claim or interest property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under chapter 7 of the Bankruptcy Code, thereby satisfying 11 U.S.C. §1129(a)(7) or (iii) have waived their right to same.

13. Every class of Claims either (i) has accepted the Plan, (ii) has been bound to the Plan under § 1129(b) or (iii) is not Impaired under the Plan, thereby satisfying 11 U.S.C. §1129(a)(8).

14. With respect to unsecured claims, to the extent this provision is applicable, the Plan does not discriminate unfairly and is fair and equitable. Pursuant to § 1129(b)(2)(B)(ii) of the Bankruptcy Code, no holder of any interest that is junior to the interests of the unsecured creditors will receive or retain any property under the Plan on

account of such junior interest.  Under the Plan, all outstanding interests are being cancelled.

15. Except to the extent that the holder of a particular Claim has agreed to a different treatment of such Claim, the Plan provides that on the Effective Date, or the date on which such claim is due, all holders of Administrative Claims and Priority Claims specified in §507(a) of the Bankruptcy Code will receive on account thereof cash equal to the allowed amount of such Administrative Claims and Priority Claims, thereby satisfying 11 U.S.C. §1129(a)(9).

16. At least one Class which is Impaired under the Plan has voted to accept the Plan, thereby satisfying the requirements of §1129(a)(10).

17. Confirmation of the Plan is not likely to be followed by further liquidation, thereby satisfying 11 U.S.C. §1129(a)(11).

18. All fees payable as of the Effective Date under 28 U.S.C. §1930 have been paid, or shall be paid under the Plan on the Effective Date, thereby satisfying 11 U.S.C. §1129(a)(12).  The Plan provides adequate means for the payment of such fees after the Effective Date.

19. The Debtor is not subject to any obligations on account of retiree benefits, as that term is defined in §1114 of the Bankruptcy Code, therefore 11 U.S.C. §1129(a)(13) is not applicable.

20. The provisions of 11 U.S.C. §1129(a)(14), (15) and (16) are not applicable to this case.

21. The purpose of the Plan is not the avoidance of taxes or the avoidance of the application of §5 of the Securities Act of 1933, thus satisfying 11 U.S.C. §1129(d).

22. The Plan provides that executory contracts and unexpired leases which have not been previously assumed or rejected by the Debtor pursuant to an order of this Court shall be deemed assumed or rejected, as described by the Plan, on the Effective Date of the Plan.

23. All transfers, assignments, pledges, mortgages, liens and encumbrances of, or placed on or acquired in, real or personal property provided for in the Plan or this Order or undertaken to carry out the Plan, are essential to the confirmation and implementation of the Plan.

24. The Court has jurisdiction over all governmental units (including without limitation all taxing authorities with any jurisdiction to impose transfer taxes upon or with respect to any transfer or act provided in or carried out pursuant to the Plan), to issue and make determinations, orders, and injunctions set forth in the Plan and this Order, and all such governmental units and taxing authorities had adequate and proper notice of the Plan and the Confirmation Hearing.

25. The compromises of claims, Causes of Action and any adversary proceeding affecting the Debtor, including, but not limited to, those against Thielert AG and Thielert Aircraft Engines GmbH, are approved as reasonable and necessary in the business judgment of the Debtor, the Committee and in the best interest of creditors, equity holders and all other parties-in-interest.

26. The Debtor in open court at the Confirmation Hearing proposed, in accordance with §1127 of the Bankruptcy Code and Federal Rule of bankruptcy Procedure ("Fed. R. Bankr. P.") 3019, the following modifications to the Plan:

(i) **Article VII:** Section 7.1, is REPLACED IN ITS ENTIRETY with the following:

7.1 Assumption of Insurance Policies: The Reorganized Debtor shall assume the liability insurance policies listed on *Exhibit 1* and the following policy numbers: 1853615-01, 1853615-02,1853615-03, 1853615-04, 1853615-05, A1PR000311708AM, 92CVS101560, and AVT000762(08

(ii) **Article II.** Definition of "Final Order" is REPLACED IN ITS ENTIRETY with the following

"Final Order" shall mean an order of the Bankruptcy Court that has not been stayed, and as to which the time for appeal has expired and is in full force and effect.

