David W. Parham
State Bar No. 15459500
Elliot D. Schuler
State Bar No. 24033046
R. Adam Swick
State Bar No. 24051794
Baker & McKenzie
2300 Trammel Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 978-3000
Facsimile: (214) 978-3099

**ATTORNEYS FOR THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE: § | |
| § | Case No. 08-36705-BJH-11 |
| SUPERIOR AIR PARTS, INC. § | |
| § | |
| DEBTOR-IN POSSESSION. § | CHAPTER 11 |
| § | |

**SECOND AND FINAL APPLICATION FOR LAIN, FAULKNER & CO., P.C.,
FINANCIAL ADVISORS FOR THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, FOR
ALLOWANCE OF ADMINISTRATIVE CLAIM FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF
MAY 1, 2009 THROUGH SEPTEMBER 27, 2009**

NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, DALLAS, TEXAS 75242, BEFORE THE DATE WHICH IS TWENTY (20) DAYS FROM THE DATE OF SERVICE HEREOF.

ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED, A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.

IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE

**UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

Pursuant to 11 U.S.C. §§ 327, 330 and 331, Rule 2016 of the Federal Rules of Bankruptcy Procedure, the Retention Order (as defined below), and the Local Rules for the United States Bankruptcy Court for the Northern District of Texas, Lain Faulkner & Co. P.C. ("LFC"), financial advisors for the Official Committee of Unsecured Creditors (the "Committee"), hereby applies (the "Application") for a final order allowing it the following compensation and reimbursement: (i) $62,491.00 for the reasonable and necessary services LFC has rendered to the Committee during the period from May 1, 2009 through September 27, 2009 (the "Application Period"); (ii) reimbursement for the actual and necessary expenses that LFC incurred in the amount of $98.97 for the Application Period; and (iii) final approval of LFC's First Interim Fee Application requesting fees of $72,095.75 and expenses of $82.97, which was approved on an interim basis on June 30, 2009. In support of this Application, LFC respectfully states as follows:

### BACKGROUND

1. This case was commenced by the filing of a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division on December 31, 2008 (the "Petition Date"). Since the Petition Date, the Debtor has continued to operate their businesses as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. On or about January 29, 2009, the United States Trustee certified and appointed the Committee in accordance with Section 1102(a)(1) of the Bankruptcy Code. The members of the Committee, as amended, include (1) AVStar Aircraft Accessories, Inc., represented by Ronald J. Weaver, (2) Eck Industries, Inc., represented by Phil Eck, (3) KSPG Automotive Brazil LTDA,

represented by Werner Wilhelm Albus and Valeria de Freitas Mesquita, (4) Hartford Aircraft Products represented by Jim Griffin, (5) Seal Science, Inc., represented by Piyush Kakar, and (6) Zanzi, S.P.A., represented by Stefano Gazzola.

### STATUTORY BASIS FOR RELIEF REQUEST

3. On or about April 7, 2009, this Court entered a final order authorizing Lain Faulkner's employment as financial advisor for the Committee pursuant to Section 327(a) of the Bankruptcy Code *nunc pro tunc* to February 13, 2009 ("Retention Order"). A true and correct copy of the Retention Order is attached hereto as **Exhibit A**.

4. Lain Faulkner seeks allowance and payment of its fees and expenses pursuant to Sections 327, 330, 331, 503(b) and 507 of the Bankruptcy Code.

### REASONABLE AND NECESSARY SERVICES RENDERED

5. On May 26, 2009, LFC filed its First Interim Application for fees and expenses incurred for the period of February 13, 2009 to April 30, 2009. An Order filed on June 26, 2009 (1) approved LFC fees of $72,095.75 and expenses of $82.97 on an interim basis and (2) directed the Debtor to pay LFC 80% of the approved fees and 100% of the expenses. On June 30, 2009, LFC received payment of $57,759.57 from the Debtor.

6. This is the second and final application for compensation that LFC has filed with the Bankruptcy Court in the Case, covering its fees and expenses for the period May 1, 2009 through September 27, 2009.

