David W. Parham
State Bar No. 15459500
Elliot D. Schuler
State Bar No. 24033046
Baker & McKenzie
2300 Trammel Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 978-3000
Facsimile: (214) 978-3099

**ATTORNEYS FOR MARLA REYNOLDS, TRUSTEE
OF THE SUPERIOR CREDITOR'S TRUST**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **IN RE:** § | |
| § | **Case No. 08-36705-BJH-11** |
| **SUPERIOR AIR PARTS, INC.** § | |
| § | Hearing Date: 12/23/09 |
| **DEBTOR-IN POSSESSION.** § | Hearing Time: 9:00 a.m. |

**FIRST OMNIBUS OBJECTION TO CLAIMS
(NO LIABILITY- INSURANCE RELATED CLAIMS ASSUMED UNDER PLAN)**

TO THE HONORABLE BARBARA J. HOUSER,
UNITED STATES BANKRUPTCY JUDGE:

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1254 EARLE CABELL FEDERAL BLDG AND UNITED STATES COURTHOUSE, 1100 COMMERCE STREET DALLAS, TX 75242, BEFORE THE DATE WHICH IS TWENTY (20) DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED, A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR OBJECTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

Marla Reynolds, in her capacity as Trustee of the Superior Creditor's Trust (the "Trustee") files this her First Omnibus Objection to Claims (No Liability- Insurance Related Claims Assumed Under Plan) (the "Objection") and respectfully represents as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

2. On December 31, 2008 (the "Petition Date"), Superior Air Parts, Inc. (the "Debtor" or "Superior") commenced this case by the filing of a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court").

3. The deadline for filing claims was February 17, 2009 (the "Bar Date").

4. On or about August 27, 2009, the Bankruptcy Court entered an order confirming the Third Amended Plan of Reorganization (the "Plan") jointly proposed by Superior and the Official Committee of Unsecured Creditors (the "Committee"). The Plan became effective on September 28, 2009 (the "Effective Date").

5. Pursuant to the Plan, on the Effective Date, all of the Trust Assets[1] vested in the Superior Creditors Trust (the "Trust"). Marla Reynolds was appointed as Trustee of the Trust. The Trustee has authority to file objections to Claims.

---

[1] All capitalized terms not defined herein shall have the meaning ascribed to such term in the Plan.

**Objection**

6. The Trustee has reviewed and analyzed the claims filed against Superior and after reasonable investigation and due diligence, has determined that certain of those claims are defective.

7. Each of the Claims set forth on **Exhibit A** attached hereto constitutes a Reimbursement Obligation under an insurance policy that was assumed by the Reorganized Debtor pursuant to Section 7.1 of the Plan (each an "Assumed Insurance Claim"). The Trustee asserts that the Trust is not liable for any of the Assumed Insurance Claims and such should therefore be disallowed in their entirety. **Exhibit A** identifies each objectionable claim by (a) the official proof of claim number; (b) the name of the claimant; (c) the scheduled priority of the claim; (d) the scheduled amount of the claim; (e) the priority noted in the proof of claim; (f) the proof of claim amount; and (g) the proposed treatment of the claims.

**Reservation of Rights**

8. The relief requested is without prejudice to any claims or causes of action belonging to the Trustee, nor does it constitute a waiver of any claims or causes of action belonging to the Trustee. Additionally, the Trustee expressly reserves the right to further amend or supplement this Objection to assert additional bases for objecting to the Assumed Insurance Claims on any other ground.

**Prayer**

WHEREFORE, the Trustee respectfully requests that the Court enter an order (a) sustaining the Trustee's objections to the Assumed Insurance Claims identified on **Exhibit A**; (b) disallowing the Assumed Insurance Claims on **Exhibit A**; (c) expunging the official claims register in this bankruptcy cases of all Assumed Insurance Claims that this Court disallows

pursuant to this Objection and (d) granting the Trustee any and all other relief, at law or in equity, to which the Trustee may be justly entitled.

Dated: November 12, 2009
      Dallas, Texas

    Respectfully submitted,

    BAKER & MCKENZIE LLP

    By:  /s/ Elliot D. Schuler
        David W. Parham
        State Bar No. 15459500
        Elliot D. Schuler
        State Bar No. 24033046
        2300 Trammell Crow Center
        2001 Ross Avenue
        Dallas, Texas 75201
        Telephone: (214) 978-3000
        Facsimile: (214) 978-3099
        E-mail: david.w.parham@bakernet.com
        E-mail: elliot.d.schuler@bakernet.com

    **ATTORNEYS FOR MARLA REYNOLDS, TRUSTEE OF THE SUPERIOR CREDITOR'S TRUST**

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing Objection was served on November 12, 2009 upon the persons and entities identified on the attached list and upon the following:

**U.S. Trustee:**

Mary Frances Durham
Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, TX 75242

    /s/ Elliot D. Schuler
        Elliot D. Schuler