David W. Parham
State Bar No. 15459500
Elliot D. Schuler
State Bar No. 24033046
Baker & McKenzie
2300 Trammel Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 978-3000
Facsimile: (214) 978-3099

**ATTORNEYS FOR MARLA REYNOLDS, TRUSTEE
OF THE SUPERIOR CREDITOR'S TRUST**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **Case No. 08-36705-BJH-11** |
| **SUPERIOR AIR PARTS, INC.** | § | |
| | § | |
| **DEBTOR-IN POSSESSION.** | § | |

## SECOND OMNIBUS OBJECTION TO CLAIMS
## (NO LIABILITY- WARRANTY CLAIMS ASSUMED UNDER PLAN)

TO THE HONORABLE BARBARA J. HOUSER,
UNITED STATES BANKRUPTCY JUDGE:

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1254 EARLE CABELL FEDERAL BLDG AND UNITED STATES COURTHOUSE, 1100 COMMERCE STREET DALLAS, TX 75242, BEFORE THE DATE WHICH IS TWENTY (20) DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED, A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR OBJECTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

Marla Reynolds, in her capacity as Trustee of the Superior Creditor's Trust (the "Trustee") files this her Second Omnibus Objection to Claims (No Liability- Warranty Claims Assumed Under Plan) (the "Objection") and respectfully represents as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

2. On December 31, 2008 (the "Petition Date"), Superior Air Parts, Inc. (the "Debtor" or "Superior") commenced this case by the filing of a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court").

3. The deadline for filing claims was February 17, 2009 (the "Bar Date").

4. On or about August 27, 2009, the Bankruptcy Court entered an order confirming the Third Amended Plan of Reorganization (the "Plan") jointly proposed by Superior and the Official Committee of Unsecured Creditors (the "Committee"). The Plan became effective on September 28, 2009 (the "Effective Date").

5. Pursuant to the Plan, on the Effective Date, all of the Trust Assets[1] vested in the Superior Creditors Trust (the "Trust"). Marla Reynolds was appointed as Trustee of the Trust. The Trustee has authority to file objections to Claims.

---

[1] All capitalized terms not defined herein shall have the meaning ascribed to such term in the Plan.

**Objection**

6. The Trustee has reviewed and analyzed the claims filed against Superior and after reasonable investigation and due diligence, has determined that certain of those claims are defective.

7. Each of the Claims set forth on **Exhibit A** attached hereto constitutes a warranty claim for a potential product failure. Section 6.8 of the Plan (Reorganized Debtor to Honor Certain Warranties), provides a as follows:  The Reorganized Debtor will assume the Debtor's warranty obligations where an alleged failure of a product giving rise to such claims occurs *after* the Effective Date of the Plan regardless of whether such goods were sold prior to the Effective Date of the Plan. The Reorganized Debtor will not assume any of the Debtor's warranty obligations for alleged product failures occurring *before* the Effective Date of the Plan.

8. None of the Claims set forth on **Exhibit A** assert product failures occurring *before* the Effective Date of the Plan, rather they are "placeholder claims" for potential product failure. Each of these claims was assumed by the Reorganized Debtor pursuant to Section 6.8 of the Plan (each an "Assumed Warranty Claim"). The Trustee asserts that the Trust is not liable for any of the Assumed Warranty Claims and such should therefore be disallowed in their entirety. **Exhibit A** identifies each objectionable claim by (a) the official proof of claim number; (b) the name of the claimant; (c) the priority of the claim; (d) the proof of claim amount; and (e) the proposed treatment of the claims.

**Reservation of Rights**

9. The relief requested is without prejudice to any claims or causes of action belonging to the Trustee, nor does it constitute a waiver of any claims or causes of action belonging to the Trustee. Additionally, the Trustee expressly reserves the right to further amend or supplement this Objection to assert additional bases for objecting to the Assumed Warranty Claims on any other ground.

### **Prayer**

WHEREFORE, the Trustee respectfully requests that the Court enter an order (a) sustaining the Trustee's objections to the Assumed Warranty Claims identified on **Exhibit A**; (b) disallowing the Assumed Warranty Claims on **Exhibit A**; (c) expunging the official claims register in this bankruptcy cases of all Assumed Warranty Claims that this Court disallows pursuant to this Objection and (d) granting the Trustee any and all other relief, at law or in equity, to which the Trustee may be justly entitled.

Dated: November 19, 2009
Dallas, Texas

Respectfully submitted,

BAKER & MCKENZIE LLP

By:  /s/ Elliot D. Schuler
David W. Parham
State Bar No. 15459500
Elliot D. Schuler
State Bar No. 24033046
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 978-3000
Facsimile:  (214) 978-3099
E-mail: david.w.parham@bakernet.com
E-mail: elliot.d.schuler@bakernet.com

**ATTORNEYS FOR MARLA REYNOLDS, TRUSTEE OF THE SUPERIOR CREDITOR'S TRUST**

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing Objection was served on November 19, 2009 upon the following:

| | | |
|---|---|---|
| **John W. Altizer**<br>215 S. Cowboy Way<br>Cottonwood, AZ 85325 | **Michael Badger**<br>P.O. Box 2950<br>Post Falls, ID 83877 | **John W. Altizer**<br>c/o Steven D. Keist<br>P.O. Box 1734<br>Glendale, AZ 85311 |
| **Bradley L. Derubba**<br>120 N. Crandon Ave.<br>Niles, OH 44446 | **Stephen Lewis**<br>7500 Silverado Trail<br>Napa, CA 94558 | **William J. Wuorinen**<br>7904 Conroy Way<br>Inver Grove Heights, MN 55076 |
| **Herbert D. Rose**<br>8 Moyer Street<br>Sacramento, PA 17968 | **Thane Ostroth**<br>2166 Babcock Dr.<br>Troy, MI 48084 | **Mary Frances Durham**<br>Office of the United States Trustee<br>1100 Commerce Street, Room 976<br>Dallas, TX 75242 |

                                          /s/ Elliot D. Schuler
                                                 Elliot D. Schuler