# EXHIBIT D

## Salomon, Chester B.

| | |
|---|---|
| **From:** | Roberts, Stephen [Stephen.Roberts@strasburger.com] |
| **Sent:** | Monday, May 11, 2009 2:55 PM |
| **To:** | salomon.chester@gmail.com |
| **Cc:** | achim.ahrendt@hww-kanzlei.de; Schenk, Daniel (Corporate Finance Partners); Kent Abercrombie |
| **Subject:** | FW: SPA-#603094-v1-Summary_of_the_Plan.DOC |
| **Attachments:** | SPA-#603094-v1-Summary_of_the_Plan.DOC |



SPA-#603094-v1-S
ummary_of_the_...

If possible I would like to have a conference call with you, Achim, Daniel and Kent tomorrow to discuss APS and an alternative plan.

I would suggest 10 a.m. Austin time but can be available any time.

I forwarded you APS's offer earlier. It appears to me to be less than liquidation value, excluding any value for the intellectual property.

I have not heard from the Seifert group today. We should know in a day or two whether they will make a serious offer.

Meanwhile, we are working on a standalone plan.

I have drafted a Summary of the Plan for discussion. Our deadline to file a plan is Friday so we need to make sure we come up with the structure of the plan by Wednedsay.

To this end, I have attached a Summary of the Plan for your review and for further discussion.

The plan contemplates a sale under a sealed bid or a liquidation , if no satisfactory bid is received.

Note that I have provided for payment of $500,000 to TAE and a preferential return of up to 50% for the General Unsecureds with the balance to TAG. However, any intellectual property not sold goes to TAG for TAG to control the disposition as it sees fit after the case is over.

This is an effort to propose a compromise that all parties may find palatable.

I am open for suggestions.

Regards,
Steve

This email message and any attachments are confidential and may be privileged. If you are not the intended recipient, please notify Strasburger & Price, LLP immediately -- by replying to this message or by sending an email to postmaster@strasburger.com -- and destroy all copies of this message and any attachments. Thank you.

**Salomon, Chester B.**

| | |
|---|---|
| **From:** | Schenk, Daniel (Corporate Finance Partners) [daniel.schenk@cfpartners.com] |
| **Sent:** | Tuesday, May 12, 2009 9:47 AM |
| **To:** | Salomon, Chester B.; achim.ahrendt@hww-kanzlei.de |
| **Subject:** | AW: Superior |

He asked for a call 10am Austin time but did not provide dial-in details as of yet

D

---

Von: Salomon, Chester B. [mailto:CSalomon@beckerglynn.com]
Gesendet: Dienstag, 12. Mai 2009 15:46
An: Schenk, Daniel (Corporate Finance Partners); achim.ahrendt@hww-kanzlei.de
Betreff: RE: Superior


Is there a call scheduled with Steve Roberts?  I did not get notice of it.

---

From: Schenk, Daniel (Corporate Finance Partners) [mailto:daniel.schenk@cfpartners.com]
Sent: Tuesday, May 12, 2009 9:21 AM
To: Salomon, Chester B.; achim.ahrendt@hww-kanzlei.de
Subject: Superior

Chester,
Dr. Ahrendt,

I just spoke with Textron, Jack Curran. I had offered to him to purchase the Thielert
debt. My idea was the he sits on 11 mio + eventually 18 mio debt and he could block any
sort of restructuring - the same token TAG would keep the shares and block any way out og
chapter 11.
He evaluated the idea with his legal counsels and does not believe it achieves his goals.
He stated as follows
- purchasing the debt would buy him some time, but when the company runs out of money then
it is forced in chapter 7
- teledyne could then still come in and purchase the engines and textron could not block
it
- textron is still interested in doing sth. But indication is from the antitrust
authorities that they will act as soon as textron purchases superior
- he believes that teledyne heard the same story

He is open if we have an alternate way of achieving his goals, I.e.
Eliminating a competitor of textron and in particular avoiding that the engines fall into
teledynes hands.

Could we talk the 3 of us just prior to the call with Roberts.
Txs
Daniel

## Salomon, Chester B.

| | |
|---|---|
| **From:** | Schenk, Daniel (Corporate Finance Partners) [daniel.schenk@cfpartners.com] |
| **Sent:** | Tuesday, May 12, 2009 8:38 AM |
| **To:** | JCurran@textron.com |
| **Subject:** | AW: Re: AW: RE: Re: Superior |

Cell

----- Originalnachricht -----
Von: Curran, Jack (CORP) <JCurran@textron.com>
An: Schenk, Daniel (Corporate Finance Partners)
Gesendet: Tue May 12 14:37:00 2009
Betreff: Re: AW: RE: Re: Superior

I will call you in a few minutes - cell or office? Thank you.

---

From: Schenk, Daniel (Corporate Finance Partners) <daniel.schenk@cfpartners.com>
To: Curran, Jack (CORP)
Sent: Tue May 12 08:12:45 2009
Subject: AW: RE: Re: Superior

Jack,
I tried to reach you.
Could you please get back to me prior to 4pm German time (10am Eastern) as I have a call with Dr. Ahrendt at 4.15pm and with the bankruptcy adnministrator at 4.30pm.

Thanks
Daniel

----- Originalnachricht -----
Von: Curran, Jack (CORP) <JCurran@textron.com>
An: Schenk, Daniel (Corporate Finance Partners)
Gesendet: Fri May 08 21:48:45 2009
Betreff: RE: Re: Superior

Daniel,

Let's talk on Monday.

Jack

D-3

From: Schenk, Daniel (Corporate Finance Partners) [mailto:daniel.schenk@cfpartners.com]
Sent: Wednesday, May 06, 2009 3:51 PM
To: Curran, Jack (CORP)
Subject: AW: Re: Superior


Jack -
Any feedback on our discussion yesterday? I tend to believe it could an advantageous idea, that could be done swift, clean, "private" w/o antitrust issues.

Regards,
Daniel

----- Originalnachricht -----
Von: Curran, Jack (CORP) <JCurran@textron.com>
An: Schenk, Daniel (Corporate Finance Partners)
Gesendet: Tue May 05 14:52:15 2009
Betreff: Re: Superior

Daniel,
My office # is 001-401457-3603

Cell # is 001-401-258-1341

Jack


From: Schenk, Daniel (Corporate Finance Partners) <daniel.schenk@cfpartners.com>
To: Curran, Jack (CORP)
Sent: Tue May 05 07:55:42 2009
Subject: Superior


Jack,


I wanted to get in touch with you again. As you probably know, Superior presses ahead with a potential sale. APS is as you know the interested party w/o any antitrust issues. Those antitrust issues are still peculiar to me as I understand nothing has been pursued by the regulatory bodies with the drop in the sale to Textron.


