David W. Parham
State Bar No. 15459500
Elliot D. Schuler
State Bar No. 24033046
Baker & McKenzie
2300 Trammel Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 978-3000
Facsimile: (214) 978-3099

**ATTORNEYS FOR MARLA REYNOLDS, TRUSTEE
OF THE SUPERIOR CREDITOR'S TRUST**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **IN RE:** § | |
| § | **Case No. 08-36705-BJH-11** |
| **SUPERIOR AIR PARTS, INC.** § | |
| § | |
| **DEBTOR-IN POSSESSION.** § | |

**OBJECTION TO CLAIM NO. 107
<u>FILED BY CARL RAY DUGGER</u>**

TO THE HONORABLE BARBARA J. HOUSER,
UNITED STATES BANKRUPTCY JUDGE:

> **NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1254 EARLE CABELL FEDERAL BLDG AND UNITED STATES COURTHOUSE, 1100 COMMERCE STREET DALLAS, TX 75242, BEFORE THE DATE WHICH IS THIRTY (30) DAYS FROM THE DATE OF SERVICE HEREOF.**
>
> **ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN.  IF A RESPONSE IS FILED, A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**
>
> **IF NO HEARING ON SUCH NOTICE OR OBJECTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

Marla Reynolds, in her capacity as Trustee of the Superior Creditor's Trust (the "Trustee") files this her Objection (the "Objection") to Claim No. 107 filed by Carl Ray Dugger ("Dugger") and respectfully represents as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

2. On December 31, 2008 (the "Petition Date"), Superior Air Parts, Inc. (the "Debtor" or "Superior") commenced this case by the filing of a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court").

3. The deadline for filing claims was February 17, 2009 (the "Bar Date").

4. On or about August 27, 2009, the Bankruptcy Court entered an order confirming the Third Amended Plan of Reorganization (the "Plan") jointly proposed by Superior and the Official Committee of Unsecured Creditors (the "Committee"). The Plan became effective on September 28, 2009 (the "Effective Date").

5. Pursuant to the Plan, on the Effective Date, all of the Trust Assets[1] vested in the Superior Creditors Trust (the "Trust"). Marla Reynolds was appointed as Trustee of the Trust. The Trustee has authority to file objections to Claims.

---

[1] All capitalized terms not defined herein shall have the meaning ascribed to such term in the Plan.

**Objection**

6. The Trustee has reviewed and analyzed the claims filed against Superior and after reasonable investigation and due diligence, has determined that certain of those claims are defective.

7. Dugger filed proof of claim number 107 ("Claim 107") in the amount of $5,147.00. Claim 107 is allegedly based on "Warantee/Warantee Labor."

8. First, the Trustee objects because the documentation attached to Claim 107 evidences a warranty that may have expired.

9. Second, while Claim 107 contains multiple pages (a significant amount of which are unreadable) nothing in Claim 107 indicates whether a warranty was still in place at the time the alleged claim accrued.

10. Third, the invoices provided that were legible only establish repair costs of $147. There was an $850.00 purchase order, but there is no evidence this order was filled or covered. No other documentation is provided to support the remainder of Dugger's $5,147.00 claim.

11. Lastly, the Trustee objects to any portion of the claim as being afforded priority status, as noted on the proof of claim.

12. The Trustee asserts that the Trust is not liable for Claim 107 and it should therefore be disallowed in its entirety.

**Reservation of Rights**

13. The relief requested is without prejudice to any claims or causes of action belonging to the Trustee, nor does it constitute a waiver of any claims or causes of action belonging to the Trustee. Additionally, the Trustee expressly reserves the right to further amend

or supplement this Objection to assert additional bases for objecting to Claim 107 on any other ground.

## **Prayer**

WHEREFORE, the Trustee respectfully requests that the Court enter an order (a) sustaining the Trustee's objections to Claim 107; (b) disallowing Claim 107; (c) expunging the official claims register in this bankruptcy case of Claim 107; (d) granting the Trustee any and all other relief, at law or in equity, to which the Trustee may be justly entitled; and, in the alternative to (a)-(c), denying Claim 107's priority status.

Dated: December 16, 2009
       Dallas, Texas

                                              Respectfully submitted,

                                              BAKER & MCKENZIE LLP

                                              By:  /s/ Elliot D. Schuler
                                                        David W. Parham
                                                        State Bar No. 15459500
                                                       Elliot D. Schuler
                                                       State Bar No. 24033046
                                                       2300 Trammell Crow Center
                                                       2001 Ross Avenue
                                                       Dallas, Texas 75201
                                                       Telephone: (214) 978-3000
                                                       Facsimile:  (214) 978-3099
                                                       E-mail: david.w.parham@bakernet.com
                                                       E-mail: elliot.d.schuler@bakernet.com

                                              **ATTORNEYS FOR MARLA REYNOLDS, TRUSTEE OF THE SUPERIOR CREDITOR'S TRUST**

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing Objection was served on December 16, 2009 upon the following:

**U.S. Trustee:**
Mary Frances Durham
Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, TX 75242

Carl Ray Dugger
3792 Z Street
Washougai, WA 98671-7450

                                              /s/ Elliot D. Schuler
                                                    Elliot D. Schuler

**PROPOSED ORDER**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE: § | |
| § | Case No. 08-36705-BJH-11 |
| SUPERIOR AIR PARTS, INC. § | |
| § | |
| DEBTOR-IN POSSESSION. § | |

**ORDER GRANTING OBJECTION TO CLAIM NO. 107
FILED BY CARL RAY DUGGER**

Upon the Objection (the "Objection") to Claim No. 107 filed by Carl Ray Dugger ("Dugger") of Marla Reynolds, Trustee, of the Superior Creditor's Trust (the "Trustee") as more fully set forth in the Objection; and the Court having jurisdiction to consider the Objection and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Objection being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Trustee having provided proper notice of the Objection; and the Court having held a hearing to consider the requested

relief (the "Hearing") with the appearances of all interested parties noted in the record of the Hearing; and the Court having found sufficient legal and factual grounds for disallowing Claim No. 107 filed by Dugger; and the Court having determined that the legal and factual bases set forth in the Objection establish just and sufficient cause to grant the requested relief herein; and therefore, it is:

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, Claim No. 107 filed by Dugger is hereby disallowed and expunged in its entirety; and it is further

ORDERED that Dugger is not entitled to a distribution in this Bankruptcy Case; and it is further

ORDERED that this Court hereby retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

# # # END OF ORDER # # #