David W. Parham
State Bar No. 15459500
Elliot D. Schuler
State Bar No. 28733046
Baker & McKenzie
2300 Trammel Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 978-3000
Facsimile: (214) 978-3099

**ATTORNEYS FOR MARLA REYNOLDS, TRUSTEE
OF THE SUPERIOR CREDITOR'S TRUST**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **IN RE:** § | |
| § | **Case No. 08-36705-BJH-11** |
| **SUPERIOR AIR PARTS, INC.** § | |
| § | |
| **DEBTOR-IN POSSESSION.** § | |

**OBJECTION TO CLAIM NO. 87
FILED BY RPM TECHNIK, INC. (PENN YAN AERO)**

TO THE HONORABLE BARBARA J. HOUSER,
UNITED STATES BANKRUPTCY JUDGE:

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1254 EARLE CABELL FEDERAL BLDG AND UNITED STATES COURTHOUSE, 1100 COMMERCE STREET DALLAS, TX 75242, BEFORE THE DATE WHICH IS THIRTY (30) DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED, A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR OBJECTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

DALDMS/671669.1

1

Marla Reynolds, in her capacity as Trustee of the Superior Creditor's Trust (the "Trustee") files this her Objection (the "Objection") to Claim No. 87 filed by RPM Technik, Inc. (Penn Yan Aero) ("Penn Yan") and respectfully represents as follows:

## Jurisdiction and Venue

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1878 and 1879.

## Background

2. On December 31, 2008 (the "Petition Date"), Superior Air Parts, Inc. (the "Debtor" or "Superior") commenced this case by the filing of a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court").

3. The deadline for filing claims was February 17, 2009 (the "Bar Date").

4. On or about August 27, 2009, the Bankruptcy Court entered an order confirming the Third Amended Plan of Reorganization (the "Plan") jointly proposed by Superior and the Official Committee of Unsecured Creditors (the "Committee"). The Plan became effective on September 28, 2009 (the "Effective Date").

5. Pursuant to the Plan, on the Effective Date, all of the Trust Assets[1] vested in the Superior Creditors Trust (the "Trust"). Marla Reynolds was appointed as Trustee of the Trust. The Trustee has authority to file objections to Claims.

---

[1] All capitalized terms not defined herein shall have the meaning ascribed to such term in the Plan.

**Objection**

6. The Trustee has reviewed and analyzed the claims filed against Superior and after reasonable investigation and due diligence, has determined that certain of those claims are defective.

7. Penn Yan filed proof of claim number 87 ("Claim 87") in the amount of $53,930.75. Claim 87 is allegedly based on a warranty.

8. However, the failure was not related to damage covered by the warranty. The holes in the drain tubes and other areas evidence that the stalling was the result of dirt or a foreign object. In fact, Penn Yen's warranty claims were previously denied by Superior on these bases. Therefore, the Trustee asserts that the Trust is not liable for Claim 87 and it should therefore be disallowed in its entirety.

**Reservation of Rights**

9. The relief requested is without prejudice to any claims or causes of action belonging to the Trustee, nor does it constitute a waiver of any claims or causes of action belonging to the Trustee. Additionally, the Trustee expressly reserves the right to further amend or supplement this Objection to assert additional bases for objecting to Claim 87 on any other ground.

**Prayer**

WHEREFORE, the Trustee respectfully requests that the Court enter an order (a) sustaining the Trustee's objections to Claim 87; (b) disallowing Claim 87; (c) expunging the official claims register in this bankruptcy case of Claim 87 and (d) granting the Trustee any and all other relief, at law or in equity, to which the Trustee may be justly entitled.

Dated: December 16, 2009
       Dallas, Texas

                              Respectfully submitted,

                              BAKER & MCKENZIE LLP

                              By:  /s/ Elliot D. Schuler
                                    David W. Parham
                                    State Bar No. 15459500
                                    Elliot D. Schuler
                                    State Bar No. 28733046
                                    2300 Trammell Crow Center
                                    2001 Ross Avenue
                                    Dallas, Texas 75201
                                    Telephone: (214) 978-3000
                                    Facsimile:  (214) 978-3099
                                    E-mail: david.w.parham@bakernet.com
                                    E-mail: elliot.d.schuler@bakernet.com

                                    **ATTORNEYS FOR MARLA REYNOLDS,
                                    TRUSTEE OF THE SUPERIOR
                                    CREDITOR'S TRUST**

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing Objection was served on December 16, 2009 upon the following:

**U.S. Trustee:**
Mary Frances Durham
Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, TX 75242

Penn Yang Aero
2499 Bath Rd.
Penn Yan, NY 14527

                                    /s/ Elliot D. Schuler
                                        Elliot D. Schuler

# PROPOSED ORDER

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE: § | |
| § | Case No. 08-36705-BJH-11 |
| SUPERIOR AIR PARTS, INC. § | |
| § | |
| DEBTOR-IN POSSESSION. § | |

**ORDER GRANTING OBJECTION TO CLAIM NO. 87
FILED BY RPM TECHNIK, INC. (PENN YAN AERO)**

Upon the Objection (the "Objection") to Claim No. 87 filed by RPM Technik, Inc. (Penn Yan Aero) ("Penn Yan") of Marla Reynolds, Trustee, of the Superior Creditor's Trust (the "Trustee") as more fully set forth in the Objection; and the Court having jurisdiction to consider the Objection and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Objection being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1878 and 1879; and the Trustee having provided proper notice of the Objection; and the Court having held a hearing to consider

the requested relief (the "Hearing") with the appearances of all interested parties noted in the record of the Hearing; and the Court having found sufficient legal and factual grounds for disallowing Claim No. 87 filed by Penn Yan; and the Court having determined that the legal and factual bases set forth in the Objection establish just and sufficient cause to grant the requested relief herein; and therefore, it is:

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, Claim No. 87 filed by Penn Yann is hereby disallowed and expunged in its entirety; and it is further

ORDERED that Penn Yan is not entitled to a distribution in this Bankruptcy Case; and it is further

ORDERED that this Court hereby retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

# # # END OF ORDER # # #