David W. Parham
State Bar No. 15459500
Elliot D. Schuler
State Bar No. 24033046
Baker & McKenzie
2300 Trammel Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 978-3000
Facsimile: (214) 978-3099

**ATTORNEYS FOR MARLA REYNOLDS, TRUSTEE
OF THE SUPERIOR CREDITOR'S TRUST**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **IN RE:** § | |
| § | **Case No. 08-36705-BJH-11** |
| **SUPERIOR AIR PARTS, INC.** § | |
| § | |
| **DEBTOR-IN POSSESSION.** § | |

**OBJECTION TO CLAIM NO. 178
<u>FILED BY DAVID W. REICH</u>**

TO THE HONORABLE BARBARA J. HOUSER,
UNITED STATES BANKRUPTCY JUDGE:

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1254 EARLE CABELL FEDERAL BLDG AND UNITED STATES COURTHOUSE, 1100 COMMERCE STREET DALLAS, TX 75242, BEFORE THE DATE WHICH IS THIRTY (30) DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED, A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR OBJECTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

Marla Reynolds, in her capacity as Trustee of the Superior Creditor's Trust (the "Trustee") files this her Objection (the "Objection") to Claim No. 178 filed by David W. Reich ("Reich") and respectfully represents as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

2. On December 31, 2008 (the "Petition Date"), Superior Air Parts, Inc. (the "Debtor" or "Superior") commenced this case by the filing of a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court").

3. The deadline for filing claims was February 17, 2009 (the "Bar Date").

4. On or about August 27, 2009, the Bankruptcy Court entered an order confirming the Third Amended Plan of Reorganization (the "Plan") jointly proposed by Superior and the Official Committee of Unsecured Creditors (the "Committee"). The Plan became effective on September 28, 2009 (the "Effective Date").

5. Pursuant to the Plan, on the Effective Date, all of the Trust Assets[1] vested in the Superior Creditors Trust (the "Trust"). Marla Reynolds was appointed as Trustee of the Trust. The Trustee has authority to file objections to Claims.

---

[1] All capitalized terms not defined herein shall have the meaning ascribed to such term in the Plan.

DALDMS/671859.1

2

**Objection**

6. The Trustee has reviewed and analyzed the claims filed against Superior and after reasonable investigation and due diligence, has determined that certain of those claims are defective.

7. Reich filed proof of claim number 178 ("Claim 178") in the amount of $5,000. Claim 178 is allegedly based on a warranty provided by Superior. But there is no supporting documentation attached to the proof of claim and there is no support for Claim 178 in the Debtor's books and records. Therefore, Claim 178 does not provide a basis for Superior to evaluate the underlying merits of the claim.

8. The Trustee further objects to Claim 178 because the claim was filed after the Bar Date and is therefore untimely.

9. The Trustee asserts that the Trust is not liable for Claim 178 and it should therefore be disallowed in its entirety.

**Reservation of Rights**

10. The relief requested is without prejudice to any claims or causes of action belonging to the Trustee, nor does it constitute a waiver of any claims or causes of action belonging to the Trustee. Additionally, the Trustee expressly reserves the right to further amend or supplement this Objection to assert additional bases for objecting to Claim 178 on any other ground.

**Prayer**

WHEREFORE, the Trustee respectfully requests that the Court enter an order (a) sustaining the Trustee's objections to Claim 178; (b) disallowing Claim 178; (c) expunging the official claims register in this bankruptcy case of Claim 178 and (d) granting the Trustee any and all other relief, at law or in equity, to which the Trustee may be justly entitled.

Dated: December 16, 2009
      Dallas, Texas

          Respectfully submitted,

          BAKER & MCKENZIE LLP

          By:  /s/ Elliot D. Schuler
              David W. Parham
              State Bar No. 15459500
              Elliot D. Schuler
              State Bar No. 24033046
              2300 Trammell Crow Center
              2001 Ross Avenue
              Dallas, Texas 75201
              Telephone: (214) 978-3000
              Facsimile:  (214) 978-3099
              E-mail: david.w.parham@bakernet.com
              E-mail: elliot.d.schuler@bakernet.com

          **ATTORNEYS FOR MARLA REYNOLDS,
          TRUSTEE OF THE SUPERIOR
          CREDITOR'S TRUST**

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing Objection was served on December 16, 2009 upon the following:

**U.S. Trustee:**
Mary Frances Durham
Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, TX 75242

David W. Reich
750 SW 34 St. #110
Ft. Lauderdale, FL 33315

          /s/ Elliot D. Schuler
             Elliot D. Schuler

**PROPOSED ORDER**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE: § | |
| § | Case No. 08-36705-BJH-11 |
| SUPERIOR AIR PARTS, INC. § | |
| § | |
| DEBTOR-IN POSSESSION. § | |

**ORDER GRANTING OBJECTION TO CLAIM NO. 178
FILED BY DAVID W. REICH**

Upon the Objection (the "Objection") to Claim No. 178 filed by David W. Reich ("Reich") of Marla Reynolds, Trustee, of the Superior Creditor's Trust (the "Trustee") as more fully set forth in the Objection; and the Court having jurisdiction to consider the Objection and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Objection being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Trustee having provided proper notice of the Objection; and the Court having held a hearing to consider the requested

relief (the "Hearing") with the appearances of all interested parties noted in the record of the Hearing; and the Court having found sufficient legal and factual grounds for disallowing Claim No. 178 filed by Reich; and the Court having determined that the legal and factual bases set forth in the Objection establish just and sufficient cause to grant the requested relief herein; and therefore, it is:

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, Claim No. 178 filed by Reich is hereby disallowed and expunged in its entirety; and it is further

ORDERED that Reich is not entitled to a distribution in this Bankruptcy Case; and it is further

ORDERED that this Court hereby retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

# # # END OF ORDER # # #