David W. Parham
State Bar No. 15459500
Elliot D. Schuler
State Bar No. 24033046
Baker & McKenzie
2300 Trammel Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 978-3000
Facsimile: (214) 978-3099

**ATTORNEYS FOR MARLA REYNOLDS, TRUSTEE
OF THE SUPERIOR CREDITOR'S TRUST**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **Case No. 08-36705-BJH-11** |
| **SUPERIOR AIR PARTS, INC.** | § | |
| | § | |
| **DEBTOR-IN POSSESSION.** | § | |

**OBJECTION TO CLAIM NO. 157
FILED BY KURT MANUFACTURING COMPANY**

TO THE HONORABLE BARBARA J. HOUSER,
UNITED STATES BANKRUPTCY JUDGE:

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1254 EARLE CABELL FEDERAL BLDG AND UNITED STATES COURTHOUSE, 1100 COMMERCE STREET DALLAS, TX 75242, BEFORE THE DATE WHICH IS THIRTY (30) DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED, A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR OBJECTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

Marla Reynolds, in her capacity as Trustee of the Superior Creditor's Trust (the "Trustee") files this her Objection (the "Objection") to Claim No. 157 filed by Kurt Manufacturing Company ("Kurt") and respectfully represents as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

2. On December 31, 2008 (the "Petition Date"), Superior Air Parts, Inc. (the "Debtor" or "Superior") commenced this case by the filing of a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court").

3. The deadline for filing claims was February 17, 2009 (the "Bar Date").

4. On or about August 27, 2009, the Bankruptcy Court entered an order confirming the Third Amended Plan of Reorganization (the "Plan") jointly proposed by Superior and the Official Committee of Unsecured Creditors (the "Committee"). The Plan became effective on September 28, 2009 (the "Effective Date").

5. Pursuant to the Plan, on the Effective Date, all of the Trust Assets[1] vested in the Superior Creditors Trust (the "Trust"). Marla Reynolds was appointed as Trustee of the Trust. The Trustee has authority to file objections to Claims.

---

[1] All capitalized terms not defined herein shall have the meaning ascribed to such term in the Plan.

**Objection**

6. The Trustee has reviewed and analyzed the claims filed against Superior and after reasonable investigation and due diligence, has determined that certain of those claims are defective.

7. Kurt filed proof of claim number 157 ("Claim 157") in the amount of $31,304.00. Claim 157 is allegedly based on amounts owed by Superior for goods sold.

8. Attached as **Exhibit A** is a letter sent to Kurt reflecting its transactions with Superior. As noted on Exhibit A, Kurt has been purchasing from Superior on credit since early 2007. While the Trustee acknowledges that Kurt has attached invoices in the amount requested in Claim 157, Kurt omits reference to the fact it owes Superior $44,823.01. After the $31,304.00 is applied, Kurt does not have a claim against the estate and actually owes it $13,519.01.

9. The Trustee further objects to Claim 157 because the claim was filed after the Bar Date and is therefore untimely.

10. Considering the above, the Trustee asserts that the Trust is not liable for Claim 157 and it should therefore be disallowed in its entirety.

**Reservation of Rights**

11. The relief requested is without prejudice to any claims or causes of action belonging to the Trustee, nor does it constitute a waiver of any claims or causes of action belonging to the Trustee. Additionally, the Trustee expressly reserves the right to further amend or supplement this Objection to assert additional bases for objecting to Claim 157 on any other ground.

**Prayer**

WHEREFORE, the Trustee respectfully requests that the Court enter an order (a) sustaining the Trustee's objections to Claim 157; (b) disallowing Claim 157; (c) expunging the

official claims register in this bankruptcy case of Claim 157 and (d) granting the Trustee any and all other relief, at law or in equity, to which the Trustee may be justly entitled.

Dated: December 21, 2009
      Dallas, Texas

Respectfully submitted,

BAKER & MCKENZIE LLP

By: /s/ Elliot D. Schuler
    David W. Parham
    State Bar No. 15459500
    Elliot D. Schuler
    State Bar No. 24033046
    2300 Trammell Crow Center
    2001 Ross Avenue
    Dallas, Texas 75201
    Telephone: (214) 978-3000
    Facsimile: (214) 978-3099
    E-mail: david.w.parham@bakernet.com
    E-mail: elliot.d.schuler@bakernet.com

**ATTORNEYS FOR MARLA REYNOLDS, TRUSTEE OF THE SUPERIOR CREDITOR'S TRUST**

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing Objection was served on December 21, 2009 upon the following:

**U.S. Trustee:**
Mary Frances Durham
Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, TX 75242

Kurt Manufacturing Company
5280 Main Street NE
Minneapolis, MN 55421

/s/ Elliot D. Schuler
Elliot D. Schuler