David W. Parham
State Bar No. 15459500
Elliot D. Schuler
State Bar No. 24033046
Baker & McKenzie
2300 Trammel Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 978-3000
Facsimile: (214) 978-3099

**ATTORNEYS FOR MARLA REYNOLDS, TRUSTEE
OF THE SUPERIOR CREDITOR'S TRUST**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **IN RE:** § | |
| § | **Case No. 08-36705-BJH-11** |
| **SUPERIOR AIR PARTS, INC.** § | |
| § | |
| **DEBTOR-IN POSSESSION.** § | |

**OBJECTION TO CLAIM NO. 196
FILED BY HELIO PRECISION PRODUCTS, INC.**

TO THE HONORABLE BARBARA J. HOUSER,
UNITED STATES BANKRUPTCY JUDGE:

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1254 EARLE CABELL FEDERAL BLDG AND UNITED STATES COURTHOUSE, 1100 COMMERCE STREET DALLAS, TX 75242, BEFORE THE DATE WHICH IS THIRTY (30) DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED, A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR OBJECTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

Marla Reynolds, in her capacity as Trustee of the Superior Creditor's Trust (the "Trustee") files this her Objection (the "Objection") to Claim No. 196 filed by Helio Precision Products, Inc. ("Helio") and respectfully represents as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 196 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 196(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

2. On December 31, 2008 (the "Petition Date"), Superior Air Parts, Inc. (the "Debtor" or "Superior") commenced this case by the filing of a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court").

3. The deadline for filing claims was February 17, 2009 (the "Bar Date").

4. On or about August 27, 2009, the Bankruptcy Court entered an order confirming the Third Amended Plan of Reorganization (the "Plan") jointly proposed by Superior and the Official Committee of Unsecured Creditors (the "Committee"). The Plan became effective on September 28, 2009 (the "Effective Date").

5. Pursuant to the Plan, on the Effective Date, all of the Trust Assets[1] vested in the Superior Creditors Trust (the "Trust"). Marla Reynolds was appointed as Trustee of the Trust. The Trustee has authority to file objections to Claims.

---

[1] All capitalized terms not defined herein shall have the meaning ascribed to such term in the Plan.

DALDMS/672318.1                                                                                              2

**Objection**

6. The Trustee has reviewed and analyzed the claims filed against Superior and after reasonable investigation and due diligence, has determined that certain of those claims are defective.

7. Helio filed proof of claim number 196 ("Claim 196") in the amount of $87,656.27.

8. Claim 196 constitutes a claim for executory purchase orders. Pursuant to section 7.2 of the plan of reorganization, the Debtor assumed a significant percentage of executory purchase orders. However, the Debtor rejected its executory purchase orders with Helio.

9. The Bankruptcy Code provides that the effect of a rejection of an executory contract is a breach, *see* 11 U.S.C. § 365(g), and the breach gives rise to a claim for damages by the non-debtor party to the contract. *See Wainer v. A.J. Equities, Ltd.*, 984 F.2d 679, 684 (5th Cir. 1993).

10. Based on Superior's rejection of its executory purchase orders, Helio does have a claim for breach. However, the Trustee has analyzed Helio's claim and believes that the claim is overstated and should be reduced. The proper amount of the claim is $69,242.00.[2]

**Reservation of Rights**

11. The relief requested is without prejudice to any claims or causes of action belonging to the Trustee, nor does it constitute a waiver of any claims or causes of action belonging to the Trustee. Additionally, the Trustee expressly reserves the right to further amend or supplement this Objection to assert additional bases for objecting to Claim 196 on any other ground.

---

[2] This does not even take into account the salvage value of the goods, which would lower the claim even further.

DALDMS/672318.1

3

### **Prayer**

WHEREFORE, the Trustee respectfully requests that the Court enter an order (a) sustaining the Trustee's objections to Claim 196; (b) allowing Claim 196 in the reduced amount of $69,242.00; and (c) granting the Trustee any and all other relief, at law or in equity, to which the Trustee may be justly entitled.

Dated: December 22, 2009
      Dallas, Texas

                                     Respectfully submitted,

                                     BAKER & MCKENZIE LLP

                                     By:  /s/ Elliot D. Schuler
                                             David W. Parham
                                           State Bar No. 15459500
                                           Elliot D. Schuler
                                           State Bar No. 24033046
                                           2300 Trammell Crow Center
                                           2001 Ross Avenue
                                           Dallas, Texas 75201
                                           Telephone: (214) 978-3000
                                           Facsimile:  (214) 978-3099
                                           E-mail: david.w.parham@bakernet.com
                                           E-mail: elliot.d.schuler@bakernet.com

                                           **ATTORNEYS FOR MARLA REYNOLDS, TRUSTEE OF THE SUPERIOR CREDITOR'S TRUST**

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing Objection was served on December 22, 2009 upon the following:

**U.S. Trustee:**
Mary Frances Durham
Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, TX 75242

McCarter & English LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4444

                                           /s/ Elliot D. Schuler
                                               Elliot D. Schuler