12/18/2009

Clerk of United States Bankruptcy Court
1254 Earl Cabell Federal Bldg & U.S. Courthouse
1100 Commerce Street
Dallas, Tx. 75242

FILED
DEC 22 2009
TAWANA C. MARSHALL, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

RE: REinforcement of OBJECTION CASE #08-36705-BJH-11
Superior

TO: HONORABLE BARBARA HOUSER

The TRUSTEE of the Superior Creditors TRUST has advised me by phone that they would like me to write to you asking that you remove my objection regarding payment of my claim.

The trustee states that Superior has reorganized & will honor all warranty claims occurring after the Effective date of "the plan". Phone conversation only.

Superior has as of today advised that "the Plan" has not been activated.
The Manufacturer of the engine also has No knowledge of said "plan".

I do not at this time have conclusive evidence that my warranty will be honored & therefore petition you to direct the trustee to pay my claim.

Sincerely,
Michael Badger         *see Attachment #1
P.O. Box 2950 Post Falls ID 83877

In addition to the Cash Contribution, the Plan includes certain provisions which reduce the pool of claims of unsecured creditors including the following:

1. The Reorganized Debtor will assume all outstanding purchase orders provided that vendors agree to delay delivery for up to eighteen months if requested by the Reorganized Debtor in exchange for the release of any claims of vendors against the Debtor arising out of such purchase orders.

2. The Reorganized Debtor will assume the Debtor's obligations under its liability insurance policies to pay defense costs up to the deductible limits as provided in the policies.

3. The Debtor will negotiate with its landlord leasing Debtor's facilities space in Coppell, Texas to modify the existing lease in an effort reduce or eliminate the landlord's potential $450,000 claim, less its deposit, for the rejection of the existing lease. If the negotiations are unsuccessful, the Debtor will move its operations and reject the lease.

4. The Reorganized Debtor will honor all warranty claims for product failures occurring *after* the Effective Date of the Plan, regardless of whether such parts were sold before the Effective Date.

*Plan Effective Date: 9/23/2009*

The provisions of this Plan shall bind any holder of a Claim against, or Interest in, the Debtor and its respective successors and assigns, whether or not the Claim or Interest of such holder is impaired under this Plan and whether or not such Holder has accepted this Plan.

Upon the Effective Date, all debts of, Claims against, and Interests in the Debtor or its assets of any nature whatsoever, shall be completely satisfied, discharged and released to the full extent provided by § 1141(d)(1) of the Bankruptcy Code except as otherwise provided in this Plan or the Confirmation Order. The discharge of the Debtor shall be effective as to each debt, Claim or Interest, regardless of whether a proof of Claim or proof of Interest therefore was filed, whether the Claim or Interest is Allowed, or whether the holder thereof votes to accept this Plan. On the Effective Date, as to every discharged debt, Claim and Interest, all persons, entities and governmental units (including, without limitation, any holder of a debt, Claim or Interest) shall be precluded from asserting against the Debtor or Reorganized Debtor or against such Debtor's or Reorganized Debtor's assets or properties, or the Creditors' Trust or its assets any other or further debt, Claim or Interest based upon any document, instrument, act, omission, transaction, or other activity of any kind or nature that occurred before the Effective Date.

*Plan Confirmed by Confirmation Order entered 8/27/2009*

*214-777-0259*