David W. Parham
State Bar No. 15459500
Elliot D. Schuler
State Bar No. 24033046
Baker & McKenzie
2300 Trammel Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 978-3000
Facsimile: (214) 978-3099

**ATTORNEYS FOR MARLA REYNOLDS, TRUSTEE
OF THE SUPERIOR CREDITOR'S TRUST**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| **IN RE:** § | |
| § | **Case No. 08-36705-BJH-11** |
| **SUPERIOR AIR PARTS, INC.** § | |
| § | |
| **DEBTOR-IN POSSESSION.** § | |

### OBJECTION TO CLAIM NO. 158
### FILED BY TEXAS DUGAN LIMITED PARTNERSHIP

TO THE HONORABLE BARBARA J. HOUSER,
UNITED STATES BANKRUPTCY JUDGE:

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1254 EARLE CABELL FEDERAL BLDG AND UNITED STATES COURTHOUSE, 1100 COMMERCE STREET DALLAS, TX 75242, BEFORE THE DATE WHICH IS THIRTY (30) DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED, A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR OBJECTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

Marla Reynolds, in her capacity as Trustee of the Superior Creditor's Trust (the "Trustee") files this her Objection (the "Objection") to Claim No. 158 filed by Texas Dugan Limited Partnership ("Texas Dugan") and respectfully represents as follows:

**Jurisdiction and Venue**

1.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 196 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 196(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

2.  On December 31, 2008 (the "Petition Date"), Superior Air Parts, Inc. (the "Debtor" or "Superior") commenced this case by the filing of a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court").

3.  The deadline for filing claims was February 17, 2009 (the "Bar Date").

4.  On or about August 27, 2009, the Bankruptcy Court entered an order confirming the Third Amended Plan of Reorganization (the "Plan") jointly proposed by Superior and the Official Committee of Unsecured Creditors (the "Committee"). The Plan became effective on September 28, 2009 (the "Effective Date").

5.  Pursuant to the Plan, on the Effective Date, all of the Trust Assets[1] vested in the Superior Creditors Trust (the "Trust"). Marla Reynolds was appointed as Trustee of the Trust. The Trustee has authority to file objections to Claims.

---

[1] All capitalized terms not defined herein shall have the meaning ascribed to such term in the Plan.

**Objection**

6. The Trustee has reviewed and analyzed the claims filed against Superior and after reasonable investigation and due diligence, has determined that certain of those claims are defective.

7. Texas Dugan filed proof of claim number 158 ("Claim 158") in the amount of $425,785.44.

8. Claim 158 constitutes a claim for potential lease rejection damages under 11 U.S.C. §502(b)(6)(A). Specifically, Claim 158 is comprised of base rent reserved and estimated common area maintenance expenses for one year for the Debtor's lease (the "Lease") of its offices located at 621 South Royal Lane, Suite 100, Coppell, Texas (the "Premises").

9. On or about April 14, 2009, the Debtor filed its Unopposed Motion for Extension of Time to Assume or Reject the Lease (the "Unopposed Motion") which sought to extend the Debtor's time to assume or reject the Lease until July 29, 2009. While the Unopposed Motion was granted, the Debtor did not make a decision by July 29, 2009 so the Lease was deemed rejected as a matter of law as of that date. Nonetheless, the Debtor did formally reject the Lease on August 26, 2009.

10. The Trustee does not dispute that the Lease was rejected, nor does the Trustee dispute that Texas Dugan may be entitled to limited lease rejection damages under 11 U.S.C. §502(b)(6)(A). However, the circumstances in this case do not justify a claim for $425,785.44, if any at all.

11. First, pursuant to section 1.01(H) of the Lease, Texas Dugan is currently holding a security deposit in the amount of $81,000.00. The Trustee is entitled to a full offset for the

amount of the security deposit. Upon information and belief, Texas Dugan does not dispute that Claim 158 needs to be reduced by this amount.

12. Second, while the Lease was rejected five months ago, Superior is still occupying the Premises and paying Texas Dugan monthly for its base rent and common area maintenance expenses. Upon information and belief, Superior is not in arrears. Thus, any claim that Texas Dugan has been damaged as of the current time is purely anticipatory, and not actual.

13. Third, Texas Dugan has a duty to mitigate any of its potential damages. Upon information and belief Superior and Texas Dugan are actively negotiating with each other for a potential extension of the Lease on the same or new terms. While the Trustee believes that the parties have exchanged several proposals as of the date of this Objection, the Trustee has not been advised that any agreements have been finalized. Nevertheless, the Trustee believes it is very likely that Superior will remain at the Premises and continue to pay Texas Dugan in accordance with the terms of the Lease. In the Trustee's estimation, if Superior does relet the Premises the amount of the security deposit will offset any claim Texas Dugan may have against the Trust.

## **Reservation of Rights**

14. The relief requested is without prejudice to any claims or causes of action belonging to the Trustee, nor does it constitute a waiver of any claims or causes of action belonging to the Trustee. Additionally, the Trustee expressly reserves the right to further amend or supplement this Objection to assert additional bases for objecting to Claim 158 on any other ground.

## **Prayer**

WHEREFORE, the Trustee respectfully requests that the Court enter an order (a) sustaining the Trustee's objections to Claim 158; (b) disallowing Claim 158; (c) expunging the

official claims register in this bankruptcy case of Claim 158 and (d) granting the Trustee any and all other relief, at law or in equity, to which the Trustee may be justly entitled.

Dated: December 23, 2009
      Dallas, Texas

                              Respectfully submitted,

                              BAKER & MCKENZIE LLP

                              By:  /s/ Elliot D. Schuler
                                    David W. Parham
                                    State Bar No. 15459500
                                    Elliot D. Schuler
                                    State Bar No. 24033046
                                    2300 Trammell Crow Center
                                    2001 Ross Avenue
                                    Dallas, Texas 75201
                                    Telephone: (214) 978-3000
                                    Facsimile:  (214) 978-3099
                                    E-mail: david.w.parham@bakernet.com
                                    E-mail: elliot.d.schuler@bakernet.com

                                    **ATTORNEYS FOR MARLA REYNOLDS,**
                                    **TRUSTEE OF THE SUPERIOR**
                                    **CREDITOR'S TRUST**

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing Objection was served on December 23, 2009 upon the following:

**U.S. Trustee:**
Mary Frances Durham
Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, TX 75242

Texas Dugan Limited Partnership
Attention: Ava D. Strout
1421 N. Dallas Parkway, Suite 1000
Dallas, Texas 75254

/s/ Elliot D. Schuler
Elliot D. Schuler