Sean A. Gordon (TX Bar No. 24048504)
Thompson Hine LLP
One Atlantic Center
1201 W. Peachtree St., Suite 2200
Atlanta, Georgia  30309
Sean.Gordon@ThompsonHine.com

Louis F. Solimine
Thompson Hine LLP
312 Walnut Street
Suite 1400
Cincinnati, Ohio 45202
Louis. Solimine@ThompsonHine.com

Attorneys for Texas Dugan Limited Partnership

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re: | Case No. 08-36705-BJH-11 |
| SUPERIOR AIR PARTS, INC., | Chapter 11 |
| Debtor. | |

**TEXAS DUGAN LIMITED PARTNERSHIP
RESPONSE TO DEBTOR'S OBJECTION TO CLAIM NO. 158
FILED BY TEXAS DUGAN LIMITED PARTNERSHIP**

TO: THE HONORABLE BARBARA J. HOUSER
    UNITED STATES BANKRUPTCY JUDGE

Texas Dugan Limited Partnership ("Texas Dugan") hereby responds to the Objection filed by Marta Reynolds, Trustee of the Superior Creditors Trust (the "Trustee"), to Claim No. 158 filed by Texas Dugan and respectfully represents as follows:

1. On or about November 6, 2001 Texas Dugan, as landlord, and Superior Air Parts, Inc. (the "Debtor"), as tenant, entered into an Industrial Lease Agreement (as amended, the "Lease Agreement") for certain premises located at 621 South Royal Lane, Suite 100, Coppell, Texas (the "Leased Premises").

2. On December 31, 2008 the Debtor commenced this Chapter 11 case and during the course of proceedings the Debtor requested, and this Court granted, an extension of time until July 29, 2009 for the Debtor to assume or reject the Lease Agreement. When the Debtor failed, however, to assume the Lease Agreement prior to the expiration of that deadline, effective on and as of July 29, 2009 the Lease Agreement was deemed to be rejected by operation of law. 11 U.S.C. § 365 (d)(4). Consequently, Texas Dugan thereupon became entitled to assert a claim against the Debtor for lease rejection damages.

3. Texas Dugan timely filed its claim (no. 158) for lease rejection damages in the amount of $425,785.44. A copy of Texas Dugan's proof of claim is attached hereto as Exhibit A. Texas Dugan properly calculated those damages, first, by determining the amount to which it would be entitled under the Lease Agreement and state law and, then, by applying to that amount the limitations set forth in Section 502(b)(6) of the Bankruptcy Code.[1] *See generally In re Stonebridge Technologies, Inc.*, 430 F.3d 260 (5th Cir. 2005); *In re Highland Superstores, Inc.*,

---

[1] According to the Lease Agreement, the minimum monthly base rent for the 31-month period beginning on August 1, 2009 (the month immediately following the rejection of the Lease Agreement) and ending on February 29, 2012 (the expiration of the Lease Agreement) is $28,116.98. The Debtor also is obligated under the Lease Agreement to pay certain operating expenses which, in 2009, amounted to another $7,365.14 per month. Based on a conservative 1% annual increase for 2010, and 3% increases for 2011 and 2012, those monthly operating expenses are likely to increase to at least approximately $7,430 in 2010, $7,653 in 2011 and $7,883 in 2012. This means that Texas Dugan's total lease rejection damages as of the Debtor's rejection of the Lease Agreement are as follows:

| Period | Amount |
|---|---|
| 08/01/09 – 12/31/09 | $177,410.60 |
| 01/01/10 – 12/31/10 | 426,563.76 |
| 01/01/11 – 12/31/11 | 429,239.76 |
| 01/01/12 – 02/29/12 | 71,999.96 |
| TOTAL | $1,105,214.08 |

Even subtracting the rent and operating expenses which the Debtor has paid since August 1, 2009 to date (at total of $212,957.58), Texas Dugan's remaining lease rejection damages ($892,256.50) still are far in excess of the one-year cap imposed by Section 502(b)(6).

2

154 F.3d 573 (6th Cir. 1998). *See also In re Bob's Sea Ray Boats, Inc.*, 143 B.R. 229, 231 (Bankr. D.N.D. 1992)("Any rents received in consequence of re-letting are not, however, applied towards satisfaction of the 502(b)(6) claim after making the statutory calculation, rather such payments are deducted from the landlord's total actual lease termination damages, before the Section 502(b)(6) cap is applied.").

4. The Trustee does not dispute that Texas Dugan is entitled to lease rejection damages. Rather, the Trustee claims that Texas Dugan's damages should be reduced in two respects: (1) by the $81,000 security deposit which Texas Dugan currently holds under the Lease Agreement; and (2) because for the time being the Debtor continues to occupy the Leased Premises, on a month-to-month basis, and to pay the base rent and common area maintenance expenses provided in the Lease Agreement.

