U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described**.

*Barbara J. Houser*

**Signed January 26, 2010**                    **United States Bankruptcy Judge**

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **Case No. 08-36705-BJH-11** |
| **SUPERIOR AIR PARTS, INC.** | § | |
| | § | **Hearing Date: 01/20/2010** |
| **DEBTOR-IN POSSESSION.** | § | **Hearing Time: 1:15 p.m.** |

### ORDER GRANTING OBJECTION TO CLAIM NO. 121
### FILED BY LLEWELLYN LANGLAND

(Relates to Docket No. 510)

Upon the Objection to Claim No. 121 filed by Llewellyn Langland (the "Objection") of

Marla Reynolds, Trustee, of the Superior Creditor's Trust (the "Trustee") as more fully set forth

in the Objection; and the Court having jurisdiction to consider the Objection and grant the

requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the

Objection being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper

before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Trustee having provided

proper notice of the Objection; and the Court having held a hearing to consider the requested

relief (the "Hearing") with the appearances of all interested parties noted in the record of the

Hearing; and the Court having found sufficient legal and factual grounds for disallowing Claim

No. 121 filed by Llewellyn Langland; and the Court having determined that the legal and factual

bases set forth in the Objection establish just and sufficient cause to grant the requested relief

herein; and therefore, it is:

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, Claim No. 121 filed

by Llewellyn Langland is hereby disallowed and expunged in its entirety; and it is further

ORDERED that Llewellyn Langland is not entitled to a distribution in this Bankruptcy

Case; and it is further

ORDERED that this Court hereby retains jurisdiction to hear and determine all matters

arising from or related to the implementation, interpretation and/or enforcement of this Order.

# # # END OF ORDER # # #