U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described**.

**Signed January 26, 2010**                                                                 **United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE: § | |
| § | Case No. 08-36705-BJH-11 |
| SUPERIOR AIR PARTS, INC. § | |
| § | |
| DEBTOR-IN POSSESSION. § | |

**ORDER GRANTING OBJECTION TO CLAIM NO. 79 FILED BY CARL JOHNSON**
[*Relates to Docket No. 489*]

Upon the Objection to Claim No. 79 filed by Carl Johnson (the "Objection") of Marla Reynolds, Trustee, of the Superior Creditor's Trust (the "Trustee") as more fully set forth in the Objection; and the Court having jurisdiction to consider the Objection and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Objection being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Trustee having provided proper notice of the Objection; and the Court having held a hearing to consider the requested relief (the "Hearing") with the appearances of all interested parties noted in the record of the Hearing; and the Court

having found sufficient legal and factual grounds for disallowing Claim No. 79 filed by Carl Johnson; and the Court having determined that the legal and factual bases set forth in the Objection establish just and sufficient cause to grant the requested relief herein; and therefore, it is:

ORDERED that pursuant to Section 7.1 of the Plan, Claim No. 79, as a claim under one of the Debtor's insurance policies, was assumed by the Reorganized Debtor; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, Claim No. 79 filed by Carl Johnson is hereby disallowed and expunged in its entirety; and it is further

ORDERED that Carl Johnson is not entitled to a distribution in this Bankruptcy Case; and it is further

ORDERED that this Court hereby retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

# # # END OF ORDER # # #