**ENTERED**

**TAWANA C. MARSHALL, CLERK**
**THE DATE OF ENTRY IS**
**ON THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described**.

**Signed March 16, 2010**                                  **United States Bankruptcy Judge**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **Case No. 08-36705-BJH-11** |
| **SUPERIOR AIR PARTS, INC.** | § | |
| | § | |
| | § | |
| **DEBTOR-IN POSSESSION.** | § | |

### AGREED ORDER SUSTAINING
### TRUSTEE'S OBJECTION TO CLAIM NO. 162 FILED BY MICHAEL BADGER
(Relates to Docket No. 470)

WHEREAS, on or about August 27, 2009, the Bankruptcy Court entered an order

confirming the Third Amended Plan of Reorganization  (the "Plan") jointly proposed by the

Debtor and the Official Committee of Unsecured Creditors (the "Committee");

WHEREAS, the Plan became effective on September 28, 2009 (the "Effective Date");

WHEREAS, pursuant to Section 6.8 of the Plan (Reorganized Debtor to Honor Certain

Warranties), the Reorganized Debtor assumed the Debtor's warranty obligations for alleged

failure of a product occurring *after* the Effective Date of the Plan regardless of whether such goods were sold prior to the Effective Date of the Plan (each an "Assumed Warranty Claim");

WHEREAS, Michael Badger ("Badger") filed proof of claim number 162 for approximately $3,000.00 for a warranty claim for a potential product failure (the "Claim");

WHEREAS, Marla Reynolds, Trustee, of the Superior Creditor's Trust (the "Trustee") has authority to file, prosecute and object to claims such as the Claim;

WHEREAS, the Trustee filed her Second Omnibus Objection to Claims (No Liability-Warranty Claims Assumed Under Plan) (the "Objection") objecting to several Assumed Warranty Claim, including the Claim;

WHEREAS, Badger, the Trustee and the Reorganized Debtor agree that the Claim does not assert product failure occurring *before* the Effective Date of the Plan, rather the Claim is for potential product failure; it is therefore

ORDERED that the Objection is Sustained; it is further

ORDERED that the Claim is an Assumed Warranty Claim  under the Plan; it is further

ORDERED that in the event of an alleged product failure occurring within the applicable time period covered by Badger's warranty, such will be an obligation of the Reorganized Debtor as stated in Section 6.8 of the Plan (Reorganized Debtor to Honor Certain Warranties) not the Trustee; it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the Claim is hereby disallowed and expunged in its entirety; and it is further

ORDERED that Badger is not entitled to a distribution in this Bankruptcy Case; and it is further

ORDERED that this Court hereby retains jurisdiction to hear and determine all matters

arising from or related to the implementation, interpretation and/or enforcement of this Order.

# # # END OF ORDER # # #

**AGREED:**


   /s/ Elliot D. Schuler
Elliot D. Schuler
State Bar No. 24033046
BAKER & MCKENZIE, LLP
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 978-3000
Facsimile:  (214) 978-3099

**Counsel for Marla Reynolds,**
**Trustee of the Superior Creditors Trust**


   /s/ Kent Abercrombie
Kent Abercrombie
President/CEO
Superior Air Parts, Inc.
621 S. Royal Lane, Suite 100
Coppell, TX 75019-3805
Telephone: 972-829-4636
Fax:   866-743-3508

**Authorized Representative of Superior Air Parts, Inc.**


   /s/ Michael Badger
Michael Badger
P.O. Box 2950
Post Falls, ID 83877
Telephone: 208-819-4103
Fax:   208-773-0012