CAUSE NO. _____

| | | |
|---|---|---|
| LYCOMING ENGINES, A DIVISION OF AVCO CORPORATION, AND TEXTRON INNOVATIONS INC. | § § § § § § § § § § § § § | IN THE DISTRICT COURT FOR |
| PLAINTIFFS, | | \_\_\_\_\_ JUDICIAL DISTRCIT |
| VS. | | |
| SUPERIOR AIR PARTS, INC. | | |
| DEFENDANTS. | | TARRANT COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION, REQUEST FOR PERMANENT INJUNCTION, AND REQUEST FOR DISCLOSURE

Plaintiffs Lycoming Engines, a division of Avco Corporation ("Lycoming") and Textron Innovations Inc. ("Textron") hereby alleges as follows:

### I. DISCOVERY CONTROL PLAN

1.   Discovery on this case has been and will be conducted under a Level 3 scheduling order.

### II. JURISDICTION AND VENUE

2.   This is an action for misappropriation of trade secrets, unfair competition, breach of contract, theft, conversion, joint action, and breach of fiduciary duty arising under the laws of the state of Texas. The damages are in excess of the jurisdictional limits of the Court.

3.   This Court has jurisdiction because the causes of action arise under the laws of the state of Texas and all or a substantial part of the actions or omissions giving rise to the causes of action occurred in the state of Texas.

4. Venue is proper because all or a substantial part of the actions or omissions giving rise to the causes of action occurred in Tarrant County. Venue is proper because Defendant has distributed parts and services to Tarrant County and through Tarrant County. Further, in breach of its contractual, legal, and equitable duties under Texas law, Defendant has mis-used and misappropriated Plaintiff's trade secret and proprietary information by submitting this information to the Federal Aviation Administration in Fort Worth, Texas for the purpose of obtaining Parts Manufacturing Approvals in furtherance of Defendant's plan to a misappropriate, mis-use, and steal Plaintiff's trade secret and proprietary data for Defendant's own financial gain.

## II. JURY DEMAND

5. Plaintiff demands a trial by jury for all issues triable to a jury.

## III. THE PARTIES

6. Lycoming is a Delaware company with its principal place of business in Williamsport, PA.

7. Textron is a Delaware company with its principle place of business in Providence, Rhode Island.

8. Defendant Superior Air Parts, Inc. ("Superior" or "Defendant") is a Texas corporation with its principal place of business in Coppell, Texas. Defendant Superior may be served through its registered agent, Kent Abercrombie, 621 S. Royal Lane, ste 100, Coppell, TX 75019.

## IV. FACTS

9. Plaintiff Lycoming designs, manufactures and sells aircraft engines and aircraft engine replacement parts under the name Lycoming, a division of Avco Corporation; Lycoming;

and Lycoming Engines. Plaintiff Textron holds the property rights to various trade secrets and intellectual property related to Lycoming-related engine parts and licenses them to Plaintiff Lycoming.

10. Plaintiffs are the developer, licensee, and proprietary owner of technical data, specifications, blueprints for genuine Lycoming parts and Lycoming process specifications for certain processes performed on Lycoming parts, which contain trade secret and proprietary data of Lycoming. This information is not ordinarily known outside the business of Lycoming, and Plaintiffs take measures to prevent its disclosure. This trade secret information and proprietary information gives Lycoming a competitive advantage in the marketplace. Plaintiffs have spent considerable sums of money creating this information and protecting it over the years.

11. At the relevant times, Superior makes and has made after-market aircraft engine parts and components, including those meant to replicate Lycoming engines or parts for Lycoming engines. Upon information and belief, Superior gained some or all of the knowledge relating to the design and construction of these parts by illicitly obtaining the trade secret and proprietary information of Plaintiffs. Upon information and belief, Superior illicitly obtained this information, knowing that its acquisition was improper or under conditions in which it should have known it was improper. Upon information and belief, Superior did not properly reverse engineer or otherwise properly come into possession of this information.

12. Upon information and belief, Superior then illegally used this trade secret and proprietary information to obtain Parts Manufacturing Approvals ("PMAs"), to design parts and to manufacture parts. Upon information and belief, Superior has made sales and collected monies

using Plaintiffs' trade secret and proprietary information, and Superior has diluted Lycoming's ability to properly sell its own parts and engines in the marketplace.

