Jerry C. Alexander
Texas Bar No. 00993500
James F. Adams
Texas Bar No. 00863450
Christopher A. Robison
Texas Bar No. 24035720
Passman & Jones
1201 Elm Street, Suite 2500
Dallas, TX  75270-2599
Phone: (214) 742-2121
Fax: (214) 748-7949
Counsel for Superior Air Parts, Inc.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| SUPERIOR AIR PARTS, INC., | § | CHAPTER 11 |
| | § | CASE NO. 08-36705-BJH-11 |
| DEBTOR. | § | |

**MOTION TO REOPEN CASE**

COMES NOW, Superior Air Parts, Inc. (*"Superior"* or *"Debtor"*), the Debtor, and files this his Motion to Reopen Case pursuant to 11 U.S.C. §350(b) and Rule 5010 of the Federal Rules of Bankruptcy Procedure.  In support thereof, Superior provides following information:

**I.    BACKGROUND**

1.    Superior is a manufacturer of replacement parts for various reciprocating aircraft engines, including engines originally manufactured by plaintiff Lycoming Engines, a Division of Avco Corporation ("Avco").

2.    Superior may be Avco's only competitor in the world for the manufacture of such replacement aircraft parts.

3.    The Federal Aviation Administration ("FAA") has issued various Parts Manufacturing Approvals ("PMAs") to Superior authorizing Superior to manufacture such replacement aircraft parts.  Each PMA was issued by the FAA after a review of an application

Motion to Reopen Case - Page 1 of 10
335028.4

and supporting data, typically including specifications, designs, test results, drawings and other technical data (collectively "Data Packs") for each proposed part.

4. For decades Textron, Inc. ("Textron"), its wholly owned subsidiary Avco, the Lycoming Division of Avco ("Lycoming") and their predecessors have tried to put Superior out of business, thus eliminating their only competition for the production of various replacement parts necessary to service a Lycoming aircraft engine. Among other things, Avco and Textron have asserted that Superior's PMAs were improperly granted by the FAA because the supporting Data Packs allegedly included drawings purportedly created by Lycoming.

5. The claims of Avco and Textron were apparently resolved in 1981 and again in 1999 when the Lycoming entities granted Superior various licenses to use the drawings and data in dispute. The license in the 1999 Agreement not only granted Superior a <u>perpetual</u> license to the drawings and various data from Lycoming ("Perpetual License"), but also waived any claims that the PMAs then held by Superior were purportedly obtained in violation of Avco's rights.

6. The 1999 Agreement required that Superior pay Avco a one-time licensing fee for the Perpetual License in four installments. On or about March 31, 2002, Superior completed such installment payments and owed Avco no further payments for the Perpetual License.

7. On or about December 31, 2008, Superior filed a pre-packaged voluntary Chapter 11 bankruptcy petition [Bankr. Doc. No. 1] in the above-captioned bankruptcy case (the "***Bankruptcy Case***"), with the intention of selling the PMAs, Perpetual License and other assets to Avco pursuant to an asset purchase agreement ("***Superior APA***") signed with Avco and Textron one day before the petition date.

8. As required by the Superior APA, Superior filed its "Debtor's Motion to Sell Substantially All of Debtor's Assets Free and Clear of Liens" [Bankr. Doc. 11] ("***Section 363***

*Motion*") in the Bankruptcy Case seeking authority to sell most of its assets to.  The Section 363 Motion was later withdrawn, due in part to antitrust concerns.  See, Bank. Doc. No. 146.

9.    Superior changed course and filed its "Third Amended Plan of Reorganization" [Bankr. Doc. No. 322] ("***Third Amended Plan***") on or about July 23, 2009.  Among the primary purposes and intent of the Third Amended Plan and subsequent confirmation order were: (1) to discharge Superior from "any debt that arose prior to the Effective Date" whether or not a proof of claim was filed against Superior; (2) to permanently restrain and enjoin every holder of every claim against Superior from asserting against Superior any "claim … based upon any document, instrument or act, omission, transaction or other activity of any kind or nature whatsoever, whether in law or equity, arising from or related to the Debtor which arose prior to the Effective Date" of the Third Amended Plan; and (3) to allow Superior to continue manufacturing replacement parts in competition with Lycoming using the PMAs issued by the FAA and supporting documents and data "free and clear of all claims, liens, encumbrances and other interests of holders of claims and interests."

