**EXHIBIT F**

## DEMAND FOR ARBITRATION

**Claimant:**

Dr. Bruno Kübler, in his capacity as Insolvency Administrator for Thielert Aircraft Engines GmbH and Centurion Aircraft Engines AG & Co. KG

**Claimant's Attorneys:**

Craig F. Simon
Daniel P. Winikka
SIMON, RAY & WINIKKA LLP
2525 McKinnon St., Suite 540
Dallas, TX 75201
(214) 871-2292

**Respondents:**

Superior Air Parts, Inc.

**Respondent's Attorney(s):**

James F. Adams
Passman & Jones
2500 Renaissance Tower
1201 Elm Street
Dallas, TX 75270
214-742-2121

**Nature of the Dispute:**

Superior Air Parts, Inc. ("Superior") has asserted that Thielert Aircraft Engines GmbH ("TAE") and Centurion Aircraft Engines AG & Co. KG ("Centurion") are in possession of certain "Proprietary Information" (as such term is defined in Superior's Plan of Reorganization) that is owned by Superior. Superior has requested that TAE, Centurion and others in possession of such Proprietary Information return such information to Superior. *See* Exhibit A – letter dated April 24, 2013.

Superior's claim of ownership of the Proprietary Information is based, in whole or in part, on the terms and conditions of a Supplier Agreement dated December 15, 2001 (the "Supplier Agreement") between TAE and Superior. *See* Exhibit B – letter dated July 18, 2013. The Supplier Agreement broadly provides, in Section 10.05, for arbitration of "any dispute related to this Agreement…" TAE and Centurion believe that Superior seeks to require that they turn over documents and information that Superior does not own. The questions of what information Superior supplied to TAE pursuant to the

Supplier Agreement, whether Superior owns such information, and whether TAE or Centurion are otherwise in possession of any property Superior owns are necessary predicates to any obligation of TAE or Centurion to return such property.

In addition, Superior has filed a Motion to Show Cause ("Show Cause Motion") with the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court"), pursuant to which Superior seeks a ruling that TAE and others should be held in contempt and enjoined for violating the Bankruptcy Court's 2009 confirmation order in Superior's bankruptcy case. TAE is itself in insolvency proceedings in Germany, and the assets of its business have been sold to an unrelated third party. Because the Show Cause Motion was pending at the time of the sale, out of an abundance of caution to ensure that he did not transfer to the buyer any documents or information that Superior might own, Dr. Kübler segregated all documents or information that related to the relevant portion of TAE's business (based on part numbers supplied by Superior) and withheld it from the sale. In addition, Dr. Kübler has repeatedly requested that Superior identify the specific documents or other property that it contends it owns and that is in the possession of TAE or Centurion. To date, Superior has been unwilling to provide that information.

Accordingly, through this Arbitration, Dr. Kübler, in his capacity as Insolvency Administrator for Thielert Aircraft Engines GmbH and Centurion Aircraft Engines AG & Co. KG, seeks (1) to require Superior to identify the specific Proprietary Information that was provided to TAE and that Superior provide other information that may be required for Claimant to determine what, if any, property they have that Superior owns and (2) to the extent necessary, a declaratory judgment that some or all of the segregated documents or information in Claimant's possession is not owned by Superior.

**Hearing Location:**

Dallas County, Texas

Dated October 30, 2013

SIMON, RAY & WINIKKA LLP

_____
Craig F. Simon
Daniel P. Winikka
2525 McKinnon Street
Suite 540
Dallas, Texas 75201
(214) 871-2292

*Counsel for Claimant*