## <u>EXHIBIT C</u>

**Simon, Ray & Winikka LLP**

2525 McKinnon Street, Suite 540
Dallas, Texas 75201
Direct: (469) 759-1700  Fax: (469) 759-1699
E-mail: dwinikka@srwlawfirm.com

June 3, 2013

**VIA FIRST CLASS MAIL
AND FACSIMILE**

Mr. Kent Abercrombie, CFO
Superior Air Parts, Inc.
621 S. Royal Lane, Suite 100
Coppell, TX 75019-3805

Re:  Letter to Dr. Kübler Dated April 24, 2013

Dear Mr. Abercrombie:

We represent **Dr. Kübler** as the insolvency administrator for the assets of Thielert Aircraft Engines GmbH ("TAE") and Centurion Aircraft **Engines AG & Co. KG** ("Centurion").  We have reviewed your letter dated April 24, 2013 in which you (i) suggest for the first time after almost four years that TAE and Centurion have not complied with the terms of the confirmation order (the "Confirmation Order") entered by the United States Bankruptcy Court for the Northern District of Texas on August 27, 2009 in the Superior Air Parts, Inc. ("Superior") bankruptcy case and (ii) request that TAE and Centurion, among other entities, turn over certain unspecified Proprietary Information (as defined in the Superior Letter) and other property allegedly belonging to Superior.

As an initial matter, we note that while section 6.12 of Superior's plan of reorganization required the return of any Proprietary Information owned by the debtor, the plan and the Confirmation Order otherwise released TAE from any and all claims or causes of action the debtor may have had against TAE at the time the Confirmation Order was entered.  In any event, TAE and Centurion do not believe that they are in possession of any Proprietary Information or any other property belonging to Superior.  To the extent Superior believes they are mistaken, Superior will need to provide more information than the list of generic part numbers attached to the letter.  In particular, we would ask that Superior (i) specifically identify any Proprietary Information and provide serial numbers or similar information to specifically identify any other property Superior believes to be in TAE's or Centurion's possession; (ii) provide proof that Superior has title to that property or information; and (iii) provide a detailed explanation as to why Superior did not assert a claim for the return of any such property or information years ago.

Simon, Ray & Winikka LLP

Mr. Kent Abercrombie
June 3, 2013
Page 2

Whether some or all of this information is provided or not, TAE and Centurion reserve all rights to assert any defenses to any claims of Superior, whether for return of Proprietary Information or other property, including, but not limited to, defenses that any such claim is time barred.

Finally, you should be aware that TAE and Centurion are currently engaging in negotiations with a potential investor for the possible transfer of their respective assets. Accordingly, if Superior plans to provide additional information relating to its request, it may be prudent for Superior not to delay too long.

If you have any questions or would like to discuss this matter further, please call me at (469) 759-1700.

Very truly yours,

Simon, Ray & Winikka LLP

Daniel P. Winikka