**EXHIBIT D**

**SUPERIOR**
AIR PARTS

July 9, 2013

Dr. Bruno Kuebler  
c/o Daniel P. Winikka                          Via e-mail to dwinikka@srwlawfirm.com  
Simon, Ray & Winikka, LLP  
2525 McKinnon Street, Suite 540  
Dallas, TX 75201

Luca Botica                                    Via e-mail to luca.botica@kueblerlaw.com  
President  
Centurion Aircraft Engines  
Platanenstr. 14  
09356 St. Egidien (Liehtenstein), Germany

Dear Mr. Winikka, Dr. Kuebler and Ms. Botica:

As described in detail in my letter dated April 24, 2013 to Dr. Bruno Kuebler ("*Kuebler*") and Ms. Luca Botica ("*Botica*"), Superior Air Parts, Inc. ("*Superior*") successfully went through bankruptcy reorganization in *In re Superior Air Parts, Inc., Debtor*, Bankruptcy Case No. 08-36705-bjh-11 ("*Superior's Bankruptcy Case*"), in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division ("*Bankruptcy Court*"). Thielert AG ("*TAG*"), Thielert Aircraft Engines GmbH ("*TAE*"), and related entities including, but not limited to, Centurion Aircraft Engines) ("*Centurion*"), as well as their insolvency administrator Dr. Kuebler Ms. Botica, appeared and participated in Superior's Bankruptcy Case, thereby subjecting TAG, TAE, Centurion, Dr. Kuebler and Ms. Botica to the jurisdiction of the Bankruptcy Court.

Attached is a copy of my prior letter together with Attachment 1 thereto listing the specific numbers relating to the parts in question. Also supplied were copies of Superior's Plan of Reorganization [Bankr. Doc. #322] and the Bankruptcy Court's Confirmation Order [Bankr. Doc. #404] entered in Superior's Bankruptcy Case.

As described in detail in my prior letter, Superior's Plan of Reorganization and the Confirmation Order provided for all persons and entities, including but not limited to TAG, TAE, Centurion, Dr. Kuebler, Ms. Botica, Avco Corporation and Teledyne Technologies Incorporated, and their respective parents, sister and subsidiary companies, and all other companies or persons in their control, to return various items to Superior free and clear of all claims, liens, charges or other encumbrances and interests, including but not limited to the following:

> 1. <u>Inventory</u>. All inventories of raw materials, work-in-process, finished goods, demonstration equipment, parts, shipping containers, packaging materials, and other accessories related thereto and other materials that are used or held for use

in connection with the manufacture, sale and repair of aircraft engine parts as of the Effective Date of the Plan.

2. <u>Manufacturing Equipment and Tooling</u>. All machinery, equipment and tooling used or held for use in connection with or necessary for the manufacture and repair of aircraft engines and aircraft engine parts including all manufacturing, production, maintenance, packaging, gauges, testing and other machinery, tooling (including dies, jigs, patterns, molds, prototypes and the like) and equipment, spare or replacement parts, computer equipment incidental to the development, design, manufacture, testing and inspection of parts, engine test cell equipment, specialized inspection and quality control equipment, and plant equipment and the like.

3. <u>Selected IP Assets</u>. All IP Assets supporting and otherwise underlying all replacement parts for which [Superior] has obtained from the FAA Parts Manufacturer Approval ("PMA"), including replacement parts for Lycoming and [Teledyne Continental Motors] engines as listed on as well as engineering specimens and masters related to such parts; and all electronic as well as paper copies of documents related to the foregoing, including all documentation submitted to and correspondence with the FAA relating to such engines and replacement parts identified above, as well as engineering data, legacy data, inspection processes and the quality manual.

4. <u>Trademarks, Trade Dress and Trade Names and Domains</u>. All Trademarks and Domains, including the "Superior" trade names, trademarks, service names, service marks, logos, brand names, and corporate names, and all applications, registrations, and renewals in connection therewith but excluding trademarks, trade names and trade dress relating to the engines in the Engine Program.

