Craig F. Simon
Texas Bar No. 00784968
Daniel P. Winikka
Texas Bar No. 00794873
SIMON, RAY & WINIKKA LLP
2525 McKinnon Street, Suite 540
Dallas, TX 75201
Phone: (214) 871-2292
Facsimile:  (469) 759-1699
Counsel for Dr. Kübler, in his capacity as Insolvency
Administrator of Thielert Aircraft Engines GmbH

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| SUPERIOR AIR PARTS, INC. | Case No. 08-36705-BJH-11 |
| Debtor. | |

## MOTION TO CONTINUE HEARING ON MOTION TO ENFORCE

Subject to and without waiving its Motion to Compel Arbitration,[1] Dr. Bruno Kübler, in his capacity as Insolvency Administrator (the "Insolvency Administrator") of Thielert Aircraft Engines GmbH ("TAE") files this motion to continue the hearing (the "Hearing") on Superior Air Parts, Inc.'s Motion to Enforce [D.I. 684] (the "Motion to Enforce"), which is currently scheduled for December 20, 2013, and in support hereof, respectfully represents as follows.

### I.      PRELIMINARY STATEMENT

1.      Superior Air Parts, Inc. ("Superior"), in its Motion to Enforce, alleges that TAE, a former affiliate of Superior that itself has been through insolvency proceedings in Germany, is in

---

[1] Contemporaneously with the filing of this motion, the Insolvency Administrator is filing a Motion to Compel Arbitration and Dismiss Without Prejudice or Stay All Proceedings Related to Superior Air Parts, Inc.'s Motion to Enforce (the "Motion to Compel Arbitration").

possession of certain categories of documents, information and parts that belong to Superior (the "Materials"). Superior's plan of reorganization was confirmed on August 29, 2009 – nearly four years before Superior requested that TAE return those Materials. According to Superior, the parties continued to do business during those four years pursuant to a Supplier Agreement the parties entered into in December 2001 and subsequently amended in 2005. It is that Supplier Agreement that Superior contends establishes its ownership of the Materials.

2.     Superior's motion completely ignores and fails to mention that on October 30, 2013 – before Superior filed its motion – the Insolvency Administrator made an arbitration demand ("Arbitration Demand") on Superior concerning Superior's demand for the Materials. Superior has refused to acknowledge the Arbitration Demand. Accordingly, the Insolvency Administrator has filed a motion requesting that the Court compel Superior to arbitrate the dispute.

3.     In addition, the Insolvency Administrator has served an initial set of written discovery requests on Superior in connection with the Motion to Enforce. Under the current schedule, Superior's responses to the discovery requests are not due until after the currently scheduled hearing on the Motion to Enforce. In addition, the individuals who the Insolvency Administrator expects to attend the Hearing and testify on his behalf reside in Germany and are unavailable on December 20, 2013.

4.     Accordingly, the Insolvency Administrator requests that the Court continue the hearing date to allow time for (a) the parties to conduct discovery and for the Insolvency Administrator's representatives to attend the hearing and (b) the Court to consider the Motion to Compel Arbitration. The Insolvency Administrator has segregated for safe keeping any property that could possibly belong to Superior, and there is, therefore, no prejudice to Superior from the continuance. The Insolvency Administrator further requests that the Court enter a scheduling order to govern the proceedings on the Motion to Enforce if the parties cannot agree on a schedule.

## II.    BACKGROUND FACTS

5.    The factual background related to the parties' dispute is set forth in the Insolvency
Administrator's Motion to Compel Arbitration, filed contemporaneously herewith, and in the
interest of brevity is incorporated herein by reference.[2]

6.    As described in the Motion to Compel Arbitration, Superior has not responded in
any fashion to the Arbitration Demand.  On November 15, 2013 the day after this Court entered
an order [D.I. 682] denying the Motion to Show Cause for want of prosecution without
prejudice, Superior filed the Motion to Enforce, asking the Court to enter an order directing the
Insolvency Administrator to return all property belonging to Superior.  The Motion to Enforce,
which failed to even mention the Arbitration Demand, was subsequently set for hearing on
December 20, 2013.

7.    Counsel for the Insolvency Administrator subsequently contacted counsel for
Superior to (a) inform counsel that the Insolvency Administrator intended to file a motion to
compel arbitration and (b) attempt to reach an agreement on a schedule for the Motion to Enforce
and the Motion to Compel Arbitration.  Counsel for the Insolvency Administrator also informed
counsel for Superior that the Insolvency Administrator intended to seek discovery and that the
Insolvency Administrator's witnesses from Germany are not able to travel from Germany to
attend a hearing on December 20 even if the discovery could be completed sufficiently in
advance of that hearing.  Accordingly, counsel for the Insolvency Administrator suggested that
the parties identify a future date for an evidentiary hearing on the Motion to Enforce that would
work for both parties and, if acceptable to the Court, use the December 20 hearing to address the
Insolvency Administrator's Motion to Compel Arbitration.

