Craig F. Simon
Texas Bar No. 00784968
Daniel P. Winikka
Texas Bar No. 00794873
SIMON, RAY & WINIKKA LLP
2525 McKinnon Street, Suite 540
Dallas, TX 75201
Phone: (214) 871-2292
Facsimile: (469) 759-1699
Counsel for Dr. Kübler, in his capacity as Insolvency
Administrator of Thielert Aircraft Engines GmbH

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>SUPERIOR AIR PARTS, INC.<br><br>Debtor. | Chapter 11<br><br>Case No. 08-36705-BJH-11 |

**MOTION FOR EXPEDITED CONSIDERATION
OF MOTION TO COMPEL ARBITRATION**

Dr. Bruno Kübler, in his capacity as Insolvency Administrator (the "Insolvency Administrator") of Thielert Aircraft Engines GmbH ("TAE"), files this motion for expedited consideration of his Motion to Compel Arbitration [D.I. 689] and in support hereof, respectfully represents as follows.

I. **BACKGROUND FACTS**

1. The factual background related to the parties' dispute is set forth in the Insolvency Administrator's Motion to Compel Arbitration, and in the interest of brevity is incorporated herein by reference.[1]

---

[1] Capitalized terms not defined herein have the same meaning as set forth in the Motion to Compel Arbitration.

-1-

2. Superior Air Parts, Inc. ("Superior"), in its Motion to Enforce [D.I. 684], alleges that TAE, a former affiliate of Superior that itself has been through insolvency proceedings in Germany, is in possession of certain categories of documents, information and parts that belong to Superior (the "Materials"). According to Superior, TAE and Superior did business pursuant to a Supplier Agreement the parties entered into in December 2001 and subsequently amended in 2005, and it is that Supplier Agreement that Superior contends establishes its ownership of the Materials. The Insolvency Administrator has segregated for safekeeping any property that could conceivably be owned by Superior (the "Segregated Property").

2. On October 30, 2013, the Insolvency Administrator invoked the arbitration provision of the Supplier Agreement and made an arbitration demand ("Arbitration Demand") on Superior concerning Superior's demand for the Materials. Through the Arbitration Demand, the Insolvency Administrator seeks (1) to require Superior to (a) identify the specific documents and information that were provided to TAE and (b) provide other information that may be required for the Insolvency Administrator to determine what, if any, property under his control might be owned by Superior and (2) to the extent necessary, a declaratory judgment that some or all of the Segregated Property is not owned by Superior. To date, Superior has refused to acknowledge the Arbitration Demand. On November 15, 2013, Superior filed the Motion to Enforce, asking the Court to enter an order directing the Insolvency Administrator to return all property belonging to Superior. The Motion to Enforce, which failed to mention the Arbitration Demand, was subsequently set for hearing on December 20, 2013.

3. Counsel for the Insolvency Administrator subsequently contacted counsel for Superior to (a) inform counsel that the Insolvency Administrator intended to file a motion to compel arbitration and (b) attempt to reach an agreement on a schedule for the Motion to Enforce and the motion to compel arbitration. Counsel for the Insolvency Administrator also informed counsel for Superior that the Insolvency Administrator intended to seek discovery and that the Insolvency Administrator's witnesses from Germany are not able to travel from Germany to attend a hearing on December 20 even if the discovery could be completed sufficiently in

advance of that hearing. Accordingly, counsel for the Insolvency Administrator suggested that the parties identify a future date for an evidentiary hearing on the Motion to Enforce that would work for both parties and, if acceptable to the Court, use the December 20 hearing to address the Insolvency Administrator's motion to compel arbitration.

4. On December 3, 2013, the parties obtained some additional available dates from the Court for an evidentiary hearing on the Motion to Enforce. Counsel for Superior indicated that he was available on at least certain of those potential dates, including January 20 and 21. Counsel for the Insolvency Administrator subsequently verified that necessary witnesses in Germany could be available on those dates (or, alternatively, dates in early February) as well, and on December 4, 2013, requested that Superior agree to schedule the evidentiary hearing on the Motion to Enforce for one of those two dates.

5. At the end of the day on December 9, 2013, and still not having heard from counsel for Superior regarding the Insolvency Administrator's proposed scheduling, the Insolvency Administrator filed the Motion to Compel Arbitration and a Motion to Continue the hearing on the Motion to Enforce [D.I. 690]. The Court thereafter set the Motion to Continue to be heard on December 12, 2013.

## II. BASIS FOR RELIEF REQUESTED

6. Solely in the event that the Court does not grant the Motion to Continue, the Insolvency Administrator is filing this motion to request that the Court schedule the Motion to Compel Arbitration on an expedited basis so that it can be heard before the Motion to Enforce.

7. As explained in the Motion to Compel Arbitration, the sole issue to be determined is whether Superior actually owns any of the Segregated Property, and that issue is solely a matter of applicable non-bankruptcy law that must be resolved in arbitration pursuant to the arbitration clause in the Supplier Agreement. The Court should determine whether the dispute must or should be arbitrated in advance of any hearing to adjudicate the merits of the Motion to Enforce. The request to compel arbitration otherwise will be effectively denied without consideration. In addition, the Motion to Compel Arbitration should be set for hearing on a date

prior to the hearing date on the Motion to Enforce. Otherwise, the parties may incur significant expenses in preparing and having witnesses (including witnesses from overseas) attend the hearing on the Motion to Enforce only to learn at the outset of that hearing that the dispute will be determined in arbitration.

WHEREFORE, for the foregoing reasons, the Insolvency Administrator requests that the Court (i) schedule the Motion to Compel Arbitration on an expedited basis to be heard on a date prior to the hearing date on the Motion to Enforce if the Motion to Continue is denied, and (ii) grant the Insolvency Administrator any further relief to which he may be entitled.

Dated: December 10, 2013

Respectfully submitted,

/s/ Craig F. Simon
Craig F. Simon, Esq.
State Bar No. 00784968
Daniel P. Winikka, Esq.
State Bar No. 00794873
SIMON, RAY & WINIKKA LLP
2525 McKinnon Street, Suite 540
Dallas, TX 75201
Telephone: (214) 871-2292
Facsimile: (469) 759-1699

*Counsel for Dr. Bruno Kübler, in his Capacity as Insolvency Administrator of Thielert Aircraft Engines GmbH*

## CERTIFICATE OF CONFERENCE

The undersigned certifies that, on December 10, 2013, counsel for the Insolvency Administrator attempted to confer with counsel for Superior both on the Insolvency Administrator's pending request to continue the hearing on the Motion to Enforce as well as on this request for expedited consideration of the Motion to Compel Arbitration if the request for continuance is not granted. Counsel for the Insolvency Administrator left messages for both Mr. Adams and Mr. Robison, but as of the time of filing of this Motion has not heard back from either of them.

/s/ Daniel P. Winikka
DANIEL P. WINIKKA

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 10th day of December 2013, a true and correct copy of the foregoing document has been served on the parties listed below via the Court's ECF filing system and via prepaid first-class mail and/or email.

/s/ Daniel P. Winikka
DANIEL P. WINIKKA

Jerry Alexander
James Adams
Christopher Robison
PASSMAN & JONES
1201 Elm Street, Suite 2500
Dallas, TX 75270