

**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**TAWANA C. MARSHALL, CLERK**
**THE DATE OF ENTRY IS**
**ON THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed April 17, 2014**

**United States Bankruptcy Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| SUPERIOR AIR PARTS, INC., | § | CHAPTER 11 |
| | § | CASE NO. 08-36705-BJH-11 |
| DEBTOR. | § | |

### AGREED PROTECTIVE ORDER

The Court considered the request of Superior Air Parts, Inc. ("Superior"), and Dr. Bruno Kübler ("Kübler"), as insolvency administrator of Thielert Aircraft Engines GmbH ("TAE") (collectively, the "Parties") for an Agreed Protective Order protecting the confidentiality of information to be produced by the Parties in connection with Superior's Motion to Enforce [Dkt. 684], and after having considered the request and the agreement of the Parties, the Court hereby ORDERS:

1. That the following definitions shall apply to this Order:

   a. "*Confidential Information*" shall mean documents or other tangible items which are designated and/or marked by any Party as "*CONFIDENTIAL,*" and any other information ordered to be produced and determined to be confidential by the Court. Confidential Information expressly includes design and test data, .pdf drawings labeled as "Superior Air Parts, Inc. Dallas, Texas," and data files in the possession of TAE or Kübler containing the following extensions: .asm, .prt, .drw, .stp, .igs, .step, or .x_t.

   b. "*Qualified Persons*" shall mean: the Parties and their employees, agents and representatives, attorneys for the Parties, including all partners, associate attorneys, clerks, paralegal assistants and secretaries operating under the direct supervision of such partners or their associate attorneys, whose knowledge is essential to the Motion to Enforce, consultants and expert witnesses, and outside vendors utilized by the Parties and/or their counsel in connection with the Motion to Enforce.

  2. That Confidential Information shall be designated and/or marked by the Party producing it as "CONFIDENTIAL."

  3. That Confidential Information shall be used only in connection with the pending Motion to Enforce and shall not be disclosed or used for any other purpose without further order of the Court.

  4. That Confidential Information, including the substance or content of the confidential information, as well as all notes and memoranda relating thereto, shall not be disclosed to anyone other than a Qualified Person.

  5. That Confidential Information shall be maintained under the supervision of a Qualified Person at all times.

6. That the prohibitions of this Protective Order do not apply to either Party's use of its own Confidential Information in the course of its own business or as otherwise required by law or Court order. A designation of Confidential Information by a Party, or the absence of such a designation, shall not be dispositive or relevant concerning any issue in dispute between the Parties, and neither Party may offer evidence of such designation or absence thereof in connection with the merits of the Motion to Enforce.

### END OF ORDER ###

Submitted by:

**PASSMAN & JONES, P.C.**
*/s/ Christopher A. Robison*
James F. Adams
State Bar No. 00863450
Christopher A. Robison
State Bar No. 24035720
1201 Elm Street, Suite 2500
Dallas, Texas 75270
Telephone: (214) 742-2121
Telecopier: (214) 748-7949

**COUNSEL FOR SUPERIOR AIR PARTS, INC.**


**SIMON, RAY & WINIKKA LLP**
*/s/ Craig F. Simon*
Craig F. Simon
Texas Bar No. 00784968
Daniel P. Winikka
Texas Bar No. 00794873
2525 McKinnon Street, Suite 540
Dallas, Texas 75201
Phone: (214) 871-2292
Fax: (469) 759-1699

**COUNSEL FOR DR. KUBLER,**
**IN HIS CAPACITY AS INSOLVENCY ADMINISTRATOR**
**OF THIELERT AIRCRAFT ENGINES GMBH**