

August 12, 2014

**VIA E-FILE**
Honorable Chief Judge Barbara J. Houser
United States Bankruptcy Court
Earl Cabell Federal Building, Room 1254
1100 Commerce Street
Dallas, Texas 75242

    Re:   In re: Superior Air Parts, Inc.; Case No. 08-36705-BJH-11;
             U.S. Bankruptcy Court, Northern District of Texas, Dallas Division

Dear Judge Houser:

    Since the conclusion of the hearing yesterday, we have reviewed the relevant cases, including those cited by the Court and counsel for Superior, concerning the issue of the Court's subject matter jurisdiction. The Insolvency Administrator believes the Court has subject matter jurisdiction to determine the ownership issue raised by Superior's Motion to Enforce ("Motion"). Specifically, because the Confirmation Order did not establish Superior's ownership of documents or information, enforcing and ensuring the execution of the Confirmation Order requires the Court to determine what documents and information, if any, Superior owns. In that regard, the Insolvency Administrator does not dispute that Superior owns the documents it created, but the Court should determine the disputed issues of ownership of (i) the documents and files created by TAE that Superior seeks to obtain (and asserts that it owns), and (ii) the "information" Superior supplied to TAE.

    *In re Craig's Stores*, 266 F.3d 388 (5th Cir. 2001), does not require a different outcome. *Craig's Stores* did not involve the interpretation, enforcement or execution of the bankruptcy court's confirmation order. Instead, the potential jurisdiction of the court rested solely on the argument that the outcome of the contract dispute, which appeared to involve alleged breaches that arose post-confirmation, would affect distribution to creditors under the plan. As the Fifth Circuit pointed out, "the same could be said of any other post-confirmation contractual relations." *Id.* at 391. Here, the Motion does not involve solely "post-confirmation relations between the parties" as in *Craig's Stores*.

Dan Winikka · dwinikka@srwlawfirm.com · Direct 469.759.1700
srwlawfirm.com · Main 214.871.2292 · Fax 469.759.1699
2525 McKinnon St. · Suite 540 · Dallas, TX 75201

Letter to Honorable Chief Judge
Barbara J. Houser
August 12, 2014
Page 2 of 2

Instead, Superior's Motion effectively asks the Court to issue a ruling related to the execution of the Plan through enforcement of the Confirmation Order. *See id.* at 390 ("After a debtor's reorganization plan has been confirmed, the debtor's estate, and thus bankruptcy jurisdiction, ceases to exist, other than for matters pertaining to the implementation or execution of the plan."). The fact that Superior could have sought related relief in a different forum does not deprive this Court of subject matter jurisdiction over a matter related to the execution of the Plan and Confirmation Order.

Very truly yours,

Daniel P. Winikka

Cc:   Chris Robison, Esq. (by email)
      Jerry Alexander, Esq. (by email)
      Jim Adams, Esq. (by email)