(iii) **Article XI**. Sections 11.3 and 11.5 are REPLACED IN THEIR ENTIRETY with the following:

11.3. Waiver of Conditions: Brantly may waive any of the conditions set forth in section 11.2 of this Plan, except for condition 11.2(a) which may be waived only with the concurrence of the Debtor and Committee, at any time, without notice, without leave or order of the Bankruptcy Court, and without any formal action other than proceeding to consummate this Plan. Condition 11.2(c) may be modified only by order of the court upon a motion, after notice an hearing.

11.5. Non-Occurrence of Effective Date: If Brantly does not satisfy condition 11.2(c) and the Court does not extend the date of funding as set forth in 11.2(c), the Effective Date shall not occur and Brantly will forfeit its deposit.

These modifications do not adversely change the treatment of any Claim or Interest under the Plan, and thus no further solicitation of acceptances to the Plan is required.

NOW, THEREFORE, based on the foregoing findings of fact and these conclusions of law, and after due deliberation, IT IS HEREBY ORDERED that:

27. **Findings**.  The findings of fact and conclusions of law stated herein, together with the additional findings and conclusions announced in open Court at the hearing, shall constitute the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, made applicable herein pursuant to Fed. R. Bankr. P. 9014.  To the extent any findings of fact shall be determined to be conclusions of law, it shall be so deemed, and vice versa.

28. **Disposition of Objections and Plan Modifications**.  The modifications to the Plan set forth in open court at the Confirmation Hearing are hereby approved without further notice or hearing.  All references to the Plan from and after the Confirmation Hearing shall mean the Plan as so modified.  All objections to the Plan not previously withdrawn are hereby overruled.

29. **Confirmation**.  Based on the findings of fact and conclusions of law, the Plan, and each and every provision thereof and every document to be executed pursuant thereto be, and the same hereby is, confirmed in its entirety in accordance with §1129 of the Bankruptcy Code.

30. **Binding Plan and Order**.  The provisions of the Plan and this Order are binding upon the Debtor, its successors, all entities acquiring property under the Plan, all creditors and equity security holders of the Debtor, and all other parties in interest, whether or not the Claims and interests of such creditors and equity security holders are

impaired under the Plan, and whether or not such creditors or equity security holders have voted to accept the Plan.

31. The failure to reference or discuss any particular provision of the Plan in this Order shall have no effect on the validity, binding effect, and enforceability of such provision and such provision shall have the same validity, binding effect and enforceability as every other provision of the Plan. In the event of a discrepancy between the terms of the Plan and this Order, the terms of this Order shall control.

32. **Injunction**. From and after the Effective Date, as to every Claim against the Debtor and as to every Equity Interest in the Debtor, the holders of such Claims against the Debtor and the holders of such Equity Interests in the Debtor be, and the same hereby are, restrained and enjoined permanently from asserting against the Debtor, Reorganized Debtor or its assets and properties, the transferees of any property of the Debtor under the Plan and this Order, and the respective successors and assigns of each of them, any further Claim or Equity Interest based upon any document, instrument or act, omission, transaction or other activity of any kind or nature whatsoever, whether in law or equity, arising from or related to the Debtor which arose prior to the Effective Date; except only the rights of distribution provided for such holder pursuant to the Plan.

33. All persons and entities be, and they hereby are, permanently restrained and enjoined from the commencement or continuation of any action or proceeding against or affecting the Reorganized Debtor or any property of the Reorganized Debtor, or any direct or indirect transferee of any property of the Debtor, or any successor in interest to the Debtor (other than actions brought to enforce any rights or obligations provided for by

the Plan) arising from or relating to any Claim against or Equity Interest in the Debtor arising before the Effective Date.

34. Pursuant to §524 of the Bankruptcy Code, the entry of this Order (a) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the Debtor with respect to any debt discharged hereunder; and (b) operates as an injunction against the commencement or continuation of any action, the employment of process, or any act, to collect, recover or offset any such debt as a liability of the Debtor.