7. LFC has acted as the Committee's financial advisor on all matters. During the Application Period, Lain Faulkner has provided the following professional services to the Committee:

    a. Perform weekly due diligence review of the Debtor's business operations;

SECOND AND FINAL APPLICATION FOR LAIN, FAULKNER & CO., P.C., FINANCIAL ADVISORS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF
MAY 1, 2009 THROUGH SEPTEMBER 27, 2009 – Page 3
DALDMS-661747-V3-Superior_Lain_Faulkner_Final_Fee_App (2).DOC

    b. Review of the Debtor's weekly and monthly financial information;

    c. Prepare for and participate in weekly conference calls with Committee members for weekly updates;

    d. Review of case materials as per court docket;

    e. Regular correspondence with Committee counsel regarding plan process and related recoveries;

    f. Work with Committee in analyzing bid from potential purchaser and calculating recoveries to creditors;

    g. Meet with Committee counsel and potential purchaser to discuss clarification of bid;

    h. Review plan of reorganization and disclosure statement prepared by debtor;

    i. Prepare first interim fee application attend fee application hearing;

    j. Work with Committee in analyzing bid from eventual purchaser;

    k. Assist Committee counsel in evaluating claims and allocation issues; and

    l. Attend confirmation hearing for potential testimony of financial matters of the debtor.

8. The services described above were essential to maximize the return to the estate. **Exhibit B** to this Application summarizes (i) the individuals that rendered services with their total hours billed and total compensation during the Application Period. The hourly rates shown on **Exhibit B** are LFC's normal hourly rates for services of this type.

9. **Exhibit C** to this Application summarizes by project the services performed and the time incurred for each project.

10. A detailed itemization and description of the services that LFC rendered during the Application Period are attached as **Exhibits D through F**. These exhibits (a) identify the individuals that rendered services; (b) describe each activity or service that each individual performed; and (c) state the number of hours (in increments of one-tenth of an hour) spent by each individual providing the services.

SECOND AND FINAL APPLICATION FOR LAIN, FAULKNER & CO., P.C., FINANCIAL ADVISORS FOR THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF ADMINISTRATIVE CLAIM
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF
MAY 1, 2009 THROUGH SEPTEMBER 27, 2009 – Page 4
DALDMS-661747-V3-Superior_Lain_Faulkner_Final_Fee_App (2).DOC

### ACTUAL AND NECESSARY EXPENSES

11. It is LFC's policy to charge its clients for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also LFC's policy to charge its clients only the amount actually incurred by LFC in connection with such items. Examples of such expenses are postage, overnight mail, courier delivery, transportation, overtime expenses, computer assisted legal research, photocopying, outgoing facsimile transmissions, airfare, meals and lodging. With respect to airfare expenses, all travel, by all individuals, is billed at the coach class rate.

12. LFC charges: (a) $0.20 per page for standard duplication; and (b) $0.20 per page for outgoing telecopier transmissions (plus any applicable long distance charges). LFC does not charge its clients for incoming telecopier transmissions.

13. A summary of expenses by type, as well as a detailed itemization and description of the disbursements made by LFC on the Committee's behalf during the Application Period is attached as **Exhibit G**. All of these disbursements comprise the requested sum for LFPC's out-of-pocket expenses and total $98.97 for the Application Period.

14. Each of the expenses submitted for reimbursement were reasonable, necessary, fairly incurred and determined and should be allowed by this Court pursuant to Section 330 of the Bankruptcy Code, the Federal and Local Rules of Bankruptcy Procedure and the UST Guidelines.

15. Brief resumes of the personnel related to this Application are attached as **Exhibit H**.

### EVALUATION STANDARDS

16. The Fifth Circuit Court of Appeals has enumerated a number of factors which should be considered in awarding compensation to professionals, such as LFC, in a bankruptcy

SECOND AND FINAL APPLICATION FOR LAIN, FAULKNER & CO., P.C., FINANCIAL ADVISORS FOR THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF ADMINISTRATIVE CLAIM
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF
MAY 1, 2009 THROUGH SEPTEMBER 27, 2009 – Page 5
DALDMS-661747-V3-Superior_Lain_Faulkner_Final_Fee_App (2).DOC

proceeding such as the instant one. See First Colonial Corp. V. American Benefit Life Insurance Company, 544 F.2d 1291 (Fifth Circ. 1977) Cert Denied, 431 U.S. 904 (1977). See Lawler V. Teofan, et al, 807 F.2d 1207 (Fifth Cir. 1987). See also 11 U.S.C. §330 and §331 (Compensation of Officers). Consideration of these factors follows:

    A.    **Time and Labor Required.** Since its appointment, LFC has committed the necessary time and effort on behalf of the Committee. During the Application Period, a total of 200.70 hours were necessarily incurred by LFC to enable the Committee to perform its statutory duties and fulfill its fiduciary obligations. The blended hourly rate of these hours is $311.37.

    B.    **Novelty and Difficulty of the Questions.** LFC represents to this Court that the accounting issues encountered in representing the Committee have been of a complex and specialized nature, requiring a high degree of skill in order to obtain results beneficial to the estate.