It was always our intention to do a deal with Textron and as mentioned I was surprised by the antitrust issues emerging – we discussed at the time that you had your own assessment where it is coming from.

I might have a suggestion how to bypass the issue and still realise Textron's goals. I suggest to have a brief call to elaborate whether you think this makes sense.

Are you reachable today ? When is the best time for you ?


Daniel


------------------------------------------------------------------------
Corporate Finance Partners Group
Frankfurt - Berlin - Miami - Tallinn - Wien - Budapest

Daniel Schenk
Managing Director
Torstr. 35
10119 Berlin
Tel: +49 (30) 497 9999 68
Fax: +49 (30) 497 9999 67
Mobil: +49 172 1985 861
Mail: daniel.schenk@cfpartners.com <mailto:daniel.schenk@cfpartners.com>
------------------------------------------------------------------------

Diese E-Mail enthält vertrauliche oder geschützte Informationen. Wenn Sie nicht der richtige Adressat sind oder diese E-Mail irrtümlich erhalten haben, informieren Sie bitte sofort den Absender und vernichten Sie diese Mail. Das unerlaubte Kopieren sowie die unbefugte Weitergabe dieser Mail ist nicht gestattet.

This e-mail may contain confidential and/or priviliged information. If you are not the recipient (or have received this e-mail in error) please notify the sender immediately and destroy this e-mail. Any unauthorized copying, disclosure or distribution of the material in this e-mail ist strictly forbidden.

**Salomon, Chester B.**

| | |
|---|---|
| **From:** | Roberts, Stephen [Stephen.Roberts@strasburger.com] |
| **Sent:** | Tuesday, May 12, 2009 10:10 AM |
| **To:** | kabercrombie@superiorairparts.com; achim.ahrendt@hww-kanzlei.de; Schenk, Daniel (Corporate Finance Partners); Salomon, Chester B. |
| **Subject:** | FW: Superior - APS |

---

From: Roberts, Stephen
Sent: Tuesday, May 12, 2009 9:09 AM
To: 'Kevin H. Good'
Cc: Pam Flippen; Billy Leonard
Subject: RE: Superior - APS

Thank you Kevin,

I have not discussed this with TAG yet but will do so today.

Just so we are on the same page: As I see it, APS is paying a net $500,000 in cash for the company excluding the Type Certificates since it is paying $2.5 million in cash and requiring that the company have $2.0 million in cash at closing. In other words, all cash to pay claims is coming from the company except $500,000.

As for the reduction in claims, I do appreciate you pointing that out but you should know that the total of the insurance claims and the PO claims are the outside number and we expect them to be much less. Only time will tell.

The company is sitting on over $3.5 million in cash, over $7.5 million in inventory and good a/rs well over $1 million. So, it appears that the APS offer is less than the liquidation value of the assets even if the inventory is worth a fraction of that in liquidation.

APS seems to continue operating on the assumption that Superior has no other alternatives; however, at the price APS is offering, I suspect buyers will come out of the woodwork. Also Textron and Teledyne may return since the Justice Department will have the evidence it needs that there are no offers in excess of the company's liquidation value.

As for the avoidance of litigation, that is an issue that the various constituencies will have to address.

So if APS is serious about participating in the Plan I suspect that APS will have to do better.

---

From: Kevin H. Good [mailto:KGood@cwlaw.com]
Sent: Monday, May 11, 2009 7:29 PM
To: Roberts, Stephen
Cc: Kevin H. Good; Pam Flippen; Billy Leonard
Subject: Superior - APS

Steve:

The following are some bullet points that I wanted to share with you following our call this afternoon. Obviously, the APS Proposal Letter amplifies same in all respects:

1.    The APS offer adds $2.5MM into the company (in addition to the currently unavailable $1MM working capital to restore Superior to a viable state as required by the

1

D - 6

feasibility test) and eliminates the listed $1.975MM insurance claims and the $2.859MM in Purchase Order claims.  Among other things, that is over $5.5MM in consideration.

2.    The creditors will get the primary benefit of the sale of the engine by the reorganized Superior up to $5MM for a total consideration of more than $10.5MM and a successfully reorganized Superior enhances the value of the engine considerably over a liquidation sale.

3.    In the event that the APS proposal is confirmed, the APS agreement with TAE to accept $500K for its $18M claim will be effective, relieving the Debtor not only of the claim, but substantial litigation costs related to the recharacterization.

4.    Not having any counter-offer or other response from TAG despite my call to Mr. Salomon on Thursday afternoon, APS put a proposal together on Friday and Saturday to satisfy TAG's objective as best we could perceive it. Absent an adverse finding to TAG, TAG would achieve a payout similar to the payout that would have been achieved had the Avco or TCM transaction been consummated.

5.    If I understand the sole alternative Superior stand alone plan correctly, Superior's available cash would be consumed with the payment of administrative expenses and other required expenses such that there would be no cash at closing for payment to any creditors and the company would attempt to stay in business without any operating line of credit or other credit facility and without any of the substantial benefits set forth in the  APS proposal.  If that is correct, the APS proposal is a material improvement for the benefit of the creditors and allows Superior to stay in business remaining a customer and vendor to many of the current creditors with whom claims can be negotiated and settled.

Please let me know if you have any further questions to which APS can respond.

Thanks.

Kevin


Kevin Good
Attorney at Law

Conner & Winters, LLP
1700 Pacific Avenue
Suite 2250
Dallas, TX 75201
P 214.217.8070
F 214.217.8851
KGood@cwlaw.com
www.cwlaw.com <http://www.cwlaw.com/>

IRS Circular 230 Notice:  To ensure compliance with requirements imposed by the IRS, we inform you that, unless specifically indicated otherwise, any tax advice contained in this communication (including any attachment) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matter addressed herein.

This message and any attachments may contain information that is highly confidential, privileged, and exempt from disclosure.  Any recipient other than the intended recipient is advised that any dissemination, distribution, copying, or other use of this message is strictly prohibited.

If you have received this message in error, please notify the sender immediately.