5. As to the $81,000 security deposit, Texas Dugan agrees that amount should be deducted from its $425,785.44 claim. As to the balance of its claim, however, Texas Dugan takes strong exception to the Trustee's mistaken notion that, because the Debtor remains in the Leased Premises for now, Texas Dugan's lease rejection damages are "purely anticipatory, and not actual." According to the Trustee, since "upon information and belief" Texas Dugan and the Debtor are "actively negotiating with each other for a potential extension of the Lease on the same or new terms . . . it is very likely that [the Debtor] will remain at the Premises and continue to pay Texas Dugan in accordance with the terms of the Lease."

6. Although Texas Dugan and the Debtor informally have discussed a new lease agreement, at this point the Trustee's professed beliefs and assumptions about the Debtor's future plans are nothing more than wishful thinking. Neither Texas Dugan nor the Debtor has made any binding commitments to the other and, in fact, from all indications so far it appears the Debtor may prefer to remain a month-to-month tenant rather than enter into a new lease

agreement for a term certain.  Given these circumstances, Texas Dugan has no assurances whatsoever the Debtor will continue to occupy the Leased Premises and to pay rent for any longer than one more month.

7. Texas Dugan recognizes that, under Texas law, a landlord has a duty to mitigate its damages arising from a tenant's breach of a lease. *See, e.g., In re Merry-Go-Round Enterprises, Inc.*, 241 B.R. 124, 132 (Bankr. D. Md. 1999)(applying Texas law). Furthermore, any such mitigation is determined under Texas law by calculating the present value of the rent to which the landlord is entitled from re-letting the premises. *Id*. at 135.  In this instance, however, since the Debtor presently occupies the Leased Premises on a month-to-month basis, Texas Dugan is not entitled to anything more than the rent for the current month. The Debtor otherwise is not obligated to make any future payments to Texas Dugan and, therefore, the present value of the Debtor's non-existent obligation is, of course, zero.

8. Also under Texas law, "the tenant properly bears the burden of proof to demonstrate that the landlord has mitigated or failed to mitigate damages and the amount by which the landlord reduced or could have reduced its damages." *Id*. at 132  citing *Austin Hill Country Realty, Inc. v. Palisades Plaza, Inc.,* 948 S.W.2d 293, 294 (Tex. 1997).  In this case, the Trustee's self-serving speculation about the Debtor's future plans is no substitute for the hard evidence necessary to sustain that burden of proof. *See, e.g., In re Henderson*, 297 B.R. 870 (Bankr. M.D. Fla. 2003) (in computing a landlord's lease rejection damage claim, the "mere possibility" that another tenant would exercise two 5-year renewal options "is far to (sic) short from the quality of proof necessary [for the debtor to demonstrate] this possibility will, in fact, be translated into reality." *Id*. at 874.

4

9. Similarly, unless and until the Debtor enters into a new lease for the Leased Premises, the mere possibility that it may do so, and may continue to pay rent long enough to reduce Texas Dugan's lease rejection damage claim below the Section 502(b)(6) cap, is nothing other than pure conjecture and, as such, is insufficient to support the Trustee's Objection.

For all the foregoing reasons, Texas Dugan submits that, except as indicated in ¶ 4 above, the Trustee's objection is not well taken and should be overruled in all respects.

Dated: January 20, 2010

Respectfully submitted,

THOMPSON HINE LLP

/s/Sean A. Gordon
Sean A. Gordon (TX Bar No. 24048504)
Thompson Hine LLP
One Atlantic Center
1201 W. Peachtree St., Suite 2200
Atlanta, GA  30309
Sean.Gordon@ThompsonHine.com

and

Louis F. Solimine
Thompson Hine LLP
312 Walnut Street
Suite 1400
Cincinnati, Ohio 45202
Louis.Solimine@ThompsonHine.com

Attorneys for Texas Dugan Limited Partnership

## CERTIFICATE OF SERVICE

A copy of the foregoing Response to Objection was served by e-mail via the Court's electronic filing system upon those parties registered to receive electronic notice thereby, and by regular U.S. Mail, postage prepaid, on January 20, 2010, upon the parties identified

| | |
|---|---|
| David W. Parham<br>Baker & McKenzie LLP<br>2300 Trammell Crow Center<br>2001 Ross Avenue<br>Dallas, TX 75201 | McCarter & English<br>Four Gateway Center<br>100 Mulberry Street<br>Newark, NJ 07102 |
| Michelle A. Levitt<br>AIG Bankruptcy Collections<br>70 Pine Street, 28th Floor<br>New York, NY 10270 | Mary Frances Durham<br>Office of the United States Trustee<br>1100 Commerce Street, Room 976<br>Dallas, TX 75242 |

/s/ Sean A. Gordon
Sean A. Gordon

757515 v1 - Superior Air Response to Objection of Texas Dugan