### V. FIRST CLAIM FOR RELIEF - MISAPPROPRIATION OF TRADE SECRETS

13. Plaintiffs incorporate by reference the allegations of paragraphs 8 through 12.

14. Plaintiffs' drawings, process specifications, procurement specification and other technical know-how represents millions of dollars and tens of thousands of engineering hours invested in designing, developing, testing, obtaining FAA approval, and marketing the components, parts, services and manufacturing processes reflected in such proprietary documents. Defendant's used this trade-secret data to build various parts created and sold pursuant to PMAs.

15. The data contained in Plaintiffs' drawings, process specifications, procurement specifications and technical know-how are trade secrets of Plaintiffs. This trade-secret information is not known outside of Plaintiffs' business. Plaintiffs take precautions to protect the secrecy of this trade-secret information both inside and outside Plaintiffs. This trade-secret information is very valuable to Plaintiffs and gives them a competitive advantage over others. This trade-secret information is either impossible to duplicate or very timely and costly to replicate.

16. Superior has stolen and illicitly obtained Plaintiffs' proprietary and trade secret information. In 1981, when confronted with its wrongful actions, Superior entered into a settlement agreement with Lycoming ("1981 Agreement"). In the 1981 Agreement, Lycoming licensed certain of its proprietary and trade secret information to Superior, and Lycoming was paid royalties related to Superior's certain of Superior's Lycoming-related products in addition to a yearly amount. Under the 1981 Agreement, Superior acknowledged the confidential and

trade-secret nature of the information and agreed to maintain the confidential and trade secret status of Lycoming's trade secret and proprietary information. Further, Superior agreed that that information was, at all times, to remain the property of Lycoming. The 1981 Agreement was agreed to not be subject to public disclosure; therefore, the document is not be attached.

17. Superior did not honor its commitments with Lycoming and attempted to both mis-use Lycoming's trade secret and proprietary data and to avoid paying the royalties and monies due under the licensing arrangement. Further, Superior continued to use improper means to acquire and mis-use Lycoming's trade secret and proprietary information. By doing so, Superior breached its contractual obligations regarding the trade secret and proprietary information and violated the confidential relationship established under the 1981 Agreement. These actions were taken after obtaining notice that Superior had improperly obtained Lycoming's trade secret and proprietary data. Thereby, in 1999, when confronted with its wrongful actions, Superior once again entered into a settlement agreement, with an attendant licensing agreement and security agreement ("1999 Agreements"). Once again, Superior acknowledged the confidential and trade-secret nature of the information and agreed to maintain the confidential and trade secret status of Lycoming's trade secret and proprietary information. Superior has violated the 1999 Agreements as well. The 1999 Agreements were agreed to be confidential; therefore, the documents are not be attached.

18. Once again, Superior failed to honor its obligations regarding the trade secret and proprietary information and violated the confidential relationship established under the 1999 Agreements. Superior continued to utilize improper means to acquire and mis-use Lycoming's trade secret and proprietary information. By doing so, Superior breached its contractual

obligations regarding the trade secret and proprietary information, violated the duties it owed under common law, and violated the confidential relationship established under the 1981 Agreement and the 1999 Agreements. These actions were taken after obtaining notice that Superior had improperly obtained Lycoming's trade secret and proprietary data. This conduct of Superior demonstrates a fraudulent intent and practice to illicitly obtain and use Lycoming's trade secret and proprietary data for Superior's own use. Superior entered into the 1981 and 1999 Agreements without an intent to perform under those Agreements. Superior made false representations that were relied upon by Lycoming, and Superior knew the representations were false or made the representations recklessly, as a positive assertion without knowledge of their truth. Lycoming relied on Superior's representations, and this reliance caused Lycoming to be injured. After entering into those Agreements, Superior fraudulently concealed its own wrongdoing, despite the fiduciary obligations it owed to Lycoming. Superior entered into the 1981 and 1999 Agreements with the intent to further Superior's illicit and wrongful use of Lycoming's data for its own benefit.