10.    Specifically, the Third Amended Plan proposed cancelling all existing ownership interests in the Debtor, continuing the Debtor's existence, reorganizing the Debtor, issuing new ownership interests in the Debtor to Brantley International, Inc. and other entities (collectively the "***Brantly Group***") or their designate, creating a creditors' trust, and making various distributions to creditors.  The Third Amended Plan also provided for the Brantly Group to contribute $7,000,000 to the creditors' trust and Superior to retain all PMAs and all assets "supporting and otherwise underlying all replacement parts for which [Superior] has obtained from the FAA [a PMA], including replacement parts for Lycoming … engines … [and] all

documentation submitted to the and correspondence with the FAA relating to such engines and replacement parts … ." See, Third Amended Plan, page 8.

11. On or about August 27, 2009, the Court signed an "Order Confirming Third Amended Plan of Reorganization File[d] By The Debtor and The Official Committee of Unsecured Creditors Dated July 23, 2009 (Docket No. 322)" [Bankr. Doc. No. 325] ("*Confirmation Order*") approving the Third Amended Plan of Reorganization as modified by the Confirmation Order.

12. The Bankruptcy Case was closed on October 8, 2010. At no time prior to the closing of the case did Avco, Textron or Lycoming object to the Third Amended Plan, revisions thereto in the Confirmation Order, or any other pleading, schedule or order.

13. On or about January 13, 2012, Avco and Textron filed a lawsuit ("*State Civil Action*") against Superior in the 236th Judicial District Court of Texas ("*State Court*"). The State Civil Action is entitled *Lycoming Engines, A Division of Avco Corporation and Textron Innovations, Inc. v. Superior Air Parts, Inc.*, Cause No. 236-257478-12. The State Court is located in the Northern District of Texas.

14. The petition in the State Civil Action acknowledges that Lycoming licensed drawings and other data to Superior pursuant to a 1981 Agreement and 1999 Agreement; however, Avco and Textron seek a declaratory judgment from the State Court that the "1981 and/or 1999 Agreements have been rejected" by Superior during the Bankruptcy Case and that Superior "has no license rights" to the Lycoming drawings and other data. See, Plaintiff's Original Petition, ¶ 24 attached as Exhibit 1 to the Notice of Removal [Adv. Doc. No. 1].[1]

---

[1] A more detailed recitation of events giving rise to the bankruptcy filing and State Civil Action is contained in Superior's Notice of Removal [Adv. Doc. No. 1], which was filed on March 14, 2012 in Adversary Proceeding No. 12-03035-BJH. Capitalized terms herein have the meanings set forth in the Notice of Removal. Plaintiffs' Original Petition is attached to the Notice of Removal as Exhibit 1.

15. Avco and Textron further seek a declaration that "any PMAs obtained with such data cannot be used by [Superior] in the production of aviation merchandise because [Superior] has not (sic) right to use the data or information." See, Plaintiff's Original Petition, paragraph 24. Avco and Textron also seek a declaration that Superior "cannot use any PMAs obtained based on whole or in part and/or based directly or indirectly on any trade secret or proprietary data of Plaintiffs" despite the Perpetual License and the purpose and intent of the Third Amended Plan and Confirmation Order. See, Plaintiff's Original Petition, ¶ 25.

16. Avco and Textron further seek a declaration that Superior "cannot manufacture, distribute, or sell any items that incorporate in whole or in part and/or that incorporate directly or indirectly any trade secret or proprietary data of Plaintiffs" despite the Perpetual License and the purpose and intent of the Third Amended Plan and Confirmation Order. See, Plaintiff's Original Petition, ¶ 25.