5. <u>Other Tangible Personal Property</u>. All other tangible personal property of [Superior] that is used or held for use in connection with the manufacture, repair and sale of aircraft engines and aircraft engine parts except Excluded Assets.

6. <u>Accounts Receivable</u>. Trade accounts receivable and all notes, bonds and other evidences of Indebtedness pursuant to which Seller shall have the right to receive payments (in each case, of any nature whatsoever, whether recorded or unrecorded) arising out of sales of products delivered by [Superior] and any related security arrangements and collateral securing the repayment or other satisfaction thereof, including any rights with respect to any third party collection procedures or any other Claims that have been commenced in connection therewith.

7. <u>Experimental Engines</u>. Those experimental engines currently undergoing testing, as well as prototype, engineering specimens and masters related to such engines, including without limitation, the Model 400 Engine and related prototype(s). All Intellectual Property, know-how, designs, drawings,

specifications, data and documentation supporting and otherwise underlying all of [Superior's] XP-Series Engines.

Superior's "Vantage Engine Program" is defined on pages 10 and 11 of Superior's Plan of Reorganization as follows:

> [A]ll documentation from Vantage Engines already shipped or sold to any customer for the purpose of use, test or evaluation, and **all intellectual property, components and parts related to the design, development, testing, and FAA approval of the Vantage Engines**, FAA Type Certificate No. E00001SC, (and related approvals Transport Canada Type Certificate IE-58, European Aviation Safety Agency Type Certificate EASA.(IM).E.024, and any other certifications) **including but not limited to, drawings, research, all test reports and data, engineering change requests, engineering change notices, build sheets, bill of materials, (including current and historical bill of materials, all assembly and test instructions and all continued airworthiness documentation), parts catalog and supporting data, overhaul manual and supporting data, operator and maintenance manual and supporting data, installation manual and supporting data, service letters and service bulletins (including all quality documentation), all product integrity team meeting minutes and documentation, all warranty claims and/or customer feedback, trademarks and logos, and all marketing material, including market studies, photographs, artwork, brochures, models and fliers, all sales information, customer inquiries and anything else related to the Vantage Engines.**

Superior's "Vantage Engines" are defined on page 10 of Superior's Plan of Reorganization as including all "SV" **parts** for the Vantage O-360 and IO-360" engines.

As noted previously, neither TAG, TAE, Centurion, Dr. Kuebler nor Ms. Botica timely objected to or appealed Superior's Plan of Reorganization or the Confirmation Order, and thus waived all objections thereto and are bound by the terms thereof.

My prior letter noted that TAG, TAE, and Centurion have apparently failed to comply with Section 6.12 of Superior's Plan of Reorganization and Paragraph 37 of the Confirmation Order by not returning Superior's property as described above. The letter specifically requested that they immediately comply with the Plan of Reorganization and Confirmation Order by returning Superior's above-described property. To date, TAG, TAE, and Centurion have utterly failed to comply with that request other than have Mr. Daniel Winikka, counsel for Dr. Kuebler, write a dilatory letter on June 3, 2013, requesting, among other things, that Superior "specifically identify any Proprietary information and provide serial numbers or similar information to specifically identify any other property Superior believes to be in TAE's or Centurion's possession."

My letter of April 24, 2013 contained the specific numbers relating to the parts and proprietary information in question. Any technical specifications, blueprints, drawings, test data, work

instructions, PMAs or materials relating to these Superior part numbers is and always has been the property in question.

You were notified of this by my letter of April 24, 2013 and as yet have failed and refused to return the property.

Please be forewarned that Superior will enforce its legal rights to this property, including claims against any person or entity in possession, custody or control of the property that the Bankruptcy Court ordered returned to Superior.

Please notify me in writing immediately when this property will be returned to Superior.

                              Superior Air Parts, Inc.

                              Kent Abercrombie, CFO

Attachment

Cc (w/ attachment):

Tim Archer
621 South Royal Lane, Ste. 100
Coppell, TX 75019-3805
tarcher@superiorairparts.com


Rhett Ross, President
Continental Motors, Inc.
P.O. Box 90
Mobile, AL 36601-0090
RCRoss@continentalmotors.aero