8.    On December 3, 2013, the parties obtained some additional available dates from
the Court for an evidentiary hearing on the Motion to Enforce if the Court denies the Motion to
Compel Arbitration.  Counsel for Superior indicated that he was available on at least certain of

---

[2] Capitalized terms not defined herein have the same meaning as set forth in the Motion to Compel
Arbitration.

those potential dates, including January 20 and 21. Counsel for the Insolvency Administrator

subsequently verified that necessary witnesses in Germany could be available on those dates (or,

alternatively, dates in early February) as well, and on December 4, 2013, requested that Superior

agree to schedule the evidentiary hearing on the Motion to Enforce for one of those two dates.

Although there was no agreement yet on a schedule, in the interest of time, counsel for the

Insolvency Administrator also served discovery requests on counsel for Superior on December 4,

2013. Despite more than one request for a response, to date counsel for Superior has not

responded to the requests for an agreement on a future date for the evidentiary hearing on the

Motion to Enforce. See, e.g., December 5, 2013 email from Simon to Adams, attached as

Exhibit A.

## III.    ARGUMENT AND AUTHORITIES

9.      By filing the Motion to Enforce, Superior initiated a contested matter under Fed.

R. Bankr. P. 9014. If the Court hears the Motion to Enforce, Superior will be required to offer

evidence in support of its claimed right to relief. The Insolvency Administrator is entitled to

discover and test this proof in advance of the hearing.

10.     The Insolvency Administrator has served his initial discovery requests on

Superior. In addition to generally testing Superior's contentions, through the discovery the

Insolvency Administrator seeks to (i) identify the information Superior contends it provided to

TAE, (ii) obtain contracts and communications between the parties, and (iii) determine whether

the information Superior seeks is still owned by Superior or whether Superior may have

relinquished any ownership rights. This information, and likely the depositions of one or more

of Superior's witnesses, is necessary for the Insolvency Administrator to determine what, if any,

portion of the Segregated Property Superior owns and have a meaningful opportunity to have the

dispute decided on the merits.

11.     In advance of this filing, counsel for the Insolvency Administrator contacted

Superior's counsel to confer regarding the scheduling of the hearing on this motion to allow the

Court to (i) consider the Insolvency Administrator's to Compel Arbitration, and, in the event this

-4-

dispute remains before the Court, (ii) permit time for the parties to conduct discovery before the

hearing and (iii) schedule the hearing for a date when the Insolvency Administrator's witnesses,

who reside in Germany, can attend.[3]  Superior's counsel initially appeared willing to consider

continuing the hearing date, and even jointly contacted the Court's clerk with the undersigned

counsel to inquire as to the Court's available dates.  However, after the Insolvency

Administrator's counsel obtained available dates from the persons in Germany that were also

available on the Court's calendar and provided that information to Superior's counsel, Superior's

counsel never followed up with the undersigned counsel and did not respond to numerous

telephone calls and emails.

   12. The Court has the authority to continue the hearing on the Motion to Enforce, and

should do so here. More than four years have elapsed since the Court entered the Confirmation

Order, and Superior only recently requested the return of materials pursuant to that order.  The

Insolvency Administrator would be prejudiced by an inability to obtain necessary discovery and

in the event the hearing occurs on a date when his representatives from Germany are unable to

attend. In contrast, Superior will not be prejudiced by a short delay, especially given that any

property potentially at issue has been segregated for safekeeping.

## IV. CONCLUSION

   The Insolvency Administrator respectfully requests that the Court continue the hearing on

the Motion to Enforce, which is currently scheduled for December 20, 2013, for at least thirty

(30) days and that the hearing be scheduled for a date convenient to the Court and on which the

Insolvency Administrator's representatives from Germany can attend the hearing. In addition,

the Insolvency Administrator requests the entry of a scheduling order regarding the proceedings

on the Motion to Enforce, and that he be awarded any further relief to which he may be entitled.

---

[3] The necessary persons, who reside in Germany, are not able to be in the United States on the scheduled hearing date but have provided several windows of time in January and early February when they could travel to Dallas for the hearing.

Dated:  December 9, 2013

Respectfully submitted,

_____ /s/  Craig F. Simon
Craig F. Simon, Esq.
State Bar No. 00784968
Daniel P. Winikka, Esq.
State Bar No. 00794873
SIMON, RAY & WINIKKA LLP
2525 McKinnon Street, Suite 540
Dallas, TX  75201
Telephone:  (214) 871-2292
Facsimile:  (469) 759-1699

*Counsel for Dr. Bruno Kübler, in his*
*Capacity as Insolvency Administrator of*
*Thielert Aircraft Engines GmbH*

## CERTIFICATE OF CONFERENCE

The undersigned certifies that counsel for the Insolvency Administrator made several attempts to confer with counsel for Superior regarding rescheduling the hearing date on the Motion to Enforce.  While opposing counsel initially seemed receptive to a continuance to a mutually agreeable date, such counsel thereafter did not respond to several telephone calls and emails.  Accordingly, this motion is presented to the Court for determination.

_____ /s/ Craig F. Simon
CRAIG F. SIMON

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 9th day of December 2013, a true and correct copy of the foregoing document has been served on the parties listed below via first-class mail.

/s/ Craig F. Simon
CRAIG F. SIMON

Jerry Alexander
James Adams
Christopher Robison
PASSMAN & JONES
1201 Elm Street, Suite 2500
Dallas, TX 75270