35. **Discharge**. The Debtor is hereby discharged from any debt that arose prior to the Effective Date, and any debt of the kind specified in §§ 502(g), 502(h), or 502(i) of the Bankruptcy Code, whether or not (a) a Proof of Claim based on such debt was filed or deemed filed under §501 or §1111(a) of the Bankruptcy Code; (b) such Claim was allowed under §502 of the Bankruptcy Code; or (c) the holder of such Claim accepted the Plan.

36. **Vesting of Property**. Except as expressly provided for in this Order or the Plan, all property of the Estate shall vest in the Reorganized Debtor as of the Effective Date, and the Reorganized Debtor shall take and hold all such assets free and clear of all Claims, Liens, encumbrances and other interests of holders of Claims and Interests. All property and interests identified in the Plan and vesting in, or transferred to the Creditors' trust shall vest as of the Effective Date and the Creditors' Trust shall take and hold all such assets free and clear of all Claims, Liens, encumbrances and other interests of holders of Claims and Interests. Marla Reynolds of the consulting firm of Lain Faulkner is

designated as the Trustee of the Creditors' Trust. Chuck Dedman and Tim Archer will serve as the Trust Advisors.

37. **Return of Proprietary Information**. Pursuant to §6.12 of the Plan, all persons, including but not limited to Corporate Finance Partners, TAG, TAE, Engine Components, Inc., Avco Corporation and Teledyne Technologies Incorporated, and their respective parents, sister and subsidiary companies, and all other companies or persons in their control, and each of them, shall be directed to return to the Reorganized Debtor all documents and other information owned by the Debtor related to the Debtor's business and operations (the "Proprietary Information"). For the avoidance of doubt, the Reorganized Debtor retains all of the Debtor's rights pursuant to any confidentiality agreement executed in connection with the exchange of such information.

38. **Treatment of Executory Contracts and Unexpired Leases.** All executory contracts and unexpired leases not previously assumed pursuant to §365 of the Bankruptcy Code, including any subsequent amendments to *Exhibit 1* of the Plan on file with the Bankruptcy Clerk prior to confirmation, are hereby assumed or rejected, as described by the Plan, by the Debtor as of the Effective Date.

39. **Retention of Jurisdiction**. To the extent permitted by law, and notwithstanding entry of this Order or the occurrence of the Effective Date, this Court shall retain jurisdiction over this case pursuant to and for the general purposes of §§105(a), 1127 and 1142 of the Bankruptcy Code and Fed.R.Bankr.P. 3020(d), and for the specific purposes proscribed in Article XII of the Plan.

40. **Operations.** As of and after the Effective Date, the Reorganized Debtor may operate and deal with all of its assets not otherwise being transferred under the Plan without any supervision by the Bankruptcy Court or the Office of the United States Trustee, free of any restrictions imposed on the Debtor by the Bankruptcy Code or the Court during this Chapter 11 Proceeding.  Post-petition fees payable to the United States Trustee until the case is closed and any other post-confirmation requirements of the bankruptcy Code, this Court or the Office of the Unites States Trustee shall be paid by the Trustee of the Creditors' Trust.

41. **Implementation**.  The Debtor shall have the power to execute any instrument or document to effectuate the transfer of any money or property required by the Plan.  The Debtor may designate one or more agents to execute such instruments or documents.

42. In accordance with §1142 of the Bankruptcy Code, the Debtor, and any other person designated pursuant to the Plan are authorized, empowered and directed to issue, execute, deliver, file and record any document, and to take any action necessary or appropriate to implement, effect and consummate the Plan and any transactions contemplated thereunder.

43. On the Effective Date, all of the existing ownership interests in Debtor will be canceled without any further action by the Debtor.  On or immediately after the Effective Date, new ownership interests, representing 100% ownership in the Reorganized Debtor, will be issued to Weifang Freesky Aviation Technology Company, Ltd. or its designee.  The issuance of the new ownership interests hereunder shall be exempt from

the registration requirements of the Securities Act pursuant to §1145(a) of the Bankruptcy Code. The Reorganized Debtor shall continue its corporate existence on and after the Effective Date, with all express, incidental and attendant powers granted to it under its certificate of incorporation, as amended pursuant to the provisions of this Plan, and the laws of the state of its organization and without prejudice to any right hereafter to alter or terminate such existence (whether by contract, operation of law or otherwise) under such applicable state law. The Reorganized Debtor will continue to engage in the business of owning and operating the business of the Debtor.