    C.    **Skill Requisite to Perform the Services Properly.** LFC is skilled in the field of bankruptcy accounting and reporting, as well as tax accounting and business consulting. Its abilities in this area are well known and enable it to represent debtors, trustees, and committees effectively and efficiently in bankruptcy proceedings such as the instant one.

    D.    **Preclusion of Other Employment.** LFC is unable to precisely estimate the extent to which it has been precluded from accepting other employment by reason of its employment as Financial Advisor for the Committee herein. LFC has found it necessary on occasions to reschedule and, in some instances forego, work on other matters because of the concentrated efforts necessary to respond to the needs of the Committee, the creditors, parties-in-interest or the attorneys involved in this case.

SECOND AND FINAL APPLICATION FOR LAIN, FAULKNER & CO., P.C., FINANCIAL ADVISORS FOR THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF ADMINISTRATIVE CLAIM
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF
MAY 1, 2009 THROUGH SEPTEMBER 27, 2009 – Page 6
DALDMS-661747-V3-Superior_Lain_Faulkner_Final_Fee_App (2).DOC

E. **Customary Fees.** The compensation sought by LFC in this case is consistent with the fees customarily charged by LFC for the type of work performed for typical clients on a monthly billing and collection basis.

F. **Whether the Fee is Fixed or Contingent.** The fees are neither fixed nor contingent and are subject to this Court's approval. They are based upon actual hours worked, plus actual costs incurred.

G. **Time Limitations.** During the Application Period, this case has taken 224.90 hours of LFC's time. Due to the nature of this case and the necessity for expeditious action, time constraints were, at times, imposed on LFC.

H. **Amount Involved and Results Obtained.** LFC's work in assisting the Committee with the due diligence review, updates for the Committee, recovery calculations, bid analysis and claims evaluation have provided benefit to the Committee in fulfilling its fiduciary obligations.

I. **Experience, Reputation and Ability of LFC.** LFC submits that its accountants and other staff personnel are respected for their ability in accounting services, particularly in regard to accounting in bankruptcy situations. LFC has been retained by numerous debtors-in-possession, trustees and committees in various Chapter 11 and Chapter 7 proceedings.

J. **Undesirability of the Case.** This case was not considered by LFC to be undesirable.

K. **Professional Relationship with the Debtor.** LFC had no previous relationship with the Debtor.

L.  **Awards in Similar Cases.**  The compensation sought herein is consistent with that awarded in other cases pending before this Court.

## REPRESENTATIONS

17. Although every effort has been made to include all fees and expenses incurred in the Application Period, some fees and expenses might not be included in this Application due to delays caused by accounting and processing during the Application Period. LFC reserves the right to make further application to this Court for allowance of such fees and expenses not included herein. Subsequent fee applications will be filed in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

## SUMMARY

WHEREFORE, LFC respectfully requests that this Court (1) allow on a final basis the reasonable compensation for professional services rendered by LFC in the amount of $72,095.75 for its First Interim Fee Application and $62,491.00 for its Second and Final Fee Application, for total approved fees of $134,586.75; (2) allow on a final basis the reimbursement of actual and necessary expenses incurred by LFC in the amount of $82.97 for the First Interim Fee Application and $98.97 for its Second and Final Fee Application, for total approved expenses of $181.94; (3) authorize the Debtor to pay LFC the unpaid balance of approved fees and expenses in the amount of $77,009.12; and (4) for such other and further relief as this Court deems just.

DATED: October __, 2009
          Dallas, Texas

Respectfully submitted,

**BAKER & McKENZIE**

By: /s/ Elliot D. Schuler
    David W. Parham
    State Bar No. 15459500
    Elliot D. Schuler
    State Bar No. 24033046
    R. Adam Swick
    State Bar No. 24051794
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 978-3000
Facsimile: (214) 978-3099

**ATTORNEYS FOR THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS**

## CERTIFICATE OF SERVICE

    The undersigned attorney hereby certifies that he caused a true and correct copy of the foregoing Application to be served upon the persons or entities identified below and on the attached list via United States mail, first-class postage pre-paid and properly addressed, and through the Court's ECF system on this the ___ day of October 2009.

Stephen Roberts
STRASBURGER & PRICE, LLP
600 Congress Avenue, Suite 1600
Austin, Texas 78701

Mary Frances Durham
Trial Attorney for the Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, TX 75242

                                                /s/ Elliot D. Schuler
                                                Elliot D. Schuler