This email message and any attachments are confidential and may be privileged. If you are not the intended recipient, please notify Strasburger & Price, LLP immediately -- by replying to this message or by sending an email to postmaster@strasburger.com -- and destroy all copies of this message and any attachments. Thank you.

D - 7

## Salomon, Chester B.

| | |
|---|---|
| **From:** | Schenk, Daniel (Corporate Finance Partners) [daniel.schenk@cfpartners.com] |
| **Sent:** | Tuesday, May 12, 2009 10:18 AM |
| **To:** | Roberts, Stephen; salomon.chester@gmail.com |
| **Cc:** | achim.ahrendt@hww-kanzlei.de; Kabercrombie@superior-air-parts.com |
| **Subject:** | AW: FW: SPA-#603094-v1-Summary_of_the_Plan.DOC |

Txs.

I am delayed for another 15 minutes - lets make 16.30 our time

———

Von: Roberts, Stephen [mailto:Stephen.Roberts@strasburger.com]
Gesendet: Dienstag, 12. Mai 2009 16:06
An: Schenk, Daniel (Corporate Finance Partners); salomon.chester@gmail.com
Cc: achim.ahrendt@hww-kanzlei.de; Kabercrombie@superior-air-parts.com
Betreff: RE: FW: SPA-#603094-v1-Summary_of_the_Plan.DOC

I have not heard from anyone else.

We can have a conference call in ten minutes if others are available.

If not we need to reschedule but we all do need to talk soon.

US Dial In:  800-784-0507

International Dial In: 719-234-0247

Passcode: 512-499-3624

———

From: Schenk, Daniel (Corporate Finance Partners) [mailto:daniel.schenk@cfpartners.com]
Sent: Tuesday, May 12, 2009 7:09 AM
To: Roberts, Stephen; salomon.chester@gmail.com
Cc: achim.ahrendt@hww-kanzlei.de; Kabercrombie@superior-air-parts.com
Subject: AW: FW: SPA-#603094-v1-Summary_of_the_Plan.DOC

Steve,
May I suggest to have the call at 4.15pm German time which is 9.15am austim time.
I am tied up in another call at 5pm (10am).
Can you pls circulate dial in details.
Txs
Daniel

----- Originalnachricht -----

1

D - 8

Von: Roberts, Stephen <Stephen.Roberts@strasburger.com>
An: salomon.chester@gmail.com <salomon.chester@gmail.com>
Cc: achim.ahrendt@hww-kanzlei.de <achim.ahrendt@hww-kanzlei.de>; Schenk, Daniel (Corporate
Finance Partners); Kent Abercrombie <Kabercrombie@superior-air-parts.com>
Gesendet: Mon May 11 20:54:35 2009
Betreff: FW: SPA-#603094-v1-Summary_of_the_Plan.DOC

If possible I would like to have a conference call with you, Achim, Daniel and Kent
tomorrow  to discuss APS and an alternative plan.

I would suggest 10 a.m. Austin time but can be available any time.

I forwarded you APS's offer earlier. It appears to me to be less than liquidation value,
excluding any value for the intellectual property.

I have not heard from the Seifert group today. We should know in a day or two whether they
will make a serious offer.

Meanwhile, we are working on a standalone plan.

I have drafted a Summary of the Plan for discussion. Our deadline to file a plan is Friday
so we need to make sure we come up with the structure of the plan by Wednedsay.

To this end, I have attached a Summary of the Plan for your review and for further
discussion.

The plan contemplates a sale under a sealed bid or  a liquidation ,  if no satisfactory
bid is received.

Note that I have provided for payment of $500,000 to TAE and a preferential return of up
to 50% for the General Unsecureds with the balance to TAG. However, any intellectual
property not sold goes to TAG for TAG to control the disposition as it sees fit after the
case is over.

    This is an effort to propose a compromise that all parties may find palatable.

I am open for suggestions.

Regards,
Steve

This email message and any attachments are confidential and may be privileged. If you are
not the intended recipient, please notify Strasburger & Price, LLP immediately -- by
replying to this message or by sending an email to postmaster@strasburger.com -- and
destroy all copies of this message and any attachments. Thank you.

This email message and any attachments are confidential and may be privileged. If you are
not the intended recipient, please notify Strasburger & Price, LLP immediately -- by
replying to this message or by sending an email to postmaster@strasburger.com -- and
destroy all copies of this message and any attachments. Thank you.

## Salomon, Chester B.

| | |
|---|---|
| **From:** | Schenk, Daniel (Corporate Finance Partners) [daniel.schenk@cfpartners.com] |
| **Sent:** | Tuesday, May 12, 2009 9:52 AM |
| **To:** | Salomon, Chester B. |
| **Cc:** | achim.ahrendt@hww-kanzlei.de |
| **Subject:** | WG: SPA-#603094-v1-Summary_of_the_Plan.DOC |
| **Attachments:** | SPA-#603094-v1-Summary_of_the_Plan.DOC |



SPA-#603094-v1-S
ummary_of_the_...

          Went to your g-mail


     ds


     ───────

Von: Roberts, Stephen [mailto:Stephen.Roberts@strasburger.com]
Gesendet: Montag, 11. Mai 2009 20:55
An: salomon.chester@gmail.com
Cc: achim.ahrendt@hww-kanzlei.de; Schenk, Daniel (Corporate Finance Partners); Kent
Abercrombie
Betreff: FW: SPA-#603094-v1-Summary_of_the_Plan.DOC


If possible I would like to have a conference call with you, Achim, Daniel and Kent
tomorrow  to discuss APS and an alternative plan.


I would suggest 10 a.m. Austin time but can be available any time.


I forwarded you APS's offer earlier. It appears to me to be less than liquidation value,
excluding any value for the intellectual property.


I have not heard from the Seifert group today. We should know in a day or two whether they
will make a serious offer.


Meanwhile, we are working on a standalone plan.


I have drafted a Summary of the Plan for discussion. Our deadline to file a plan is Friday
so we need to make sure we come up with the structure of the plan by Wednedsay.


To this end, I have attached a Summary of the Plan for your review and for further
discussion.

The plan contemplates a sale under a sealed bid or a liquidation , if no satisfactory bid is received.

Note that I have provided for payment of $500,000 to TAE and a preferential return of up to 50% for the General Unsecureds with the balance to TAG. However, any intellectual property not sold goes to TAG for TAG to control the disposition as it sees fit after the case is over.

   This is an effort to propose a compromise that all parties may find palatable.

I am open for suggestions.