19. Defendant has used and continues to use Plaintiffs' trade secrets and other proprietary information to develop the designs and manufacturing processes for the manufacture of replacement parts for Lycoming parts. Defendant has embarked on a plan to improperly obtain and improperly use Plaintiffs' trade secrets and proprietary information, knowing that it was improperly obtaining and using such data. Upon information and belief, Defendant has used and continues to use Plaintiffs' trade secrets and other proprietary information to obtain governmental approvals known as Parts Manufacturing Approvals. Defendant further plans to use Plaintiffs'

trade secrets and proprietary information by manufacturing engine parts and components to compete with Lycoming's parts.

20.     Defendant's mis-use of Plaintiffs' trade secrets and other proprietary information is without the express or implied authorization of Plaintiffs.

21.     Plaintiffs have been and continue to be harmed by Defendant's use of Plaintiffs' trade secrets and other proprietary information to develop designs and manufacturing processes for engine parts, which will allow Defendant to compete with Lycoming's sales of new replacement parts and providing a competitive advantage over competitors who did not or do not have access to Plaintiffs' trade secrets and proprietary data.

22.     Defendant's acts of misappropriation were made with knowledge of their impropriety and were thus committed intentionally and willfully.  By reason of the above acts of misappropriation, Plaintiffs have been and will continue to be damaged in an amount to be determined at trial.  Further, Defendant's wrongful acts and omissions have proximately caused the Plaintiffs' damages and injuries.

### VI.     SECOND CLAIM – DECLARATORY RELIEF

23.     Plaintiffs incorporate by reference the allegation of paragraphs 8 through 22.

24.     Defendant has been through a bankruptcy.  During the bankruptcy and at the conclusion of the bankruptcy, Defendant did not confirm, adopt, or assume the 1981 or 1999 Agreements.  Instead, the 1981 and/or 1999 Agreements have been rejected by Defendant. Further, Defendant has repudiated the 1981 Agreement and the 1999 Agreements, refused to perform under the agreements, and has rejected all obligations under the agreements. Accordingly, Defendant has no rights to any trade secret or proprietary data acquired under either

of those agreements; Defendant has no right to use or to continue to use any trade secret or proprietary data acquired under those agreements (or derivatives of such data), and Defendant has no licensee rights to Plaintiffs' trade secret or proprietary data. Further, any PMAs obtained with such data cannot be used by Defendant in the production of aviation merchandise because Defendant has not right to use the data or information.

25. Plaintiffs request a declaration that Defendant holds no license or other rights to Plaintiffs trade secret and proprietary information acquired through or under the 1981 Agreement, the 1999 Agreements, or otherwise. Plaintiffs seek a declaration that Plaintiffs, not Defendant, hold the rights to such data or information. Plaintiffs also request a declaration that Defendant cannot use any PMAs obtained based in whole or in part and/or based directly or indirectly on any trade secret or proprietary data of Plaintiffs. Plaintiffs also request a declaration that Defendant cannot manufacture, distribute, or sell any items that incorporate in whole or in part and/or that incorporate directly or indirectly any trade secret or proprietary data of Plaintiffs.

## VII. SECOND CLAIM FOR RELIEF - UNFAIR COMPETITION

26. Plaintiffs incorporate by reference the allegations of paragraphs 8 through 22.

27. Alternatively, Defendant is liable to Plaintiffs for unfair competition. Defendant's use of Plaintiffs' trade secrets and other proprietary information in an effort to directly compete with Lycoming constitutes common law unfair competition.

28. By reason of the above acts of unfair competition, Plaintiffs have been and will continue to be damaged in an amount to be determined at trial.

## VIII. THIRD CLAIM FOR RELIEF - THEFT

29. Plaintiffs incorporate by reference the allegations of paragraphs 8 through 22.

30. Alternatively, Defendant is liable to Plaintiffs for theft. Plaintiffs have a possessory right to various trade secrets and proprietary data. Defendant has unlawfully appropriated, secured, or stolen Plaintiffs' trade secrets and proprietary data. This theft was done with the intent to deprive Plaintiffs of their trade secret and proprietary information and/or to avoid payment for the use of such trade secret and proprietary information. Defendant's theft of Plaintiffs' trade secrets and other proprietary information to its own use and without the consent of Plaintiffs constitutes theft of trade secrets in violation of Texas Penal Code §31.05 Theft of Trade Secrets. This theft constitutes a violation of the Texas Theft Liability Act, sec. 134 et seq.