17. If the trial court finds that the Perpetual License and any licenses from the 1981 Agreement were somehow terminated, then Avco and Textron seek damages from Superior pursuant to various legal theories, including breach of fiduciary duty, theft, conversion, misappropriation of trade secrets, punitive or exemplary damages, business disparagement and breach of contract. See, Plaintiff's Original Petition, ¶¶ 14-22, 32-39, 42, 46-52 and 54.

18. Avco and Textron acknowledge that their claims arise, at least in part, pre-petition and thus seek to invoke the discovery rule alleging that the Plaintiffs "had no reason to know of the wrongful act until the time this lawsuit was filed" or because of an alleged "fraudulent concealment of the wrongful act." See, Plaintiff's Original Petition¶¶ 43-45.

19. Accordingly, Superior filed a Notice of Removal of the State Court Action in this Court on March 14, 2012 pursuant to 28 U.S.C. §§ 157, 1331, 1334, 1441, and/or 1452, 11

U.S.C. §§ 105, 1127, and/or 1142, Rules 3020(d) and 9027 of the Federal Rules of Bankruptcy Procedure, and Local District Misc. Order #33.  The removed claims and causes of action were assigned Adversary Proceeding No. 12-03035-bjh.  On the same day, Superior filed notice of such removal with the State Court in the State Civil Action.

## II.    ARGUMENT AND AUTHORITIES

20.    Section 350 of the Bankruptcy Code provides that: "[a] case may be reopened in the court in which such case was closed…to accord relief to the debtor, or for other cause."  "The phrase 'or other cause' as used in § 350(b) is a broad term which gives the bankruptcy court discretion to reopen a closed estate or proceeding when cause for such reopening has been shown… .  This discretion depends upon the circumstances of the individual case and accords with the equitable nature of all bankruptcy court proceedings."  *Matter of Case*, 937 F.2d 1014, 1018 (5th Cir. 1991).  Reopening is permitted in a variety of situations, including to obtain a determination concerning dischargeability,[2] to enforce the discharge injunction,[3] to remedy violations of the automatic stay,[4] and to interpret or clarify the terms of a confirmed plan.[5]

21.    Here, it is appropriate to reopen the case because the relief sought by Avco and Textron in the State Civil Action turns on determinations of: (1) what happened in the Bankruptcy Case to the 1981 Agreement and 1999 Agreement; (2) whether the Plaintiffs' claims and causes of action are barred and enjoined by the Third Amended Plan and Confirmation; (3) whether the State Civil Action violates the Confirmation Order; (4) what was the purpose and intent of the Third Amended Plan and Confirmation Order; (5) whether any defect or omission exists in the Third Amended Plan or Confirmation Order that may need to be cured or reconciled

---

[2] *See, e.g., In re Daniels*, 34 B.R. 782 (9th Cir. BAP 1983); *In re Phillips*, 288 B.R. 585 (Bankr.M.D.Ga.2002).
[3] *See, e.g., In re Hicks*, 184 B.R. 954 (Bankr.C.D.Cal.1995).
[4] *See, e.g., In re Weber*, 283 B.R. 630 (Bankr.D.Mass.2002).
[5] *See, e.g., Matter of Case*, 937 F.2d 1014 (5th Cir.1991); *In re Doty*, 129 B.R. 571 (Bankr.N.D.Ind.1991).

to carry out the purposes and intent of the Third Amended Plan; (6) whether the Plaintiffs are attempting to thwart the purpose and intent of the Third Amended Plan and Confirmation Order, and thus lack the "clean hands" necessary to obtain the declaratory and/or injunctive relief sought; and (7) whether Superior can continue to use the PMAs if the licenses were terminated as alleged.

22. The Bankruptcy Court has the jurisdiction and power to hear and decide these issues as accorded by 28 U.S.C. §§ 157, 1334 and 1452, 11 U.S.C. §§ 105, 1129 and 1142, FRBP 3020(d) and 9027, and/or Local District Misc. Order #33 and described in more detail in Superior's Notice of Removal [Adv. Doc. No. 1], which was filed on March 14, 2012 in Adversary Proceeding No. 12-03035-BJH.