44.     **U.S. Trustee's Fees**.  The Debtor shall timely pay on or before the Effective Date all pre-confirmation quarterly fees owed to the United States Trustee.  The Trustee of the Creditor's Trust shall timely pay post-confirmation quarterly fees assessed under 28 U.S.C. §1930(a)(6) until such time as the Bankruptcy Court enters a final decree closing this chapter 11 case, or enters an order either converting this case to a case under chapter 7 or dismissing this case.  After confirmation, the Trustee of the Creditors' Trust shall file with the Bankruptcy Court and shall transmit to the United States Trustee a true and correct statement of all disbursements for each quarter, or portion thereof, that this chapter 11 case remains open in a format prescribed by the United States Trustee.

45.     **Filing Order**.  This Order may be filed in any place where state, federal or local law permits filing or recording.

46.     **Notice of Entry**.  Pursuant to Fed. R. Bankr. P. 3020(c) and 2002(f), the Debtor shall promptly serve notice of entry of this Order by first-class mail on all creditors, holders of Equity Interests, the United States Trustee and all other parties in interest;

provided, however, that any delay or failure to provide such notice shall not delay or limit the effectiveness of this Order.

47. **Order is Not Stayed**.  This Order shall not be subject to the 10-day stay in Fed. R. Bankr. P. 3020(e), and upon entry of this Order, the Debtor may proceed forthwith to act pursuant to and in accordance with the Plan and the terms of this Order.  If Brantly intends to fund and close the transaction(s) contemplated by the Plan and this Order within ten (10) days of entry of this Order, Brantly shall provide written notice of such intention to counsel to Aviation Parts Supply, Inc. one (1) business day prior to such closing.

48. Notwithstanding anything in the Plan to the contrary, all secured, post-petition ad valorem property tax claims shall be administrative claims.  The statutory liens granted to any taxing authority shall be retained against its collateral with the same validity, priority and extent as they are pursuant to applicable law and shall be paid by the Reorganized Debtor as they become due pursuant to the applicable delinquency date.  If the Reorganized Debtor defaults on any such payment, then all taxing authorities shall be permitted to enforce their rights and collect all amounts owed in accordance with state law.

**APPROVED AS TO FORM:**

 _/s/ Stephen A. Roberts_
Stephen Roberts (SBN 17019200)
Robert P. Franke  (SBN  07371200)
Duane J. Brescia (SBN  2402526500)
**STRASBURGER & PRICE, LLP**
600 Congress, Suite 1600
Austin, Texas 78701
(512) 499-3600 / Fax (512) 499-3660

**COUNSEL FOR DEBTOR SUPERIOR AIR PARTS, INC.**

**ORDER CONFIRMING THIRD AMENDED PLAN OF REORGANIZATION OF DEBTOR AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS DATED JULY 23, 2009 (DOCKET NO. 322) - Page 15 of 15**
639556.4/SPA/20354/0102/082709

  _/s/ Billy G. Leonard, Jr._
Billy G. Leonard, Jr.
Attorney at Law
1650 W. Virginia Street, Suite 211
McKinney, Texas 75069
(469) 742-0855 / Fax (469) 442-0135
bleonard@billyleonardlaw.com

-and -

Kevin H. Good
**CONNER & WINTERS, LLP**
1700 Pacific Avenue, Suite 2250
Dallas, Texas 75201
(214) 217-8070 / Fax (214) 217-8861
KGood@cwlaw.com

**COUNSEL FOR AVIATION PARTS SUPPLY, INC.**

# # # End of Order # # #

Submitted and prepared by:

Stephen Roberts
Texas Bar No. 17019200
Robert P. Franke
Texas Bar No. 07371200
Duane J. Brescia
Texas Bar No. 240252650
**STRASBURGER & PRICE, LLP**
600 Congress, Suite 1600
Austin, Texas 78701
(512) 499-3600 / (512) 499-3660 Fax

**COUNSEL FOR DEBTOR SUPERIOR AIR PARTS, INC.**