Regards,

Steve

This email message and any attachments are confidential and may be privileged. If you are not the intended recipient, please notify Strasburger & Price, LLP immediately -- by replying to this message or by sending an email to postmaster@strasburger.com -- and destroy all copies of this message and any attachments. Thank you.

AW: Re: Superior - Revised Summary of Debtor's Plan
Case 08-36705-bjh11   Doc 478-4   Filed 11/24/09   Entered 11/24/09 13:06:59   Page 1 of 3   Desc
Exhibit D    Page 13 of 30

## Salomon, Chester B.

| | |
|---|---|
| **From:** | Schenk, Daniel (Corporate Finance Partners) [daniel.schenk@cfpartners.com] |
| **Sent:** | Friday, May 15, 2009 8:23 AM |
| **To:** | Roberts, Stephen |
| **Cc:** | Brescia, Duane |
| **Subject:** | RE: Re: Superior - Revised Summary of Debtor's Plan |
| **Attachments:** | Taurus_EL w Superior_signed.pdf |

Preamble 6 states that fees shall be paid out prior to distribution to Creditors – subject to consent of bankruptcy court and creditors

Is that Tennesee group a likely bidder ?

Textron tells me that they are still interested and would like to do sth but can't get their arms around the antitrust issue – they have indication that if they bid the authorities will review it and likely block it. They believe Teledyne has the same information form the authorities.

What happens if Tx or TL acquire it – sealed bid comes in, order is entered, they become owner of the assets but subsequently, the deal is blocked by the antitrust authorities ? is there then an unwinding ? will the money be paid back or lost for them ?

Or will the court wait and check the reaction before confirming the order until she knows concretely what is going with the antitrust issue and maybe the investigation is then dropped ?
To have such a grace period – i.e. the bid must stand firm and cannot be withdrawn, but the court then decides what to do may solicit the bidders Textron and Teledyne – i.e. that the investigations are then launched by the authorities and completed and then the outcome can be dealt with? To have that option may solicit more bids than plain-vanilla "assume the risk" and money is gone scenario....

Key importance is just all all incoming bids must be financed and binding for certain period of time (e.g 30 days minimum) and not withdrawable – if then there is a high bid but that is challenged by the antitrust authorities, one could always elect to select a lower bid, but that also gives the bankruptcy administrator and the judge ammunition to challenge the antitrust authorities as creditor value is being destroyed --- and maybe the antitrust authorities can then be softened...

Im just thinking in scenarios and it may all turn out very different with respect to the bidders – key goal is just to bring as much out of the wood w/o really damaging or deteriorating our position...

Just some thoughts
daniel

**From:** Roberts, Stephen [mailto:Stephen.Roberts@strasburger.com]
**Sent:** Freitag, 15. Mai 2009 13:11
**To:** Schenk, Daniel (Corporate Finance Partners)
**Cc:** Brescia, Duane
**Subject:** RE: Re: Superior - Revised Summary of Debtor's Plan

I will have to read your agreement. I suggest you do the same.

**From:** Schenk, Daniel (Corporate Finance Partners) [mailto:daniel.schenk@cfpartners.com]
**Sent:** Thursday, May 14, 2009 5:40 PM
**To:** Roberts, Stephen
**Subject:** AW: Re: Superior - Revised Summary of Debtor's Plan

Steve,
Could you pls confirm to me that CFP fee is treated as priority claim and/or how it is treated.
Txs
D

----- Originalnachricht -----
Von: Roberts, Stephen <Stephen.Roberts@strasburger.com>
An: CSalomon@beckerglynn.com <CSalomon@beckerglynn.com>; Brescia, Duane <Duane.Brescia@strasburger.com>
Cc: achim.ahrendt@hww-kanzlei.de <achim.ahrendt@hww-kanzlei.de>; Schenk, Daniel (Corporate Finance Partners)
Gesendet: Fri May 15 00:24:46 2009
Betreff: Re: Superior - Revised Summary of Debtor's Plan

To be clear, we will put the provisions as requested by tag even if the committee does not agree. At this point, it would be considered an offer buy tag to accept different treatment. Of course, we hope an agreement can be reached soon to avoid litigation costs.

----- Original Message -----
From: Salomon, Chester B. <CSalomon@beckerglynn.com>
To: Brescia, Duane
Cc: Roberts, Stephen; achim.ahrendt@hww-kanzlei.de <achim.ahrendt@hww-kanzlei.de>; Schenk, Daniel (Corporate Finance Partners) <daniel.schenk@cfpartners.com>
Sent: Thu May 14 17:11:44 2009
Subject: Superior - Revised Summary of Debtor's Plan

Duane -

Thanks for sending the revised draft. The split that TAG has proposed is correctly contained in the Distribution of Proceeds section on Page 2 of the draft. I am waiting for a response to the split from Committee counsel, with whom I spoke less than an hour ago.

The last page of the revised draft, beginning with the paragraph stating "[a]ll costs of any Sale ...,' is new and contains business and financial terms that I am not familiar with and that should be approved by Dr. Ahrendt. By sending him a copy of this email, I request his comments. I will be in the office tomorrow after 8am EDT. Please await Dr. Ahrendt's approval before circulating your draft to credtiors, etc.

Regards,

Chester
Chester B. Salomon
Becker, Glynn, Melamed & Muffly LLP
299 Park Avenue - 16th Floor
New York, NY 10171
Direct: 212-303-9531
Main:  212-888-3033
Cell:  917-975-6181
Fax:   212-888-0255
Email: csalomon@beckerglynn.com
www.beckerglynn.com

_____

**From:** Brescia, Duane [mailto:Duane.Brescia@strasburger.com]
**Sent:** Thursday, May 14, 2009 5:45 PM
**To:** Salomon, Chester B.

Subject: URGENT - revised summary

I took out a couple typos.  Use this version.

Duane




Duane J. Brescia • Strasburger & Price, LLP
600 Congress, Suite 1600, Austin, TX 78701

512.499.3647 • Fax 512.536.5702• Strasburger.com <blocked::http://www.strasburger.com/>


This email message and any attachments are confidential and may be privileged. If you are not the intended recipient, please notify Strasburger & Price, LLP immediately -- by replying to this message or by sending an email to postmaster@strasburger.com -- and destroy all copies of this message and any attachments. Thank you.


This email message and any attachments are confidential and may be privileged. If you are not the intended recipient, please notify Strasburger & Price, LLP immediately -- by replying to this message or by sending an email to postmaster@strasburger.com -- and destroy all copies of this message and any attachments. Thank you.