31. By reason of the above acts of theft, Plaintiffs have been and will continue to be damaged in an amount to be determined at trial. Plaintiffs are also entitled to extra damages as provided by the Theft Liability Act in Section 134.005.

## IX. FOURTH CLAIM FOR RELIEF - BREACH OF CONTRACT

32. Plaintiffs incorporates by reference the allegations of paragraphs 8 through 22.

33. Alternatively, Defendant is liable to Plaintiff Lycoming for breach of contract. Defendant has materially breached the 1981 and 1999 Agreements with Lycoming, causing damages to Lycoming. Defendant has breached these agreements by, among other things, mis-using the trade secret and proprietary data; continuing to steal or attempt to steal Plaintiffs' trade secret and proprietary data; failing to provide the required insurance coverage; and failing to provide defense and indemnity for various claims, including without limitation *Chrinstine Carrs, Individually and as Personal Representative of the Estate of Daniel P. Bisk, deceased, and Zoe Anne Bisk, and Caroline Dora Bisk v. Avco Corp., et al.*, CA No. 3:11-CV-03423-L, United Stated District Court, Northern District of Texas, Dallas Division and *Anne Lapkin, Individually and as*

*personal representative of the Estate of Amir Tirosh, deceased, and Alon Tirosh, individually, and Ariel Tirosh, individually v. Avco Corp., et al.*, CA No. 3:11-CV-03424-L, United States District Court, Northern District of Texas, Dallas Division. Lycoming performed, tendered, performance, or was excused from performing its contractual obligations. These damages are in excess of the jurisdictional limits of the court.

## X. FIFTH CLAIM FOR RELIEF - BREACH OF FIDUCIARY DUTY

34. Plaintiffs incorporate by reference the allegations of paragraphs 8 through 22.

35. Alternatively, Defendant is liable to Plaintiffs for breach of fiduciary duty. Pursuant to equitable and legal principles, Superior owed Plaintiffs a fiduciary duty to protect the confidentiality of Plaintiffs' trade secrets and other proprietary information and to not use the trade secrets and other proprietary information in a way that contrary to the interests of Plaintiffs. These duties arose from both common law and through the 1981 and 1999 Agreements. Superior owed Plaintiffs a duty to hold that information in a fiduciary capacity and to not appropriate the information for the purposes of the Defendant to compete with Lycoming. As a fiduciary, Superior owed Plaintiffs a duty of good faith; Superior owed Plaintiffs a duty of candor; Superior owed Plaintiffs a duty to avoid self-dealing; Superior owed Plaintiffs a duty for Superior to act with integrity of the strictest kind; Superior owed Plaintiffs a duty of fair, honest dealing; and Superior owed Plaintiffs a duty of full disclosure.

36. Superior breached that fiduciary duty by improperly and unfairly using Plaintiffs' trade secrets and other proprietary data for business purposes in competition with Lycoming. Defendant also failed to advise Plaintiffs that Defendant did not affirm the 1981 Agreement and/or the 1999 Agreements in bankruptcy and failed to advise Plaintiffs of its intent to not perform on its

obligations under the agreements (or common law), while continuing to misappropriate and use Plaintiffs' trade secret and proprietary data, all to Plaintiffs' detriment and damage.

37. By reason of the above breach of fiduciary duty, Plaintiffs have been injured and Defendant has benefitted. Plaintiffs have been and will continue to be damaged in an amount to be determined at trial. Defendant has been and will continue to benefit in an amount to be determined at trial. Defendant should have to disgorge the entirety of their ill-gotten funds, and a constructive trust in favor of Plaintiffs should be imposed on these monies.