23. Moreover, the Third Amended Plan and Confirmation Order vest "<u>exclusive</u>" jurisdiction over such issues in this Court.  See, Bankr. Doc. No. 322, Section 12.01 ("exclusive jurisdiction … (b) to hear and determine all suits and disputes that arise in connection with the interpretation … and enforcement of [the Third Amended] Plan"); … (f) to consider and act on such other matters consistent with [the Third Amended] Plan … ; (g) to make such orders as are necessary and appropriate to carry out and implement the provisions of this Plan; … (m) to correct any defect, cure any omission or reconcile any inconsistency in this Plan or in the Confirmation Order as may be necessary to carry out the purposes and intent of this Plan; and (n) to determine any and all … proceedings … brought subsequently … ."  See also, Bankr. Doc. No. 404, Section 39 ("retain jurisdiction … for the specific purposes proscribed in Article XII of the [Third Amended] Plan").

24. Finally, the Bankruptcy Court has the authority to reopen the Bankruptcy Case pursuant to 11 U.S.C. §§ 350(b) and FRBP 5010, and determination of the instant motion is a

core proceeding under 28 U.S.C. § 157(b)(2)(A). An order reopening a case does not alone give substantive relief, but does give the movant an opportunity to request substantive relief. *Collier on Bankruptcy* ¶ 5010.01. Such relief could include: (1) determination of whether the claims and causes of action asserted in the removed action are barred by the Third Amended Plan, Confirmation Order, 11 U.S.C. § 1141(a), (b) or (c), or any other Bankruptcy Code provision, and the effect, if any, of § 523(a) thereon; (2) the effects of the Third Amended Plan, Confirmation Order, 11 U.S.C. § 1141(b), or any other Bankruptcy Code provision on Superior's retention, use and obligations under the Perpetual License, PMAs, and supporting data: and (3) whether relief pursuant to 11 U.S.C. §§ 1127(b), 1142(c) or any other Bankruptcy Code provision is available to interpret, implement, or modify the Third Amended Plan or Confirmation Order.

25.　Accordingly, Superior respectfully submits that the bankruptcy court should reopen the Bankruptcy Case and exercise its jurisdiction, exclusive or otherwise, to hear and determine the relief requested in the adversary proceeding, enter orders necessary to interpret and implement the Third Amended Plan and Confirmation Order, correct any defects or omissions therein, and to carry out the purposes and intent of the Third Amended Plan and Confirmation Order.

WHEREFORE, PREMISES CONSIDERED, Applicant respectfully requests that this Court re-open this case, pursuant to 11 U.S.C. 350(b), and grant Superior such other and further relief to which it may be justly entitled.

        Respectfully submitted,

        /s/ Jerry C. Alexander
        Jerry C. Alexander
        Texas Bar No. 00993500
        James F. Adams
        Texas Bar No. 00863450
        Christopher A. Robison
        Texas Bar No. 24035720
        Passman & Jones
        1201 Elm Street, Suite 2500
        Dallas, TX 75270-2599
        Phone: 214-742-2121
        Fax: 214-748-7949
        COUNSEL FOR SUPERIOR AIR PARTS, INC.

**NOTICE**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE COURT OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, SUITE 12A24, DALLAS, TEXAS 75242, BEFORE THE CLOSE OF BUSINESS ON <u>APRIL 9, 2012</u>, THE DATE AT LEAST TWENTY-FOUR DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED, A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

**Certificate of Service**

The undersigned counsel hereby certifies that on March 15, 2012, pursuant to the Federal Rules of Bankruptcy Procedure, the foregoing instrument was served on the parties in interest listed below via prepaid first-class mail, hand-delivery, fax, ECF/PACER, email and/or other electronic means.

/s/ Jerry C. Alexander
Jerry C. Alexander

U.S. Trustee
1100 Commerce Street, Room 976
Dallas, TX 75242-1496

Charles H. Smith
Bryan S. David
David Denny
Smith & Moore, L.L.P.
3030 Lincoln Plaza
500 North Akard Street
Dallas, TX 75201-6606

Stephen A. Roberts
Strasburger & Price, LLP
600 Congress Ave., Suite 1600
Austin, TX 78701