This email message and any attachments are confidential and may be privileged. If you are not the intended recipient, please notify Strasburger & Price, LLP immediately -- by replying to this message or by sending an email to postmaster@strasburger.com -- and destroy all copies of this message and any attachments. Thank you.

## Salomon, Chester B.

**From:** Brescia, Duane [Duane.Brescia@strasburger.com]
**Sent:** Friday, May 15, 2009 1:01 PM
**To:** Schenk, Daniel (Corporate Finance Partners); Roberts, Stephen
**Subject:** RE: Re: Superior - Revised Summary of Debtor's Plan

The application contemplates a "Success Fee" -

**1.      In consideration of the services rendered by CFP under the Assignment, CFP shall receive a "Success Fee" that shall be defined as the consummation (signing of a binding agreement and receipt of respective cash proceeds from the transaction by Superior, or by the Bankruptcy Estate in case of a Chapter 11) of a Transaction, as more fully defined in the Assignment. The amount of the Success Fee shall be calculated upon the following escalating schedule of Transaction Value (as defined in the Assignment):**
    **(a) 3% on the first US $10 million of Transaction Value;**
    **(b) 5% on the next US $2 million (i.e., from $10 million to $12 million);**
    **(c) 7.5% on the next US $5 million (i.e., from $15 million to $17 million); and**
    **(d) 10 % on every USD exceeding the amount of $17 million.**

A "Transaction" is defined in 3.1 of the Agreement as: "the sale or disposal of SAP's assets or parts of it" including a sale of the business operations, merger, or the "equivalent" to disposal.

3.4 of the agreement states that CFP is entitled to the success Fee, if, within 12 months following termination of the engagement, a Transaction is consummated as described in 3.2 and 3.3 to a buyer who, during the engagement, expressed and interest in writing, signed a C/A, and received information.

SO, as long as the agreement is not terminated, I think Daniel gets his admin fee. If the Committee tries to use 3.4 to eliminate the fee, we can argue that it is limited only to the situation where the agreement has been terminated. The Committee may argue that the intent of 3.4, and the rest of the agreement, is limited to the situation where Daniel brings the buyer. 3.4 technically does not say that, but it can be implied. IN ALL, I think we assume that Daniel's fee is safe.

Duane



**Strasburger**
ATTORNEYS AT LAW

**Duane J. Brescia** • Strasburger & Price, LLP
600 Congress, Suite 1600, Austin, TX 78701
512.499.3647 • Fax 512.536.5702• **Strasburger.com**

**From:** Schenk, Daniel (Corporate Finance Partners) [mailto:daniel.schenk@cfpartners.com]
**Sent:** Friday, May 15, 2009 7:23 AM
**To:** Roberts, Stephen
**Cc:** Brescia, Duane

11/23/2009                          D - 15

**Subject:** RE: Re: Superior - Revised Summary of Debtor's Plan

Preamble 6 states that fees shall be paid out prior to distribution to Creditors – subject to consent of bankruptcy court and creditors

Is that Tennesee group a likely bidder ?

Textron tells me that they are still interested and would like to do sth but can't get their arms around the antitrust issue – they have indication that if they bid the authorities will review it and likely block it. They believe Teledyne has the same information form the authorities.

What happens if Tx or TL  acquire it – sealed bid comes in, order is entered, they become owner of the assets but subsequently, the deal is blocked by the antitrust authorities ? is there then an unwinding ? will the money be paid back or lost for them ?

Or will the court wait and check the reaction before confirming the order until she knows concretely what is going with the antitrust issue and maybe the investigation is then dropped ?
To have such a grace period – i.e. the bid must stand firm and cannot be withdrawn, but the court then decides what to do may solicit the bidders Textron and Teledyne – i.e. that the investigations are then launched by the authorities and completed and then the outcome can be dealt with? To have that option may solicit more bids than plain-vanilla "assume the risk" and money is gone scenario....

Key importance is just all all incoming bids must be financed and binding for certain period of time (e.g 30 days minimum) and not withdrawable – if there is a high bid but that is challenged by the antirtust authorities, one could always elect to select a lower bid, but that also gives the bankruptcy administrator and the judge ammunition to challenge the antitrust authorities as creditor value is being destroyed --- and maybe the antitrust authorities can then be softened...

Im just thinking in scenarios and it may all turn out very different with respect to the bidders – key goal is just to bring as much out of the wood w/o really damaging or deteriorating our position...

Just some thoughts
daniel

---

**From:** Roberts, Stephen [mailto:Stephen.Roberts@strasburger.com]
**Sent:** Freitag, 15. Mai 2009 13:11
**To:** Schenk, Daniel (Corporate Finance Partners)
**Cc:** Brescia, Duane
**Subject:** RE: Re: Superior - Revised Summary of Debtor's Plan

I will have to read your agreement. I suggest you do the same.

---

**From:** Schenk, Daniel (Corporate Finance Partners) [mailto:daniel.schenk@cfpartners.com]
**Sent:** Thursday, May 14, 2009 5:40 PM
**To:** Roberts, Stephen
**Subject:** AW: Re: Superior - Revised Summary of Debtor's Plan

Steve,
Could you pls confirm to me that CFP fee is treated as priority claim and/or how it is treated.
Txs
D

----- Originalnachricht -----

Von: Roberts, Stephen <Stephen.Roberts@strasburger.com>
An: CSalomon@beckerglynn.com <CSalomon@beckerglynn.com>; Brescia, Duane <Duane.Brescia@strasburger.com>
Cc: achim.ahrendt@hww-kanzlei.de <achim.ahrendt@hww-kanzlei.de>; Schenk, Daniel (Corporate Finance Partners)
Gesendet: Fri May 15 00:24:46 2009
Betreff: Re: Superior - Revised Summary of Debtor's Plan

To be clear, we will put the provisions as requested by tag even if the committee does not agree. At this point, it would be considered an offer buy tag to accept different treatment. Of course, we hope an agreement can be reached soon to avoid litigation costs.