### XI. SEVENTH CLAIM FOR RELIEF - CONVERSION

38. Plaintiffs incorporate by reference the allegations of paragraphs 8 through 22.

39. Alternatively, Defendant is liable to Plaintiffs for conversion. Plaintiffs have ownership interests, possessory interests, and the right to immediate possession of its trade secret and proprietary information. Defendant has wrongfully and without authorization converted certain of Plaintiffs' proprietary and trade secret data to their own use, by incorporating data into their own materials and by assuming exercise of dominion and control over the original data of Plaintiffs, to the exclusion of, and inconsistent with the superior right of Plaintiffs. Plaintiffs have a superior right to possession of the data, and thereafter, the exercise of dominion and control of the data by Defendant constitute conversion. This conversion has caused injury to or harmed Plaintiffs in an amount to be determined at trial.

### XII. TENTH CLAIM FOR RELIEF - BUSINESS DISPARAGEMENT

40. Plaintiff incorporates by reference the allegations of paragraphs 8 through 22.

41. Alternatively, Defendant is liable to Plaintiffs for business disparagement. Defendants have made and published false statements of fact or opinion disparaging the

characteristics and qualities of Lycoming's parts and processes to potential customers in the market for replacement engine parts; the false statements include without limitation statements that were published Superior's website stating that "We don't just make replacement parts; we make better parts." Defendant published the words with malice and without privilege; the statements were made with malice and without privilege; and Lycoming was specially damaged thereby in an amount to be determined at trial.

### XIII. PUNITIVE OR EXEMPLARY DAMAGES

42. Defendant's actions complained of in this pleading were committed fraudulently, with malice, willfully, or with gross neglect. These acts injured Plaintiffs and were either committed by or ratified by a vice principal or a managerial employee sufficient to bind the Defendant. The actions complained of are sufficient in and of themselves to warrant the lifting of any cap or limitation on punitive damages under Texas or other applicable laws.

### XIV. AVOIDANCE OF DEFENSE OF LIMITATIONS; DISCOVERY RULE AND FRAUDULENT CONCEALMENT

43. Plaintiffs incorporate by reference the allegations of paragraphs 8 through 22.

44. Plaintiffs' claims are not barred because Plaintiffs had no reason to know of the wrongful act until the time that this lawsuit was filed.

45. Further, Plaintiffs' claims are not barred by limitations because a fraudulent concealment of the wrongful act resulted in the expiration of limitations, if the limitations period is found to have expired at all.

### XV. APPLICATION FOR PERMANENT INJUNCTION

46. Plaintiffs incorporate by reference the allegations of the previous paragraphs herein.

47.     Plaintiffs have alleged multiple causes of action against Defendant that would entitle Plaintiffs to a permanent injunction, and Plaintiffs have a probable right of recovery against Defendant. *Miller Paper Co. v. Roberts Paper Co.*, 901 S.W.2d 593, 597 (Tex. App. — Amarillo 1995, no writ).

48.     If Plaintiffs' application for an injunction is not granted, harm is imminent because Defendant does and will likely continue to improperly steal and use Plaintiffs' trade secret and proprietary information. These actions will cause serious damage to Plaintiffs, including but not limited to decreasing Plaintiffs' goodwill with the public, impair Plaintiffs' ability to properly use and capitalize on its trade secret and proprietary information, harm Plaintiffs' business reputation, and erode Plaintiffs' business relationships and customer base.

49.     An injunction is proper when a probable injury exists for which there is no adequate remedy at law. An adequate legal remedy is one that is as complete, practical, and efficient to the prompt administration of justice as is equitable relief. *Khaledi v. H.K.. Global Trading, Ltd.*, 126 S.W.3d 273 (Tex. App. — San Antonio 2003, no pet.). A legal remedy is inadequate if, among other things, damages are difficult to calculate or their award may come too late. *Cardinal Health Staffing, Inc. v. Bowen*, 106 S.W.3d 230, 235-36 (Tex. App. — Houston [1st Dist.] 2003, no pet.); *TCBA Bldg. Co., Inc. v. Northwestern Res. Co.*, 890 S.W.2d 175 (Tex. App. — Waco 1994, no writ). Further, Defendant's questionable ability to pay any award of monetary damages makes injunctive relief proper.