----- Original Message -----
From: Salomon, Chester B. <CSalomon@beckerglynn.com>
To: Brescia, Duane
Cc: Roberts, Stephen; achim.ahrendt@hww-kanzlei.de <achim.ahrendt@hww-kanzlei.de>; Schenk, Daniel (Corporate Finance Partners) <daniel.schenk@cfpartners.com>
Sent: Thu May 14 17:11:44 2009
Subject: Superior - Revised Summary of Debtor's Plan

Duane -

Thanks for sending the revised draft. The split that TAG has proposed is correctly contained in the Distribution of Proceeds section on Page 2 of the draft. I am waiting for a response to the split from Committee counsel, with whom I spoke less than an hour ago.

The last page of the revised draft, beginning with the paragraph stating "[a]ll costs of any Sale ...,' is new and contains business and financial terms that I am not familiar with and that should be approved by Dr. Ahrendt. By sending him a copy of this email, I request his comments. I will be in the office tomorrow after 8am EDT. Please await Dr. Ahrendt's approval before circulating your draft to credtiors, etc.

Regards,

Chester
Chester B. Salomon
Becker, Glynn, Melamed & Muffly LLP
299 Park Avenue - 16th Floor
New York, NY 10171
Direct: 212-303-9531
Main:  212-888-3033
Cell:  917-975-6181
Fax:  212-888-0255
Email:  csalomon@beckerglynn.com
www.beckerglynn.com

---

From: Brescia, Duane [mailto:Duane.Brescia@strasburger.com]
Sent: Thursday, May 14, 2009 5:45 PM
To: Salomon, Chester B.
Subject: URGENT - revised summary

I took out a couple typos. Use this version.

Duane

AW: Re: Superior - Revised Summary of Debtor's Plan
Case 08-36705-bjh11 Doc 479-4 Filed 11/24/09 Entered 11/24/09 13:06:59 Desc Page 4 of 4
Exhibit D    Page 19 of 30

Duane J. Brescia • Strasburger & Price, LLP
600 Congress, Suite 1600, Austin, TX 78701

512.499.3647 • Fax 512.536.5702• Strasburger.com <blocked::http://www.strasburger.com/>

This email message and any attachments are confidential and may be privileged. If you are not the intended recipient, please notify Strasburger & Price, LLP immediately -- by replying to this message or by sending an email to postmaster@strasburger.com -- and destroy all copies of this message and any attachments. Thank you.

This email message and any attachments are confidential and may be privileged. If you are not the intended recipient, please notify Strasburger & Price, LLP immediately -- by replying to this message or by sending an email to postmaster@strasburger.com -- and destroy all copies of this message and any attachments. Thank you.

This email message and any attachments are confidential and may be privileged. If you are not the intended recipient, please notify Strasburger & Price, LLP immediately -- by replying to this message or by sending an email to postmaster@strasburger.com -- and destroy all copies of this message and any attachments. Thank you.

This email message and any attachments are confidential and may be privileged. If you are not the intended recipient, please notify Strasburger & Price, LLP immediately -- by replying to this message or by sending an email to postmaster@strasburger.com -- and destroy all copies of this message and any attachments. Thank you.

## Salomon, Chester B.

| | |
|---|---|
| **From:** | Schenk, Daniel (Corporate Finance Partners) [daniel.schenk@cfpartners.com] |
| **Sent:** | Sunday, May 17, 2009 6:16 AM |
| **To:** | ram.akella@pchllp.com |
| **Subject:** | RE: Project Taurus / Superior |

Ram –

I am next week in NY // Superior Air Parts is still not finished and it seems the larger OEM run in antitrust issues on it.
Are you still interested ? I may have some ideas what to make out of it...
Daniel

---

**From:** Ramesh S. Akella [mailto:ram.akella@pchllp.com]
**Sent:** Mittwoch, 17. September 2008 13:26
**To:** Schenk, Daniel (Corporate Finance Partners); Kent Abercrombie
**Subject:** Re: Project Taurus / Superior

Daniel, I'm fine with 11:00 am est. Thank you.

Ram

Sent via BlackBerry by AT&T

---

**From:** "Schenk, Daniel (Corporate Finance Partners)" <daniel.schenk@cfpartners.com>
**Date:** Wed, 17 Sep 2008 13:13:54 +0200
**To:** <ram.akella@pchllp.com>; Kent Abercrombie<Kabercrombie@superior-air-parts.com>
**Subject:** Project Taurus / Superior
Ramesh,
Kent,

I propose to have the conference call today at 5pm CET (11am NY time; 10am Texas time)

Please use the following dial in:

Tel: +49 30 497 99 99 200
Code: 89 89
Topic: Go through the question list that Ramesh provided
Duration: 1hour

If you have trouble dialing in, attached is the details of my assistant Melanie (+49 30 497 99 99 60).

Please confirm.
Daniel

## Salomon, Chester B.

**From:**        Schenk, Daniel (Corporate Finance Partners) [daniel.schenk@cfpartners.com]
**Sent:**        Thursday, May 21, 2009 6:25 PM
**To:**          Stephen.Roberts@strasburger.com
**Subject:**     AW: RE: Superior

Ok. Will call your office tom morning.
D

----- Originalnachricht -----
Von: Roberts, Stephen <Stephen.Roberts@strasburger.com>
An: Schenk, Daniel (Corporate Finance Partners)
Gesendet: Thu May 21 23:53:12 2009
Betreff: RE: Superior

I will be in all day tomorrow.

---

From: Schenk, Daniel (Corporate Finance Partners) [mailto:daniel.schenk@cfpartners.com]
Sent: Thursday, May 21, 2009 3:04 PM
To: Roberts, Stephen
Subject: Superior


Hi Stephe,
When is convenient today to reach you to discuss the latest status of Superior.
I potentially have another interest party - primarily for the inventory.
Daniel

---

This email message and any attachments are confidential and may be privileged. If you are
not the intended recipient, please notify Strasburger & Price, LLP immediately -- by
replying to this message or by sending an email to postmaster@strasburger.com -- and
destroy all copies of this message and any attachments. Thank you.

## Salomon, Chester B.

**From:**          Schenk, Daniel (Corporate Finance Partners) [daniel.schenk@cfpartners.com]
**Sent:**          Monday, May 25, 2009 5:49 AM
**To:**            ahollander@firstequity.com
**Subject:**       AW: Superior Air Parts

SAP is still in chapter 11.....
You still want to purchase the inventory ?


----- Originalnachricht -----
Von: Aaron Hollander <ahollander@firstequity.com>
An: Schenk, Daniel (Corporate Finance Partners)
Gesendet: Thu May 21 21:00:11 2009
Betreff: Superior Air Parts

Daniel,

Did the Superior transaction ever close.  If not, what is the status and is there any
opportunity.