50.     The damages that Plaintiffs would suffer from if Defendant is allowed to continue his improper and illegal conduct include damages that would be difficult to gauge and would be difficult or impossible to measure and account for. Any act of Defendant continuing on its course

of conduct could not effectively be undone because it would be impossible to determine the impact to goodwill and the business disruption posed. As such, any later monetary judgment would be inadequate to remedy the harm suffered by Plaintiffs.

51. Therefore, Plaintiffs are at risk of imminent, irreparable injury if an injunction is not entered because it has no adequate remedy at law.

52. For the foregoing reasons, Plaintiffs respectfully prays that the Court, after appropriate hearing and trial on the merits, grant a permanent injunction, respectively, providing the relief sought herein.

### XVI. NO FEDERAL RELIEF REQUESTED

53. Plaintiffs herein seek no relief under any federal statute, and therefore federal question jurisdiction is not invoked by this pleading.

### XVII. CONDITIONS PRECEDENT & ATTORNEYS' FEES

54. Plaintiffs have been forced to engage the undersigned attorneys to prosecute these claims and have incurred reasonable and necessary attorneys' fees and expenses. Plaintiffs are entitled to attorneys fees for prosecuting these claims, including attorneys' fees on appeal if necessary. Plaintiffs' claims are available, among other reasons, by attorneys' fees for Texas Civil Practice and Remedies §§ 38.001 and 134.005. Plaintiffs' other claims are predicated on contracts or trade-secret theft and likewise allow recovery of reasonable and necessary attorneys fees. Since the claims and defenses are inextricably intertwined, Plaintiffs are entitled to all attorneys' fees incurred and to be incurred in pursuing these claims. All conditions precedent have occurred or been performed. Presentment of the claim has occurred and more than 30 days has elapsed without payment and/or the claim was rejected. Accordingly, Plaintiffs are entitled to all

of its attorneys' fees as allowed under Texas law, including those incurred or to be incurred or appeal.

## XVIII. REQUEST FOR DISCLOSURE

55. Pursuant to Rule 194, you are requested to disclose, within 30 days of service of this request, the information or material described in Rule 194.2.

## XIX. DEMAND FOR RELIEF

WHEREFORE Plaintiffs pray for relief as follows:

A. that Defendant be adjudged to have misappropriated Plaintiffs' trade secrets and for a declaration that Defendant has no right to Plaintiffs' trade secret information and proprietary data; that Defendant has no right to use or rely on any PMA that relies on, in whole or in part and directly or indirectly, Plaintiffs' trade secret and proprietary data; and that Defendant cannot manufacture, distribute, or sell any items that rely on, in whole or in part and directly or indirectly, Plaintiffs' trade secret and proprietary data;

B. for an accounting of Defendant's profits, of Defendant's income, and of Plaintiffs' data and for a constructive trust to be imposed on the monies and the data;

C. damages including actual, special, nominal, and punitive damages to the full extent allowed by law;

D. for an award of attorney's fees, costs, prejudgment and post-judgment interest;

E. for a permanent injunction that requires Defendant to render possession of all trade secret and proprietary information and derivatives of the information to Plaintiffs; that restrains Defendant from using or utilizing Plaintiffs' trade secret and

proprietary information; that prohibits Defendant from distributing Plaintiffs' trade secret and proprietary information; that prohibits Defendant from producing any articles, parts, or items that use or are derived from Plaintiffs' trade secret and proprietary information; and that requires Defendant to obtain any copies of Plaintiffs' trade secret and proprietary information that may have been transferred or transmitted by Defendant or on Defendant's behalf and to return such data to Plaintiffs; and

F.  that Plaintiffs be awarded such other further relief as this Court may deem just, equitable, and proper.

Respectfully submitted,

_____
Charles H. Smith
State Bar No. 18550500
Bryan S. David
State Bar No. 24031989
David Denny
State Bar No. 00787354
3030 Lincoln Plaza
500 North Akard Street
Dallas, TX 75201-6606
(214) 740-4200
(214) 740-4242 telecopier
ATTORNEYS FOR LYCOMING ENGINES, A DIVISION OF AVCO CORPORATION

OF COUNSEL:
SMITH & MOORE LLP
3030 Lincoln Plaza
500 North Akard Street
Dallas, TX 75201-6606
(214) 740-4200
(214) 740-4242 telecopier