Thank you,

Aaron Hollander

First Aviation Services, Inc.

1

D-21

## Salomon, Chester B.

**From:**   Aaron Hollander [ahollander@firstequity.com]

**Sent:**   Monday, May 25, 2009 3:18 PM

**To:**   Schenk, Daniel (Corporate Finance Partners)

**Subject:** RE: Superior Air Parts

Yes, we would take another look. our understanding was that the previous deal didn't get antitrust approval. what is the inventory that remains.

---

**From:** Schenk, Daniel (Corporate Finance Partners)
**Sent:** Mon 5/25/2009 5:48 AM
**To:** Aaron Hollander
**Subject:** AW: Superior Air Parts

SAP is still in chapter 11.....
You still want to purchase the inventory ?


----- Originalnachricht -----
Von: Aaron Hollander <ahollander@firstequity.com>
An: Schenk, Daniel (Corporate Finance Partners)
Gesendet: Thu May 21 21:00:11 2009
Betreff: Superior Air Parts

Daniel,

Did the Superior transaction ever close.  If not, what is the status and is there any opportunity.

Thank you,

Aaron Hollander

First Aviation Services, Inc.

## Salomon, Chester B.

| | |
|---|---|
| **From:** | Schenk, Daniel (Corporate Finance Partners) [daniel.schenk@cfpartners.com] |
| **Sent:** | Wednesday, May 27, 2009 5:35 PM |
| **To:** | Stephen.Roberts@strasburger.com |
| **Cc:** | Pohl, Fabian (Corporate Finance Partners) |
| **Subject:** | AW: sorry I missed you |

ahollander@firstequity.com

Aron Hollander is from first equity. They own an aviation distribution business, but a much broader product range than SAP.

I spoke with them - at the time of the Teledyne deal - to market for us the inventory (gross 19 mio value / net 12 mio value).
They were quite agressive in the discount and asked for 50 percent stake for running the consignment.

Now, we recontected, and they could be interested to acquire the entire inventory -- obviously the inventory is now much lower volume and the good pieces are gone, so I expect a lowball offer if at all for the inventory. But we ought to collect anything we can,

Shall I ask Kent to provide an up-to-date inventory by PN and this should be supplied to them or will you?

Could we talk tomorrow to discuss how we want to organise the sealed bid auction that is outlined in the plan. Kent needs to prepare certain information packages that need to be made available.

When are you available ? We should also discuss the tax issue.

Best regards,
Daniel


----- Originalnachricht -----
Von: Roberts, Stephen <Stephen.Roberts@strasburger.com>
An: Schenk, Daniel (Corporate Finance Partners)
Gesendet: Wed May 27 23:06:39 2009
Betreff: sorry I missed you

What is the name of the other potential buyer you contacted?

---

This email message and any attachments are confidential and may be privileged. If you are not the intended recipient, please notify Strasburger & Price, LLP immediately -- by replying to this message or by sending an email to postmaster@strasburger.com -- and destroy all copies of this message and any attachments. Thank you.

---

D-23

## Salomon, Chester B.

| | |
|---|---|
| **From:** | Roberts, Stephen [Stephen.Roberts@strasburger.com] |
| **Sent:** | Thursday, May 28, 2009 9:57 AM |
| **To:** | Salomon, Chester B. |
| **Cc:** | achim.ahrendt@hww-kanzlei.de; Schenk, Daniel (Corporate Finance Partners) |
| **Subject:** | FW: Contact |

I received a call from this Houston attorney yesterday. He represents a Chinese company which acquired Brantley helicopters based in Vernon, Texas. See They are interested in the engine program.  The Bentley helicopter uses the Lycoming IVO 360 A engine which Kent advices is modified for helicopter use.

They apparently were interested months ago and were in Dallas at the time of the auction but were too late to participate. They said they just learned that the company may be on the market again.

I have told them we are very close to a deal with another party, that the price is lower than we had hoped, and that if they move as fast as they can, I can try to give them as much time as I can.

This is a touchy situation because I suspect that they want the inventory and PMAs, not just the engine program, as it appears that they want to manufacture in China.

I talked with Parham and APS counsel yesterday. They are very close to making a deal and filing their own plan. Of course they have to get permission from the court to do this and unless they can reach an agreement with TAG this case could descend into costly litigation and I think they are concerned about that.

The committee is concerned that no buyers will show up to bid. They could be right but this price is so low that when it is disclosed to the public, it could generate interest.

I advised them that I would recommend a plan based on a sale to APS on terms agreeable to the committee so long as we are not locked in so if someone comes in with a better offer a week before the plan hearing, we can sell to the higher bidder.

They key now is whether TAG and the Committee can agree to how to divide the spoils. The committee is waiting on TAG's answer.

An agreement would be preferable. Where are you on that?

------

From: Tom Tong [mailto:tomtong@tonglawfirm.com]
Sent: Wednesday, May 27, 2009 9:46 PM
To: Roberts, Stephen
Cc: Tom Tong
Subject: RE: Contact

Thank you, Steve. I will sign the confidential agreement and send it back to you tomorrow.

I just spoke to my client in China, and was told that China is having a 3-day national holiday ending on Friday, thus, they will not be able to convene internally to schedule the due diligence until next week, but the interest is very high.

While we are awaiting on their scheduling, one top priority issue that we need to work out is to determine whether, after the Chinese company takes over the engine building program, they can take the technology to manufacture engines in China (as well as in the U.S.).   I

D - 24

am thinking that the beginning place might be to check with your client executives since
they understand the technology better than anyone else.  I will call you tomorrow morning
to further discuss this point.


Thanks.


Tom Tong

Tong & Sung, P.C.

3050 Post Oak Blvd., Suite 1720

Houston, Texas 77056

Tel: 713-963-9008

Fax: 713-963-9228

Email: tomtong@tonglawfirm.com


---

From: Roberts, Stephen [mailto:Stephen.Roberts@strasburger.com]
Sent: Wednesday, May 27, 2009 4:25 PM
To: Tom Tong
Subject: RE: Contact


Tom, it was a pleasure speaking with you.

I have attached a confidentiality agreement and the disclosure statement and plan we just
filed. The court has not approved the disclosure statement yet but it has helpful
information on the company.

Please execute and return the confidentiality agreement at your earliest convenience.

I also suggest that we set up a conference call at your earliest convenience to get some
clarity on what your client's objectives are.


Regards,

Steve Roberts


---

From: Tom Tong [mailto:tomtong@tonglawfirm.com]
Sent: Wednesday, May 27, 2009 3:29 PM
To: Roberts, Stephen
Subject: Contact

Stephen:  Here is my contact.

2

D - 25

Tom Tong

Tong & Sung, P.C.

3050 Post Oak Blvd., Suite 1720

Houston, Texas 77056

Tel: 713-963-9008

Fax: 713-963-9228

Email: tomtong@tonglawfirm.com

This email message and any attachments are confidential and may be privileged. If you are
not the intended recipient, please notify Strasburger & Price, LLP immediately -- by
replying to this message or by sending an email to postmaster@strasburger.com -- and
destroy all copies of this message and any attachments. Thank you.

This email message and any attachments are confidential and may be privileged. If you are
not the intended recipient, please notify Strasburger & Price, LLP immediately -- by
replying to this message or by sending an email to postmaster@strasburger.com -- and
destroy all copies of this message and any attachments. Thank you.

D-26

**Salomon, Chester B.**

| | |
|---|---|
| **From:** | Schenk, Daniel (Corporate Finance Partners) [daniel.schenk@cfpartners.com] |
| **Sent:** | Thursday, May 28, 2009 10:07 AM |
| **To:** | Stephen.Roberts@strasburger.com; Salomon, Chester B. |
| **Cc:** | achim.ahrendt@hww-kanzlei.de |
| **Subject:** | AW: FW: Contact |

I talked to Brantley some time ago but they did not move forward.
Perfect if they are interested in the engines - and they can also take the rest, just have
to offer a better deal than APS.
I throught this is the whole point of getting a sealed bid auction. I believe that there
will be some bidders - and offer more than the APS deal which honestly has 500K equity
involved.

Do you know what terms / settlement the Creditors Committe is negotiating with APS ?

On which number can I reach you ? Your mobile does not work. Are you in the office - let's
talk eveything through.

Regards,
Daniel

----- Originalnachricht -----
Von: Roberts, Stephen <Stephen.Roberts@strasburger.com>
An: Salomon, Chester B. <CSalomon@beckerglynn.com>
Cc: achim.ahrendt@hww-kanzlei.de <achim.ahrendt@hww-kanzlei.de>; Schenk, Daniel (Corporate
Finance Partners)
Gesendet: Thu May 28 15:56:54 2009
Betreff: FW: Contact

I received a call from this Houston attorney yesterday. He represents a Chinese company
which acquired Brantley helicopters based in Vernon, Texas. See They are interested in the
engine program.  The Bentley helicopter uses the Lycoming IVO 360 A engine which Kent
advices is modified for helicopter use.

They apparently were interested months ago and were in Dallas at the time of the auction
but were too late to participate. They said they just learned that the company may be on
the market again.

I have told them we are very close to a deal with another party, that the price is lower
than we had hoped, and that if they move as fast as they can, I can try to give them as
much time as I can.

This is a touchy situation because I suspect that they want the inventory and PMAs, not
just the engine program, as it appears that they want to manufacture in China.

I talked with Parham and APS counsel yesterday. They are very close to making a deal and
filing their own plan. Of course they have to get permission from the court to do this and
unless they can reach an agreement with TAG this case could descend into costly litigation
and I think they are concerned about that.

The committee is concerned that no buyers will show up to bid. They could be right but
this price is so low that when it is disclosed to the public, it could generate interest.

I advised them that I would recommend a plan based on a sale to APS on terms agreeable to
the committee so long as we are not locked in so if someone comes in with a better offer a
week before the plan hearing, we can sell to the higher bidder.

They key now is whether TAG and the Committee can agree to how to divide the spoils. The
committee is waiting on TAG's answer.

An agreement would be preferable. Where are you on that?

1

D-27

From: Tom Tong [mailto:tomtong@tonglawfirm.com]
Sent: Wednesday, May 27, 2009 9:46 PM
To: Roberts, Stephen
Cc: Tom Tong
Subject: RE: Contact


Thank you, Steve. I will sign the confidential agreement and send it back to you tomorrow.


   I just spoke to my client in China, and was told that China is having a 3-day national
holiday ending on Friday, thus, they will not be able to convene internally to schedule
the due diligence until next week, but the interest is very high.


While we are awaiting on their scheduling, one top priority issue that we need to work out
is to determine whether, after the Chinese company takes over the engine building program,
they can take the technology to manufacture engines in China (as well as in the U.S.).     I
am thinking that the beginning place might be to check with your client executives since
they understand the technology better than anyone else.  I will call you tomorrow morning
to further discuss this point.




Thanks.


Tom Tong

Tong & Sung, P.C.

3050 Post Oak Blvd., Suite 1720

Houston, Texas 77056

Tel: 713-963-9008

Fax: 713-963-9228

Email: tomtong@tonglawfirm.com


---

From: Roberts, Stephen [mailto:Stephen.Roberts@strasburger.com]
Sent: Wednesday, May 27, 2009 4:25 PM
To: Tom Tong
Subject: RE: Contact


Tom, it was a pleasure speaking with you.

I have attached a confidentiality agreement and the disclosure statement and plan we just
filed. The court has not approved the disclosure statement yet but it has helpful
information on the company.

Please execute and return the confidentiality agreement at your earliest convenience.

2

D-28

I also suggest that we set up a conference call at your earliest convenience to get some clarity on what your client's objectives are.


Regards,

Steve Roberts


_____

From: Tom Tong [mailto:tomtong@tonglawfirm.com]
Sent: Wednesday, May 27, 2009 3:29 PM
To: Roberts, Stephen
Subject: Contact

Stephen:  Here is my contact.


Tom Tong

Tong & Sung, P.C.

3050 Post Oak Blvd., Suite 1720

Houston, Texas 77056

Tel: 713-963-9008

Fax: 713-963-9228

Email: tomtong@tonglawfirm.com


_____

This email message and any attachments are confidential and may be privileged. If you are not the intended recipient, please notify Strasburger & Price, LLP immediately -- by replying to this message or by sending an email to postmaster@strasburger.com -- and destroy all copies of this message and any attachments. Thank you.

_____

This email message and any attachments are confidential and may be privileged. If you are not the intended recipient, please notify Strasburger & Price, LLP immediately -- by replying to this message or by sending an email to postmaster@strasburger.com -- and destroy all copies of this message and any attachments. Thank you.

_____

D-29